UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ZUNUM AERO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC; SAFRAN, S.A.; SAFRAN CORPORATE VENTURES, S.A.S.; SAFRAN ELECTRICAL & POWER, S.A.S.; SAFRAN HELICOPTER ENGINES, SASU,<br><br>    Defendants. | Civil Action No. _____<br><br>Removed from Superior Court of the State of Washington for King County |

**DEFENDANTS SAFRAN ELECTRICAL & POWER, S.A.S., SAFRAN, S.A., SAFRAN CORPORATE VENTURES, S.A.S., SAFRAN HELICOPTER ENGINES, SASU, THE BOEING COMPANY, AND BOEING HORIZONX VENTURES, LLC's JOINT NOTICE OF REMOVAL**

JOINT NOTICE OF REMOVAL – 1

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329

In accordance with 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454, specially appearing defendants Safran Electrical & Power, S.A.S. ("SEP"), Safran, S.A., Safran Corporate Ventures, S.A.S. ("SCV"), and Safran Helicopter Engines, SASU ("SHE") (together, the "Safran Defendants"), along with defendants The Boeing Company ("Boeing") and Boeing HorizonX Ventures, LLC ("HorizonX") (together, the "Boeing Defendants") (collectively, "Defendants"), remove this action originally filed in the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington, Seattle Division. All Defendants join in and consent to this removal. In support of removal, Defendants hereby provide the "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## BACKGROUND

### A. Case Initiation, Parties, and Service

1. On November 23, 2020, Plaintiff Zunum Aero, Inc. ("Zunum") filed its Complaint in this action against Defendants in the Superior Court of the State of Washington for King County, with Case No. 20-2-17056-9. On December 18, 2020, Zunum filed its First Amended Complaint ("FAC"). In accordance with 28 U.S.C. § 1446(a), the Complaint, the FAC, and all other process, pleadings, and orders filed in the state court action are attached as **Exhibit A**.

2. Zunum names six defendants in the FAC: (1) Boeing; (2) HorizonX; (3) Safran, S.A.; (4) SCV; (5) SEP; and (6) SHE. Ex. A., Dkt. No. 14, FAC ¶¶ 24–30.

JOINT NOTICE OF REMOVAL – 2

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

3. The Boeing Defendants accepted service of the FAC on January 4, 2021. The Safran Defendants are based in France, however, and Zunum accordingly took steps to serve them through the Hague Convention. Zunum served SCV, SHE, and Safran, S.A. through the Hague Convention. Ex. A., Dkt. No. 50, Stipulation 1-2. Zunum did not serve SEP through the Hague Convention or otherwise. *See id.* On June 7, 2021, SEP agreed to "accept service of the summons and the FAC through its attorneys and forego the need for Zunum to complete service through the Hague Service Convention." *Id.*

**B.    Zunum's Allegations**

4. Zunum is an aerospace startup that had grand ambitions of disrupting the established market for commercial aircraft with untested ideas for hybrid-electric aircraft. Zunum imagined itself as the future Tesla of air travel, and claimed that it could produce a commercially viable hybrid-electric aircraft decades before industry experts thought possible. *See* Ex. A., Dkt. No. 14, FAC ¶¶ 1–2.

5. Zunum sought investments from the Boeing Defendants and SCV. *See id.* at ¶¶ 94, 144, 271. The Boeing Defendants were "skeptical" of Zunum's claims. *Id.* at ¶ 118. And SCV's internal "[]estimate[s]" diverged from Zunum's models. *Id.* at ¶ 292. The companies nonetheless engaged in due diligence of Zunum to inform their decisions whether or not to invest in Zunum. *See id.* at ¶¶ 105, 110, 219–20, 245, 278.

6. The Boeing Defendants ultimately made two small investments. *Id.* at ¶¶ 125, 243. No Safran Defendant ever made an investment. *See id.* at ¶ 299. Zunum eventually failed. *Id.* at ¶ 355.

JOINT NOTICE OF REMOVAL – 3

7. Despite its grand ambitions, Zunum failed to assemble even a working prototype of its hybrid-electric propulsion system, let alone a serviceable aircraft. *Id.* at ¶ 39.

**C.     Zunum's Claims**

8. Zunum now attempts to blame Defendants for its failure. Zunum claims in the FAC that Defendants misappropriated Zunum's alleged trade secrets to compete against Zunum in developing hybrid-electric aircraft. Zunum frames that same core claim up to twelve different ways against one or both of the Boeing Defendants, including through counts alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, tortious interference, Washington trade secret act violations, Washington antitrust violations, Washington securities act violations, and Washington consumer protection act violations; and up to three different ways against one or more of the Safran Defendants, including through counts alleging Washington trade secret act violations, Washington antitrust violations, and Washington securities act violations. *See id.* at ¶¶ 405–576.

9. Zunum purports to support its 12 separate counts with allegations spanning 119 pages and encompassing 576 paragraphs.

10. As relevant here, Zunum includes two paragraphs on page 89 of the FAC alluding to a Boeing patent allegedly titled "Active Voltage Control for Hybrid Electric Aircraft." *Id.* at ¶ 382. Zunum alleges, "on information and belief," that the patent "relates closely to issues addressed by the control system in an international patent filed by Zunum in August 2018." *Id.* The FAC provides no information about Zunum's "international patent."

JOINT NOTICE OF REMOVAL – 4

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

*See id.*  But it does note that a "precondition for patent issuance is a representation of inventorship," and that "one of the inventors listed on Boeing's voltage control patent" was involved in the Boeing Defendants' due diligence of Zunum.  *See id.* at ¶¶ 382–83.

### D. The Boeing Defendants' Motion to Dismiss

11. On February 16, 2021, the Boeing Defendants moved to dismiss seven of the claims against one or both of them, specifically, Zunum's implied covenant of good faith and fair dealing claim (count 4), fiduciary duty claim (count 5), tortious interference claim (count 7), antitrust conspiracy claim (count 9), attempted monopolization claim (count 10), securities act claim (count 11), and consumer protection act claim (count 12).  *See* Ex. A., Dkt. No. 20.

12. Zunum thereafter responded to the Boeing Defendants' motion, and the Boeing Defendants filed a reply.  Ex. A., Dkt. Nos. 40, 46.

13. On June 2, 2021, the court denied the Boeing Defendants' motion in a summary order without opinion or explanation.  Ex. A., Dkt. No. 49.

### E. The Safran Defendants are Joined to the Litigation

14. The process of Zunum attempting to serve the Safran Defendants ended on June 7, 2021 when SEP waived service.  Ex. A., Dkt. No. 50, Stipulation 1–2.

15. Other than the stipulation waiving service and agreeing to a single deadline by which to respond to the FAC, *see id.*, no Safran Defendant has participated in the litigation. Nor has any Safran Defendant made a general appearance.

JOINT NOTICE OF REMOVAL – 5

### F. Boeing's Discovery

16. Boeing began limited discovery during the motion to dismiss briefing and before the Safran Defendants were joined to the litigation. In particular, Boeing sought to better understand Zunum's theory of trade secrets misappropriation. To that end, Boeing served its first set of interrogatories on Zunum on April 1, 2021. Those interrogatories are attached as **Exhibit B**.

17. Boeing's first interrogatory asked Zunum to identify the trade secrets the Boeing Defendants allegedly misappropriated. Ex. B., Boeing's First Interrogatories 5. The second interrogatory asked Zunum to identify any additional confidential information that the Boeing Defendants allegedly misappropriated. *Id.*

18. Boeing's questions then turned to Zunum's particular theories of misappropriation. Boeing's third interrogatory asked Zunum to "[d]escribe every alleged misappropriation, improper disclosure, or misuse of each alleged Trade Secret, Proprietary Information, or Confidential Information identified in response to Interrogatory Nos. 1 or 2, including whether such act or acts were undertaken by Boeing, HorizonX, or both, and the person or persons who you allege undertook such act or acts." *Id.*

19. Zunum responded to Boeing's first set of interrogatories on June 4, 2021, and an excerpt of its responses is attached as **Exhibit C**. In response to Boeing's third interrogatory, Zunum stated that Boeing had misappropriated Zunum's trade secrets because "patents filed by Boeing units, including Boeing Commercial Airplanes and Boeing Phantom Works, derive from the unique hybrid electric architecture of the Zunum aircraft." Ex. C.,

JOINT NOTICE OF REMOVAL – 6

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

Zunum's Response to Boeing's First Interrogatories 13. Zunum further stated that the "inventors listed on Boeing patents are engineers from Boeing Commercial Airplanes and Boeing Phantom Works, highlighting the dispersion of Zunum trade secrets within the company." *Id.* Zunum then discussed an as-yet unissued Boeing patent as well as the "March 2019 patent on voltage control." *Id.* at 14. Zunum claimed that the voltage control patent "relates closely to issues addressed by a system control patent filed by Zunum in August 2018," and that one of the listed inventors is "among the most senior engineers" at Boeing. *Id.*

20. In offering this response, Zunum made clear that its trade secrets misappropriation claim turns on the inventorship of "the March 2019 patent on voltage control," *id.* at 14, identified in the FAC as a Boeing patent with the alleged title "Active Voltage Control for Hybrid Electric Aircraft." Ex. A., Dkt. No. 14, FAC ¶ 382.

### G. Boeing's Counterclaim

21. By making clear that Zunum's legal theory implicates the inventorship of Boeing's "Active Voltage" patent, Zunum's response to Boeing's third interrogatory prompted Boeing to bring a counterclaim seeking a declaratory judgment as to the inventorship of that patent.

22. Specifically, Zunum revealed its position that Boeing's patents, including the "Active Voltage" patent, "*derive from* the unique hybrid-electric architecture of the Zunum aircraft." Ex. C., Zunum's Response to Boeing's First Interrogatories 13. (emphasis added). Derivation is a legal concept that relates to an inventorship dispute under federal patent laws;

JOINT NOTICE OF REMOVAL – 7

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329

it signifies that the claimed invention was "constructed" from the invention of another. *See Brand v. Miller*, 487 F.3d 862, 869 (Fed. Cir. 2007) ("A party may also assert that the patentee did not invent the patented invention by showing derivation.").

23. In light of this development, on July 2, 2021, Boeing filed a counterclaim seeking a declaration that Boeing's employees, affiliates, or associates are the rightful inventors of the "Active Voltage" patent, and that no person associated with Zunum has any claim to inventorship in respect of the "Active Voltage" patent. *See* Ex. A., Dkt. No. 56, Boeing's Answer, Affirmative Defenses, and Counterclaims 74–77; *see also* **Exhibit D**.

24. To determine whether a declaratory judgment is appropriate, the Court must look to "the declaratory defendant's hypothetical well-pleaded complaint." *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011). Here, the hypothetical complaint by Zunum would challenge inventorship of Boeing's patent. *Cf. HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) ("35 U.S.C. § 256 provides a private right of action to challenge inventorship."). And Zunum's June 4, 2021 response to Boeing's third interrogatory confirms that Zunum has effectively brought such a challenge. *See Danisco U.S. Inc. v. Novozymes A/S,* 744 F.3d 1325, 1330 (Fed. Cir. 2014) (test for declaratory judgment "only 'require[s] that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests'") (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

25. Boeing's declaratory judgment counterclaim is accordingly proper. *See id.* at 1331 (finding declaratory judgment proper because "[one party] has taken a legal position that

JOINT NOTICE OF REMOVAL – 8

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

is entirely opposed to the position taken by [the other party], *viz.*, that [the first party] successfully prosecuted and obtained the '240 patent, [and] that it is the rightful owner of the claimed invention"); *Erdman v. Falkner*, No. 1:18-CV-414-TFM-C, 2019 WL 2250276, at *3 (S.D. Ala. May 24, 2019) (finding defendants' patent inventorship declaratory relief counterclaim proper because it arose out of the same "transaction or occurrence" as plaintiff's trade secrets misappropriation claim).

26.  Boeing's inventorship counterclaim can only be resolved in a federal forum. *See* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."); 28 U.S.C. § 1454(c) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in the civil action because the State court from which the civil action is removed did not have jurisdiction over that claim.").

**JURISDICTION UNDER 28 U.S.C. §§ 1331, 1338, AND 1454**

27.  This Court has subject matter jurisdiction over this case because it involves a federal question. Congress has provided that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Congress has further provided that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

JOINT NOTICE OF REMOVAL – 9

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329

28. Boeing's inventorship declaratory judgment counterclaim "arise[s] under any Act of Congress related to patents." *Id.*; *see HIF Bio*, 600 F.3d at 1353 ("[T]his court has held that issues of inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a).") (quoting *Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel.*, 414 F.3d 1358, 1363 (Fed. Cir. 2005)).

29. It is true that in non-patent cases, a generic "federal counterclaim, even when compulsory, does not establish . . . jurisdiction" under the general federal question statute. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). But cases involving patents are atypical; they are governed by different jurisdictional and removal statutes, and different rules. Congress has provided that a "civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a) (emphasis added). Not only may the claim supporting removal be asserted by "any party," the action also may be removed by "any party." § 1454(b)(1). In patent cases, "Congress has clearly extended the reach of the statute" beyond the usual requirements of removability. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749 (2019) (contrasting section 1454 with the general removal statute, section 1441).

30. Section 1454 accordingly permits a patent, plant variety, or copyright declaratory judgment counterclaim to serve as the ground for any defendant to remove the

JOINT NOTICE OF REMOVAL – 10

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

case to federal court.  *See, e.g.*, *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, No. C20-882-MLP, 2020 WL 5269946, at *2 (W.D. Wash. Sept. 4, 2020).

31. Boeing's declaratory judgment counterclaim concerning patent inventorship thus permits Defendants to remove this case under 28 U.S.C. § 1454(a).

32. This Court also has supplemental jurisdiction over the other claims in this case under 28 U.S.C. §§ 1367(a) and 1454(d) because they form part of the same "case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Erdman*, 2019 WL 2250276, at *3 (inventorship counterclaim part of same "transaction or occurrence" as state trade secrets misappropriation, contract, and fiduciary duty claims).

## REMOVAL TO THIS COURT IS TIMELY AND PROPER

### A. Removal is Timely

33. Removal under section 1454 "shall be made in accordance with section 1446." 28 U.S.C. § 1454. Section 1446(b) provides that removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Section 1446(b) further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order

JOINT NOTICE OF REMOVAL – 11

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

34. SEP waived service and accepted the FAC and summons on June 7, 2021. *See* Ex. A., Dkt. No. 50, Stipulation 2. This notice of removal is therefore timely under section 1446(b). *See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."); *see also Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("We adopt the later-served rule as the wiser and more equitable approach."); *McLeod v. AMICA Gen. Agency*, No. C15-839RAJ, 2015 WL 13145350, at *3 (W.D. Wash. Oct. 29, 2015) (noting where a defendant has not been served, "the only possible trigger for the start of the removal period was waiver of service"); *Bluemner v. Ergo Media Capital, Ltd. Liab. Co.*, No. CV 15-01392 MMM (AJWx), 2015 WL 3533218, at *3 (C.D. Cal. June 4, 2015) (same); *Camarata v. Dep't of Soc. & Health Servs.*, No. 3:17-CV-05878-RJB, 2018 WL 317029, at *2–3 (W.D. Wash. Jan. 8, 2018) (denying remand motion after last-served defendant removed case even though served nearly a year after first-served defendant).

35. In addition, removal also is timely because this case "bec[a]me removable" upon Boeing's filing of the inventorship declaratory judgment counterclaim on July 2, 2021. 28 U.S.C. § 1446(b)(3). Before that counterclaim, the case, as "stated [in] the initial pleading," was "not removable." *Id.* No cause of action in the FAC depends on the resolution of federal law. And complete diversity is and remains absent because Boeing and Zunum are

JOINT NOTICE OF REMOVAL – 12

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

both citizens of Delaware for diversity purposes. Ex. A., Dkt. No. 14, FAC ¶¶ 24–25. But all Defendants removed this case to this Court on the same day that Boeing filed the counterclaim that gives rise to this Court's subject matter jurisdiction.

36. Boeing's counterclaim did not become available until Zunum provided its interrogatory response, contending that Boeing's "Active Voltage" patent "derive[s] from" Zunum and is therefore subject to an inventorship challenge under 35 U.S.C. § 256. Ex. C., Zunum's Response to Boeing's First Interrogatories 13. Before that response, Boeing lacked the precondition for the counterclaim: a "substantial," "immediate[e]," and "real[]" federal case or controversy. *MedImmune*, 549 U.S. at 127. Zunum served its response on June 4, 2021; removal on July 2, 2021 thus satisfies the 30-day deadline. *See* 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005) (receipt of "other paper" starts 30-day removal deadline when the "case *stated* by the initial pleading [is] not removable" because "details are obscured or omitted" and the "ground for removal" is not "revealed affirmatively in the initial pleading") (emphasis in original) (citations and quotations omitted).

37. Finally, the deadline for removal in this context is flexible in any event. Section 1454 expressly provides that the 30-day period for removal may be extended for "for cause shown" when removal is based on that section. That "cause" is readily shown here. The Safran Defendants have only recently been served or waived service. And Boeing, which had been joined earlier, promptly sought clarity regarding the nature of Zunum's core trade secrets misappropriation claim, even as its partial motion to dismiss was pending, and before

JOINT NOTICE OF REMOVAL – 13

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

the Safran Defendants were served or waived service. Within 30 days of learning from Zunum's interrogatory response that its trade secrets claim challenges the inventorship of Boeing's patent, Boeing filed its inventorship declaratory judgment counterclaim. Defendants removed the case to this Court that same day.

38. On multiple different grounds, therefore, the case has been timely removed.

**B.    Removal is Proper**

39. Removal is not only timely, but also proper. Removal under section 1454 may be by "any party." 28 U.S.C. § 1454(b)(1). Consent from each defendant is unnecessary. *See Preston v. Nagel*, 166 F. Supp. 3d 92, 98 (D. Mass. 2016) ("no 'unanimity' requirement when an action is removed under Section 1454"); *Norris v. Univ. of Pittsburgh*, No. CV 17-229, 2017 WL 4235943, at *1 (W.D. Pa. Sept. 25, 2017) (similar). Nonetheless, all Defendants consent and join in the removal.

40. This Notice of Removal is properly filed in this District and Division because the Superior Court of Washington for King County, where Zunum began this case, is located within the Seattle Division of the Western District of Washington. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending . . . .").

41. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of removal of this action to Zunum and will promptly file a copy of this Notice

JOINT NOTICE OF REMOVAL – 14

White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

of Removal with the Clerk of Court for the Superior Court of Washington for King County. A copy of the notice to be filed in the State Court Action is attached as **Exhibit E**.

### NON-WAIVER

42.  By submitting this Notice of Removal, Defendants do not waive any objections or defenses, including lack of personal jurisdiction.  The Safran Defendants are not making a general appearance and reserve all rights to move to compel arbitration and move to dismiss the FAC on lack of personal jurisdiction and other grounds.

43.  By submitting this Notice of Removal, Defendants do not admit any of the allegations in the FAC.

### CONCLUSION

WHEREFORE, Defendants respectfully request that this case proceed in this Court as an action properly removed from Superior Court of the State of Washington for King County.

Dated: July 2, 2021

Respectfully submitted,

WHITE & CASE LLP

*/s/ Catherine S. Simonsen*
Catherine S. Simonsen (WSBA #45552)
Bryan A. Merryman
(*pro hac vice* application forthcoming)
J. Taylor Akerblom
(*pro hac vice* application forthcoming)
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329
Email: catherine.simonsen@whitecase.com
          bmerryman@whitecase.com
          takerblom@whitecase.com

JOINT NOTICE OF REMOVAL – 15

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

|   |   |
|---|---|
| 1 | Attorneys for Specially Appearing Defendants SAFRAN, S.A., SAFRAN CORPORATE |
| 2 | VENTURES, S.A.S., SAFRAN ELECTRICAL & POWER, S.A.S., and SAFRAN HELICOPTER |
| 3 | ENGINES, SASU |
| 4 | PERKINS COIE LLP |
| 5 | */s/ Susan Foster* |
|   | Susan Foster, WSBA #18030 |
| 6 | David Perez, WSBA #43959 |
|   | Ian Rogers, WSBA #46584 |
| 7 | 1201 Third Avenue, Suite 4900 |
|   | Seattle, WA 98101-3099 |
|   | Tel:   (206) 359-8000 |
| 8 | Fax:  (206) 359-9000 |
|   | Email: sfoster@perkinscoie.com |
| 9 |         dperez@perkinscoie.com |
|   |         irogers@perkinscoie.com |
| 10 | Mathew A. Kairis |
| 11 | (*pro hac vice* application forthcoming) |
|   | JONES DAY |
| 12 | 2727 North Harwood Street, Suite 500 |
|   | Dallas, TX 75201 |
| 13 | Tel:  (214) 220-3939 |
|   | Fax:  (214) 969-5100 |
| 14 | Email: makairis@jonesday.com |
| 15 | Aaron M. Healey |
|   | (*pro hac vice* application forthcoming) |
| 16 | JONES DAY |
|   | 250 Vesey Street |
| 17 | New York, NY 10281 |
|   | Tel: (212) 326-3939 |
| 18 | Fax: (212) 755-7306 |
|   | Email: ahealey@jonesday.com |
| 19 | Dustin M. Koenig |
|   | (*pro hac vice* application forthcoming) |
| 20 | JONES DAY |
|   | 325 John H. McConnell Boulevard, Suite 600 |
| 21 |   |
| 22 |   |

JOINT NOTICE OF REMOVAL – 16

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

        Columbus, OH 43215
        Tel: (614) 469-3939
        Fax: (614) 461-4198
        Email: dkoenig@jonesday.com

        Attorneys for Defendants
        THE BOEING COMPANY and
        BOEING HORIZONX VENTURES, LLC

JOINT NOTICE OF REMOVAL – 17

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon counsel of record at the address and in the manner described below a copy of the document to which this certificate I attached for delivery to the following:

| | |
|---|---|
| Eliot M. Harris<br>WILLIAMS, KASTNER & GIBBS PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>Tel: (206) 628-6600<br>Email: eharris@williamskastner.com<br><br>*Attorneys for Plaintiff*<br>*Zunum Aero, Inc.* | ☒ Via U.S. Mail<br><br>☒ Via Electronic Mail |
| Colin R. Hagan<br>David J. Shlansky<br>SHLANSKY LAW GROUP, LLP<br>1 Winnisimmet Street<br>Chelsea, MA 02150<br>Tel: (617) 492-7200<br>Email: colin.hagan@slglawfirm.com<br>          david.shlansky@slglawfirm.com<br><br>*Attorneys for Plaintiff*<br>*Zunum Aero, Inc.* | ☒ Via U.S. Mail<br><br>☒ Via Electronic Mail |
| Susan Foster<br>David Perez<br>Ian Rogers<br>PERKINS COIE LLP<br>1201 Third Ave., Ste. 4900<br>Seattle, WA 98101-3099<br>Tel: (206) 359-8000<br>Email: sfoster@perkinscoie.com<br>          dperez@perkinscoie.com<br>          irogers@perkinscoie.com<br>          JRosales@perkinscoie.com<br><br>*Attorneys for Defendants* | ☒ Via U.S. Mail<br><br>☒ Via Electronic Mail |

JOINT NOTICE OF REMOVAL – 18

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329

| | |
|---|---|
| *The Boeing Company and Boeing HorizonX Ventures, LLC* | |
| Matthew A. Kairis<br>JONES DAY<br>2727 North Harwood Street, Suite 500<br>Dallas, TX 75201<br>Tel:  (214) 220-3939<br>Email: makairis@jonesday.com<br><br>*Attorneys for Defendants*<br>*The Boeing Company and*<br>*Boeing HorizonX Ventures, LLC* | ☒  Via U.S. Mail<br><br>☒  Via Electronic Mail |
| Aaron M. Healey<br>JONES DAY<br>250 Vesey Street New<br>York, NY  10281<br>Tel:  (212) 326-3939<br>Email: ahealey@jonesday.com<br><br>*Attorneys for Defendants*<br>*The Boeing Company and*<br>*Boeing HorizonX Ventures, LLC* | ☒  Via U.S. Mail<br><br>☒  Via Electronic Mail |
| Dustin M. Koenig<br>JONES DAY<br>325 John H. McConnell Boulevard, Ste.600<br>Columbus, OH 43215<br>Tel: (614) 469-3939<br>Email: dkoenig@jonesday.com<br>*Attorneys for Defendants*<br>*The Boeing Company and*<br>*Boeing HorizonX Ventures, LLC* | ☒  Via U.S. Mail<br><br>☒  Via Electronic Mail |

DATED this 2nd day of July 2021.

*s/ Catherine S. Simonsen*
Catherine S. Simonsen

JOINT NOTICE OF REMOVAL – 19

**White & Case LLP**
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Tel: (213) 620-7700
Fax:  (213) 452-2329