1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | | |
|---|---|---|
| ZUNUM AERO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:21-cv-00896-JLR |
| | ) | |
| v. | ) | DEFENDANTS THE BOEING COMPANY |
| | ) | AND BOEING HORIZONX VENTURES, |
| THE BOEING COMPANY; BOEING | ) | LLC'S REPLY IN SUPPORT OF THEIR |
| HORIZONX VENTURES, LLC, | ) | MOTION FOR PARTIAL JUDGMENT ON |
| | ) | THE PLEADINGS |
| Defendants. | ) | |
| | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| | ) | |
| | ) | |

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1

## **TABLE OF CONTENTS**

2     INTRODUCTION ........................................................................................................ 1

3     ARGUMENT .............................................................................................................. 1

4     I.     Boeing's Motion Is Procedurally Proper. ................................................ 1

5

6     II.    The Court Should Grant Boeing's Motion................................................ 4

7            A.    The Antitrust Conspiracy Claim (Count IX) Fails As A Matter Of Law. ...... 4

8            B.    The Attempted Monopolization Claim (Count X) Fails As A Matter Of

9                  Law. ................................................................................................ 8

10           C.    The Washington Securities Act Claim (Count XI) Fails As A Matter Of

11                 Law. .............................................................................................. 10

12           D.    The Unfair Competition Claim (Count XII) Fails As A Matter Of Law...... 11

13           E.    The Fiduciary Duty Claim (Count V) Fails As A Matter Of Law................ 11

14    CONCLUSION.......................................................................................................... 12

15

16

17

18

19

20

21

22

23

24

25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

4

CASES

5

*Aginsky v. Farmers Ins. Exchange,*
    409 F. Supp. 2d 1230 (D. Or. 2005) .................................................2

6

7

*Alaska Airlines, Inc. v. United Airlines, Inc.,*
    948 F.2d 536 (9th Cir. 1991) .................................................8

8

9

*Apple Inc. v. Allan & Assocs. Ltd.,*
    445 F. Supp. 3d 42 (N.D. Cal. 2020) .................................................7

10

11

*Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC,*
    No. CV2002849, 2020 WL 7049537 (C.D. Cal. Oct. 1, 2020) ................9

12

13

*Boeing Co. v. Sierracin Corp.,*
    738 P.2d 665 (Wash. 1987).................................................8, 9

14

15

*Broadcom Corp. v. Qualcomm Inc.,*
    501 F.3d 297 (3d Cir. 2007).................................................8

16

17

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,*
    861 F.3d 1081 (10th Cir. 2017) .................................................2

18

*Cascades Comput. Innovation LLC v. RPX Corp.,*
    No. 12-CV-01143, 2013 WL 316023 (N.D. Cal. Jan. 24, 2013)................5

19

20

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,*
    140 S. Ct. 1009 (2020).................................................7

21

22

*Cosm. Gallery, Inc. v. Schoeneman Corp.,*
    495 F.3d 46 (3d Cir. 2007).................................................4

23

24

*D & D Greek Rest., Inc. v. Great Greek Franchising, LLC,*
    No. CV 20-9770, 2021 WL 4464201 (C.D. Cal. Aug. 3, 2021)................9

25

*Ex parte Fisk,*
    113 U.S. 713 (1885).................................................2

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

*Fairbank v. Wunderman Cato Johnson*,
    212 F.3d 528 (9th Cir. 2000) ........................................................................1, 2, 3

*FTC v. Qualcomm Inc.*,
    969 F.3d 974 (9th Cir. 2020) .................................................................................9

*FTC v. Superior Ct. Trial Laws. Ass'n*,
    493 U.S. 411 (1990).................................................................................................5

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*,
    331 P.3d 29 (Wash. 2014)........................................................................................3

*Gordon v. Lewistown Hosp.*,
    423 F.3d 184 (3d Cir. 2005)....................................................................................6

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No.
70 of Alameda Cty.*,
    415 U.S. 423 (1974)................................................................................................2

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    719 P.2d 531 (Wash. 1986)...................................................................................11

*Hartman v. United Bank Card, Inc.*,
    No. C11-1753-JLR, 2012 WL 12882864 (W.D. Wash. Mar. 23, 2012) ..................3

*Havens v. C&D Plastics, Inc.*,
    876 P.2d 435 (Wash. 1994)...................................................................................10

*In re Citric Acid Litig.*,
    191 F.3d 1090 (9th Cir. 1999) ................................................................................4

*In re Gen. Motors (Hughes) S'holder Litig.*,
    No. CIV 20269, 2005 WL 1089021 (Del. Ch. May 4, 2005), *aff'd*, 897 A.2d
    162 (Del. 2006) .....................................................................................................11

*In re Int. Rate Swaps Antitrust Litig.*,
    261 F. Supp. 3d 430 (S.D.N.Y. 2017).....................................................................4

*In re Musical Instruments & Equip. Antitrust Litig.*,
    798 F.3d 1186 (9th Cir. 2015) ............................................................................4, 5

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – iv

*In re Toyota Motor Corp. Sec. Litig.*,
No. CV 10-922, 2012 WL 3764903 (C.D. Cal. Feb. 21, 2012)................................................2

*In re Walt Disney Co. Derivative Litig.*,
906 A.2d 27 (Del. 2006) ...............................................................................................12

*It's My Party, Inc. v. Live Nation, Inc.*,
811 F.3d 676 (4th Cir. 2016) .........................................................................................6

*Ito Int'l Corp. v. Prescott, Inc.*,
921 P.2d 566 (Wash. Ct. 1996)......................................................................................10

*Lessig v. Tidewater Oil Co.*,
327 F.2d 459 (9th Cir. 1964) .........................................................................................9

*Manos v. Wolf Firm*,
No. 8:18-CV-138, 2018 WL 1737775 (C.D. Cal. Apr. 9, 2018), *aff'd*, 771 F.
App'x 364 (9th Cir. 2019) .............................................................................................2

*Mathias v. Daily News, L.P.*,
152 F. Supp. 2d 465 (S.D.N.Y. 2001).............................................................................6

*McCurry v. Chevy Chase Bank, FSB*,
233 P.3d 861 (Wash. 2010)............................................................................................3

*Ohio v. Am. Express Co. ("Amex")*,
138 S. Ct. 2274 (2018)...................................................................................................5

*Pacific Air Transport v. United States*,
98 Ct. Cl. 649 (Ct. Cl. 1942) .........................................................................................8

*Peralta v. Dillard*,
744 F.3d 1076 (9th Cir. 2014) (en banc) ........................................................................2

*Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Wong*,
No. C09-1786, 2014 WL 1047946 (W.D. Wash. Mar. 14, 2014) ...........................................2

*Rebel Oil Co. v. Atl. Richfield Co.*,
51 F.3d 1421 (9th Cir. 1995) ....................................................................................8, 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

*Rick-Mik Enters. v. Equilon Enters.*,
   532 F.3d 963 (9th Cir. 2008) ........................................................................7

*Siegler v. Sorrento Therapeutics, Inc.*,
   2019 WL 581719 (S.D. Cal. Feb. 13, 2019), *aff'd*, 2021 WL 3046590 (Fed.
   Cir. July 20, 2021) .......................................................................................6

*Spectrum Sports, Inc. v. McQuillan*,
   506 U.S. 447 (1993)......................................................................................9

*St. Alphonsus Med. Ctr. – Nampa, Inc. v. St. Luke's Health Sys.*,
   778 F.3d 775 (9th Cir. 2015) ........................................................................7

*Staley v. Gilead Scis., Inc.*,
   446 F. Supp. 3d 578 (N.D. Cal. 2020) ..........................................................7

*Stewart v. Estate of Steiner*,
   93 P.3d 919 (Wash. Ct. App. 2004) ............................................................10

*Tanaka v. Univ. of S. California*,
   252 F.3d 1059 (9th Cir. 2001) ......................................................................6

*TDN Money Sys., Inc. v. Everi Payments, Inc.*,
   796 F. App'x 329 (9th Cir. 2019) .................................................................2

*Triple H Fam. Ltd. P'ship v. Neal*,
   No. CV 12294, 2018 WL 3650242 (Del. Ch. July 31, 2018) .................................12

*UGG Holdings, Inc. v. Severn*,
   No. CV04-1137-JFW, 2004 WL 5458426 (C.D. Cal. Oct. 1, 2004) ........................6

*Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*,
   540 U.S. 398 (2004).....................................................................................9

*Virtus Cap. L.P. v. Eastman Chem. Co.*,
   No. CV 9808, 2015 WL 580553 (Del. Ch. Feb. 11, 2015)....................................12

**STATUTES**

28 U.S.C. § 1450.................................................................................1, 2

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – vi

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1

**OTHER AUTHORITIES**

2

Fed. R. Civ. P. 12(c) ..................................................................................................1, 2

3

Fed. R. Civ. P. 12(g) ......................................................................................................2

4

Fed. R. Civ. P. 12(h)(2)..................................................................................................2

5

Frederick A. Ballard, *Federal Regulation of Aviation*, 60 HARV. L. REV. 1235 (1947) ................8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1

## **TABLE OF ABBREVIATIONS**

| Abbreviation | Full Description |
|---|---|
| ¶ _ | Paragraphs within the First Amendment Complaint or FAC |
| Boeing | Defendants The Boeing Company and Boeing HorizonX Ventures, LLC |
| Rules | The Federal Rules of Civil Procedure |
| FAC | First Amendment Complaint, filed December 18, 2020 |
| Mot. | Motion for Partial Judgment on the Pleadings by Defendants The Boeing Company and Boeing HorizonX Ventures, LLC, filed April 14, 2022 |
| Opp. | Plaintiff Zunum Aero, Inc.'s Brief in Opposition to Motion for Partial Judgment on the Pleadings, filed May 2, 2022 |
| Safran | Former Defendants Safran, S.A. and affiliates |
| Zunum | Plaintiff Zunum Aero, Inc. |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

**INTRODUCTION**

Unable to defend its claims on the merits, Zunum begins its opposition by arguing that the Court should not even consider Boeing's motion—which it calls an "entirely duplicative" and "disfavored motion for reconsideration." Opp. 1. Zunum is simply wrong about that. A state court issued a cursory order denying Boeing's prior motion to dismiss under a more lenient, state-law standard. This Court is bound to apply the stricter federal standard, and has no obligation to defer to a state court order with no analysis that could be "reconsidered" in the first place.

The law is clear that judgment on the pleadings is perfectly appropriate in these circumstances, and it is warranted here. The FAC asserts ordinary intellectual property, contract, and tortious interference disputes, which can proceed through discovery. But as Boeing demonstrated in its motion, Zunum fails to state claims for antitrust conspiracy, attempted monopolization, securities fraud, unfair competition, or a breach of fiduciary duty. This Court can, and should, streamline the case by dismissing these defective claims. Zunum defends them only by confusing key doctrines, invoking counts that are not at issue, string-citing long passages from the FAC without explanation, and introducing extraneous news articles. None of that helps Zunum. This Court should grant the motion and enter judgment for Boeing on Counts IX–XII and V.

**ARGUMENT**

**I.    Boeing's Motion Is Procedurally Proper.**

A motion for judgment on the pleadings (1) is timely when made after the "pleadings [] close[]" and "early enough not to delay trial," Fed. R. Civ. P. 12(c), and (2) is appropriate when filed in the wake of an earlier decision made under a different standard, *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532–33 (9th Cir. 2000). Boeing's motion fits both bills. Mot. 5.

Zunum begins its contrary arguments with 28 U.S.C. § 1450. Opp. 5. But that statute—which says that "injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect *until dissolved or modified by the district court*," § 1450

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1   (emphasis added)—supports Boeing.  As the Supreme Court "long ago" explained, § 1450 "'fully

2   recognizes the power'" of a federal court to "dissolve or modify" "orders" issued "prior to

3   removal."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of*

4   *Alameda Cty.*, 415 U.S. 423, 437 (1974) (quoting *Ex parte Fisk*, 113 U.S. 713, 729 (1885)).  Under

5   § 1450, those state orders remain in effect *until* a federal judge decides otherwise as appropriate

6   under applicable federal law.  *Id.* at 435–37.

7          Zunum also points to Rule 12(g), which prohibits successive motions.  Opp. 6.  But Zunum

8   overlooks Rule 12(h)(2), which provides that "[f]ailure to state a claim upon which relief can be

9   granted … may be raised … by a motion under Rule 12(c)" regardless of whether that argument

10  was also raised in a motion to dismiss.  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861

11  F.3d 1081, 1101–02 (10th Cir. 2017); *Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Wong*, No.

12  C09-1786, 2014 WL 1047946, at *6 (W.D. Wash. Mar. 14, 2014).[1]

13         Zunum also invokes the law-of-the-case doctrine.  Opp. 6.  But the Ninth Circuit has "long

14  held that doctrine does not prevent district courts from reconsidering pretrial orders … at any

15  time," including from a state court prior to removal.  *TDN Money Sys., Inc. v. Everi Payments,*

16  *Inc.*, 796 F. App'x 329, 332 (9th Cir. 2019) (collecting cases); *Peralta v. Dillard*, 744 F.3d 1076,

17  1088 (9th Cir. 2014) (en banc).  Thus, federal courts "may properly consider the merits of prior

18  state court holdings" addressing pretrial issues.  *Manos v. Wolf Firm*, No. 8:18-CV-138, 2018 WL

19  1737775, at *6 (C.D. Cal. Apr. 9, 2018), *aff'd*, 771 F. App'x 364 (9th Cir. 2019).  As noted by

20  *Aginsky v. Farmers Ins. Exchange*, 409 F. Supp. 2d 1230, 1233 (D. Or. 2005), federal courts have

21  "the power to grant summary judgment even if the state court previously denied the same motion."

22

23  ---

[1] Zunum attempts to turn *Broker's Choice* and *Perkumpulan* to its advantage (Opp. 6–7) by arguing that those cases show that a court may only review a prior order following an amendment.  But while both cases involved amendments, that was not a precondition to the courts' holdings, a principle that *Fairbank* makes clear.  *See Fairbank*, 212 F.3d at 532–33.  That is consistent with Zunum's own case (Opp. 6), *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10-922, 2012 WL 3764903 (C.D. Cal. Feb. 21, 2012), in which the court held it was "not barred from reexamining the issues raised" even in a prior motion to dismiss before the *same* court under functionally the same standard.  *See id.* at *1.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1    But this is *not* "the same motion" because the federal pleading standard differs from the

2    one applied in state court.   Although Zunum now argues that the federal and state pleading

3    standards are "not substantially different" (Opp. 5), that was not its position in state court, where

4    it successfully argued that the "federal plausibility standard" was "inapplicable."   Mot. 5 (citing

5    statement).   In any event, Zunum's new position is plainly foreclosed.   Washington courts have

6    "declin[ed]" to adopt the federal "plausibility" standard.   *McCurry v. Chevy Chase Bank*, *FSB*, 233

7    P.3d 861, 863 (Wash. 2010).   Instead, they consider "hypothetical facts" beyond the pleadings,

8    and dismiss claims only where "it appears beyond a reasonable doubt" that the plaintiff cannot

9    state a claim.   *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29, 34

10   (Wash. 2014).[2]

11   Fundamentally, this case is no different from *Fairbank*, a controlling decision to which

12   Zunum offers no credible response.   There, the defendant lost a summary judgment motion in state

13   court, removed, and then filed and won a summary judgment motion in federal court.   212 F.3d at

14   530.   The Ninth Circuit affirmed because the state standard was "different in relevant respects"

15   from the federal one, so the plaintiff was wrong to argue "the District Court was precluded from

16   revisiting the question."   *Id.* at 530–32.   Indeed, the Ninth Circuit said the different standard was

17   a "cogent reason" to revisit the decision.   *Id.* at 533.

18   As already explained, this case has that same cogent reason, and it also has two more.   The

19   state court decision was "one page and did not address" the relevant arguments.   *See Hartman v.*

20   *United Bank Card, Inc.*, No. C11-1753-JLR, 2012 WL 12882864, at *3 n.2 (W.D. Wash. Mar. 23,

21   2012) (revisiting decision).   And allowing Zunum's extraneous counts to remain in this

22   straightforward business dispute—despite their fundamental and incurable defects—will only

23   waste the parties and the Court's time.

24

25   [2] Zunum also argues that "there is no material difference" between the state and federal standards because both contemplate the possibility of curing pleading deficiencies by amendment (Opp. 7), but accepting that argument would run roughshod over federal and Washington law.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1    **II.**      **The Court Should Grant Boeing's Motion.**

2    **A.**      **The Antitrust Conspiracy Claim (Count IX) Fails As A Matter Of Law.**

3          To state an antitrust conspiracy claim, Zunum must plead an "agreement" that is

4    "unreasonable." Mot. 6–13 (citing cases). It fails to plausibly plead either element.

5          **No Agreement.** Zunum is flat wrong to say (Opp. 7) it need not plead an agreement. Mot.

6    6–7. To allege an agreement with "direct evidence," Zunum must "establish 'who, did what, to

7    whom (or with whom)." *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1194

8    n.6 (9th Cir. 2015). There must be a "smoking gun." *Cosm. Gallery, Inc. v. Schoeneman Corp.*,

9    495 F.3d 46, 52 (3d Cir. 2007). Zunum lacks that. Instead, it alleges that the president of *Safran's*

10    business units blocked *Safran's* venture arm. Opp. 8. That allegation about Safran's *unilateral*

11    conduct is not evidence of an agreement between Boeing and Safran, much less "explicit" evidence

12    that requires "no inferences." *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir. 1999).

13          Zunum's "indirect evidence" fares no better. To support its assertion of "parallel conduct,"

14    Zunum chiefly offers a lengthy string cite to paragraphs of the FAC without explanation. Opp. 8.

15    That is not enough. Nor are the few specifics Zunum offers. The alleged sale of "electrical

16    components" from Safran to Boeing would be a reciprocal dealing, not parallel action. Opp. 8;

17    *Musical Instruments*, 798 F.3d at 1193 (parallel conduct occurs where companies "adopt[] similar

18    policies"). And Zunum's allegation that "Boeing and Safran pulled their investment commitments"

19    (Opp. n.2) ignores that a failure to "take[] steps to support" a startup is not parallel conduct. *See*

20    *In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 463–64 (S.D.N.Y. 2017).

21          Even assuming Zunum had alleged parallel conduct, Zunum pleads no plus factors, as it

22    admits it must. Opp. 8 (citing *Citric Acid Litig.*, 191 F.3d at 1093). Zunum's core argument is

23    that "[a]bsent an agreement" to starve Zunum of capital, there "would be a race" between Boeing

24    and Safran "to support Zunum." Opp. 9. But this inherently contradictory assertion cannot support

25    Zunum's claim: it makes no sense that a startup that *failed for lack of funding* possessed

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 4

1   technology that no rational investor would have declined to fund. Indeed, the FAC shows that

2   although Zunum shopped hard for other investors, none was willing to commit funding. ¶¶ 204–

3   06, 296. What is more, the FAC itself offers sound reasons why an investor would not have wanted

4   to fund Zunum. Mot. 7–8. Zunum ignores these minus factors, which underscore that the

5   allegations of parallel conduct "could just as easily suggest rational, legal business behavior …

6   as … suggest an illegal conspiracy." *Musical Instruments*, 798 F.3d at 1194; Mot. 7–8. Zunum

7   has failed to plead an agreement, and its antitrust claim thus should be dismissed.

8       **No Unreasonable Restraint.** Zunum first attempts to evade its duty to plead a relevant

9   market, market power, and antitrust injury by saying these requirements are excused because the

10  alleged agreement was a "per se" unreasonable "boycott" of Zunum (Opp. 9)—despite that the

11  word "boycott" is not in the FAC. That argument fails because to be per se unreasonable, a

12  "boycott" (or any agreement) must involve horizontal competitors. *Ohio v. Am. Express Co.*

13  *("Amex")*, 138 S. Ct. 2274, 2283–84 & n.7 (2018). That condition is absent here. ¶ 8. Further,

14  there was no "boycott." To "boycott" means to "refus[e] to serve." *FTC v. Superior Ct. Trial*

15  *Laws. Ass'n*, 493 U.S. 411, 422–23 (1990). The "service" Zunum wanted from Boeing was money,

16  and Zunum got money—twice. ¶ 226. That Zunum did not like Boeing's terms does not make a

17  boycott. Otherwise, everyone who thinks they pay too much for milk could claim a boycott. Nor

18  did Safran boycott; it "entered" a contract to build Zunum's "turboshaft." ¶ 289. So contrary to

19  what Zunum says, Boeing and Safran supplied "funding [*and*] components." Opp. 9. Finally, the

20  idea of a boycott *of investment capital* is facially untenable. Capital is a global resource (¶¶ 204–

21  05), and no two companies could have blocked all others from lending to Zunum *if its business*

22  *had value*—which is why Zunum cites no cases involving a boycott of capital. Opp. 9. Where, as

23  here, "an alleged conspiracy makes no economic sense," the "claim must be dismissed." *Cascades*

24  *Comput. Innovation LLC v. RPX Corp.*, No. 12-CV-01143, 2013 WL 316023, at *11 (N.D. Cal.

25  Jan. 24, 2013).

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 5

1    With no per se theory, Zunum must proceed under the rule of reason and plausibly plead a

2    relevant market, market power, and antitrust injury—requirements it does not dispute.  Opp. 10.

3    *Relevant Market.*  Zunum cannot rebut Boeing's point that its geographic markets are

4    contradictory.  Opp. 9–10; Mot. 9.  Just as in *Mathias v. Daily News, L.P.*, 152 F. Supp. 2d 465,

5    483 (S.D.N.Y. 2001), Zunum's market cannot be limited to one geography ("national") and also

6    be a broader, more inclusive one ("international").  Zunum's attempt to distinguish *Mathias* is

7    incoherent, and its quip that Boeing "does business domestically and internationally" (Opp. 11)

8    proves that Zunum does not understand what it means to plead a geographic market.  A defendant's

9    "service area" cannot be conflated with the geographic market, *Gordon v. Lewistown Hosp.*, 423

10   F.3d 184, 212 (3d Cir. 2005), especially where that service—*i.e.*, Boeing's business writ large—

11   is not at issue.  *See It's My Party, Inc. v. Live Nation, Inc.*, 811 F.3d 676, 683 (4th Cir. 2016)

12   (rejecting "gerrymander[ed]" definition "that coincidentally fit plaintiff's precise circumstances").

13   Zunum's definitions of its various product markets fare no better.  Zunum does not dispute

14   that the FAC shows the "'hybrid-electric and all-electric aircraft' does not exist," saying only that

15   question is "better suited" for "trial."  Opp. 11.  It is not.[3]  As Boeing explained, the alleged market

16   has no products, purchasers, or prices.  Mot. 9.  At best, it is a "goods market that has yet to be

17   established."  *Siegler v. Sorrento Therapeutics, Inc.*, 2019 WL 581719, at *12 (S.D. Cal. Feb. 13,

18   2019), *aff'd*, 2021 WL 3046590 (Fed. Cir. July 20, 2021).  The Court can and should reject this

19   claim at this stage.  *See id.*  Even if the market did exist, it would be overbroad.  Mot. 9–10.  Zunum

20   accuses Boeing of attacking a "straw man" by observing that this overbroad alleged market

21   contains many small aircraft that are not realistic substitutes for each other.  Opp. 12.  But those

22   aircraft fit the market as pled, and Zunum cannot now pivot to a "regional aircraft" market (Opp.

23   12), which merely substitutes one vague phrase for another.

24

25   _____

[3] This Court's authority to dismiss antitrust claims at the pleading stage for "failure to identify a relevant market" is settled. *Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1065 (9th Cir. 2001); *UGG Holdings, Inc. v. Severn*, No. CV04-1137-JFW, 2004 WL 5458426, at *3 (C.D. Cal. Oct. 1, 2004) (collecting cases).

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 6

1    Zunum's supposed market for "short-haul flights under 1,500 miles" also misses the mark.

2    Zunum first purports to confirm that the market is "for *flights*" rather than aircraft, but then

3    discusses the "Boeing 737" and the "emergence of *aircraft*" that would compete against "overbuilt

4    large aircraft."  Opp. 12–13 (emphases added).  So it still is "not clear … what exactly the []

5    product market is."  *Staley v. Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 617 (N.D. Cal. 2020).  Even

6    assuming an aircraft market, Zunum has not included what is necessary: a plausible allegation that

7    a customer would buy an aircraft based on whether it is "[]capable of flying under 1,500 miles."

8    Mot. 11; *see St. Alphonsus Med. Ctr. – Nampa, Inc. v. St. Luke's Health Sys.*, 778 F.3d 775, 785

9    (9th Cir. 2015).  Zunum argues *St. Adolphus* should not apply "at the pleading stage" because it

10    was an appeal after trial.  Opp. 12.  That is nonsense; "what the plaintiff must prove in the trial"

11    starts with "what the plaintiff must plausibly allege at the outset of a lawsuit," and a claim that

12    could not survive appellate review should not be permitted to go to trial in the first place.  *Comcast*

13    *Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).

14    Nor can Zunum support its overbroad market for "integrated door-to-door travel."  Opp.

15    13.  Zunum says that market would include "all-electric air taxies" (Opp. 13), but fails to explain

16    why it would not also include myriad other forms of transportation that are not reasonably

17    interchangeable, including the bus service Zunum mentions.  Opp. 12.  Zunum's attempt to buttress

18    this alleged market with new, unpled allegations is both improper, *Apple Inc. v. Allan & Assocs.*

19    *Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020), and an admission that the market is defective.

20    *Market Power.*  Zunum's attempts to redefine its alleged markets are not just meritless;

21    they are pointless, because Zunum cannot plead market power.  Fundamentally, Zunum has no

22    answer to the rule that "power in the relevant market" is what matters, not that Boeing may be

23    "number one" in another market.  *Rick-Mik Enters. v. Equilon Enters.*, 532 F.3d 963, 972 (9th Cir.

24    2008).  Zunum makes claims about Boeing's share "in the markets for … large-body aircraft," but

25    that has nothing to do with this case.  Opp. 13.  It offers an uncited claim about Boeing's share of

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 7

"domestic flights of up to 1,500 miles" (Opp. 13), even though Boeing has not operated "domestic flights" since the air transportation and aircraft manufacturing industries were separated *by law* in the 1930s.[4]  And its claim that Boeing is "leveraging its existing duopoly" (Opp. 13) fails, as "leveraging" has no application to conspiracy claims and requires in any event *monopoly power* (not a "duopoly") in the lever market.  *See, e.g.*, *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 (9th Cir. 1991).[5]

Zunum also cannot answer Boeing's point that the FAC's other allegations confirm Boeing's and Safran's lack of power in any alleged market—specifically, that Boeing was not "meaningfully engaged" and "has historically not been active" in them, and that Boeing's products were "necessarily unlike" the ones Zunum hoped to build.  Mot. 12 (citing ¶¶ 520, 52, 69).  The opposition simply ignores these points; moreover, Zunum cannot plausibly allege that Boeing has power in a market in which it "has not been historically active" or is not active at all.  *See Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1439 (9th Cir. 1995).

*Antitrust Injury*.  Zunum has not seriously tried to allege antitrust injury.  While Zunum cites theoretical improvements in "efficiency," "emissions," and "noise," supported by hyperlinks to news articles, it fails to plead substantial harm to competition.  Opp. 14; Mot. 13.

## B.      The Attempted Monopolization Claim (Count X) Fails As A Matter Of Law.

Zunum's response (Opp. 15–18) on attempted monopolization (Mot. 13–17) is meritless.

*Dangerous Probability*.  Citing *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 679 (Wash. 1987), Zunum argues that the Washington courts have not adopted the element of "dangerous probability of achieving monopoly power."  Opp. 15.  But *Sierracin* relied on the Ninth Circuit's

---

[4] *See generally* Frederick A. Ballard, *Federal Regulation of Aviation*, 60 HARV. L. REV. 1235, 1246–48 (1947); *Pacific Air Transport v. United States*, 98 Ct. Cl. 649, 755 (Ct. Cl. 1942) (noting spinoff of "Boeing Air Transport, Inc." pursuant to "certain requirements imposed by the Air Mail Act of 1934").

[5] For the same reason, Zunum's reliance on *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007), is misplaced.  The facts of that case—involving attempted monopolization perpetrated through violations of FRAND commitments—have nothing in common with this one.  *See id.* at 317–318.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

1    decision in *Lessig v. Tidewater Oil Co.*, 327 F.2d 459 (9th Cir. 1964) for this point—and that case

2    was later overruled. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458 (1993). In its decision

3    overruling *Lessig*, the United States Supreme Court confirmed that "attempted monopolization"

4    claims may not proceed "absent proof of a dangerous probability." *Id.* at 459. Indeed, *Sierracin*

5    itself says that *more* is required; it asked for proof of "monopoly power," 738 P.2d at 679, which

6    is a heavier burden for a plaintiff than pleading only a "dangerous probability of achieving" that

7    power. *See Rebel Oil Co.*, 51 F.3d at 1433. Zunum's allegations meet neither test. The FAC

8    confirms that Boeing has little or no presence in the alleged markets; *a fortiori*, it has not pled

9    monopoly power or a dangerous probability of achieving it. Mot. 14–15.

10       *Predatory Conduct*. Zunum's two fringe theories of predatory conduct fall short as well.

11   Opp. 15–17. As for its *Walker Process* theory, Zunum does not disagree that it has failed to plead

12   "with particularity" fraud on the patent office that was "material." Mot. 15. Nor did Zunum plead

13   enforcement. Zunum mentions the Thin Haul patent, but nowhere pleads that Boeing is enforcing

14   that patent (much less to the detriment of competition), and seeking a declaration about

15   *inventorship* is not tantamount to *enforcement*. Opp. 16. The two cases Zunum cites had nothing

16   to do with *Walker Process*. *See Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC*, No.

17   CV2002849, 2020 WL 7049537, at *2 (C.D. Cal. Oct. 1, 2020); *D & D Greek Rest., Inc. v. Great

18   Greek Franchising, LLC*, No. CV 20-9770, 2021 WL 4464201, at *6 (C.D. Cal. Aug. 3, 2021).

19       The refusal-to-deal theory fails too. Zunum misstates the law when it says past profitable

20   dealing is not required. Opp. 16–17. As the Ninth Circuit recently reiterated, the theory's first

21   element is that the defendant "unilaterally terminated ... a voluntary and profitable course of

22   dealing." *FTC v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020).[6] That element is unmet here.

23   Mot. 17. Nor is the second element. The FAC reveals ample "conceivable" reasons why Boeing's

---

[6] Indeed, the seminal case for this "outer boundary" theory of predatory conduct expressly held that the "termination of a voluntary *(and thus presumably profitable)* course of dealing" was an essential ingredient of the theory. *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 409 (2004) (discussing *Aspen Skiing*) (emphasis in original). Zunum apparently did not read the decision.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 9

decision to no longer support Zunum had sound justifications.  Mot. 17.  As for the third element—

Boeing's purported dealings with others—Zunum offers no response to Boeing's argument.  Mot.

17.[7]  Beyond elemental failings, the "refusal to fund" theory is implausible.  Mot. 16.

*Antitrust Injury*.  Zunum does not address antitrust injury, but that is a necessary element

of the claim.  Mot. 17.  Zunum's silence on this point entitles Boeing to judgment on this count.

## C.    The Washington Securities Act Claim (Count XI) Fails As A Matter Of Law.

There still are six reasons why Zunum's securities fraud claim fails.  Mot. 17–20.

*First*, Delaware law applies.  Mot. 18.  Zunum's inapposite case had a contract that would

have "waive[d] compliance" with the Securities Act, and required Japanese law, despite the

statutory ban on such waivers.  *Ito Int'l Corp. v. Prescott, Inc.*, 921 P.2d 566, 570 (Wash. Ct. 1996).

Further, Zunum is asserting claims against Boeing under Delaware law under the same contracts.

¶¶ 428, 444, 480.  Zunum may not pick and choose when to adhere to the parties' choice of law.

*Second*, Zunum signed contracts that foreclose its claim.  Boeing quoted those contracts in

its motion (Mot. 18), but Zunum does not address them (Opp. 19).  "Securities law does not permit

a party to … disavow such representations."  *Stewart v. Estate of Steiner*, 93 P.3d 919, 924 (Wash.

Ct. App. 2004).  Accordingly, Zunum's claim must fail.

*Third*, Zunum has not alleged a misrepresentation about an "existing fact," as required.

*Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 448 (Wash. 1994).  Instead, Zunum's allegations

concern future promises.  Mot. 18–19.  Zunum has no response on this point; its opposition

digresses into irrelevant tangents about "omissions" and "nonverbal conduct."  Opp. 19–20.

*Fourth*, Boeing's supposed statements were not made "in connection" with a securities

transaction.  Boeing's motion explained why a single statement made a year earlier is too

---

[7] Moreover, Zunum's suggestion that Boeing had no "valid or permissible reason for stealing trade secrets" (Opp. 17) goes to Zunum's *trade secret claim*.  And its assertion that Boeing "used its influence" to block others from "inputs such as a turboshaft" (Opp. 17) goes to Zunum's *tortious interference claim*.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: (206) 359-8000
Fax:  (206) 359-9000

attenuated.  Mot. 19.  Zunum's response—an unexplained string-cite of 28 FAC paragraphs, none of which undercuts Boeing's point—shows that Zunum has nothing else to offer.  Opp. 20.

*Fifth*, Zunum has no viable damages theory.  Mot. 19.  Zunum admits that the amounts due under the Notes are an obligation Zunum has yet to satisfy, not a past harm.  It cites no case for its contention that an accounting liability (which is not pled here) constitutes damages.  Opp. 20.

*Sixth*, Zunum's chosen remedy is unavailable.  Zunum has no credible response to the law providing that securities are not recoverable—and damages are unavailable—unless the securities have been sold.  Mot. 19–20.  Here, they have not been sold.  Dkt. No. 48 at 69–71 ¶¶ 30–48.

**D.  The Unfair Competition Claim (Count XII) Fails As A Matter Of Law.**

For the unfair competition claim, Zunum regurgitates its "convenience," "emissions," and "noise" arguments, coming to the relevant doctrine only at the end.  Opp. 22.  That doctrine forecloses its claim.  Zunum does not dispute that three of the four *Hangman Ridge* factors are unmet.  It says only that Boeing's alleged actions are "based on a pattern it has attempted before" (Opp. 22), but that argument fails.  *First*, the question is whether Boeing *later* will do to another "exactly" what it allegedly did to Zunum, not whether Boeing engaged in *prior* conduct with a similar pattern.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986).  *Second*, the alleged "pattern" is not similar.  Zunum alludes only to the terminated Boeing-Embraer deal (Opp. 22), which has nothing in common with this case.  ¶¶ 55–58.

**E.  The Fiduciary Duty Claim (Count V) Fails As A Matter Of Law.**

Zunum does not dispute that Boeing had no fiduciary duty, and thereby confirms that its claim rests on the theory that Boeing aided and abetted a breach by Mr. Jones.  Opp. 22–24.

Boeing explained why the aiding and abetting part of that theory fails.  Mot. 23.  Boeing must have "specifically" "induce[d]" Mr. Jones to breach his supposed duties, unless Mr. Jones's actions were "per se illegal."  *In re Gen. Motors (Hughes) S'holder Litig.*, No. CIV 20269, 2005 WL 1089021, at *24 (Del. Ch. May 4, 2005), *aff'd*, 897 A.2d 162 (Del. 2006).  Zunum does not

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 11

1   even argue it meets that standard.  It offers two sentences asserting that Mr. Jones's actions are

2   "attributable" to Boeing, and that Boeing had "knowledge" of those actions.  Opp. 24.  That is not

3   enough.  Zunum also does not dispute that its disjointed theory contends that Mr. Jones had the

4   duty but Boeing committed the breach, and that Delaware law forecloses such a theory.  Mot. 23.

5         More fundamentally, Mr. Jones had no duty that he could have breached.  Zunum admits

6   that a de facto officer is one who "'actually assumes possession of an office under the claim and

7   color of an election or appointment.'"  Opp. 22 (quoting *In re Walt Disney Co. Derivative Litig.*,

8   906 A.2d 27, 48 (Del. 2006)).  But Zunum nowhere pleads an "election" or "appointment," and

9   thus fails to plead that Mr. Jones was a de facto officer.  Zunum's cases are no help.  In one, the

10  fiduciary ultimately controlled 88% of the entity in question.  *Virtus Cap. L.P. v. Eastman Chem.*

11  *Co.*, No. CV 9808, 2015 WL 580553, at *1–2 (Del. Ch. Feb. 11, 2015).  In the other, the fiduciary

12  along with his sons controlled 50% of the entity; he also "organize[d]" the entity, and decided

13  questions like "hiring," "staff[ing]" and "payment of employees."  *Triple H Fam. Ltd. P'ship v.*

14  *Neal*, No. CV 12294, 2018 WL 3650242, at *1–3, 14 (Del. Ch. July 31, 2018).  Zunum asserts

15  only that Mr. Jones took actions like "delegat[ing] administrative authority" and "select[ing] senior

16  officers," and then cites (but does not explain) FAC paragraphs that purportedly support those

17  assertions.  Opp. 23.  They do not.

18                              *       *       *

19        Counts IX–XII and V thus each fail to state a claim.  And Zunum should not be permitted

20  to amend.  Zunum has amended its complaint once already, and failed to add any real substance.

21  The length of Zunum's amended complaint and its improper reliance on hyperlinks and news

22  articles in its opposition suggest that Zunum has nothing more to allege with respect to these claims.

23  Judgment in Boeing's favor is warranted.

24                              **CONCLUSION**

25        Boeing requests that the Court enter judgment for Boeing on Counts IX–XII and V.

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR – 12

1    Dated: May 6, 2022                        Respectfully submitted,

2                                  PERKINS COIE LLP

*/s/ David Perez*

Susan Foster, WSBA #18030
David Perez, WSBA #43959
Ian Rogers, WSBA #46584
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel:   (206) 359-8000
Fax:  (206) 359-9000
Email: sfoster@perkinscoie.com
          dperez@perkinscoie.com
          irogers@perkinscoie.com

JONES DAY
Matthew A. Kairis
(admitted *pro hac vice*)
2727 North Harwood Street, Suite 500
Dallas, TX 75201
Tel:  (214) 220-3939
Fax:  (214) 969-5100
Email: makairis@jonesday.com

Aaron M. Healey
(admitted *pro hac vice*)
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: ahealey@jonesday.com

Dustin M. Koenig
(admitted *pro hac vice*)
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Tel: (614) 469-3939
Fax: (614) 461-4198
Email: dkoenig@jonesday.com

Attorneys for Defendants
THE BOEING COMPANY and
BOEING HORIZONX VENTURES, LLC

RULE 12(c) MOTION – REPLY; No. 2:21-cv-00896-JLR