UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | CASE NO. C21-0896JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is a motion requesting that Shlansky Law Group, LLP ("SLG") and Williams, Kastner & Gibbs PLLC ("Williams Kastner") be permitted to withdraw as counsel for Plaintiff Zunum, Aero, Inc. ("Zunum").  (Mot. (Dkt. # 64); Reply (Dkt. # 72).)  Zunum opposes the motion.  (Z. Resp. (Dkt. # 70).)  Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (collectively, "Boeing") also responded to the motion, stating that they "take[] no position on whether the SLG's request to

//

withdraw is justified" but "disagree[] that it will not be prejudiced" by SLG's withdrawal. (Defs. Resp. (Dkt. # 68) at 1.[1]) The court has considered the parties' submissions, the balance of the record, and the applicable law. Being fully advised,[2] the court GRANTS SLG and Williams Kastner's motion to withdraw.

## II. ANALYSIS

Pursuant to Washington Rule of Professional Conduct 1.16, "a lawyer shall not represent a client or, where representation has commenced, shall . . . withdraw from the representation of a client if . . . the representation will result in violation of the Rules of Professional Conduct or other law." Wash. Rules of Pro. Conduct r. 1.16(a)(1); *see also id.* cmt. 3 ("The lawyer's statement [to the court] that professional considerations require termination of the representation ordinarily should be accepted as sufficient."). In this district, an attorney seeking to withdraw from a case in a manner that will leave a party to the case unrepresented must seek the court's leave to do so by filing a motion. *See* Local Rules W.D. Wash. LCR 83.2(b)(1). The court discusses whether SLG and Williams Kastner have satisfied the procedural requirements for withdrawal before turning to the merits of the instant motion.

//

//

---

[1] When citing to the parties' pleadings, the court uses the pleadings' internal pagination unless otherwise stated.

[2] No one has requested oral argument (*see* Mot. at 1; Z. Resp. at 1; Defs. Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

### A. Procedural Requirements

To begin, the court notes that SLG and Williams Kastner have satisfied the procedural requirements for withdrawal set forth in the Local Civil Rules. Pursuant to Local Civil Rule 83.2(b)(1), a motion to withdraw must contain a certification that it "was served on the client and opposing counsel," and must also provide the client's "address and telephone number." Local Rules W.D. Wash. LCR 83.2(b)(1). Additionally, if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(3). SLG and Williams Kastner provide the declaration of Colin Hagan, an attorney at SLG, who certifies that: (1) Zunum and opposing counsel were provided with copies of the instant motion; and (2) "Zunum has been informed that failure to obtain a replacement attorney by the date that the withdrawal is effective may result in the dismissal of Zunum's claims for failure to prosecute or entry of default against Zunum." (*See* 8/5/22 Hagan Decl. (Dkt. # 65) ¶¶ 2-3); *see also* Local Rules W.D. Wash. LCR 83.2(b)(1), (3). SLG and Williams Kastner also provide Zunum's current contact information, as required by the court's Local Civil Rules. (*See* Mot. at 7); *see also* Local Rules W.D. Wash. LCR 83.2(b)(1).

//

### B.     Merits of the Motion to Withdraw

Turning to the merits of the instant motion, courts generally consider several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). "The trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Id.* (citing *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010)). For the reasons discussed below, the court finds that SLG and Williams Kastner's withdrawal is appropriate.

SLG and Williams Kastner allege that they have good cause for withdrawing their representation of Zunum because "the breakdown of communication and fundamental disagreement about case strategy and tactics renders counsel unable to provide effective and meaningful representation such that continued representation i[s] not in Zunum's best interest or in the interest in the efficient prosecution of this case." (Mot. at 4-5 (alleging that the "difference of opinion regarding tactics and strategy and resulting irreconcilable conflict with Zunum justifies granting this request to withdraw"); *see also id.* at 4 (stating that they are unable "to provide legal services Zunum, consistent with the Rules of Professional Conduct, in light of the breakdown leading to inability to cooperate" and citing Washington Rules of Professional Conduct 1.4, 2.1, and 8.4).) They explain that "the breakdown has affected prioritization and execution of important matters and tasks

necessary to the effective prosecution of the case in accord with deadlines, requirements, and duties to the [c]ourt." (*Id.* at 5.) While Zunum disputes SLG and Williams Kastner's characterization of their relationship with Zunum and argues that the motion lacks adequate detail (*see generally* Z. Resp. at 3-8), the court finds that SLG and Williams Kastner have sufficiently demonstrated good cause for withdrawing their representation of Zunum (*see generally* Mot. at 2-5; Reply at 7-8; 9/2/22 Hagan Decl. (Dkt. # 73) ¶¶ 2, 8-10; 8/5/22 Hagan Decl. ¶¶ 5-10).

      As to delay and prejudice, SLG and Williams Kastner argue that "withdrawal is also warranted because there would be no prejudice or harm to any party, nor would withdrawal unduly delay this matter or otherwise interfere with the efficient administration of justice." (Mot. at 5.) They contend that withdrawal will not cause undue delay in the case schedule because "nearly eight months remain in discovery, and trial is not scheduled until September 11, 2023, over 14 months from now." (*Id.* at 5-6 (alleging that there is "ample time for new counsel to become familiar with this matter and represent Zunum without undue delay in the case schedule").) SLG and Williams Kastner have also taken actions "to continue to move the case forward" despite the breakdown in the attorney-client relationship, and they argue that these actions demonstrate "a lack of prejudice to Zunum and [Boeing] because discovery can remain ongoing and there is no current briefing due which would be delayed while new counsel is retained and substituted." (*See id.* at 6 (claiming that the patent-related deadlines and Markman hearing may not be something that substitute counsel would need to address

//

because "[c]ounsel discussed that Boeing would prepare a stipulated motion to move the [c]ourt to vacate those deadlines").)

Boeing and Zunum disagree, claiming that SLG and Williams Kastner's withdrawal will prejudice them and delay the resolution of this case. (*See* Z. Resp. at 8-11; Defs. Resp. at 3-5.) Zunum alleges that it will take significant time to find substitute counsel due to its initial challenges in retaining counsel. (*See* Z. Resp. at 9 (claiming that it may take several months to a year to secure substitute counsel and that Zunum should not have to risk default in the meantime); *id.* at 2-3 (discussing Zunum's difficulties in securing initial counsel due to the financing and contingent fee agreements it had to secure to support litigation).) Zunum claims that once substitute counsel is secured, they will need additional time "to gain a complete understanding of the facts and issues," which will further delay the case and stall discovery. (*Id.* at 9.) In its response, Boeing contends that SLG and Williams Kastner's withdrawal will prejudice it by "further delaying its longstanding efforts to get Zunum to sufficiently identify the alleged trade secrets at the core of this lawsuit." (Defs. Resp. at 3; *see id.* at 1-3 (discussing Boeing's efforts to obtain discovery regarding Zunum's trade secrets).) Boeing attaches a proposed motion to compel discovery related to Zunum's trade secrets to its response. (*Id.* at 3, Ex. 1.) To protect the case schedule and minimize prejudice, Boeing asks the court to either order SLG and Williams Kastner to brief Zunum's position on Boeing's motion to compel before withdrawing or "set a prompt deadline by which substitute counsel must respond to the motion." (*Id.* at 4 (stating that the court could take the latter option "if the nature of the breakdown between SLG and Zunum is such that SLG cannot

brief that issue without violating the Rules of Professional Conduct").) With respect to documents designated for "Attorneys' Eyes Only," Boeing asks the court to either order SLG to act as repository for Boeing's confidential documents unless/until replacement substitute counsel is appointed or order SLG to facilitate the return or destruction of Boeing's documents. (*Id.* at 5.)

While the court understands Zunum's concerns regarding its ability to timely obtain substitute counsel, it concludes that SLG and Williams Kastner's reasons for withdrawing outweigh Zunum's concerns. (*See also* Reply at 8 (stating that Zunum "has (and has had) representation from at least two additional different law firms (in addition to SLG and Williams Kastner)," "[a]t least one of which has also been advising Zunum on tactics in this litigation for many months"); 9/2/22 Hagan Decl. ¶ 10 (same).) To lessen any prejudice to Zunum, the court will give Zunum an additional 45 days to obtain substitute counsel. Moreover, because the discovery deadline is not until March 31, 2023, and trial is not scheduled until September 11, 2023, Zunum and Boeing have time to resolve any discovery disputes, even after SLG and Williams Kastner withdraw from this matter. Although the court agrees that the "resolution of the dispute over Zunum's description of its alleged trade secrets is necessary for this case to proceed efficiently and stay on schedule" (*see* Defs. Resp. at 4), it also finds that SLG and Williams Kastner cannot effectively represent Zunum with respect to Boeing's proposed motion to compel due to the breakdown in communication between counsel and Zunum and the fundamental disagreement about tactics and approach. (*See, e.g.*, Reply at 8 (stating that "the breakdown in communication . . . contributed to any issues in discovery").)

1   Accordingly, with respect to Boeing's proposed motion to compel, the court directs
2   Boeing to file its motion to compel once substitute counsel appears for Zunum and to
3   note the motion as a third Friday motion pursuant to Local Civil Rule 7(d)(3).  Local
4   Rules W.D. Wash. LCR 7(d)(3).  Having found that it would not be appropriate for SLG
5   and Williams Kastner to continue to be involved in discovery due to their inability to
6   effectively represent Zunum, the court directs SLG and Williams Kastner to facilitate the
7   return to Boeing or destruction of Boeing's "Attorneys' Eyes Only" documents.
8       In sum, the court finds that SLG and Williams Kastner are no longer able to
9   effectively represent Zunum; that their withdrawal will not significantly delay the
10  resolution of this case or harm the administration of justice; and that any prejudice
11  withdrawal may cause to Boeing and Zunum can be sufficiently minimized and does not
12  outweigh SLG and Williams Kastner's reasons for withdrawing.  Accordingly, the court
13  GRANTS SLG and Williams Kastner's motion to withdraw.

### III.   CONCLUSION

15      For the foregoing reasons, SLG and Williams Kastner's motion to withdraw as
16  counsel for Zunum is GRANTED (Dkt. # 64).  SLG and Williams Kastner are hereby
17  withdrawn from this matter.  The court GRANTS Zunum an additional 45 days from the
18  date of this order to find substitute counsel.  The court warns Zunum that failure to timely
19  find substitute counsel may result in the dismissal of Zunum's claims or entry of default
20  against Zunum.  Additionally, the court DIRECTS Boeing to file its motion to compel,
21  noted pursuant to the Local Civil Rules, once substitute counsel has appeared in the case.
22  If substitute counsel does not appear within 45 days, Boeing may move to dismiss

Zunum's claims or for entry of default against Zunum. Finally, the court DIRECTS SLG and Williams Kastner to facilitate the return or destruction of Boeing's "Attorneys' Eyes Only" documents.

Dated this 2nd day of September, 2022.

*/s/ James L. Robart*

JAMES L. ROBART
United States District Judge