UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ZUNUM AERO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC,<br><br>Defendants. | Civil Action No. 2:21-cv-00896-JLR<br><br>**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii
INTRODUCTION .......... 1
ARGUMENT .......... 1
I. Zunum Does Not Dispute The Relevance Of Its Alleged Trade Secrets, And Does Not Carry Its Burden To Show Why Discovery Should Not Be Allowed .......... 1
II. Zunum's Interrogatory Response Remains Deficient Even Accounting For Zunum's Post-Motion Supplement .......... 4
CONCLUSION .......... 6



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*BioD, LLC v. Amnio Tech., LLC*,
No. 2:13-CV-1670, 2014 WL 3864658 (D. Ariz. Aug. 6, 2014)....6

*DeRubeis v. Witten Techs., Inc.*,
244 F.R.D. 676 (N.D. Ga. 2007)....6

*Doe v. Trump*,
329 F.R.D. 262 (W.D. Wash. 2018)....1

*Foltz v. State Farm Mut. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003)....2

*Freeman Inv. Mgmt. Co. v. Frank Russell Co.*,
No. 13-CV-2856, 2016 WL 5719819 (S.D. Cal. Sept. 30, 2016)....3

*Garner v. Amazon.co, Inc.*,
No. C21-0750, 2022 WL 16553158 (W.D. Wash. Oct. 31, 2022)....2

*Grellner v. Raabe*,
No. 2:15-CV-0189, 2017 WL 9486621 (E.D. Wash. June 20, 2017)....4

*Imax Corp. v. Cinema Techs., Inc.*,
152 F.3d 1161 (9th Cir. 1998)....3, 5, 6

*InteliClear, LLC v. ETC Global Holdings, Inc.*,
978 F.3d 653 (9th Cir. 2020)....3, 4, 5

*Morden v. T-Mobile USA, Inc.*,
No. C05-2112, 2006 WL 1727987 (W.D. Wash. June 22, 2006)....2

*Opal Labs, Inc. v. Sprinklr, Inc.*,
No. 3:18-cv-01192, 2019 WL 6528589 (D. Or. Dec. 4, 2019)....5

*Philips Med. Sys. Nederland B.V. v. TEC Holdings, Inc.*,
No. 3:20-cv-021, 2021 WL 1234596 (W.D.N.C. Mar. 31, 2021)....4



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

*Redfin Corp. v. iPayOne.com, LLC*,
No. C17-001217, 2018 WL 1397482 (W.D. Wash. Mar. 20, 2018) ....................................5, 6

*Snowden By and Through Victor v. Connaught Labs., Inc.*,
137 F.R.D. 325 (D. Kan. 1991)..........................................................................................2

*Switch Commc'ns Grp. v. Ballard*,
No. 2:11-CV-00285, 2012 WL 2342929 (D. Nev. June 19, 2012)...........................................6

*TelSPACE, LLC v. Coast to Coast Cellular, Inc.*,
No. 2:13-cv-01477, 2014 WL 4364851 (W.D. Wash. Sept. 3, 2014) ......................................4

*X6D Ltd. v. Li-Tek Corps. Co.*,
No. 10-cv-2327, 2012 WL 12952726 (C.D. Cal. Aug. 27, 2012) ...........................................4



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

## INTRODUCTION

In opposing Boeing's Motion to Compel, Zunum concedes the relevance of the discovery sought; fails to substantiate how properly specifying the trade secrets upon which its purported $1 billion in damages rests would be either unduly burdensome or disproportionate to the needs of the case; and only gestures at a defense to the sufficiency of Exhibit A to its interrogatory response. Instead, Zunum tries to shift the burden of identifying its own trade secrets to Boeing while insisting that it should not have to describe its trade secrets at this stage in the litigation. But with less than five months remaining to complete discovery, Zunum cannot put off adequately defining its supposed trade secrets any longer. On its face, Exhibit A impedes rather than advances discovery. It does not pinpoint what is in dispute, such that the parties can test Zunum's claims. Rather, it is a tome thick with industry buzzwords that prevents Boeing from grasping Zunum's claims, much less defend against them. This case cannot move forward until Zunum fulfills its obligation to identify its claimed trade secrets with specificity. The Court should order it to do so.

## ARGUMENT

### I. Zunum Does Not Dispute The Relevance Of Its Alleged Trade Secrets, And Does Not Carry Its Burden To Show Why Discovery Should Not Be Allowed.

Zunum does not dispute that the identification of its alleged trade secrets is relevant. Accordingly, it "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018). While Zunum brings forward a parade of excuses as to why, nearly two years into discovery, it should not yet be required to identify the trade secrets on which its claims hinge, none of them discharges that burden.

First, Zunum argues that it "has already expended considerable resources categorizing and defining the trade secrets," and that drafting "further detailed narrative descriptions of this highly technical and complex information … would be no trivial task." Opp. 10. But "[t]he party seeking



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

to defeat discovery on the ground that a request is unduly burdensome must allege specific facts showing the nature and extent of the burden: 'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning'" are not enough. *Garner v. Amazon.co, Inc.*, No. C21-0750, 2022 WL 16553158, at *2 (W.D. Wash. Oct. 31, 2022) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). Moreover, Zunum "has the burden to show not only 'undue burden or expense,' but also to show that the burden or expense *is unreasonable in light of the benefits to be secured* from the discovery." *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (quoting *Snowden By and Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 333 (D. Kan. 1991)) (emphasis added). And while it may well take some work for Zunum to identify its trade secrets, the authorities Boeing cited in its Motion show that orderly and efficient discovery in a trade secrets case depends on the plaintiff adequately identifying at the outset what trade secrets are actually in dispute. *See* Mot. 4–5 (collecting cases). If Zunum really contends that nearly 170 supposed trade secrets are at issue, Boeing is entitled to an adequate description of each one of them. Zunum cannot use its own expansive claims as a shield against meeting its discovery obligations. *See, e.g.*, *Garner*, 2022 WL 16553158, at *2 ("While the scope of the production is undoubtedly vast, so too are the claims and damages at issue.").

Second, Zunum argues that being forced to identify its alleged trade secrets will "risk[] putting it in a Catch-22" because, apparently, it might forget a trade secret. Opp. 11. But as Zunum acknowledges, Zunum controlled the flow of information to Boeing through data room uploads and transmissions around a limited number of discrete meetings. Opp. 3. Unlike a case involving, for example, a former employee that defects to a competitor with unknown trade secrets, Zunum thus knows the *exact* contours of the information it disclosed to Boeing. And to the extent it claims any of that information constitutes a trade secret, it should be able to describe it. Indeed, Zunum now maintains in its latest supplemental response to Interrogatory No. 1 that "Zunum has disclosed



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

the complete universe of trade secrets that Zunum disclosed to Boeing, and has reason to believe that Boeing misappropriated." ECF No. 99 at 6. Accordingly, it is unclear how being required to adequately (and finally) describe that "complete universe" will somehow imperil Zunum.

Third, Zunum suggests that it is "not expected at this stage to have a short and narrow list of trade secrets" because the Ninth Circuit once described trade secrets discovery as an "iterative process." Opp. 11 (quoting *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020)). But this case is nothing like *InteliClear*, where the district court granted a motion for summary judgment when "the discovery period had lasted for only one day and no discovery had yet been requested or provided." *Id.* at 662. Indeed, the Ninth Circuit contrasted those nascent proceedings to cases like *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161 (9th Cir. 1998), where "the parties had gone through a protracted discovery period where [plaintiff] repeatedly failed to achieve the level of specificity that the court had requested," and *Freeman Investment Management Co. v. Frank Russell Co.*, No. 13-CV-2856, 2016 WL 5719819 (S.D. Cal. Sept. 30, 2016), where the court held "the plaintiff's 'subjective and vague descriptions' were insufficient 'at this late stage in the litigation' and that additional attempts to refine its identification would be 'too little too late' after a year and a half of discovery." *InteliClear*, 978 F.3d at 663.

Although Zunum's counsel may be new, this case and this issue are not. As detailed in the Motion, Boeing has been pursuing the so-called "iterative process" for a year and a half with no meaningful movement from Zunum on defining its trade secrets. *See* Mot. 2–3. What is more, Zunum appears to recognize that its current response falls short of "the standards that will apply on summary judgment (and at trial)," but gestures vaguely to "continu[ing] to refine its case in advance of those stages" without explaining why it cannot do so now. Opp. 11. And while Zunum claims there is "no risk here that Zunum will be able to point to whatever information it happens to find in Boeing's files and claim such information as Zunum's trade secrets," Opp. 10, that risk is very real because Zunum has defined its supposed trade secrets at a high degree of generality



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

that would sweep in all sorts of methods employed by engineers across the aerospace industry. *See* Mot. 6–7 (identifying examples). Unless Zunum specifies what its methods are—and what makes them unique—there is nothing to stop it from later pointing to Boeing's efforts and claiming them as its own. *See, e.g.*, *Grellner v. Raabe*, No. 2:15-CV-0189, 2017 WL 9486621, at *2 (E.D. Wash. June 20, 2017) (citing *TelSPACE, LLC v. Coast to Coast Cellular, Inc.*, No. 2:13-cv-01477, 2014 WL 4364851, at *5 (W.D. Wash. Sept. 3, 2014)).

## II. Zunum's Interrogatory Response Remains Deficient Even Accounting For Zunum's Post-Motion Supplement.

Nothing in Zunum's Opposition salvages its deficient interrogatory response. Tellingly, Zunum barely attempts to defend Exhibit A as sufficiently specific. Instead, Zunum tries to bootstrap Exhibit A to a new Rule 33(d) response it served well after the Motion was filed and a handful of Boeing-produced emails in hopes of shifting the burden of identifying its alleged trade secrets to Boeing. Neither gambit works.

First, Zunum's new supplemental Rule 33(d) response largely appears to formalize the document references that Zunum's prior counsel conveyed to Boeing via email back in July. *See* Mot. 3 & Ex. 5 at 6–7. But as Zunum's own authorities make clear, "[i]t is inadequate for plaintiffs to 'cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information.'" *InteliClear*, 978 F.3d at 658 (quoting *X6D Ltd. v. Li-Tek Corps. Co.*, No. 10-cv-2327, 2012 WL 12952726, at *6 (C.D. Cal. Aug. 27, 2012)). That is because *Zunum* bears the burden of "identify[ing] *what information* within each document and category is a misappropriated trade secret, and where the information appears in the documents." *Philips Med. Sys. Nederland B.V. v. TEC Holdings, Inc.*, No. 3:20-cv-021, 2021 WL 1234596, at *5 (W.D.N.C. Mar. 31, 2021). Zunum has not even attempted to link the nearly 170 items in Exhibit A to the referenced documents. Instead, it simply claims, in circular fashion, that these myriad documents "contain[] trade secrets previously identified in Exhibit A." ECF No. 99 at 6. That is not enough.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

Second, Zunum tries to deflect its obligation to identify *its own* alleged trade secrets by referring to internal Boeing documents. Opp. 2–4, 6–7. But those documents say nothing about what *Zunum* believes its trade secrets are, nor do they identify *any* purported trade secrets (much less all 170 items Zunum now says are at issue) with sufficient particularity. Indeed, one document states affirmatively that Boeing had not received and did not expect Zunum to share the allegedly proprietary information at issue. Opp. Ex 2. And again, it is Zunum—not Boeing—who "must identify the trade secrets and carry the burden of showing they exist." *InteliClear*, 978 F.3d at 658 (quoting *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993)). "Identifying trade secrets with sufficient particularity is important because defendants need 'concrete identification' to prepare a rebuttal." *Id.* And not just Boeing needs that information: "Courts and juries also require precision because, especially where a trade secrets claim 'involves a sophisticated and high complex' system, the district court or trier of fact will not have the requisite expertise to define what the plaintiff leaves abstract." *Id.* (quoting *Imax*, 152 F.3d at 1167).

None of the authorities upon which Zunum relies suggests otherwise. For instance, in *Opal Labs, Inc. v. Sprinklr, Inc.*, No. 3:18-cv-01192, 2019 WL 6528589 (D. Or. Dec. 4, 2019), "[i]n response to the Court's request," the plaintiff had already provided "details about the structure, functions, and capabilities" of the marketing software it claimed as a trade secret. *Id.* at *2–4. The court simply recognized that the defendant's subsequent motion to compel—which focused on arguments that the "alleged trade secrets are not, in fact, trade secrets"—went to the merits of the plaintiff's claim and presented "a different question from whether Plaintiff has identified its claimed trade secrets with reasonable particularity." *Id.* at *3–4. And in *Redfin Corporation v. iPayOne.com, LLC*, No. C17-001217, 2018 WL 1397482 (W.D. Wash. Mar. 20, 2018), the plaintiff's alleged trade secrets were limited to specific success metrics and market research, not a buzzword-laden list of nearly 170 items standing in for, allegedly, aircraft structures, electrical and propulsion systems, and other complex aerospace engineering concepts. *Id.* at *2. Further, the



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

"Amended Trade Secret Identification" in *Redfin* was filed under seal and the court referred to it only generically in its opinion, *id.* at *1–2, so Zunum has no basis to claim that its Exhibit A specifies "greater detail than the *Redfin* plaintiff," Opp. 8.

Just as unavailing is Zunum's attempt to distinguish Boeing's authorities because some of them involved discovery into the *defendant's* trade secrets. Opp. 8. This is a distinction without a difference, because those cases still applied the "sufficient particularity" standard and found the plaintiff's descriptions lacking even where they offered more detail than Zunum's Exhibit A. *See, e.g.*, *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679 (N.D. Ga. 2007); *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670, 2014 WL 3864658, at *6 (D. Ariz. Aug. 6, 2014); *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285, 2012 WL 2342929, at *5 (D. Nev. June 19, 2012).

Zunum's interrogatory response remains woefully deficient under the governing standards for all the reasons set forth in the Motion, *see* Mot. 5–9, and Zunum should be required to adequately identify its claimed trade secrets now. At a minimum, that means: where Zunum claims that "a method or process is a trade secret," it must "identify[] the steps in the process and explain[] how those steps make [its] process unique," *BioD, LLC*, 2014 WL 3864658, at *6 (*see* Mot. 6); where it claims assumptions or algorithms as trade secrets, it must "identify the precise numerical dimensions and tolerances," *Imax*, 152 F.3d at 1167 (*see* Mot. 8); and where it claims designs as trade secrets, Zunum must "specifically describe what particular combination of components renders each of its designs novel or unique, how the components are combined, and how they operate in unique combination," rather than merely identify "various concepts, elements or components," *Switch Commc'ns Grp.*, 2012 WL 2342929, at *5 (*see* Mot. 8).

**CONCLUSION**

Boeing respectfully requests that the Court grant Boeing's Motion to Compel.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

Dated: November 11, 2022

Respectfully submitted,

PERKINS COIE LLP

*/s/ David Perez*

Susan Foster, WSBA #18030
David Perez, WSBA #43959
Ian Rogers, WSBA #46584
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
Email: sfoster@perkinscoie.com
dperez@perkinscoie.com
irogers@perkinscoie.com

JONES DAY
Matthew A. Kairis
(admitted *pro hac vice*)
2727 North Harwood Street, Suite 500
Dallas, TX 75201
Tel: (214) 220-3939
Fax: (214) 969-5100
Email: makairis@jonesday.com

Aaron M. Healey
(admitted *pro hac vice*)
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: ahealey@jonesday.com

Dustin M. Koenig
(admitted *pro hac vice*)
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Tel: (614) 469-3939
Fax: (614) 461-4198
Email: dkoenig@jonesday.com

Attorneys for Defendants
THE BOEING COMPANY and
BOEING HORIZONX VENTURES, LLC