1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

Before the court are (1) Defendants The Boeing Company ("Boeing") and Boeing HorizonX Ventures, LLC's ("HorizonX") (collectively, "Boeing") motion to seal its motion to compel discovery and certain exhibits filed in support of its motion (BMTS (Dkt. # 84)) and (2) Plaintiff Zunum Aero, Inc.'s ("Zunum") motion to seal its opposition to Boeing's motion to compel and certain exhibits filed in support of its opposition (ZMTS (Dkt. # 95)).  The parties do not oppose each other's motions to seal.  (BMTS Resp. (Dkt. # 93); ZMTS Resp. (Dkt. # 108).)  The court has considered the parties'

//

ORDER - 1

submissions, the balance of the record, and the applicable law.  Being fully advised,[1] the court GRANTS Zunum's motion to seal and GRANTS Boeing's motion to seal.

During the course of briefing Boeing's motion to compel discovery, the parties filed a series of documents under provisional seal and, in many cases, also filed redacted versions of those documents on the court's docket (*see generally* Dkt.).[2]  In conjunction with the filing of various documents under provisional seal, the parties filed the above listed motions seeking the court's authorization to place the documents or portions of documents at issue under seal.

The court has reviewed the parties' motions to seal as well as the documents or portions of documents the parties have placed under seal.  Based on that review, the court concludes that the parties have met the standard for placing documents under seal set forth in the applicable case law and this court's Local Rule 5(g).  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Rules W.D. Wash. LCR 5(g).  Accordingly, the court GRANTS Zunum's motion to seal (Dkt. # 95), GRANTS

---

[1] No one has requested oral argument (*see* ZMTS; ZMTS Resp.; BMTS; BMTS Resp.), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] For example, Zunum filed both a sealed and redacted version of its opposition to Boeing's motion to compel (MTC Resp. (Dkt. # 100 (sealed)) (Dkt. # 98 (redacted))), and Boeing filed both a sealed and redacted version of its motion to compel (MTC (Dkt. # 88 (sealed)) (Dkt. # 86 (redacted))).  Additionally, both parties filed various exhibits in support of their submissions under seal.  (*See, e.g.*, Ex. 2 to Koenig Decl. (Dkt. # 89 (sealed)); Ex. 3 to Koenig Decl. (Dkt. # 90 (sealed)); Ex. 5 to Koenig Decl. (Dkt. # 91 (sealed)); Ex. 2 to Danner Decl. (Dkt. # 101 (sealed)); Ex. 3 to Danner Decl. (Dkt. # 102 (sealed)); Ex. 4 to Danner Decl. (Dkt. # 103 (sealed)); Ex. 5 to Danner Decl. (Dkt. # 104 (sealed)); Ex. 6 to Danner Decl. (Dkt. # 105 (sealed)).)

1  Boeing's motion to seal (Dkt. # 84), and DIRECTS the clerk to maintain the seal on all
2  documents that are provisionally under seal on the court's docket as of this date.
3      Dated this 5th day of December, 2022.

                                                              */s/ James L. Robart*

                                                              JAMES L. ROBART
                                                              United States District Judge