UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, et al.,<br><br>            Defendants. | CASE NO. C21-0896JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Zunum Aero, Inc.'s ("Zunum") motion to remand for lack of subject matter jurisdiction. (Mot. (Dkt. # 92); Reply (Dkt. # 110).) Defendants The Boeing Company ("Boeing") and Boeing HorizonX Ventures, LLC ("HorizonX") (collectively, "Boeing") oppose Zunum's motion to remand. (Resp. (Dkt. # 107).) The

//

//

//

ORDER - 1

court has considered the parties' submissions, the balance of the record, and the applicable law. Being fully advised,[1] the court DENIES Zunum's motion.

## II.  BACKGROUND

This suit centers on hybrid-electric and electric aircraft technology that Boeing, former Defendant Safran S.A. ("Safran"), and certain of Safran's affiliates[2] allegedly misappropriated from Zunum while falsely assuring Zunum that they would invest in its technology.  (*See* SAC (Dkt. # 60) ¶¶ 1-22.[3])  Zunum filed this lawsuit against Boeing, Safran, and certain affiliates of Safran on November 23, 2020, in King County Superior Court.  (State Records (Dkt. # 2) at 7.)  Shortly thereafter, Zunum filed its first amended complaint, in which Zunum brings twelve state law claims, including, in relevant part, a claim for violation of the Washington Trade Secrets Act ("WTSA").  (*See* FAC (Dkt. # 1-1) ¶¶ 493-512).

On July 2, 2021, after receiving various interrogatory answers from Zunum, Boeing answered the first amended complaint and asserted a number of counterclaims,

---

[1] No party has requested oral argument (*see* Mot.; Resp.), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] These affiliates include Safran Corporate Ventures, S.A.S. ("SCV"), Safran Electrical & Power, S.A.S. ("SEP"), and Safran Helicopter Engines, SASU ("SHE") (collectively with Safran, the "Safran Defendants").  Zunum dismissed its claims against the Safran Defendants in October 2021.  (*See* Not. (Dkt. # 43).)

[3] The court detailed the factual and procedural background of this case in its August 17, 2021, June 13, 2022, and August 12, 2022 orders and does not repeat that background here.  (*See* 8/17/21 Order (Dkt. # 36) at 2-5; 6/13/22 Order (Dkt. # 58) at 2-6; 8/12/22 Order (Dkt. # 67) at 2-7.)  Instead, the court discusses only the factual and procedural background relevant to Zunum's motion to remand.

including a counterclaim seeking a declaratory judgment on the inventorship of Boeing's Active Voltage Control for Hybrid Electric Aircraft ("Active Voltage") patent. (*See generally* Boeing Ans. (Dkt. # 1-2); *id.* ¶¶ C61-70[4] (alleging that Zunum's allegations and discovery responses created "an actual, justiciable controversy concerning the inventorship" of its Active Voltage and Thin Haul patents); Zunum ROG Resps. (Dkt. # 1-4).) Boeing and the Safran Defendants removed the suit to federal court the same day. (*See generally* NOR (Dkt. # 1); *id.* at 9-11[5] (contending that the court has subject matter jurisdiction over this case because Boeing's patent declaratory judgment counterclaim raises a federal question); *id.* at 3-4, 6-9 (arguing that Boeing's patent declaratory judgment counterclaim is justiciable).) Zunum then moved to remand the case (*see* 1st Remand Mot. (Dkt. # 26)), but the court denied the motion (*see* 8/17/21 Order at 6-13 (concluding removal by SEP was timely and proper and declining to consider the parties' remaining arguments regarding "Boeing's counterclaim and when it first ascertained removability"); *id.* at 11-12 (holding that Boeing's patent declaratory judgment counterclaim arises under federal law, and thus, gave the court federal question jurisdiction)).

//

---

[4] Because Boeing separately numbers the paragraphs in the counterclaim section of its answer (*see* Boeing Ans. at 63-78) and first amended answer (*see* FAA at 62-80), the court uses "A" to refer to the paragraphs in the answer section and "C" to refer to the paragraphs in the counterclaim section.

[5] When citing to the parties' pleadings, the court uses the pleadings' internal pagination unless otherwise stated.

1        Boeing then amended its counterclaims to add an additional claim for declaratory

2 relief based on its recently issued Thin Haul Hybrid Electric Propulsion System ("Thin

3 Haul") patent.  (*See* Unopposed Mot. to Amend (Dkt. # 46) at 2-3 (contending that

4 Zunum's allegations and discovery responses confirmed its intent to challenge Boeing's

5 inventorship of the Thin Haul patent); 12/20/21 Order (Dkt. # 47); FAA (Dkt. # 48)

6 ¶¶ C71-80; *see also* Zunum Ans. (Dkt. # 49) at 10-14 ("den[ying]" that the named

7 inventors of the Thin Haul patent were in fact its inventors; refusing to "admit" that the

8 Thin Haul patent was "validly issued to Boeing" and was "not the product of fraud or

9 omission, or invented by Boeing or its assignors"; and asserting in its affirmative

10 defenses that both the Thin Haul patent and the Active Voltage patent "do not accurately

11 name the correct inventors").)

12        On September 2, 2022, the court granted a motion by counsel for Zunum to

13 withdraw.  (*See* 9/2/22 Order (Dkt. # 74).)  New counsel appeared for Zunum on October

14 17, 2022, and Zunum filed the instant motion shortly thereafter.  (*See generally* Dkt.;

15 Mot. at 2 (asserting its new counsel "identified [a] jurisdictional defect" requiring

16 remand).)

### III.    ANALYSIS

18        Although Zunum styles its motion as a "motion to remand for lack of subject

19 matter jurisdiction under § 1447(c)" (*see generally* Mot.), the court agrees with Boeing's

20 contention that Zunum's motion should be analyzed as a motion to dismiss Boeing's

21 patent declaratory judgment counterclaims under Federal Rule of Civil Procedure

22 12(b)(1) (*see* Resp. at 5-6 n.1 (noting that the dismissal of such counterclaims would then

require the court to remand this action); *see also* Reply at 2 n.1 (acknowledging that its motion to remand for lack of subject matter jurisdiction is the functional equivalent of a motion to dismiss for lack of subject matter under Rule 12(b)(1))). *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (noting that a challenge to subject matter jurisdiction (no matter how styled) is governed by "the Rule 12(b)(1) framework").[6] Below, the court sets forth the relevant legal standards before discussing Zunum's motion.

A. **Relevant Legal Standards**

Subject matter jurisdiction is a threshold issue that goes to the court's power to hear a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the party asserting that jurisdiction exists bears the burden of proof. *Vacek v. U.S.P.S.*, 447 F.3d 1248, 1250 (9th Cir. 2006); *see also Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since.").

---

[6] The court disagrees, however, with Boeing's contention that the court has already decided this issue and that Zunum's motion is thus essentially a motion for reconsideration. (*See* Resp. at 5-6.) In its first remand order, the court did not address whether Boeing's patent declaratory judgment counterclaim presented a justiciable case or controversy. (*See* 8/17/21 Order at 6-13); *Honeywell Int'l Inc. v. Maltseff*, No. C14-0283JLR, 2014 WL 1400993, at *2-3 (W.D. Wash. Apr. 10, 2014) (addressing federal question jurisdiction and the declaratory judgment case or controversy doctrine as two separate issues). Accordingly, the court has not decided the issue raised in the current motion to remand.

Under the Declaratory Judgment Act ("DJA"), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," but only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" refers to the types of "cases" and "controversies" that are justiciable under Article III of the Constitution, and thus, within the court's subject matter jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); U.S. Const. Art. III, § 2; *see also Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (stating that courts must take care to ensure the presence of "an actual case or controversy" in DJA actions, "such that the judgment does not become an unconstitutional advisory opinion").

To determine the existence of a justiciable controversy under the Declaratory Judgment Act, courts must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. Moreover, the dispute must be "real and substantial" and "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* If this standard is not met, there "is no case or controversy" and Boeing's patent declaratory judgment counterclaims "will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades*, 504 F.3d at 1157. The dismissal of those claims would, in turn, require the court to remand this action to the King County Superior Court because the court's subject matter jurisdiction over this action is premised on Boeing's patent declaratory judgment counterclaims. *See Albingia Versicherungs A.G. v.*

*Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003), *amended on other grounds*, 350 F.3d 916 (9th Cir. 2003) ("[S]ection 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed.").

**B. Whether Boeing's Patent Declaratory Judgment Counterclaims Are Justiciable**

In its patent declaratory judgment counterclaims, Boeing seeks a declaratory judgment that its employees, affiliates, or associates "are the original and sole inventors of the inventions disclosed and claimed" in the Active Voltage and Thin Haul patents. (*See* FAA ¶¶ C70, C79.) Zunum's central argument is that there is "no 'live' controversy concerning the only federal claims in this case"—i.e., Boeing's patent declaratory judgment counterclaims—and thus, the court lacks subject matter jurisdiction over this action. (*See* Mot. at 1-3.) Zunum argues that because its misappropriation of trade secrets claim "bear[s] only tangentially on Boeing's patents—citing them as mere evidence of misappropriation"—"the threat that Zunum will file an inventorship suit is purely speculative."[7] (*Id.* at 9-10.) It further contends that "Boeing has cited no other conduct or threats by Zunum that would convert its hypothetical 'inventorship' dispute into a live controversy sufficient to invoke federal court jurisdiction." (*Id.* at 10.)

---

[7] The parties also dispute whether Zunum's attempted monopolization claim triggered a justiciable controversy over patent inventorship. (*See*, *e.g.*, Resp. at 12-13; Mot. at 15-17.) Because the court finds Boeing's reliance on Zunum's trade secret allegations and discovery responses sufficient to resolve the instant dispute, *see infra* Section III.B., the court does not consider the parties' arguments regarding Zunum's attempted monopolization allegations.

1    Boeing disagrees. (*See generally* Resp.) It argues that Zunum's pre-removal
2    "assertions concerning Boeing's Active Voltage and Thin Haul patents created a case or
3    controversy supporting Boeing's federal declaratory judgment counterclaims and
4    removal" (*see id.* at 6-14 (explaining why Zunum's conduct supports its counterclaims
5    and removal)), and that "Zunum's post-removal conduct confirms that this remains a
6    federal case" (*see id.* at 14-16 (including examples of such conduct)). Boeing also asks
7    the court to award sanctions under 28 U.S.C. § 1927, arguing that "Zunum has
8    'unreasonably and vexatiously' 'multiplie[d] the proceedings'" by bringing the instant
9    motion. (*Id.* at 23-24 (quoting 28 U.S.C. § 1927).)

10   The court finds the allegations in Boeing's patent declaratory judgment
11   counterclaims adequate to establish an actual controversy of sufficient immediacy and
12   reality to warrant the issuance of a declaratory judgment. (*See* Boeing Ans. ¶¶ C61-70;
13   FAA ¶¶ C61-80.[8]) In its patent declaratory judgment counterclaims, Boeing alleges that
14   Zunum's statements confirm that Zunum is "openly, actively, and adversely challenging
15   the inventorship" of Boeing's Active Voltage and Thin Haul patents. (*See* FAA
16   ¶¶ C62-68, C72-77 (discussing the relevant trade secret and patent allegations in
17   Zunum's first amended complaint and Zunum's discovery responses); *see also id.*
18   ¶¶ C68, C77 (alleging that "Zunum has confirmed that its trade secrets misappropriation

---

[8] The allegations in Boeing's answer, which was the operative pleading at the time of removal and addressed only the Active Voltage patent, are essentially the same, if not exactly the same, as the allegations regarding the Active Voltage patent in Boeing's first amended answer. (*Compare* Boeing Ans. ¶¶ C61-70, *with* FAA ¶¶ C61-70.)

ORDER - 8

claim turns in part on the question of whether employees, affiliates, or associates of Boeing are the lawful inventors of the" Active Voltage and Thin Haul patents).)

Specifically, Boeing's counterclaims refer to the allegations in Zunum's first amended complaint[9] that Boeing stole its purported trade secrets and confidential information and then used that information to obtain Active Voltage and Thin Haul patents.[10] (*See* FAA ¶¶ C62, C72, C77; *see, e.g.*, FAC ¶¶ 20, 381-84, 498.) The counterclaims also refer to Zunum's response to Boeing's interrogatories regarding Zunum's theory of misappropriation. (*See* FAA ¶¶ C63-68, C73-76; *see also* Boeing ROGs (Dkt. # 1-3).) In its response to Boeing's interrogatories, Zunum stated under oath that Boeing had "misused" Zunum's information, including by "deriv[ing]" the Active Voltage and Thin Haul patents from that information. (Zunum ROG Resps. at 13-14.) Zunum also asserted that Boeing and its engineers had "misused" Zunum's information, concerning the same technology as that covered by the Active Voltage and Thin Haul patents, in filing the patents. (*Id.*)

---

[9] The court references the allegations in the first amended complaint, as that was the operative pleading at the time of removal. (*See generally* Dkt.; NOR.) However, the court notes that Zunum's second amended complaint contains the same allegations referenced in this order. (*See* SAC ¶¶ 21, 384-87, 484.)

[10] For example, Zunum alleges that Boeing's Thin Haul patent "borrows heavily from Zunum's ZA10 architecture, which Zunum has yet to disclose publicly, but which Boeing had access to through its due diligence of Zunum, meetings of Zunum's Board of Directors, and other access to Zunum's confidential information." (FAC ¶ 381.) Zunum also alleges that Boeing's Active Voltage patent "relates closely to issues addressed by the control system in an international patent filed by Zunum in August 2018. A precondition for patent issuance is a representation of inventorship, which means that it did not exist previously, and that someone else did not invent it." (*Id.* ¶ 382.)

Thus, Zunum's allegations and discovery responses make clear that it would prove misappropriation, at least in part, by challenging the inventorship of any "patents filed by Boeing units" that "derive from the unique hybrid electric architecture of the Zunum aircraft." (*Id.* at 13; *see also* FAC ¶¶ 20, 381-84, 498.)  In light of the foregoing, the court concludes that the inventorship of the Active Voltage and Thin Haul patents is a "real and substantial" and "definite and concrete" controversy that "touches the legal relations of parties having adverse legal interests." *MedImmune*, 549 U.S. at 127.

In arguing that its "state law misappropriation claim cannot create the 'controversy' on which Boeing bases its bid for declaratory judgment," Zunum relies almost entirely on *Acer Am. Corp. v. Intellisoft Ltd.* ("*Intellisoft II*"), No. 20-cv-08608, 2021 WL 1164756 (N.D. Cal. Mar. 26, 2021).  (*See generally* Mot.; Reply.)  In that case, the district court concluded that the plaintiff's state law trade secret claim filed against the patentee did not create a controversy regarding patent inventorship because the trade secret claim "did not necessarily raise patent law issues." *See Intellisoft II*, 2021 WL 1164756, at *3 (concluding that the patent DJA claim failed because the patentee failed to point to "some other triggering event that created a 'reasonable apprehension' that Intellisoft was going to challenge inventorship under federal patent law").  Although the *Intellisoft II* court set forth the *MedImmune* standard for establishing an actual controversy, it appeared to ultimately resolve the controversy issue by applying the much higher standard for determining whether a state law claim can, by itself, establish federal question jurisdiction—a standard that does not apply in this case. *See id.*  For that reason, among others, *Intellisoft II* does not alter this court's conclusion.

ORDER - 10

In sum, "all of the circumstances" confirm that an "actual controversy" exists as to the patent inventorship issues raised in Boeing's declaratory judgment counterclaims. *MedImmune*, 549 U.S. at 127. The court also determines that there are no prudential concerns counseling against the exercise of jurisdiction over this case. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). The court therefore DENIES Zunum's motion to remand this action for lack of subject matter jurisdiction. Additionally, the court DENIES Boeing's request for sanctions under 28 U.S.C. § 1927 (Resp. at 23-24), as it does not find that Zunum "unreasonably and vexatiously" "multiplie[d] the proceedings" by filing the instant motion, 28 U.S.C. § 1927.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Zunum's motion to remand (Dkt. # 92) and DENIES Boeing's request for sanctions under 28 U.S.C. § 1927.

Dated this 6th day of December, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 11