UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | SHOW CAUSE ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

On June 27, 2022, Plaintiff Zunum Aero, Inc. ("Zunum") filed its second amended complaint. (*See generally* SAC (Dkt. # 60).) To date, however, Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (collectively, "Boeing") have not answered the second amended complaint. (*See generally* Dkt.)

//

//

//

//

SHOW CAUSE ORDER - 1

Because Boeing's deadline to respond to the second amended complaint has long since elapsed,[1] and because Zunum has not yet moved for entry of default against Boeing, the court ORDERS Zunum to show cause why this case should not be dismissed for failure to prosecute. Zunum must respond to this show cause order by January 3, 2023, explaining its failure to timely move for entry of default. Alternatively, Zunum may, by January 3, 2023, file a motion for entry of default against Boeing pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a). *See* Fed. R. Civ. P. 55(a); Local Rules W.D. Wash. LCR 55(a). The court warns Zunum that failure to timely respond to this order to show cause may result in the dismissal of this action with prejudice. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors that the court considers in determining whether to dismiss for failure to prosecute or comply with a court order).

Dated this 16th day of December, 2022.

JAMES L. ROBART
United States District Judge

---

[1] Boeing moved to dismiss Zunum's second amended complaint on July 11, 2022 (*see* MTD (Dkt. # 62)), and the court granted the motion in part on August 12, 2022 (*see* 8/12/22 Order (Dkt. # 67)). Accordingly, Boeing had until August 26, 2022 to answer the second amended complaint. *See, e.g.*, Fed. R. Civ. P. 15(a)(3) (providing that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later"); *Tenser v. Ryan*, No. CV1905496VBFRAO, 2020 WL 4760192, at *4 (C.D. Cal. May 26, 2020), *report and recommendation adopted*, No. CV1905496VBFRAO, 2020 WL 5946078 (C.D. Cal. Oct. 7, 2020), *aff'd sub nom. Tenser v. Silverman*, No. 20-56176, 2021 WL 4958986 (9th Cir. Oct. 26, 2021) ("A motion under Federal Rule of Civil Procedure 12 . . . tolls the time for defendants to" "serve an answer to the FAC." (citing Fed. R. Civ. P. 12(a)(4))).