UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | **REDACTED** |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants The Boeing Company ("Boeing") and Boeing HorizonX Ventures, LLC's ("HorizonX") (collectively, "Boeing") motion to compel discovery. (Mot. (Dkt. ## 86 (redacted), 88 (sealed)); Reply (Dkt. # 106).) Plaintiff Zunum Aero, Inc. ("Zunum") opposes Boeing's motion. (Resp. (Dkt. ## 98 (redacted), 100 (sealed)[1]).) The court has considered the parties' submissions, the balance of the

---

[1] The court cites to the redacted versions of the motion to compel and response in this order.

ORDER - 1

record, and the applicable law. Being fully advised,[2] the court GRANTS Boeing's motion to compel.

## II.  BACKGROUND

This suit centers on hybrid-electric and electric aircraft technology that Boeing, former Defendant Safran S.A. ("Safran"), and certain of Safran's affiliates[3] allegedly misappropriated from Zunum while falsely assuring Zunum that they would invest in its technology.[4] (*See* SAC (Dkt. # 60) ¶¶ 1-22.) Zunum filed this lawsuit against Boeing and the Safran Defendants on November 23, 2020 in King County Superior Court (*see* State Records (Dkt. # 2) at 7), and Boeing and the Safran Defendants removed the suit to federal court on July 2, 2021 (*see generally* NOR (Dkt. # 1)). Zunum brings a number of state law claims against Boeing, including, in relevant part, a claim for violation of the Washington Trade Secrets Act ("WTSA"). (*See, e.g.*, SAC ¶¶ 479-98.)

Boeing propounded its first set of interrogatories on Zunum on April 1, 2021. (Boeing ROGs (Dkt. # 1-3) at 5.) Interrogatory No. 1 asked Zunum to "[d]escribe each

---

[2] No party has requested oral argument (*see* Mot.; Resp.), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] These affiliates include Safran Corporate Ventures, S.A.S. ("SCV"), Safran Electrical & Power, S.A.S. ("SEP"), and Safran Helicopter Engines, SASU ("SHE") (collectively with Safran, the "Safran Defendants"). Zunum dismissed its claims against the Safran Defendants in October 2021. (*See* Not. (Dkt. # 43).)

[4] The court detailed the factual and procedural background of this case in its August 17, 2021, June 13, 2022, and August 12, 2022 orders and does not repeat that background here. (*See* 8/17/21 Order (Dkt. # 36) at 2-5; 6/13/22 Order (Dkt. # 58) at 2-6; 8/12/22 Order (Dkt. # 67) at 2-7.) Instead, the court discusses only the factual and procedural background relevant to Boeing's motion to compel discovery.

alleged Trade Secret that Zunum contends was misappropriated, improperly disclosed, or otherwise misused by Boeing and/or HorizonX." (Koeing Decl. (Dkt. # 87) ¶ 2, Ex. 1 ("Zunum ROG Resps.") at 5.) Zunum responded to this request on June 4, objecting to the interrogatory as, among other things, "overbroad and unduly burdensome, including to the extent that it asks Zunum to respond separately or individually for each trade secret or piece of proprietary or confidential information." (*Id.*) Subject to its objections, Zunum referred Boeing to paragraphs 75-90 of Zunum's first amended complaint and to an "Exhibit A" which, according to Zunum, "reflect[ed] a list of Zunum's trade secrets." (*Id.*) Although Zunum included a page labeled Exhibit A with its response, that page merely stated that Zunum would supply Exhibit A after the entry of a stipulated protective order. (*Id.* at 7.)

  The court entered a stipulated protective order on December 13, 2021 (Prot. Order (Dkt. # 45)), and Zunum subsequently served Exhibit A on January 2, 2022 (Koeing Decl. ¶ 3, Ex. 2 ("Zunum ROG Resp. Ex. A")[5])—nine months after the relevant discovery requests were served. Exhibit A features some 170 items split across what appear to be nine high-level categories. (*See generally id.*) The 170 items broadly, and often vaguely, describe concepts related to those nine categories, such as ▌

---

[5] Exhibit 2 to Mr. Koenig's declaration is separately filed under seal at docket entry 89. (*See* Zunum ROG Resp. Ex. A (Dkt. # 89 (sealed)).)

ORDER - 3

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See id.* at 3, 5, 9.)

On February 25, 2022, Boeing sent Zunum a letter describing the deficiencies it had identified in Zunum's discovery responses, including its response to Interrogatory No. 1. (Koeing Decl. ¶ 4, Ex. 3 ("2/25/22 Letter").[6]) In its letter, Boeing identified two principal problems with Exhibit A: first, that the purported trade secrets were too vague and broad to be identifiable; and second, that it was unclear whether the list was limited to the supposed trade secrets that Zunum alleges Boeing misappropriated, as opposed to also including every trade secret Zunum claims to own. (*See id.* at 4; *see also id.* at 5-6 (expanding on those alleged deficiencies and asking Zunum to revise its response to Interrogatory No. 1).) Counsel for both parties met and conferred regarding these issues in March 2022. (Koeing Decl. ¶ 6, Ex. 5 ("June/July Email Chain") at 14-15.[7]) Zunum did not, however, revise its response to Interrogatory No. 1. (*See generally id.*)

Boeing notified Zunum on a June 21, 2022, call that it would be serving a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) for early August and requested that Zunum remedy its deficient interrogatory responses by July 12. (*Id.*) Zunum supplemented its responses on July 12, 2022. (Koeing Decl. ¶ 5, Ex. 4 ("Zunum Supp. ROG Resps.").) With respect to Interrogatory No. 1, Zunum did not change or

---

[6] Exhibit 3 to Mr. Koenig's declaration is separately filed under seal at docket entry 89. (*See* 2/25/22 Letter (Dkt. # 90 (sealed)).)

[7] Exhibit 5 to Mr. Koenig's declaration is separately filed under seal at docket entry 89. (*See* June/July Email Chain (Dkt. # 91 (sealed)).)

supplement Exhibit A; instead, Zunum added a reference to an "Exhibit G"—a chart that, according to Zunum, documents the "18 programs across Boeing, focused on Aircraft, Missions, and Capabilities," that likely misused or misappropriated Zunum's trade secrets. (*Id.* at 5-7.)

On July 20, 2022, Boeing asked Zunum to either supplement its response to Interrogatory No. 1 to remedy the previously identified deficiencies in Exhibit A or confirm that it had no intention of further supplementing its responses. (June/July Email Chain at 8.) Zunum responded by providing Bates ranges to documents it had already produced in response to Boeing's requests for production ("RFP"), stating that the information contained therein "would reflect Zunum's trade secrets" and "should resolve any remaining dispute." (*Id.* at 6.) The Bates ranges identified by Zunum allegedly pointed Boeing "to more than 700 documents totaling more than 7,000 pages without any further guidance on how to identify [Zunum's] alleged trade secrets." (*Id.* at 3.) According to Boeing, those documents included, among other things, press releases, building leases, non-disclosure agreements, bank statements, stock option agreements, and Boeing's own contracts with Zunum, but did not include a list of identifiable trade secrets. (*Id.* at 3-4.) Boeing thus informed Zunum that its response to Interrogatory No. 1 remained deficient and asked for Zunum's counsel's availability for a call with the court regarding the issue. (*Id.*)

Roughly a week later, on July 29, 2022, Zunum responded that it was "amenable to providing further articulation of the trade secrets and identifying more precisely which of the documents illustrate the trade secrets" at some unspecified date future date. (*Id.* at

2.) Boeing rejected what it characterized as a request for more time, asserted that Zunum has "resist[ed] providing a substantive response through habitual delay," and informed Zunum that it would seek relief from the court if Zunum did not "act immediately" to adequately identify its trade secrets. (*Id.* at 1 (summarizing the parties' actions over the past year with respect to Interrogatory No. 1).)

On August 2, 2022, the parties reached out to the court regarding a number of ongoing discovery disputes, including Zunum's response to Interrogatory No. 1. (*See, e.g.*, Koenig Decl. ¶ 7, Ex. 6 ("August 2 Email").) At the court's direction and after Zunum acquired new counsel, Boeing filed the instant motion to compel discovery. (*See generally* Dkt., Mot.[8])

After Boeing filed its motion to compel, Zunum again supplemented its response to Interrogatory No. 1. (*See* Danner Decl. (Dkt. # 99) ¶ 2, Ex. 1 ("Zunum 2d Supp. ROG Resps.").) Zunum listed a number of objections, including that further particularization of its trade secrets "would be an expensive and time-consuming exercise that would serve no legitimate purpose" because "[t]hrough that pre-suit diligence, Boeing developed an extensive and comprehensive understanding of Zunum's trade secrets and based business decisions worth millions of dollars on the strength of that understanding." (*Id.* at 2.) The response also includes two tables: Table 1 "identifies the business records[, by Bates

---

[8] In its order granting former counsel for Zunum's motion to withdraw, the court directed Boeing to file its motion to compel discovery, which Boeing alluded to in its opposition to the motion to withdraw, once new counsel appeared in the case. (*See* 9/2/22 Order (Dkt. # 74) at 8-9.) New counsel appeared for Zunum on October 17, 2022. (*See generally* Dkt.) One week later, Boeing filed the instant motion. (*See generally* Dkt.; Mot.)

ranges,] containing trade secrets previously identified in Exhibit A to Zunum's Response to Interrogatory 1 that Zunum disclosed to Boeing over the course of their relationship and subsequently produced in discovery"; and Table 2 "lists the principal Zunum-Boeing meetings during which Zunum disclosed trade secrets previously identified in Exhibit A to Zunum's Response to Interrogatory 1 to Boeing." (*Id.* at 3-9 (stating that Zunum is submitting Table 1 pursuant to Federal Rule of Civil Procedure 33(d)).)

### III. ANALYSIS

The court sets forth the relevant legal standard regarding obtaining discovery before considering Boeing's motion to compel discovery.

**A.   Legal Standard for Obtaining Discovery and Protective Orders**

Federal Rule of Civil Procedure 26 governs the standard for producing discovery. *See* Fed. R. Civ. P. 26. In general, the scope of discovery is broad and

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *see also* Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

//

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P. 37(a)(4). Although the party seeking to compel discovery has the burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" with competent evidence, *see Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).

**B.     Boeing's Motion to Compel**

The interrogatory at issue in the instant motion is Interrogatory No. 1, which asks Zunum to "[d]escribe each alleged Trade Secret that Zunum contends was misappropriated, improperly disclosed, or otherwise misused by Boeing and/or HorizonX." (Zunum ROG Resps. at 5.) Boeing asks the court to order Zunum to revise its response to Interrogatory No. 1,[9] arguing that Zunum's responses are "clearly insufficient" because, among other things, "the purported trade secrets described in Exhibit A are far too vague and broad to be identifiable." (*See* Mot. at 5-9.) It further

---

[9] Specifically, Boeing asks the court to "order Zunum to amend its response to Interrogatory No. 1 so that it (1) adequately identifies any claimed trade secrets; (2) responds to the Interrogatory as written, by identifying only the alleged trade secrets that Defendants allegedly misappropriated (or otherwise misused); and (3) no longer relies on impermissible references to Zunum's unverified pleading and identifies all trade secrets allegedly misappropriated by Boeing in a single, self-contained list." (Mot. at 10.)

asserts that Zunum's alleged trade secrets are "clearly relevant" to Zunum's trade secret misappropriation claim and that "orderly and efficient discovery in this case" depends on Zunum adequately identifying its alleged trade secrets because Boeing cannot "test the evidence that Zunum must present to support a misappropriation claim . . . if the intellectual property at issue remains so vague and diffuse as to be effectively undefined." (*See id.* at 4-5.)

Zunum does not dispute that the identification of its alleged trade secrets is relevant to this case. (*See generally* Resp.) It argues, however, that its interrogatory responses thus far are "more than sufficient" to put Boeing on notice of Zunum's trade secret claim and enable Boeing to efficiently conduct further discovery concerning Zunum's trade secret claim. (*See id.* at 6-10.) Further, Zunum asserts that "requiring further particularization now would prejudice Zunum." (*See id.* at 10-12.)

As a threshold matter, the court rejects Zunum's argument that Boeing's motion to compel is premature because "Zunum has already offered to work with Boeing to further refine its definitions and has taken concrete steps toward that goal." (Resp. at 10-11.) Boeing has been attempting to get Zunum to adequately identify the trade secrets that Boeing allegedly misappropriated since April 2021 and with less than four months remaining to complete discovery (*see* Scheduling Order (Dkt. # 42)), Zunum cannot put off this issue any longer.

Turning to the discovery request at issue, the court finds Zunum's initial and supplemental responses to Interrogatory No. 1 deficient. First, Exhibit A is deficient because it does not identify the trade secrets at issue with the particularity necessary for

Boeing to identify the information that Zunum claims was misappropriated. *See, e.g.*, *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2012 WL 2342929, at *5 (D. Nev. June 19, 2012) (stating that to meet the reasonable particularity standard, plaintiff "must specifically describe what particular combination of components renders each of its designs novel or unique, how the components are combined, and how they operate in unique combination."); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679 (N.D. Ga. 2007) (finding interrogatory response deficient because it "does not specify any trade secrets at all, but rather reveals the end results of, or the functions performed by, the claimed trade secrets").[10] Exhibit A—a list of Zunum's purported trade secrets—includes nine categorical descriptions and over 170 broad and often vague items within those categories. (*See generally* Zunum ROG Resp. Ex. A.) Dozens of those 170 items refer to "methods," "processes," and "designs" that are "novel" and "unique" but offer no detail as to what those methods, processes, and designs are, let alone what makes them novel or unique. (*See, e.g., id.* at 3, 6 (making references to concepts such as ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).) The purported trade secrets described in Exhibit A are, in the court's view, far too vague and broad to be considered an adequate identification of Zunum's alleged trade secrets.

---

[10] *See also, e.g., BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *6 (D. Ariz. Aug. 6, 2014) (finding plaintiff's interrogatory response deficient because "[p]laintiffs cannot claim that a method or process is a trade secret without identifying the steps in the process and explaining how those steps make their method or process unique").

1    Second, Zunum's responses are deficient because they do not make clear whether
2    Exhibit A is actually limited to the trade secrets that Zunum alleges Boeing
3    misappropriated.  (*See* Zunum ROG Resps. at 5 (describing describes Exhibit A as "a list
4    of Zunum's trade secrets")); *see, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D.
5    Nev. 2019) (requiring supplementation where "responses refer broadly to categories of
6    trade secrets and intellectual property that Defendant 'has' without identifying any
7    particular trade secret or intellectual property that Defendant contends was stolen"
8    because "[w]hat Defendant owns and what Defendant contends was stolen are two very
9    different things").  Third, Zunum responded to Interrogatory No. 1, in part, by referring
10   to some of the allegations in its first amended complaint.  (*See* Zunum ROG Resps. at 5.)
11   This type of interrogatory response is improper because an interrogatory "should be
12   complete in itself and should not refer to the pleadings, or to depositions or other
13   documents." *StonCor Grp., Inc. v. Campton*, No. C05-1225JLR, 2006 WL 314336, at *1
14   n.3 (W.D. Wash. Feb. 7, 2006); *see also V5 Techs.*, 334 F.R.D. at 305 ("It is well-settled
15   that reference to papers or pleadings in an underlying case is insufficient.").

   Fourth, Zunum's new supplemental Rule 33(d) response to Interrogatory No. 1
references a number of documents that purportedly "contain[] trade secrets previously
identified in Exhibit A."[11]  (Zunum 2d Supp. ROG Resps. at 3-7.)  However, Zunum

---

[11] In its supplemental responses, Zunum also references (1) a number of meetings during which Zunum allegedly disclosed the trade secrets identified in Exhibit A to Boeing (Zunum 2d Supp. ROG Resps. at 7-9), and (2) a chart that, according to Zunum, documents the "18 programs across Boeing, focused on Aircraft, Missions, and Capabilities," that likely misused or misappropriated Zunum's trade secrets (Zunum Supp. ROG Resps. at 5-7).  The court similarly finds these responses insufficient to establish the identity of Zunum's alleged trade secrets.

makes no attempt to link the 170 items in Exhibit A to the referenced documents.  (*See generally id.*)  Accordingly, Zunum's supplemental Rule 33(d) response does not salvage its otherwise deficient response to Interrogatory No. 1 because "[i]t is inadequate for plaintiffs to 'cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information.'"  *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (quoting *X6D Ltd. v. Li-Tek Corps. Co.*, No. CV102327GHKPJWX, 2012 WL 12952726, at *6 (C.D. Cal. Aug. 27, 2012)); *see also, e.g., Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 649 (N.D. Cal. 2004) (rejecting defendant's purported Rule 33(d) response—i.e., "a list of documents from which the answers could be obtained"—to an interrogatory seeking "the dates of conception and actual reduction to practice of each asserted patent claim").[12]

The court also rejects Zunum's argument that it will be prejudiced if further particularization is required.  For example, Zunum argues that it "has already expended considerable resources categorizing and defining the trade secrets," and that "[d]rafting

---

[12] Zunum also appears to argue that its responses to Interrogatory No. 1 are sufficient on the basis that Boeing "already knows what Zunum's trade secrets are." (*See* Resp. at 6-7 (asserting that the alleged trade secrets in Exhibit A "embrace technological concepts that Zunum already explained in exhaustive detail to Boeing during diligence" and pointing to emails between Boeing employees during due diligence as confirmation that Boeing understands the trade secrets in Exhibit A); *see also* Zunum 2d Supp. ROG Resps. at 2 (objecting that further particularization is not required because Boeing understands Zunum's trade secrets based on the two years of due diligence it conducted on Zunum).)  However, such an argument lacks merit. *See, e.g., V5 Techs.*, 334 F.R.D. at 305 n.12 (rejecting defendant's argument that "its supplemental responses are appropriate on the basis that Plaintiff is equally able to discern which trade secrets and intellectual property it is that Defendant contends were stolen"); *InteliClear*, 978 F.3d at 658 (stating that the plaintiff "must identify the trade secrets" and that "[i]dentifying trade secrets with sufficient particularity is important because defendants need 'concrete identification' to prepare a rebuttal").

ORDER - 12

further detailed narrative descriptions of this highly technical and complex information . . . would be no trivial task." (Resp. at 10.) However, Zunum fails to carry its burden to both allege "specific facts showing the nature and extent of the [undue] burden [or expense]," *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 16553158, at *2 (W.D. Wash. Oct. 31, 2022) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)), and "show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery," *Morden v. T-Mobile USA, Inc.*, No. C05-2112RSM, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015). The identification of Zunum's trade secrets is a key issue in this case, and although it may be burdensome to adequately describe the 170 purported trade secrets that Zunum appears to contend are at issue in this case, the court agrees with Boeing's contention that "Zunum cannot use its own expansive claims as a shield against meeting its discovery obligations."[13] (Reply at 2.)

In sum, Zunum's responses to Interrogatory No. 1 are deficient and a revised response must be provided. Accordingly, the court GRANTS Boeing's motion to compel and ORDERS Zunum to amend its response to Interrogatory No. 1 to adequately identify

//

---

[13] Zunum raises two additional arguments as to why further particularization would prejudice it. In those arguments, Zunum essentially attempts to shift the burden of identifying Zunum's own trade secrets to Boeing while also insisting that Zunum should not have to describe its trade secrets at this stage in the litigation. (*See* Resp. at 10-11.) These arguments lack merit, and the court similarly rejects them.

all trade secrets allegedly misappropriated by Boeing in a single, self-contained list by no later than January 20, 2023.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Boeing's motion to compel discovery (Dkt. ## 86, 88).  The court ORDERS Zunum to amend its response to Interrogatory No. 1 to adequately identify all trade secrets allegedly misappropriated by Boeing in a single, self-contained list by no later than January 20, 2023.  Because this order relies on materials that have been filed under seal, the court DIRECTS the clerk to provisionally file this order under seal.  The court ORDERS counsel to meet and confer regarding the need for redaction and to jointly file a statement on the docket within by December 23, 2022, to indicate any such need.

Dated this 8th day of December, 2022.

JAMES L. ROBART
United States District Judge