UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Zunum Aero, Inc.'s ("Zunum") motion to modify the court's order setting the trial date and related dates.  (Mot. (Dkt. # 120); Reply (Dkt. # 127).)  Defendants The Boeing Company and Boeing HorizonX Ventures, LLC ("HorizonX") (collectively, "Boeing") oppose the motion.  (Response (Dkt. # 125).)  The

//
//
//

ORDER - 1

court has considered the parties' submissions, the balance of the record, and the applicable law.  Being fully advised,[1] the court DENIES Zunum's motion.

## II.     BACKGROUND

This suit centers on hybrid-electric and electric aircraft technology that Boeing, former Defendant Safran S.A. ("Safran"), and certain of Safran's affiliates allegedly misappropriated from Zunum while falsely assuring Zunum that they would invest in its technology.  (*See* SAC (Dkt. # 60) ¶¶ 1-22.)  Zunum filed this lawsuit against Boeing and the Safran Defendants on November 23, 2020 in King County Superior Court (*see* State Records (Dkt. # 2) at 7), and Boeing and the Safran Defendants removed the suit to federal court on July 2, 2021 (*see generally* NOR (Dkt. # 1)).  On September 23, 2021, the court scheduled this case for trial on September 11, 2023.  (Sched. Order (Dkt. # 42) at 2.)  The court's scheduling order also included, in relevant part, the following deadlines:  expert witness reports due February 10, 2023; rebuttal expert reports due March 10, 2023; discovery completed by March 31, 2023; and dispositive motions due by May 9, 2023.  (*Id.* at 2.)

Zunum now moves to adjust the case schedule, asking the court to, among other things, (1) continue the trial date to December 11, 2023; (2) extend the fact discovery deadline to April 28, 2023; (3) extend the opening expert reports deadline to May 10, 2023; (4) extend the rebuttal expert reports deadline to June 9, 2023; and (5) extend the

---

[1] The court construes Zunum's request for a conference regarding modifications to the case schedule as a request for oral argument on the instant motion.  (*See* Letter (Dkt. # 122).)  The court, however, has determined that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

dispositive motion deadline to August 9, 2023.  (Mot. at 7-8.)  According to Zunum, good cause for an extension exists because (1) "the highly technical nature of this case warrants sequenced fact and expert discovery"; (2) "a significant number of documents remain to be produced by both sides, and are unlikely to be produced before the February 10, 2023 deadline for service of opening expert reports"; and (3) "the original case schedule was set before Zunum's prior counsel withdrew, resulting in a substantial period during which Zunum was unable to meaningfully advance discovery."  (*See id.* at 1.)

In response, Boeing contends that "the parties (and the [c]ourt) cannot make an informed decision about how little or how much additional time may be needed unless and until Zunum properly identifies its alleged trade secrets, which will greatly affect the scope of what remains to be done in this case." (Resp. at 1.)  Thus, "while Boeing is not necessarily opposed to modifying the case schedule at the appropriate time and with the benefit of Zunum's forthcoming trade secret response," Boeing argues that Zunum's current proposal is not supported by "good cause or exceptional circumstances, is certainly premature, and may well be insufficient depending on the scope of the supposed trade secrets Zunum ultimately maintains are at issue." (*Id.* at 1 (recognizing "that additional time may ultimately be necessary to complete discovery").)

### III.   ANALYSIS

This court's chambers procedures state that it "will not consider motions or stipulations to continue the trial date absent exceptional circumstances."  U.S. Dist. Ct. W.D. Wash., *Judge James L. Robart Chambers Procedures: Motions to Continue Trial Date* (Jan. 25, 2010), https://www.wawd.uscourts.gov/sites/wawd/files/

1 | RobartTrialContinuanceRule.pdf.  Similarly, this court's scheduling order and Federal
2 | Rule of Civil Procedure 16(b)(4) provide that the case schedule may be modified "only
3 | upon good cause shown."  (Sched. Order at 2); Fed. R. Civ. P. 16(b)(4).  "Good cause"
4 | for purposes of Rule 16 focuses on the diligence of the party seeking to modify the
5 | pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08
6 | (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the
7 | modification might supply additional reasons to deny a motion, the focus of the inquiry is
8 | upon the moving party's reasons for seeking modification.").  Parties must "diligently
9 | attempt to adhere to that schedule throughout the subsequent course of the litigation."
10 | *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *Johnson*, 975 F.2d at
11 | 607-08 ("If [the moving] party was not diligent, the inquiry should end.").  In part, the
12 | "good cause" standard requires the parties to demonstrate that "noncompliance with a
13 | Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to
14 | comply, because of the development of matters which could not have been reasonably
15 | foreseen or anticipated" when the parties submitted their joint status report.  *Jackson*, 186
16 | F.R.D. at 608.  "[F]ailure to complete discovery within the time allowed is not recognized
17 | as good cause."  (Sched. Order at 2.)
18 |       The court concludes that Zunum has not established good cause or exceptional
19 | circumstances to justify extending the case deadlines at this time.  To begin, the court
20 | rejects Zunum's contention that sequenced discovery is warranted because of the
21 | "technical nature" of this case.  (*See* Mot. at 8-9; Reply at 2.)  In entering its scheduling
22 | order, the court was aware of the "technical nature" of this case but declined to accept the

parties' request to sequence fact and expert discovery. (Sched. Order at 2.) Instead, the court granted the parties even more time than they had asked for in order to complete all discovery. (*Id.*) Zunum has not pointed to anything that would lead the court to change its conclusion regarding sequenced discovery. (*See generally* Mot.; Reply.) Indeed, Zunum's request for sequenced discovery and an extension of the trial date appears to stem, in large part, from Zunum's lack of diligence in proceeding with discovery in this case. (*See generally* 12/8/22 Order at 2-6, 9-13 (discussing how discovery has proceeded with respect to Zunum's trade secrets).) The scheduling pressure that Zunum claims to now be experiencing is, in the court's view, simply a product of the long-existing case schedule colliding with Zunum's repeated failure to adequately identify its alleged trade secrets, which is "a key issue in this case." (*Id.* at 13.) And while the court agrees that the withdrawal of Zunum's original counsel "create[ed] a [45-day discovery] delay that was not anticipated when the [c]ourt entered the current case schedule" (Mot. at 10), this was a situation of Zunum's making and does not, under the circumstances, establish good cause or exceptional circumstances (*see* 9/2/22 Order (Dkt. # 74) at 4-5 (finding that Zunum's prior counsel "sufficiently demonstrated good cause for withdrawing their representation")).

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court agrees with Boeing's contention that Zunum's request to modify the case schedule is premature "until the parties and the [c]ourt know the scope of the dispute over Zunum's claimed trade secrets." (Resp. at 8.) Pursuant to the court's December 8, 2022 order, Zunum must adequately identify the trade secrets at issue in this

case by January 20, 2023. (*See* 12/8/22 Order at 14.) Thus, after Zunum identifies its trade secrets and the parties have a chance to assess what (if any) relief they may need from the current case schedule, the court will reconsider extending the discovery and other pretrial deadlines and continuing the trial date. If the parties wish to seek this relief, they should file a stipulated motion to that effect once Zunum identifies its trade secrets. Alternatively, if Boeing does not agree to modify the case schedule, Zunum may file a motion seeking such relief. The parties should be aware that absent unusual circumstances, the court does not grant short continuances and will instead move the parties' trial date to the end of the court's trial calendar.[2]

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Zunum's motion to modify the court's order setting the trial date and related dates (Dkt. # 120) without prejudice. The parties may reraise the issue of modifying the case schedule after Zunum has identified its trade secrets and the parties have assessed what (if any) relief they may need from the current case schedule.

Dated this 29th day of December, 2022.

JAMES L. ROBART
United States District Judge

---

[2] The court is currently setting trials in May 2024. If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all remaining pretrial deadlines.

ORDER - 6