Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ZUNUM AERO, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:21-cv-00896-JLR <br><br> **PLAINTIFF ZUNUM AERO, INC.'S ANSWER TO DEFENDANTS THE BOEING COMPANY AND BOEING HORIZONX VENTURES, LLC'S ADDITIONAL ALLEGATIONS AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Zunum Aero, Inc. ("Zunum"), by and through its attorneys of record, Holwell Shuster & Goldberg LLP (admitted *pro hac vice*), answers Defendants The Boeing Company and Boeing HorizonX Ventures, LLC's ("HorizonX" and together with The Boeing Company, "Boeing"), counterclaims as follows.

The paragraph numbers correspond to those in the counterclaims. Each allegation not specifically admitted below is denied. Headings contained in the counterclaims are not substantive allegations to which an answer is required and to the extent headings are repeated in this answer, it is solely for ease of reference. To the extent the headings are substantive allegations to which an answer is required, Zunum denies any such allegations.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *1*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

## PARTIES

1.      Admitted upon information and belief.

2.      Admitted upon information and belief.

3.      Admitted.

## JURISDICTION AND VENUE

4.      The allegations set forth in this paragraph contain legal conclusions to which no answer is required.

5.      Zunum admits that it is headquartered in King County.  The remainder of the allegations set forth in this paragraph contain legal conclusions to which no answer is required. Zunum does not concede, and reserves its right to dispute, that venue is proper in federal court.

## FACTUAL ALLEGATIONS

**Allegations Regarding "Boeing Invests in Zunum"**

6.      Zunum admits that the parties met in 2016 and Boeing was intrigued by Dr. Kumar's pitch, but denies the other characterizations set forth in this paragraph.

7.      Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, they are denied.

8.      Admitted.

9.      To the extent that the allegations in this paragraph purport to characterize or summarize the 2017 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *2*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

10.     To the extent that the allegations in this paragraph purport to characterize or summarize the 2017 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

**Allegations Regarding "Boeing Evaluates Zunum"**

11.     Zunum admits only that it gave Boeing access to certain information but denies the remaining allegations in this paragraph, including any characterization as to why any such information was provided to Boeing.

12.     Zunum admits that Boeing discussed its BHE-11 aircraft program with Zunum in December 2017.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are denied.

13.     Denied as to the first sentence.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and therefore, they are denied.

14.     Denied as to the first and last sentence of this paragraph.  As to the second sentence, Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.  Admitted as to the third sentence.

15.     Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Boeing's conclusions, and therefore, they are denied.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *3*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

16.    Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning Boeing's conclusions, and therefore, they are denied.

**Allegations Regarding "Boeing Supports Zunum Despite Zunum's Failure to Address Boeing's Concerns"**

17.    Denied.  Responding further, Zunum states that Boeing's "support" was part of a bait-and-switch plan to misappropriate Zunum's intellectual property.

18.    Zunum admits that it had discussions with Boeing regarding opportunities for a strategic partnership, including with respect to Boeing's support for the airframe for the ZA10, and refers to Zunum's Second Amended Complaint for a complete and accurate statement of its contents.  Zunum denies the remaining allegations in this paragraph.

19.    Denied.

20.    Zunum admits that, throughout 2017 and 2018, it met with a number of other potential investors apart from Boeing and HorizonX.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and therefore, they are denied.  Zunum denies the remaining allegations set forth in this paragraph.

21.    Zunum admits that Boeing provided Zunum with a bridge loan, but denies the remaining allegations in this paragraph.

22.    Admitted.

23.    To the extent that the allegations in this paragraph purport to characterize or summarize the 2018 Note Agreements, Zunum denies Boeing's characterization and further

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *4*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

24.    To the extent that the allegations in this paragraph purport to characterize or summarize the 2018 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

25.    Admitted as to the first sentence, although the characterization of the meeting is denied.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are denied.

**Allegations Regarding "HorizonX Calls Its Notes"**

26.    To the extent that the allegations in this paragraph purport to characterize or summarize the 2017 or 2018 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

27.    Zunum admits that HorizonX did not immediately call the notes but denies Boeing's characterizations in the remainder of this paragraph.

28.    Zunum admits that Zunum and Boeing were in less frequent contact over the course of 2019 and 2020 but denies Boeing's characterizations in the remainder of this paragraph, including that Zunum became increasingly non-responsive as time went on.

29.    Zunum admits that it has not repaid the principal or interest in the promissory notes.  Responding further, Zunum states that its ability to repay the notes was, among other

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - 5
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

reasons, frustrated by Boeing's conduct and was affected by Boeing's prior material breaches. Zunum therefore denies that any amount is "outstanding" under the notes.

## CLAIMS FOR RELIEF

**Count 1 – Breach of Contract**
**(2017 Note Agreements)**
**HorizonX v. Zunum**

30. Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

31. Admitted.

32. The first sentence of this paragraph states a legal conclusion to which no answer is required. Zunum admits the remaining allegations in this paragraph.

33. To the extent that the allegations in this paragraph purport to characterize or summarize the 2017 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

34. Zunum admits the allegations set forth in the first sentence of this paragraph, due to frustration by Boeing and HorizonX. The allegations set forth in the second sentence of this paragraph contain legal conclusions to which no answer is required.

35. Zunum lacks knowledge or information sufficient to form a belief as to the truth of whether The Boeing Company "lawfully" assigned all its rights and interests but admits that Boeing purported to transfer its rights and interests to HorizonX.

36. Zunum admits the allegations set forth in this paragraph but denies that any amount is "due."

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *6*
*No. 2:21-cv-00896-JLR*

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

37.    Zunum admits that it has not repaid the principal or interest stated in the March 17, 2017, Convertible Promissory Note.  Responding further, Zunum states that its ability to repay the note was frustrated by Boeing's conduct and was, among other reasons, affected by Boeing's prior material breaches.  Zunum therefore denies that any amount is "outstanding" under the March 17, 2017, Convertible Promissory Note.

38.    Denied.

39.    Denied.

### Count 2 – Breach of Contract
### (2018 Note Agreements)
### HorizonX v. Zunum

40.    Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

41.    Admitted.

42.    The first sentence of this paragraph states a legal conclusion to which no answer is required.  Zunum admits the remaining allegations in this paragraph.

43.    To the extent that the allegations in this paragraph purport to characterize or summarize the 2018 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

44.    Zunum admits the allegations set forth in the first sentence of this paragraph, due to frustration by Boeing and HorizonX.  The allegations set forth in the last sentence of this paragraph contain legal conclusions to which no answer is required.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *7*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

45.     Zunum admits the allegations set forth in this paragraph but denies that any amount is "due."

46.     Zunum admits that it has not repaid the principal or interest stated in the May 1, 2018, Convertible Promissory Note.  Responding further, Zunum states that its ability to repay the note was, among other reasons, frustrated by Boeing's conduct and was affected by Boeing's prior material breaches.  Zunum therefore denies that any amount is "outstanding" under the May 1, 2018, Convertible Promissory Note.

47.     Denied.

48.     Denied.

**Count 3 – Declaratory Judgment**
**(2017 Note Agreements)**
**The Boeing Company and HorizonX v. Zunum**

49.     Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

50.     Admitted.

51.     To the extent that the allegations in this paragraph purport to characterize or summarize the 2017 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

52.     To the extent that the allegations in this paragraph purport to characterize or summarize the allegations set forth in Zunum's Second Amended Complaint, Zunum denies Boeing's characterization and further answers that the Second Amended Complaint is the best

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *8*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

evidence of its contents and refers to the document for a complete and accurate statement of its contents.

53.    Denied.

54.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required, but Zunum denies that Boeing is entitled to any such declaration.

### Count 3 – Declaratory Judgment
### (2017 Note Agreements)
### The Boeing Company and HorizonX v. Zunum

55.    Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

56.    Admitted.

57.    To the extent that the allegations in this paragraph purport to characterize or summarize the 2018 Note Agreements, Zunum denies Boeing's characterization and further answers that the documents are the best evidence of their contents and refers to the documents for a complete and accurate statement of their contents.

58.    To the extent that the allegations in this paragraph purport to characterize or summarize the allegations set forth in Zunum's Second Amended Complaint, Zunum denies Boeing's characterization and further answers that the Second Amended Complaint is the best evidence of its contents and refers to the document for a complete and accurate statement of its contents.

59.    Denied.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *9*
*No. 2:21-cv-00896-JLR*

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

60.     The allegations set forth in this paragraph contain legal conclusions to which no answer is required, but Zunum denies that Boeing is entitled to any such declaration.

### Count 5 – Declaratory Judgment
### (Patent Inventorship)
### The Boeing Company v. Zunum

61.     Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

62.     To the extent that the allegations in this paragraph purport to characterize or summarize the allegations set forth in Zunum's First Amended Complaint, Boeing's allegations are deficient in light of Zunum's since-filed Second Amended Complaint, which is Zunum's operative pleading. In addition, Zunum denies Boeing's characterization and further answers that the Second Amended Complaint is the best evidence of its contents and refers to the document for a complete and accurate statement of its contents.

63.     Zunum admits that Boeing sought discovery.  To the extent that the allegations in this paragraph purport to characterize or summarize the discovery requests, Zunum denies Boeing's characterization and further answers that the discovery requests are the best evidence of their contents and refers to the document for a complete and accurate statement of its contents.

64.     Zunum admits that it responded to discovery.  To the extent that the allegations in this paragraph purport to characterize or summarize Zunum's discovery responses, Zunum denies Boeing's characterization and further answers that the discovery responses are the best evidence of their contents and refers to the document for a complete and accurate statement of its contents.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *10*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

65.    Zunum admits that the patent application that it referred to as titled "Active Voltage Control for Hybrid Electric Aircraft" is the patent that has putatively been granted as Patent No. US 10,589,635.  However, Zunum lacks knowledge or information sufficient to know whether Boeing filed for any other patents related to active voltage control for hybrid electric aircraft, and by this answer does not admit that the "635" patent is the sole patent related to active voltage control for hybrid electric aircraft based, at least in part, on confidential and proprietary information that Boeing obtained from Zunum subject to contractual and fiduciary non-disclosure obligations, which include the obligation to refrain from use or other misappropriation. Nor does Zunum, by this answer, admit that the "635" patent was validly issued to Boeing, was not the product of fraud or omission, or was invented by Boeing or its assignors.

66.    Denied, upon information and belief.  Zunum notes that it has not yet received from Boeing any discovery responses or evidence concerning inventorship or non-use of confidential and proprietary information that Boeing obtained from Zunum subject to contractual and fiduciary non-disclosure obligations, which include the obligation to refrain from use or other misappropriation.

67.    To the extent that the allegations in this paragraph purport to characterize or summarize Zunum's discovery responses, Zunum denies Boeing's characterization and refers to its discovery responses and the August 21, 2018, "System Control for Series Hybrid Powertrain" patent application for a complete and accurate statement of their contents.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third or fourth sentence of this paragraph, and therefore, they are denied.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *11*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

68.    Denied.

69.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required, but Zunum denies that Boeing is entitled to any such declaration.

70.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required.

**Count 6 – Declaratory Judgment**
**(Patent Inventorship)**
**The Boeing Company v. Zunum**

71.    Zunum restates, re-alleges, and incorporates by reference each of its admissions and denials in the preceding paragraphs as if fully set forth herein.

72.    To the extent that the allegations in this paragraph purport to characterize or summarize the allegations set forth in Zunum's First Amended Complaint, Boeing's allegations are deficient in light of Zunum's since-filed Second Amended Complaint, which is Zunum's operative pleading. In addition, Zunum denies Boeing's characterization and further answers that the Second Amended Complaint is the best evidence of its contents and refers to the document for a complete and accurate statement of its contents.

73.    Zunum admits that Boeing sought discovery.  To the extent that the allegations in this paragraph purport to characterize or summarize the discovery requests, Zunum denies Boeing's characterization and further answers that the discovery requests are the best evidence of their contents and refers to the document for a complete and accurate statement of its contents.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *12*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

74.     Zunum admits that it responded to discovery.  To the extent that the allegations in this paragraph purport to characterize or summarize Zunum's discovery responses, Zunum denies Boeing's characterization and further answers that the discovery responses are the best evidence of their contents and refers to the document for a complete and accurate statement of its contents.

75.     Zunum admits that the patent application that it referred to as titled "Thin Haul Hybrid Electric Propulsion System" is the patent that has putatively been granted as Patent No. US 11,110,811.  However, Zunum lacks knowledge or information sufficient to know whether Boeing filed for any other patents related to thin haul electric propulsion, and by this answer does not admit that the "811" patent is the sole patent related to thin haul electric propulsion based, at least in part, on confidential and proprietary information that Boeing obtained from Zunum subject to contractual and fiduciary non-disclosure obligations, which include the obligation to refrain from use or other misappropriation. Nor does Zunum, by this answer, admit that the "811" patent was validly issued to Boeing, was not the product of fraud or omission, or was invented by Boeing or its assignors.

76.     Denied, upon information and belief.  Zunum notes that it has not yet received from Boeing any discovery responses or evidence concerning inventorship or non-use of confidential and proprietary information that Boeing obtained from Zunum subject to contractual and fiduciary non-disclosure obligations, which include the obligation to refrain from use or other misappropriation.  Zunum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are denied.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *13*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

77.    To the extent that the allegations in this paragraph purport to characterize or summarize the allegations set forth in Zunum's First Amended Complaint, Boeing's allegations are deficient in light of Zunum's since-filed Second Amended Complaint, which is Zunum's operative pleading. In addition, Zunum denies Boeing's characterization and further answers that the Second Amended Complaint is the best evidence of its contents and refers to the document for a complete and accurate statement of its contents. Zunum denies the remaining allegations in this paragraph.

78.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required, but Zunum denies that Boeing is entitled to any such declaration.

79.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required.

80.    The allegations set forth in this paragraph contain legal conclusions to which no answer is required.

## PRAYER FOR RELIEF

81.    Zunum denies that Boeing is entitled to any of the relief requested in its "Prayer for Relief" and further denies any allegations of fact contained therein.

## AFFIRMATIVE DEFENSES

1.    Any breach by Zunum is excused by Boeing's prior material breach or breaches, or failure to satisfy one or more of the conditions precedent.

2.    Boeing's counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *14*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

3.     Boeing's counterclaims should be dismissed because they are brought in the improper venue or forum.

4.     This Court lacks subject matter jurisdiction.

5.     Boeing lacks standing under Article III of the United States Constitution.

6.     If any damages have been sustained by Boeing, although such is not admitted and is specifically denied, Zunum is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Boeing owed to Zunum against any judgment that may be entered against Zunum.

7.     Boeing's counterclaims are barred, in whole or in part, to the extent that Boeing has failed to mitigate its damages or otherwise avoid harm.

8.     If any damages have been sustained by Boeing, although such is not admitted hereby or herein and is specifically denied, such damages were solely and proximately caused by Boeing's own negligent, reckless, or intentional conduct.

9.     Boeing's counterclaims are barred by impracticability of performance or frustration of purpose.

10.    Boeing's counterclaims are barred, in whole or in part, because Boeing has sustained no damages.

11.    Boeing's counterclaims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

12.    Boeing's counterclaims are barred, in whole or in part, by the doctrine of fraudulent inducement.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *15*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

13.     Boeing's counterclaims are barred, in whole or in part, by the doctrine of unconscionability.

14.     Boeing's counterclaims are barred, in whole or in part, by the doctrine of mootness.

15.     One or more of the patents putatively issued to Boeing and that are the subject of its counterclaims do not accurately name the correct inventors of a claimed invention.

16.     One or more of the patents putatively issued to Boeing and that are the subject of its counterclaims may be subject to correction of the named inventors.

17.     One or more of the patents putatively issued to Boeing and that are the subject of its counterclaims were not validly issued.

18.     One or more of the patents putatively issued to Boeing and that are the subject of its counterclaims were procured by fraud or omission.

19.     One or more of the inventions claimed by Boeing in the patents that are the subject of its counterclaims were substantially the product of confidential and proprietary information that Boeing obtained from Zunum subject to contractual and fiduciary non-disclosure obligations, which include the obligation to refrain from use or other misappropriation.

20.     One or more of the inventions claimed by Boeing in the patents that are the subject of its counterclaims were not validly assigned to Boeing.

21.     One or more of the inventions claimed by Boeing in the patents that are the subject of its counterclaims were not owned by Boeing's assignor.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *16*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

22.     One or more of the inventions claimed by Boeing in the patents that are the subject of its counterclaims were the product of inequitable conduct by Boeing, its agents, or affiliates.

23.     One or more of the inventions claimed by Boeing in the patents that are the subject of its counterclaims were the product of a failure to identify prior art.

Zunum asserts these affirmative defenses in order to preserve its right to assert them at trial, to provide notice to Boeing, and to avoid waiver of these defenses.

Zunum reserves its right to amend or supplement its pleadings in the event additional information is obtained, through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Zunum prays that the Court grant it the following relief:

A.     Find in favor of Zunum and deny Boeing's counterclaims in their entirety;

B.     Award Zunum attorneys' fees pursuant to the PIA, RCW 19.86.090, RCW 19.108.040; and RCW 21.20.435;

C.     Award Zunum such other and further relief as the Court deems just and proper.

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *17*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

DATED this 3rd day of January, 2023.

/s/ *Michael S. Shuster*

Michael S. Shuster, NY Bar #2122190
(admitted *pro hac vice*)
Benjamin F. Heidlage, NY Bar #4822151
(admitted *pro hac vice*)
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
Email: mshuster@hsgllp.com
bheidlage@hsgllp.com
sdanner@hsgllp.com

/s/ *Steve W. Fogg*

Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Zunum***
***Zunum Aero, Inc.***

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *18*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

Hon. James L. Robart

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED:        January 3, 2023.

/s/ *Michael S. Shuster*
Michael S. Shuster, NY Bar #2122190
(admitted *pro hac vice*)
Benjamin F. Heidlage, NY Bar #4822151
(admitted *pro hac vice*)
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
Email: mshuster@hsgllp.com
bheidlage@hsgllp.com
sdanner@hsgllp.com

/s/ *Steven W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Zunum***
***Zunum Aero, Inc.***

PLAINTIFF'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS - *19*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151