UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are two motions to seal filed by Plaintiff Zunum Aero, Inc. ("Zunum") in connection with its motion to compel discovery.  (9/19/23 Mot. (Dkt. # 144); 10/6/23 Mot. (Dkt. # 173); *see also* MTC (Dkt. # 145) (sealed).)  Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (collectively, "Boeing") support both sealing motions.  (9/19/23 Mot. Resp. (Dkt. # 170) at 1; 10/6/23 Mot. Resp. (Dkt. # 183) at 1.)  The court has considered the parties' submissions, the relevant portions of

//

ORDER - 1

the record, and the governing law. Being fully advised,[1] the court GRANTS in part Zunum's sealing motions.

## II. ANALYSIS

**A.     Legal Standard**

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The public's "right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute."). To overcome the presumption of public access, a party must file a motion that includes "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" (i) "the legitimate private or public interests that warrant the relief sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B)(i)-(iii).

Two standards govern sealing motions in the Ninth Circuit. Ordinarily, "a party must show 'compelling reasons' to keep a document under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City &*

---

[1] Neither party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of these motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  The Ninth Circuit has "carved out an exception," however, "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135).  When such nondispositive motions are "only tangentially related[] to the merits of a case," "the good cause standard from Rule 26(c)" applies.  *See id.* at 1097, 1099; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

District courts in this Circuit generally conclude that the good cause standard applies to motions to compel production.  *Labbe' v. Dometic Corp.*, No. 2:20-cv-01975-DAD-DMC, 2023 WL 6519306, at *2 (E.D. Cal. Oct. 4, 2023) (compiling cases holding that the good cause standard applies to discovery motions); *see also, e.g.*, *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) ("[P]laintiffs' motion to compel discovery is only tangentially related to the merits and the good cause standard applies."); *Jasso v. Wells Fargo Bank, N.A.*, No. 2:20-cv-00858-CDS-BNW, 2023 WL 4549548, at *1 (D. Nev. June 15, 2023) (applying "the good cause standard in evaluating whether to seal documents attached to" the plaintiffs' motion to compel); *Citadel Pac. Ltd. v. Hawaiian Host LLC*, No. 22-00276 JMS-WRP, 2022 U.S. Dist. LEXIS 240726, at *6 (D. Haw. Dec. 5, 2022) (finding a motion to compel "only tangentially related to the merits of th[e] case").

The court follows the weight of authority and applies the good cause standard to evaluate Zunum's motion to seal documents attached to its motion to compel.  To satisfy

this standard, Zunum and Boeing must show that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

For the reasons explained below, the court concludes that the parties have overcome the presumption of public access and that there is good cause for sealing the requested documents.

**B.      9/29/23 Motion to Seal**

Zunum filed 17 exhibits under seal alongside its motion to compel discovery. (*See generally* 9/19/23 Danner Decl. (Dkt. # 146). *See id.* ¶ 7, Ex. 3 (Dkt. # 147) (sealed); *id.* ¶ 9, Ex. 4 (Dkt. # 148) (sealed); *id.* ¶ 12, Ex. 6 (Dkt. # 149) (sealed); *id.* ¶ 14, Ex. 7 (Dkt. # 150) (sealed); *id.* ¶ 16, Ex. 8 (Dkt. # 151) (sealed); *id.* ¶ 17, Ex. 9 (Dkt. # 152) (sealed); *id.* ¶ 21, Ex. 11 (Dkt. # 153) (sealed); *id.* ¶ 22, Ex. 12 (Dkt. # 154) (sealed); *id.* ¶ 30, Ex. 19 (Dkt. # 155) (sealed); *id.* ¶ 32, Ex. 20 (Dkt. # 156) (sealed); *id.* ¶ 36, Ex. 22 (Dkt. # 157) (sealed); *id.* ¶ 37, Ex. 23 (Dkt. # 158) (sealed); *id.* ¶ 40, Ex. 25 (Dkt. # 159) (sealed); *id.* ¶ 48, Ex. 29 (Dkt. # 160) (sealed); *id.* ¶ 62, Ex. 32 (Dkt. # 180) (sealed); *id.* ¶ 63, Ex. 33 (Dkt. # 181) (sealed); *id.* ¶ 66, Ex. 36 (Dkt. # 182) (sealed).)[2]

Of these, Zunum only seeks to seal Exhibit 6. (9/19/23 Mot. at 2. *See generally* Ex. 6.) Zunum filed the remaining documents under seal because Boeing designated

---

[2] Docket entries 180, 181, and 182 are corrected versions of docket entries 161, 162, and 163. (*See generally* Praecipe (Dkt. # 179).)

ORDER - 4

1  them as confidential.  (*See* 9/19/23 Mot. at 3 ("Zunum takes no position as to whether the

2  exhibits Boeing designated as Confidential should be sealed.").)  Boeing seeks to

3  maintain Exhibits 33 and 36 "under seal in their entirety."  (9/19/23 Mot. Resp. at 1-2.)

4  Boeing also seeks to redact portions of Exhibits 3, 4, 7, 8, 11, 19, and 32.  (*Id.* at 2.)  It

5  takes no position as to the sealing of Exhibits 6, 9, 12, 20, 22, 23, 25, 29.  (*Id.*)

6        The court first considers Exhibit 6, which Zunum seeks to maintain under seal in

7  its entirety.  (9/19/23 Mot. at 5.)  Exhibit 6 "is an amended response to Boeing's first set

8  of interrogatories, seeking a description of Zunum's trade secrets."  (*Id.* at 2.  *See*

9  *generally* Ex. 6.)  The court has reviewed the document and agrees with Zunum that it

10 contains sensitive information concerning Zunum's proprietary technology and business

11 strategies, including those detailing its software platform, powertrain system, propulsion

12 system, and market analytics.  (9/19/23 Mot. at 5.  *See generally* Ex. 6.)  Zunum has

13 legitimate concerns that the public disclosure of this material could jeopardize its ability

14 to compete in the aerospace industry.  (9/19/23 Mot. at 5); *see also Bombardier Inc. v.*

15 *Misubishi Aircraft Corp.*, No. C18-1543JLR, 2019 WL 858777, at *3 (W.D. Wash. Feb.

16 22, 2019) (keeping Bombardier's "confidential and proprietary trade secret information"

17 under seal due to the risk of "significant harm, which outweighs the policies favoring

18 disclosure").  Zunum seeks to maintain Exhibit 6 entirely under seal because the whole

19 document contains in-depth descriptions of trade secrets, and the court agrees that

20 attempting to redact this exhibit is not practical.  (*See* 9/19/23 Mot. at 5.)  Accordingly,

21 there is good cause to keep Exhibit 6 under seal.

22 //

The court next considers Exhibits 33 and 36, which Boeing seeks to maintain under seal in their entirety. (*See* 9/19/23 Mot. Resp. at 1-2.) Exhibit 33 is a letter from Zunum to Boeing's counsel that "reflects information about an internal folder structure used by Boeing for investment analysis, along with certain non-public terms and information relating to Boeing's external investment activities." (10/2/23 Durning Decl. (Dkt. # 171) ¶ 9. *See generally* Ex. 33.) Exhibit 36 "is an internal Boeing email chain that reflects information about an internal folder structure used by Boeing for investment analysis, along with certain non-public information and terms concerning Boeing's external investment activities." (10/6/23 Durning Decl. ¶ 10. *See generally* Ex. 36.) Senior counsel for Boeing declares that "[d]issemination of this information could harm Boeing's competitive and cybersecurity position." (10/6/23 Durning Decl. ¶¶ 9-10.) The court has reviewed the documents and concludes that there is good cause for keeping them under seal due to Boeing's concerns about maintaining its competitive status and cybersecurity position. *See Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2017 WL 11464031, at *1 (N.D. Cal. Dec. 22, 2017) (finding good cause to seal "apparent" where the exhibit contained emails discussing "business strategies, including sales/marketing strategies, competitive strategies, and internal discussions of the methodologies of [the company's] products"); *Cage v. Boshaw*, No. C20-1063RSL-MLP, 2020 WL 6158824, at *2 (W.D. Wash. Oct. 21, 2020) (finding the good cause standard met where the defendants "detailed legitimate security concerns relating to the" materials). Due to the substantial amount of sensitive information contained in Exhibits 33 and 36, they will remain under seal.

Boeing also seeks to partially redact Exhibits 3, 4, 7, 8, 11, 19, and 32.  (9/19/23 Mot. Resp. at 2; *see also* 10/2/23 Durning Decl. (Dkt. # 171) ¶ 2, Ex. 3 (redacted); *id.* ¶ 3, Ex. 4 (redacted); *id.* ¶ 4, Ex. 7 (redacted); *id.* ¶ 5, Ex. 8 (redacted); *id.* ¶ 6, Ex. 11 (redacted); *id.* ¶ 7, Ex. 19 (redacted); *id.* ¶ 8. Ex. 32 (redacted).)  Boeing argues that "Exhibits 3, 7, 8, 11, and 19 reflect the state of Boeing's understanding of alternative aircraft propulsion and hybrid-electric aircraft technologies" and that "[d]issemination of this information would reveal certain aspects of Boeing's approach to aircraft design and development, and could harm Boeing's competitive position."  (9/19/23 Mot. Resp. at 3; *see also* 10/2/23 Durning Decl. ¶¶ 2, 4-7.)  In addition, Exhibits 4, 7, and 32 "contain confidential information about Boeing's internal file structure."  (9/19/23 Mot. Resp. at 3; *see also* 10/2/23 Durning Decl. ¶¶ 3-4, 8.)  Boeing states that "revealing this information could make Boeing's internal information systems more vulnerable to cyber-attacks."  (9/19/23 Mot. Resp. at 3; *see also* 10/2/23 Durning Decl. ¶¶ 3, 8.)  The court has reviewed the documents and concludes that there is good cause to seal the sensitive excerpts in these exhibits due to the risk of harm to Boeing's competitive status and cybersecurity position.  Boeing's proposed redactions attached to Mr. Durning's October 2, 2023 declaration are also reasonably tailored to cover just Boeing's confidential information.

Finally, the court turns to Exhibits 9, 12, 20, 22, 23, 25, and 29.  Neither party takes a position on whether these documents should be sealed.  The court therefore DIRECTS the Clerk to unseal Exhibits 9 (Dkt. # 152), 12 (Dkt. # 154), 20 (Dkt. # 156),

//

22 (Dkt. # 157), 23 (Dkt. # 158), 25 (Dkt. # 159), and 29 (Dkt. # 160) to Mr. Danner's September 19, 2023 declaration.

The court ORDERS the parties to meet and confer and file a redacted copy of Zunum's motion to compel (Dkt. # 145) consistent with the above rulings by no later than November 6, 2023.

The court now considers Zunum's October 6, 2023 motion.

C.   **10/6/23 Motion to Seal**

Zunum filed a redacted version of its reply brief in support of its motion to compel (Reply (Dkt. # 174)) and two additional exhibits under seal on the docket (10/6/23 Danner Decl. (Dkt. # 175) ¶ 3, Ex. 37 (Dkt. # 177) (sealed); *id.* ¶ 4, Ex. 38 (Dkt. # 178) (sealed).)  Zunum takes no position as to whether these materials should be kept under seal.  (*See* 10/6/23 Mot. at 3.)  Exhibit 37 is an excerpted deposition transcript of Boeing employee Steven Shumate.  (*See generally* Ex. 37.)  It "contains information reflecting the state of Boeing's understanding of alternative aircraft propulsion technologies, the personnel or resources that Boeing committed to further that understanding, non-public projects . . . and Boeing's business process for evaluating new potential business or investment opportunities."  (10/27/23 Durning Decl. (Dkt. # 184) ¶ 2.)  Exhibit 38 "is a March 19, 2018 HorizonX Catalyst Valuation slide deck" that "reflects non-public terms and information relating to Boeing's external investment activities, including Boeing's valuation of such opportunities."  (*Id.* ¶ 3.  *See generally* Ex. 38.)  Senior counsel for Boeing declares that dissemination of the information contained in Exhibits 37 and 38 "could harm Boeing's competitive position."  (10/27/23 Durning Decl. ¶¶ 2-3.)

1    Having reviewed the exhibits, the court agrees with Boeing that the information
2 within them is sensitive and could harm Boeing's competitive position if disseminated to
3 the public. Although deposition transcripts can generally be redacted, *see, e.g.*, *Scott v.
4 Carr*, No. C20-0236RSM, 2021 U.S. Dist. LEXIS 91763, at *5 (W.D. Wash. May 13,
5 2021), the court finds that Exhibit 37 contains a robust discussion of sensitive Boeing
6 business information that warrants sealing the excerpted transcript in its entirety.
7 Similarly, nearly all of the details and data on the slides in Exhibit 38 constitute
8 proprietary Boeing information that, if disclosed, could harm its competitive position in
9 the aerospace industry. Good cause therefore exists to keep Exhibits 37 and 38 under
10 seal.

11    Having compared the redacted and unredacted versions of Zunum's reply brief,
12 the court further concludes that the redacted version (Dkt. # 174) is narrowly tailored to
13 cover Boeing's confidential information without impeding the public's ability to
14 understand the issues.

### III.    CONCLUSION

16    For the foregoing reasons, the court GRANTS in part Zunum's motions to seal
17 (Dkt. ## 144, 173). The court DIRECTS the Clerk to unseal Exhibits 9 (Dkt. # 152), 12
18 (Dkt. # 154), 20 (Dkt. # 156), 22 (Dkt. # 157), 23 (Dkt. # 158), 25 (Dkt. # 159), and 29
19 (Dkt. # 160) to Mr. Danner's September 19, 2023 declaration. The court ORDERS the
20 parties to meet and confer and file a redacted copy of Zunum's motion to compel (Dkt.
21 # 145) consistent with the above rulings by no later than **November 6, 2023**.
22 //

1 | Dated this 1st day of November, 2023.

JAMES L. ROBART  
United States District Judge