UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | MINUTE ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

On December 21, 2023, and December 22, 2023, counsel for Plaintiff Zunum Aero, Inc. ("Zunum") and Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing") called the court to discuss several matters. In this minute order, the court provides a record of those calls and guidance to the parties.

//

//

A.      **12/21/2023 Call**

On December 21, 2023, counsel for the parties discussed the following with the court:  (1) Zunum's forthcoming motion for sanctions seeking the exclusion of evidence and an adverse jury instruction; (2) Boeing's forthcoming motion for sanctions to bar Zunum from claiming as trade secrets information disclosed after the court's January 20, 2023 deadline (*see* 12/8/22 Order (Dkt. # 116 (sealed)) at 14); and (3) Boeing's forthcoming motions to compel discovery.  The court responds to the parties' requests for clarification concerning the procedure for filing these motions below.

1.      Motions for Sanctions

The parties have two questions regarding the process for filing their forthcoming motions for sanctions:  (1) whether the motions are "motions related to discovery" in accordance with the court's scheduling order; and (2) if so, whether the court would agree to a stipulated briefing schedule for these motions.  First, the parties disagree as to whether their forthcoming motions for sanctions are "motions related to discovery" per the court's scheduling order.  (*See* Sched. Order (Dkt. # 132) at 1 (setting the deadline for motions related to discovery on January 2, 2024).)

The court concludes that, in this case, the parties' proposed motions for sanctions are related to discovery.  The motions appear to concern Boeing's alleged document destruction and Zunum's alleged improper supplementation of its interrogatory responses.  These are "motions related to discovery," particularly if they are brought under Rule 37.  *See* Fed. R. Civ. P. 37 ("Failure to Make Disclosures or to Cooperate in

//

1  Discovery; Sanctions"). Accordingly, these motions are technically due on or before

2  January 2, 2024. (Sched. Order at 1.)

3      Second, the parties ask whether the court would entertain a mutually agreed

4  expedited briefing schedule for the motions for sanctions. The court would prefer to rule

5  on these motions before the parties file their dispositive motions. Accordingly, the court

6  ORDERS the parties to file, by no later than **January 2, 2024**, a stipulated briefing

7  schedule for these two motions for sanctions. Although the court grants the parties leave

8  to file their motions for sanctions after the January 2, 2024 deadline for motions related to

9  discovery, the motions shall be noted for consideration by no later than January 29, 2024.

10  The parties may choose to omit reply briefing in their proposed briefing schedule.

11      2.   <u>Motions to Compel</u>

12      Regarding Boeing's forthcoming motions to compel or any other discovery-related

13  motions, the court directs the parties to the scheduling order. (*See generally id.*)

14  Accordingly, all motions to compel are due by January 2, 2024, and the parties shall,

15  before filing any such motion, notify the court's Courtroom Deputy Clerk, Ashleigh

16  Drecktrah, to request a conference with the court. (*Id.* at 2.)

17  **B.**    **12/22/2023 Call**

18      On December 22, 2023, counsel for the parties called seeking clarification of the

19  court's instruction in its November 13, 2023 order that Zunum may "select up to five

20  additional custodians whose records it wants Boeing to search." (*See generally* 11/13/23

21  Order (Dkt. # 187).) The parties ask the court to clarify whether this instruction means

22  that Zunum may select five new custodians or, rather, that Zunum may only select five of

1  the 31 individuals Boeing had already identified as having received Zunum's documents.

2  (*Id.* at 12.)  To clarify, Zunum may select five new custodians so that it may reasonably

3  determine whether "Boeing did in fact disseminate Zunum's confidential information

4  beyond [the] 'first wave' of [31] recipients."  (*Id.*)

5        Counsel for Boeing also expressed concern that Zunum had, in contravention of

6  the court's order, identified more than 20 documents it wanted to Boeing to search for in

7  the five new custodians' documents.  (*See id.*)  Counsel for Zunum expressed his intent to

8  meet and confer on this issue, and the court anticipates that the parties will be able to

9  resolve this dispute reasonably and without further court intervention.

10        Filed and entered this  27th day of December, 2023.

11
12                       RAVI SUBRAMANIAN
                     Clerk of Court

13                       s/ Ashleigh Drecktrah
                     Deputy Clerk

14
15
16
17
18
19
20
21
22

MINUTE ORDER - 4