The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZUNUM AERO, INC.,

Plaintiff,

v.

THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC,

Defendants.

No. 2:21cv-00896-JLR

**PLAINTIFF ZUNUM AERO, INC.'S AMENDED RULE 37(e) MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE**

NOTE ON MOTION CALENDAR: January 29, 2024

***ORAL ARGUMENT REQUESTED***

PLAINTIFF ZUNUM AERO, INC.'S
MOTION FOR SANCTIONS
No. 2:21-cv-00896-JLR

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

**TABLE OF CONTENTS**

INTRODUCTION ..... 1

BACKGROUND ..... 1

A. Zunum sues Boeing for trade secret misappropriation and other claims ..... 1

B. Zunum learns that Boeing destroyed relevant documents and the Court orders further discovery ..... 2

C. Boeing refuses to respond fully to the Court's Order and seeks to conceal additional spoliation ..... 3

D. Summary of evidence Boeing destroyed ..... 3

LEGAL STANDARDS ..... 4

ARGUMENT ..... 5

I. Rule 37(e)'s three "prerequisites" are satisfied ..... 5

A. Boeing destroyed ESI while under a duty to preserve ..... 5

B. Boeing failed to take reasonable steps to preserve ..... 6

C. The deleted ESI cannot be restored or replaced ..... 7

II. Boeing cannot establish an absence of prejudice ..... 8

III. The Court should impose appropriate sanctions ..... 9

A. Intent-based sanctions under Rule 37(e)(2) ..... 9

1. Boeing's conduct reflects an intent to deprive ..... 9

2. Requested intent-based sanctions ..... 12

B. Other sanctions under Rule 37(e)(1) ..... 13

CONCLUSION ..... 13

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anheuser-Busch, Inc. v. Nat. Beverage Distributors*,
69 F.3d 337 (9th Cir. 1995) ........................................ 9

*Apple, Inc. v. Samsung Elecs. Co.*,
888 F. Supp. 2d 976 (N.D. Cal. 2012) ........................................ 6, 9

*Bungie, Inc. v. AimJunkies.com*,
2023 WL 7184427 (W.D. Wash. Nov. 1, 2023) ........................................ 4, 8, 11

*CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*,
2019 WL 6527951 (S.D. Cal. Dec. 4, 2019) ........................................ 6, 9, 11

*Colonies Partners, L.P. v. County of San Bernadino*,
2020 WL 1496444 (C.D. Cal. Feb. 27, 2020) ........................................ 7, 8, 9, 11

*Deerpoint Grp., Inc. v. Agrigenix, LLC*,
2022 WL 16551632 (E.D. Cal. Oct. 31, 2022) ........................................ 7

*Est. of Hill by & through Grube v. NaphCare, Inc.*,
2022 WL 1464830 (E.D. Wash. May 9, 2022) ........................................ 4, 10

*First Fin. Sec., Inc. v. Freedom* Equity *Grp.*, LLC,
2016 WL 5870218 (N.D. Cal. Oct. 7, 2016) ........................................ 11, 13

*Hugler v. Sw. Fuel Mgmt., Inc.*,
2017 WL 8941163 (C.D. Cal. May 2, 2017) ........................................ 9

*Hunters Cap., LLC v. City of Seattle*,
2023 WL 184208 (W.D. Wash. Jan. 13, 2023) ........................................ *passim*

*Jones v. Riot Hosp. Grp. LLC*,
2022 WL 3682031 (D. Ariz. Aug. 25, 2022) ........................................ 9

*Kische USA LLC v. Simsek*,
2018 WL 620493 (W.D. Wash. 2018) ........................................ 8, 13

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

*MicroVention, Inc. v. Balt USA, LLC*,
2023 WL 7634109 (C.D. Cal. Nov. 13, 2023)................................................................ 13

*Musse v. King Cnty.*,
2021 WL 4709875 (W.D. Wash. Oct. 8, 2021) ................................................................ 10

*Nuvasive, Inc. v. Madsen Med., Inc.*,
2016 WL 305096 (S.D. Cal. Jan. 26, 2016)................................................................... 13

*Oppenheimer v. City of La Habra*,
2017 WL 1807596 (C.D. Cal. Feb. 17, 2017) ................................................................. 5

*Spencer v. Lunada Bay Boys*,
2017 WL 10518023 (C.D. Cal. Dec. 13, 2017) report and recommendation adopted,
2018 WL 839862 (C.D. Cal. Feb. 12, 2018), aff'd, 806 F. App'x 564 (9th Cir. 2020)............ 13

*Youngevity Int'l v. Smith*,
2020 WL 7048687 (S.D. Cal. July 28, 2020) ................................................... 8, 9, 13

**Rules**

Rule 37(e)........................................................................................................... *passim*

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

## INTRODUCTION

This is a motion for spoliation sanctions, concerning the same destruction of ESI addressed in this Court's order granting in part Zunum's motion to compel. Dkt. 187 (the "Order"). In the Order, the Court found Boeing's document destruction "at the very least, concerning," and ordered Boeing to provide information. In defiance of the Order, Boeing has provided incomplete responses that nevertheless reveal extensive spoliation. Meanwhile, Zunum has identified further evidence of spoliation as detailed herein. The irretrievable loss of this relevant evidence prejudices Zunum and sanctions under Rule 37 should therefore be imposed.

## BACKGROUND

### A. Zunum sues Boeing for trade secret misappropriation and other claims

Zunum is a start-up founded in 2013. By mid-2016, when Zunum was first introduced to Boeing, Zunum had developed proprietary designs and business plans for hybrid-electric planes.

Shortly after the parties were introduced, they entered the first of several non-disclosure agreements (NDAs) at issue here (the "2016 PIA"). Under the 2016 PIA, Boeing gained access to Zunum's proprietary designs and plans solely to conduct investment diligence. Boeing subsequently invested in Zunum through two convertible promissory notes, when the parties entered two "Investor Rights Letters" (or IRLs) that, like the 2016 PIA, limited Boeing's ability to use Zunum's proprietary information. Boeing continued to receive Zunum's proprietary information after its investments, including as late as November 2018.

Zunum alleges that Boeing breached the NDAs, misappropriated Zunum's trade secrets, and tortiously interfered with Zunum's business by, *inter alia*, using Zunum information not only for purposes permitted under the NDAs, but also for competing Boeing R&D programs. These competing programs included Boeing's "Thin Haul Study," an R&D program that spanned June-November 2017 and entailed the design of a competing hybrid-electric aircraft like Zunum's,

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

headed by Kevin Lutke; Boeing's development of a competing tool to design hybrid-electric aircraft (EAST0); and Boeing's "Electric Lab" program, headed by Kamiar Karimi.

The parties' relationship began to break down irrevocably in late 2018, including as a result of Boeing's repeated misuse of Zunum's information. Zunum then ran out of operating funds and furloughed its employees in November 2018. As a result, Zunum was unable to repay the Boeing promissory notes.

By December 16, 2019 – at latest – it was clear that litigation was reasonably likely. On that date, Boeing sent Zunum a demand letter, threatening litigation over Zunum's failure to repay. Zunum ultimately sued Boeing on November 23, 2020. In response, Boeing counterclaimed, alleging that Zunum failed to repay the notes.

**B. Zunum learns that Boeing destroyed relevant documents and the Court orders further discovery**

During discovery, Zunum learned that Boeing had destroyed large swaths of relevant evidence from the files of key witnesses. *See* Danner Decl. ¶¶ 5-15. When Boeing refused to account for these deletions, Zunum served discovery demands regarding Boeing's document practices. When Boeing refused to respond, Zunum moved to compel. *See id.* ¶ 16; *see also* Dkt. 145 at 2-6 (detailing then-known destruction of evidence).

On November 13, 2023, the Court granted Zunum's motion in part and compelled Boeing to provide additional information relevant to the deletion of documents. Specifically, the Court found that Boeing was under a "duty to preserve" no later than December 16, 2019. Order 7. Given that, the Court found "at the very least, concerning" Boeing's wholesale deletion of the documents of certain custodians (Atreya, Higgins, Langford, and Sankrithi); and Boeing's inability to account for suspiciously-timed gaps in the productions of other custodians (Hyslop and Sinnett). *Id.* at 6-8. The Court ordered Boeing to provide information on seven points related to its destruction of documents. *Id.* at 8-9; *see also* Danner Decl. ¶ 16.

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

**C. Boeing refuses to respond fully to the Court's Order and seeks to conceal additional spoliation**

Boeing's December 18 response to the Court's Order failed to address key portions of that Order. Ex. 11.[1] *See* Danner Decl. ¶¶ 14-26. Specifically, Boeing refused to provide: [redacted] ; (2) month/year breakdowns for ESI collection from Jones, Hyslop, and Sinnett before deduplication (*id.* ¶¶ 22-23); (3) identification of the recipients of each of its fifteen litigation holds (*id.* ¶ 24); or (4) information about when, and under what circumstances, the ESI of Hyslop and Sinnett was destroyed (*id.* ¶ 26). Zunum objected to these omissions and told Boeing that if they were not remedied, Zunum would ask the Court to draw adverse inferences. *Id.* ¶¶ 21, 23, 24, 26. To date, Boeing has not provided the requested information.

Meanwhile, Zunum has identified additional spoliation by Boeing. First, Zunum identified additional suspicious gaps in Boeing's production, including what appear to be selectively-deleted emails from the files of Karimi, one of Boeing's custodians and the leader of Boeing's competing Electric Lab initiative. *See* Danner Decl. ¶ 34 (attaching correspondence). Zunum asked Boeing to account for these gaps by December 28, 2023. To date, Boeing has not provided the requested information.

Zunum also learned of Boeing's post-litigation destruction of the files of two more custodians, Aaron Vanlandingham and Drake Berglund. Danner Decl. ¶ 28. Zunum learned of this additional spoliation despite efforts by Boeing to conceal it by advancing an unreasonable interpretation of the Court's Order to avoid disclosure. *Id.* ¶¶ 29-32.

**D. Summary of evidence Boeing destroyed**

The Danner Declaration (¶ 36) includes a chart summarizing the evidence Zunum has identified as having been destroyed since December 16, 2019 (the date the Court found a duty to

[1] Citations to "Ex." herein refer to the Exhibits to the accompanying Danner Declaration.

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

preserve triggered). But the loss of evidence due to Boeing's untimely litigation hold is likely far greater. Although Boeing has refused to provide information about the deletion of the files of other custodians, Zunum's search of LinkedIn reveals several additional potential witnesses who left Boeing between December 16, 2019 and December 10, 2020 (the date of the first hold). Danner Decl. ¶ 48. The Court can reasonably conclude that Boeing, in the absence of any hold, destroyed at least these witnesses' documents as well. Moreover, given that Boeing deleted some requested custodians' documents even after it implemented the first version of its Zunum litigation hold on December 10, 2020, the Court can also reasonably infer that Boeing deleted the files of an unknown number of yet further requested custodians who left Boeing before December 13, 2023. This includes Boeing employees who have been identified as having received Zunum trade secrets and information protected by NDA.

## LEGAL STANDARDS

A party seeking Rule 37(e) sanctions for lost "ESI" must establish three "prerequisites": (1) the opposing party was under a duty to preserve, but (2) failed to take reasonable steps to preserve; and (3) the lost ESI cannot be restored or replaced. *Est. of Hill by & through Grube v. NaphCare, Inc.*, 2022 WL 1464830, at *10 (E.D. Wash. May 9, 2022). Once these prerequisites are shown, the burden shifts, and the offending party "bear[s] the burden 'to prove the lost information is not prejudicial.'" *Bungie, Inc. v. AimJunkies.com*, 2023 WL 7184427, at *7 (W.D. Wash. Nov. 1, 2023) (citation omitted). "A party is prejudiced when the spoliating party's actions impair the 'non-spoliating party's ability to go to trial' or threaten to 'interfere with the rightful decision of the case.'" *Hunters Cap., LLC v. City of Seattle*, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023).

If the offending party acted with "intent to deprive," then under Rule 37(e)(2) the Court may presume facts against the spoliator, give adverse jury instructions, or issue case-terminating



HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

sanctions. *Id.* If there was no "intent to deprive," then Rule 37(e)(1) applies, and the Court may "order measures no greater than necessary to cure the prejudice." *Id.*

## ARGUMENT

### I. Rule 37(e)'s three "prerequisites" are satisfied

Zunum easily carries its burden to establish Rule 37(e)'s prerequisites, as Boeing has largely admitted the relevant facts, or refused to provide them while under a duty to do so.

#### A. Boeing destroyed ESI while under a duty to preserve

The Court should readily conclude that Boeing destroyed ESI while under a duty to preserve, satisfying the first of Rule 37(e)'s prerequisites.

As noted, the Court has already ruled that Boeing was under a duty to preserve ESI relevant to litigation with Zunum no later than December 16, 2019. In doing so, the Court rejected Boeing's argument that its duty to preserve could be cabined to Boeing's non-payment claims against Zunum, noting that "[r]elevance is not determined by Boeing's own subjective, retrospective assessment, and the fact that Boeing destroyed documents related to Zunum's business after threatening to sue Zunum is, at the very least, concerning." Order 8:5-8. And, at the very least, Boeing documents about Zunum's business could be relevant to Zunum's defenses to non-payment which include impossibility and material breach through trade secret misappropriation. Regardless, Boeing's misuse of Zunum's information was front and center as of December 2019 by virtue of Zunum's threats to sue Boeing. *See* Dkt. 186 at 10-11 (motion to compel, citing threats).

Next, Boeing admitted that it destroyed emails and entire email accounts for at least 10 witnesses, all of which qualifies as "ESI." *Oppenheimer v. City of La Habra*, 2017 WL 1807596, at *10 (C.D. Cal. Feb. 17, 2017) (e-mails are ESI). And, the destruction of all this evidence occurred after Boeing was under a duty to preserve, including as late as August 2023.

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

*See* Danner Decl. ¶ 31. Where Boeing has not admitted the date of deletion despite this Court's Order, the Court should infer that such spoliation occurred after December 2019.

**B. Boeing failed to take reasonable steps to preserve**

Boeing also failed to take reasonable steps to preserve ESI, including waiting a year to implement any hold, and then failing for another three years to implement an adequate hold.

Boeing first issued a hold in December 2020, *after* this case was filed, and more than a *year after* its duty to preserve arose. This by itself shows that Boeing "acted with not just simple negligence but rather conscious disregard of its duty to preserve." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 997 (N.D. Cal. 2012). As a result of this failure, the custodial files of at least four witnesses were destroyed under "routine" document-deletion policies. A failure to modify default settings to prevent email destruction is not reasonable. *E.g.*, *CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2019 WL 6527951, at *8 (S.D. Cal. Dec. 4, 2019).

Boeing also failed to take "reasonable steps" because its holds were patently inadequate. *Id.* at *9 (retention policies unreasonable due to ESI losses following hold). Indeed, in its response to the Court's Order, Boeing confirmed that it issued an inadequate litigation hold, when it identified *fifteen* different dates on which Zunum-related litigation holds were issued, the last on December 13, 2023—***four years*** after the duty to preserve was triggered, and after the issue of its spoliation was brought to the Court's attention. Ex. 11 at 3. The extent of Boeing's post-December 10, 2020 spoliation is not known, but, at minimum, Boeing recently admitted that it "wiped" Vanlandingham's files within 180 days of July 2021 (after its *eighth* litigation hold); and Berglund's files in August 2023 (after its *fourteenth* hold). Moreover, Kevin Lutke, [REDACTED] and a critical witness, admitted in his December 2023 deposition that [REDACTED] Ex. 22 (Lutke Tr.) at 335 (emphasis added).

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

Because Boeing has refused to disclose the recipients of each of its 15 holds, Zunum cannot know whether Vanlandingham's or Berglund's documents were destroyed (a) in violation of an existing hold or (b) when neither witness had yet received a hold; either possibility suggests unreasonable steps and an intent to deprive Zunum of evidence in this litigation. *See also infra* at 6. Because this withheld information is fairly called for by the Court's Order, and given [redacted] the Court should infer that Boeing failed to implement an adequate hold until December 13, 2023, the last date of issuance disclosed in Boeing's response to the Order (and nearly four years after Boeing anticipated litigation).

**C. The deleted ESI cannot be restored or replaced**

The third Rule 37(e) prerequisite is also readily met. Boeing admitted that it deleted and cannot retrieve the ESI of Sankrithi, Higgins, Atreya and Langford, on dates after Boeing was under a duty to preserve. Ex. 11 at 4.[2] *See, e.g.*, *Colonies Partners*, *L.P. v. County of San Bernadino,* 2020 WL 1496444, at *6. Boeing also admitted it "wiped" the "IT assets" of Vanlandingham and Berglund. *See, e.g.*, *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 2022 WL 16551632, at *12 (E.D. Cal. Oct. 31, 2022) (finding ESI was irretrievably "lost" where custodian's "laptop was 'wiped'").

Moreover, as the Court is aware, Zunum identified material and suspiciously-timed gaps in Boeing's production of the ESI of three key executives—Hyslop, Jones, and Sinnett—in the critical period of mid-2016 through October 2018, gaps the Court found "concerning" with respect to Hyslop and Sinnett. Order 7. Zunum has since identified further gaps, including emails apparently deleted on an ad hoc basis from the files of Kamiar Karimi, another key witness. Danner Decl. ¶ 34. Boeing has not explained or remedied these gaps.

[2] Although Boeing stated that it "recently discovered that Aurora … has retained at least some documents from the files of John Langford" (Ex. 11 at 4), the balance has apparently been irretrievably lost. *See Hunters Cap.*, 2023 WL 184208, at *13 (finding prejudice even though defendant was able to re-create some lost ESI, because plaintiff forced to rely on incomplete evidence).

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

Because this ESI is – as Boeing admits – "lost," "[t]he relevant questions are then whether the missing ESI is relevant and whether it is irreplaceable." *Colonies*, 2020 WL 1496444, at *6. As noted, as the Court explained, Boeing cannot contest the relevance of evidence it destroyed, Order 12; a spoliator bears "the consequence of [such] uncertainty." *Kische USA LLC v. Simsek*, 2018 WL 620493, at *5 (W.D. Wash. Jan. 29, 2018). In any event, the relevance of the lost ESI is clear because, with one exception (Berglund), Zunum requested as a custodian each of the witnesses whose documents were destroyed in whole or in part, and explained in detail the reasons why those witnesses likely possessed relevant, non-duplicative information. *See* Danner Decl. ¶¶ 36-48; *see also id.* ¶ 39 (likely relevance of Berglund). Zunum cannot know the full extent of Boeing's spoliation as Boeing only admitted to destroying the evidence of a subset custodians that Zunum requested and justified the relevance of to Boeing's satisfaction, while refusing to provide information about the preservation or deletion of other requested custodians' files.

Finally, the Court should find that the lost ESI is irreplaceable, because at least the following ESI cannot now be produced: (1) emails (and attachments) among lost custodians; (2) emails (and attachments) among lost custodians and non-custodians; and (3) documents, including notes and memoranda, a lost custodian maintained in her own files. *Hunters Cap.*, 2023 WL 184208, at *7 (productions from preserved custodians could not replace missing texts among spoliated custodians); *Colonies*, 2020 WL 1496444, at *6 (rejecting defendants' arguments that "ESI was not relevant and was cumulative" as "based on conjecture"); *Bungie*, 2023 WL 7184427, at *6 (rejecting defendants' arguments that lost evidence can be obtained in other ways).

## II. Boeing cannot establish an absence of prejudice

Boeing must show lack of prejudice. Zunum will reply in due course, but it is plain that Boeing will be unable to make that showing, given the wholesale and/or selective destruction of

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

the ESI of at least ten key witnesses, as detailed in the Danner Declaration and herein. Indeed, "[a] party is prejudiced if the spoliating party's actions impaired the non-spoliating party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Youngevity Int'l v. Smith*, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020) (internal quotation omitted). This standard is met if the lost ESI is likely relevant and cannot be replaced. *Id.* at *4; *see also Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995).

Under this standard, Boeing will be unable to show lack of prejudice.

## III. The Court should impose appropriate sanctions

### A. Intent-based sanctions under Rule 37(e)(2)

#### *1. Boeing's conduct reflects an intent to deprive*

Although the Rule does not define "intent to deprive," courts in this Circuit have held that "[f]or the purposes of Rule 37(e), intent can be proven through direct or circumstantial evidence." *Hunters Cap.*, 2023 WL 184208, at *6. "In finding intent based on circumstantial evidence, courts consider, *inter alia*, the timing of the destruction, the method of deletion (e.g., automatic deletion vs. affirmative steps of erasure), selective preservation, the reason some evidence was preserved, and, where relevant, the existence of institutional policies on preservation." *Jones v. Riot Hosp. Grp. LLC*, 2022 WL 3682031, at *6 (D. Ariz. Aug. 25, 2022) (internal quotation omitted). Several circumstances show intent here.

***Delayed hold***. The timing of the loss is relevant in determining intent: the longer a party waits to take reasonable steps, the more readily courts will find an intent to deprive. *See Colonies*, 2020 WL 1496444, at *9.

Here, Boeing waited a year from December 2019 to issue the first hold, which was plainly inadequate in scope, and then issued 14 more holds, failing to implement a complete hold for four years, resulting in massive loss of evidence. Similar delays have supported a finding of intent. *Hugler v. Sw. Fuel Mgmt., Inc.*, 2017 WL 8941163, at *6, *10 (C.D. Cal. May 2, 2017)

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

(six months); *CrossFit*, 2019 WL 6527951, at *11 (four years); *cf. Apple*, 888 F. Supp. 2d at 997 (8 months) (pre-2015 amendment).

***Destruction in violation of policies.*** Destruction violative of preservation policies also evidences an "intent to deprive." *Musse v. King Cnty.*, 2021 WL 4709875, at *4 (W.D. Wash. Oct. 8, 2021); *see also Est. of Hill*, 2022 WL 1464830, at *12 (intent finding supported where "litigant fails to provide a credible explanation for departing from standard operating procedure and intentionally failing to preserve ESI").

Here, Boeing's policies, produced in response to the Court's Order, [REDACTED] Given the Court's findings concerning the date of anticipated litigation, and Boeing's admissions concerning the dates of deletion, Boeing violated this policy repeatedly.

Boeing also has a policy [REDACTED] Given Boeing's refusal to share information about when Sinnett and Hyslop destroyed their emails from before November 2018, despite being under Court Order to provide it, the Court should infer that their documents were deleted [REDACTED] Similarly, given Boeing's refusal to disclose when different witnesses got the hold, Zunum cannot tell if Vanlandingham and Berglund's files were "wiped" pre- or post-hold. Given that the Order fairly required this information, the Court should infer deletion of these custodians' documents in violation of the hold—and of Boeing's policies.

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

***Selective deletion***. Courts have also found an intent to deprive where the loss of evidence was partial, reflecting an ad hoc and selective deletion of ESI relevant to litigation, rather than the result of a neutral and generally applicable process. *See, e.g.*, *CrossFit*, 2019 WL 6527951, at *4, 11 (selective deletion supported finding of intent); *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016) (same).

Here, as the Court noted in its Order, Boeing has no explanation for why only portions of the emails of Hyslop and Sinnett were deleted prior to the institution of an unrelated hold. Order 8:12-18; *accord First Fin. Sec.*, 2016 WL 5870218, at *3 (rejecting "alternative explanation" that three key witnesses "happened to have a habit of routinely deleting ESI"; court found an "intent to deprive"). The Court ordered Boeing to explain the timing and circumstances of that deletion, but Boeing defied the Court's Order. *Supra* at 3. The Court therefore should infer that the timing and circumstances of that deletion reflected deliberate and selective deletion, by Hyslop and Sinnett, with the requisite intent. And those employees' intent and "misconduct with regard to spoliation can be imputed to" Boeing. *Colonies*, 2020 WL 1496444, at *10.

Similarly, Karimi's custodial files, although otherwise seemingly complete, omit key emails showing that he possessed and disseminated Zunum's proprietary documents to his team of engineers. Danner Decl. ¶ 34. Zunum asked Karimi at his deposition, and then asked Boeing in a letter, to account for these missing documents. Karimi could not explain it, and Boeing refused to try. *Id.* The Court should therefore infer that Boeing intentionally deleted, on a selective basis, key ESI from Karimi's files.

***Improper efforts to conceal extent of spoliation and other evidence***. Finally, "behavior designed to frustrate [Plaintiffs'] legitimate discovery efforts" support a finding of an "intent to deprive." *Bungie*, 2023 WL 7184427, at *8. As the Court noted in *Hunters Cap.*, "[i]ntent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence, or otherwise seeks to keep incriminating facts out of

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

evidence." 2023 WL 184208, at *6; *see also, e.g.*, *CrossFit*, 2019 WL 6527951, at *11 (finding "intent to deprive" when defendant, and its employees, resisted producing relevant documents and continuously deleted presumptively relevant documents).

Here, Boeing has undertaken extensive, and at times improper, efforts to frustrate Zunum's legitimate discovery efforts. *First*, Boeing stonewalled Zunum's informal efforts to uncover and remedy Boeing's spoliation, forcing Zunum to serve formal discovery demands and move to compel (a motion the Court granted in substantial part). *Second*, Boeing provided incomplete information when it informed Zunum that it had deleted the files of 4 of 15 additional custodians, hiding at that time that the ESI of Vanlandingham (another of the 15) had also been destroyed. *See* Danner Decl. ¶ 10. *Third*, Boeing defied the Court by refusing to provide clearly required information. *Id.* ¶¶ 18-26. *Fourth*, Boeing advocated to Zunum, and then the Court, an unreasonable interpretation of the Court's Order in a patent effort to conceal the further spoliation of Berglund's and Vanlandingham's files. *See id.* ¶¶ 30-32.

Given the extraordinary and improper lengths Boeing has gone to keep relevant evidence from Zunum, the Court should infer that Boeing's deletion of swaths of ESI from key custodians is part of the same unlawful effort to deprive Zunum of evidence.

*2. Requested intent-based sanctions*

Upon a finding of intent, Zunum requests that the Court issue sanctions under Rule 37(e)(2), including by presuming, for purposes of any pretrial motions filed by Boeing (including dispositive motions and motions in limine), that the destroyed evidence was unfavorable to Boeing, and instructing the jury that it must (or, at a minimum, may) infer that the destroyed evidence was unfavorable to Boeing. In the Proposed Order accompanying this motion, Zunum identifies specific presumptions and inferences that the Court or jury can fairly draw based on the nature of the lost ESI and the issues likely to be disputed on summary judgment and at trial.

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

Should the Court desire further (or later) briefing on the appropriateness of any of these proposed presumptions or inferences, Zunum is prepared to further detail the bases for these requests.

**B. Other sanctions under Rule 37(e)(1)**

Whether or not the Court finds an intent to deprive, Zunum requests that the Court issue sanctions under Rule 37(e)(1), including by: (1) permitting Zunum to present evidence at trial regarding the lost ESI and Boeing's intent[3]; prohibiting Boeing from presenting any argument or defense that Zunum could have defeated if it had access to the spoliated ESI,[4] including the argument that the absence of Zunum documents from certain employees' files tends to show that Boeing did not misappropriate Zunum's proprietary information; prohibiting Boeing from introducing despoiled or improperly withheld evidence at trial;[5] and awarding Zunum attorney's fees and costs.[6]

**CONCLUSION**

The Court should sanction Boeing for its spoliation of ESI.

DATED this 5th day of January, 2024. I certify that this memorandum contains 4194 words, in compliance with the Local Civil Rules.

/s/ *Scott M. Danner*
Michael S. Shuster, NY Bar #2122190
(admitted *pro hac vice*)
Benjamin F. Heidlage, NY Bar #4822151
(admitted *pro hac vice*)
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)

---

[3] *Nuvasive, Inc. v. Madsen Med., Inc.*, 2016 WL 305096, at *3 (S.D. Cal. Jan. 26, 2016); *Spencer v. Lunada Bay Boys*, 2017 WL 10518023, at *10-11 (C.D. Cal. Dec. 13, 2017) report and recommendation adopted, 2018 WL 839862 (C.D. Cal. Feb. 12, 2018), aff'd, 806 F. App'x 564 (9th Cir. 2020); *Youngevity*, 2020 WL 7048687, at *5, 6.
[4] *MicroVention, Inc. v. Balt USA, LLC*, 2023 WL 7634109, at *1 (C.D. Cal. Nov. 13, 2023).
[5] *Kische USA LLC v. Simsek*, 2018 WL 620493, at *8 (W.D. Wash. Jan. 29, 2018).
[6] *First Fin.*, 2016 WL 5870218, at *7; *Youngevity*, 2020 WL 7048687, at *5 (awarding moving party's fees even though court found "insufficient evidence of intent").

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

Brian T. Goldman, NY Bar #5616891
(admitted *pro hac vice*)
Charlotte Baigent, NY Bar #5979224
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
Email: mshuster@hsgllp.com
bheidlage@hsgllp.com
sdanner@hsgllp.com
bgoldman@hsgllp.com
cbaigent@hsgllp.com

Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Plaintiff***
***Zunum Aero, Inc.***

PLAINTIFF ZUNUM AERO, INC.'S
MOTION FOR SANCTIONS - 14
No. 2:21-cv-00896-JLR

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151