UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | CASE NO. C21-0896JLR <br><br> ORDER <br><br> **PROVISIONALLY FILED UNDER SEAL** |

## I. INTRODUCTION

Before the court is Defendants the Boeing Company and Boeing HorizonX Ventures, LLC's (together, "Boeing") motion for a protective order. (Mot. (Dkt. ## 211 (sealed), 212 (redacted)).) Plaintiff Zunum Aero, Inc. ("Zunum") opposes the motion. (Resp. (Dkt. ## 240 (sealed), 238 (redacted)).) The court did not permit Boeing to file a reply brief. (*See* 12/28/23 Order (Dkt. # 193) at 2.) The court has considered the parties'

//

//

ORDER - 1

submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS in part and DENIES in part Boeing's motion.

## II.  BACKGROUND

War rages on.  According to Boeing, the latest "salvo" is Zunum's Rule 30(b)(6) deposition notice.  (Mot. at 2.)  Boeing seeks a protective order precluding five topics from that notice.  (*See id.*)

Topic 1 seeks testimony on "Boeing's Policies relating to the protection of Proprietary Information and/or the handling of Proprietary Information in effect from 2016 to 2020, and the dates these Policies were implemented and/or modified."  (1/2/24 Fursevich Decl. (Dkt. # 213) ¶ 2, Ex. 1 ("Dep. Not.") at A-6.)

Topic 4 seeks testimony on "Boeing's actual and planned expenditures on R&D and other investments in [hybrid-electric ("HE")] Initiatives by year."  (*Id.* at A-7.)

Topic 5 seeks testimony on "Boeing's investments in HE Initiatives and/or companies relating to Boeing's HE Initiatives, including, without limitation, changes that occurred as a result of the 737 Max Crisis and/or the COVID-19 Pandemic."  (*Id.* at A-8.)

Topic 6 seeks testimony on "Boeing's interactions and communications with Safran and/or UTAS relating to HE Initiatives and/or the supply of technologies relating to HE Initiatives from May 2017 to the present, including, but not limited to, meetings, correspondence, and Requests for Information or Requests for Proposals."  (*Id.*)

//

---

[1]  Both parties request oral argument.  (*See* Mot. at 1; Resp. at 1.)  The court concludes, however, that oral argument would not be helpful to its disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

Finally, Topic 8 seeks testimony on "[t]he information the Court ordered Boeing to provide concerning its document destruction practices in the Order dated November 13, 2023." (*Id.* at A-8-9.)

Boeing makes several objections to each of Zunum's requests and argues that the court should, at most, direct Zunum "to pursue this information through written discovery." (Mot. at 6.)

### III. ANALYSIS

The court sets forth the relevant legal standard before addressing Boeing's arguments in turn.

**A.   Legal Standard**

Rule 30(b)(6) depositions are governed by Federal Rule of Civil Procedure 26(b)(1). *Viet. Veterans of Am. v. CIA*, No. C 09-0037 CW (JL), 2010 U.S. Dist. LEXIS 143865, at *32 (N.D. Cal. Nov. 12, 2010); *see also Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001) ("Rule 30(b)(6) does not set its own discovery standard. Therefore, Federal Rule of Civil Procedure 26(b)(1) is the proper standard to resolve this dispute." (citation omitted)). Rule 26(b)(1) allows one party to obtain information from the other concerning "any matter nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The information sought need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence." *Hooker*, 204 F.R.D. at 126.

//

//

**B.     Topic 1**

Boeing argues that its internal policies concerning the protection and handling of information are irrelevant because "Boeing's permissible use of Zunum's information is governed by the parties' written agreements and Washington law—not Boeing's policies." (Mot. at 2 (citation omitted).) Boeing further argues that this topic is overbroad and disproportionately burdensome because "it is impossible to prepare a witness to memorize and accurately convey all of Boeing's policies on the handling of proprietary information over a four-year period." (*Id.* at 3.) Zunum argues that the topic is relevant to Boeing's alleged willful misappropriation of Zunum's trade secrets and that Boeing has failed to adequately explain the undue burden it would face in preparing a witness to answer questions directed toward this topic. (Resp. at 1-2.) The court agrees with Boeing that this information is irrelevant.

Boeing is correct that its alleged trade secret misappropriation will be determined by the parties' written agreements and Washington's Uniform Trade Secrets Act ("UTSA"), not its own internal policies. Zunum's cited cases are inapposite. Internal company policies were relevant in *Food Services of America, Inc. v. Carrington* and *United States v. Olgado* because those cases involved former employees who had violated their employers' internal policies. *See Food Services of Am., Inc. v. Carrington*, No. CV-12-00175-PHX-GMS, 2013 WL 4507593, at *1 (D. Ariz. Aug. 23, 2013) ("This case involves an employer's claims . . . against former employees."); *United States v. Olgado*, No. 17-cr-00603-BLF-2, 2022 WL 2356996, at *2 (N.D. Cal. June 30, 2022)

//

1  ("Olgado and his three codefendants were employees of Applied Materials . . . ."). Here,
2  the relevant agreements are not Boeing's internal policies but rather the parties' contracts.
3      Topic 1 is precluded.
4  **C.    Topic 4**
5      Boeing argues that its own expenditures on HE initiatives are irrelevant to the
6  value of Zunum's trade secrets. (Mot. at 4.) Boeing further argues that it could not
7  prepare a witness to "memorize and recite all details about Boeing's" expenditures
8  concerning "more than thirty supposed 'initiatives.'" (*Id.* at 3-4.) Zunum agues that such
9  expenditures are relevant because they "bear on the value of Zunum's trade secrets" and
10 "Zunum intends to prove that before exposure to Zunum, Boeing was skeptical that HE
11 planes could be viable . . . and invested almost nothing." (Resp. at 2.) "But after
12 accessing Zunum's trade secrets . . . Boeing invested (or planned to invest) hundreds of
13 millions into HE Initiatives," some of which "were staffed with Boeing engineers
14 exposed to Zunum's information." (*Id.* at 2-3.) The court agrees with Zunum that this
15 information is relevant but also agrees with Boeing that testimony concerning more than
16 30 initiatives is unduly burdensome.
17     Accordingly, Zunum may select five Boeing HE initiatives, and Boeing must
18 prepare a Rule 30(b)(6) witness to answer questions concerning Boeing's actual or
19 planned investments in those initiatives.
20 //
21 //
22 //

**D.     Topic 5**

Zunum is permitted to inquire as to whether one or more of the five Boeing HE initiatives it selects were related to the "737 Max Crisis and/or the COVID-19 Pandemic." (Dep. Not. at A-8.) Topic 5 is otherwise subsumed by Topic 4.

**E.     Topic 6**

Zunum is permitted to inquire into Boeing's interactions and communications with Safran or UTAS with respect to the five HE initiatives it selects. Topic 6 is otherwise subsumed by Topic 4.

**F.     Topic 8**

Boeing argues that it already produced the ordered written discovery into its document retention practices and that Zunum's request that Boeing prepare a Rule 30(b)(6) witness on the topic is unduly duplicative and cumulative. (Mot. at 6.) Zunum argues that "Boeing's written response is incomplete, and Zunum should be allowed to obtain the omitted information in deposition." (Resp. at 4 (citation omitted).) The court agrees with Boeing.

If Zunum believes Boeing's written production was incomplete, it should have moved to compel. Moreover, Zunum has already filed a motion for sanctions based on Boeing's alleged spoliation of evidence. (*See* Mot. for Sanctions (Dkt. ## 219 (sealed), 217 (redacted)).) It is unclear what more Zunum hopes to obtain from Boeing through further inquiry into this matter. (*See generally* Resp.)

Topic 8 is precluded.

//

## IV.  SEALING

Because this order relies on sealed materials, the court DIRECTS the Clerk to provisionally file this order under seal.  The court ORDERS the parties to meet and confer regarding which, if any, portions of this order they seek to redact.  Counsel must then submit one joint statement or, if they cannot agree on a joint statement, competing statements indicating the portions of the order they seek to have redacted and on what basis.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  The statement or statements must attach a proposed redacted order that incorporates the redactions requested in the corresponding statement.  The parties must file any such statement by no later than **January 19, 2024**.  The court will consider the parties' redaction requests, if any, and then file the order on the docket with any necessary redactions.

## V.  CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Boeing's motion for a protective order (Dkt. ## 211-12).  The parties must file either a joint statement or competing statements concerning redactions to this order as described above no later than **January 19, 2024**.  The court DIRECTS the Clerk to provisionally file this order under seal.

Dated this 12th day of January, 2024.

JAMES L. ROBART
United States District Judge