UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, et al.,<br><br>            Defendants. | CASE NO. C21-0896JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are seven motions to seal, four filed by Plaintiff Zunum Aero, Inc. ("Zunum") (Pl. 12/29/23 MTS (Dkt. # 196); 1/5/24 MTS (Dkt. # 216); 1/9/24 MTS (Dkt. # 237); 1/11/24 Am. MTS (Dkt. # 253)), and three filed by Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing") (Defs. 12/29/23 MTS (Dkt. # 194); 1/2/24 MTS (Dkt. # 209); 1/22/24 MTS (Dkt. # 263)). The court has considered the parties' submissions, the relevant portions of the record, and the governing

//

ORDER - 1

1  law. Being fully advised,[1] the court GRANTS Zunum's December 29, 2023 motion to

2  seal; GRANTS in part and DENIES in part Zunum's January 5, 2024 motion to seal,

3  January 11, 2024 amended motion to seal, and January 9, 2024 motion to seal;

4  RESERVES RULING on Boeing's December 29, 2023 motion to seal and January 2,

5  2024 motion to seal; and GRANTS in part and RESERVES RULING in part on Boeing's

6  January 22, 2024 motion to seal.

## II.  LEGAL STANDARD

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.").  The public's "right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so."  *Foltz*, 331 F.3d at 1135; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute.").  To overcome the presumption of public access, a party must file a motion that includes "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" (i) "the legitimate private or public interests that warrant the relief sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why

//

//

---

[1] Neither party requested oral argument with respect to any of the sealing motions, and the court concludes that oral argument would not be helpful to its disposition of these motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1 | a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D.
2 | Wash. LCR 5(g)(3)(B)(i)-(iii).
3 |     Two standards govern sealing motions in the Ninth Circuit. Ordinarily, "a party
4 | must show 'compelling reasons' to keep a court document under seal." *Ctr. for Auto*
5 | *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v.*
6 | *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The Ninth Circuit has
7 | "carved out an exception," however, "for sealed materials attached to a discovery motion
8 | unrelated to the merits of a case." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135). When
9 | such nondispositive motions are "only tangentially related[] to the merits of a case," "the
10 | good cause standard from Rule 26(c)" applies. *Id.* at 1097, 1099; *see also Seattle Times*
11 | *Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during
12 | pretrial discovery may be unrelated, or only tangentially related, to the underlying cause
13 | of action.").
14 |     Here, the good cause standard applies to the materials subject to sealing in
15 | Zunum's December 29, 2023 motion, Zunum's January 9, 2024 motion, Boeing's
16 | December 29, 2023 motion, and Boeing's January 2, 2024 motion. Those motions seek
17 | to seal materials attached to discovery motions unrelated to the merits of this case. The
18 | more stringent compelling reasons standard applies to the remaining motions to seal,
19 | however, because those motions seek to seal materials concerning Zunum's Rule 37(e)
20 | motion for sanctions due to alleged spoliation of evidence. (*See* Sanctions Mot. (Dkt.
21 | ## 219 (sealed), 217 (redacted)).) Zunum's Rule 37 motion is more than tangentially
22 | related to the merits of this case because the relief requested would, if granted, lead to a

ORDER - 3

presumption "for purposes of any pretrial motions filed by Boeing . . . that the destroyed evidence was unfavorable to Boeing," and instructions to the jury "that it must (or, at a minimum, may) infer that the destroyed evidence was unfavorable to Boeing." (*Id.* at 12.) Zunum's requested relief would also restrict the evidence Boeing could present at trial. (*See id.* at 13); *see also Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *3 (S.D. Cal. Mar. 2, 2023) (applying the compelling reasons standard to materials attached to a motion for sanctions due to spoliation).

To satisfy the good cause standard, the party seeking to seal materials must show that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex. rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The compelling reasons standard, however, requires the requesting party to support its argument with "specific factual findings" that demonstrate the reasons for sealing "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons sufficient to outweigh the public's interest in disclosure exist when court records might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (internal brackets and quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179).

# III. ANALYSIS

The court considers the parties' motions below.

**A.  Zunum's 12/29/23 Motion to Seal (Dkt. # 196)**

Zunum's December 29, 2023 motion seeks to seal Exhibit B to Zunum's December 29, 2023 letter to the court.  (Pl. 12/29/23 MTS at 1; *see* Ex. B to Letter (Dkt. # 200 (sealed)).)  Exhibit B contains four sets of Zunum's interrogatory responses (*see generally* Ex. B to Letter), and Zunum requests that the entire exhibit be maintained under seal because Zunum's interrogatory responses "in part reflect Zunum's confidential and proprietary business information and may reflect information Zunum learned from documents that Boeing produced in this litigation and designated confidential" (Pl. 12/29/23 MTS at 4).  Boeing does not oppose Zunum's motion.  (*See generally* Dkt.)

Upon review of Exhibit B, the court finds good cause to maintain this exhibit under seal in order to protect Zunum's sensitive business and trade secret information.  Accordingly, the court GRANTS Zunum's December 29, 2023 motion to seal.

**B.  Zunum's 1/5/24 Motion to Seal (Dkt. # 216) and 1/11/24 Amended Motion to Seal (Dkt. # 253)**

Zunum filed its January 5, 2024 and January 11, 2024 motions to seal "solely" to provide Boeing an opportunity to address whether the following should be maintained under seal:  (1) Exhibits 2, 3, 4, 5, 10, 11, 12, 12A, 13, 17, 17A, 18, 19, 20, 21, and 22 to the January 5, 2024 declaration of Scott Danner; (2) portions of Mr. Danner's January 5, 2024 declaration; and (3) portions of Zunum's motion for sanctions.  (1/5/24 MTS at 2-3; 1/11/24 Am. MTS at 2, 4; *see* 1/5/24 Danner Decl. (Dkt. ## 218 (redacted), 220 (sealed));

*id.* ¶ 6, Ex. 2 (Dkt. ## 218-2 (cover page), 221 (sealed)); *id.* ¶ 9, Ex. 3 (Dkt. # 218-3 (cover page), 222 (sealed)); *id.* ¶ 10, Ex. 4 (Dkt. ## 218-4 (cover page), 223 (sealed)); *id.* ¶ 11, Ex. 5 (Dkt. ## 218-5 (cover page), 224 (sealed)); *id.* ¶ 15, Ex. 10 (Dkt. ## 218-10 (cover page), 225 (sealed)); *id.* ¶ 17, Ex. 11 (Dkt. ## 218-11 (cover page), 226 (sealed)); *id.* ¶ 18, Ex. 12 (Dkt. ## 218-12 (cover page), 227 (sealed)); *id.* ¶ 18, Ex. 12A (Dkt. ## 218-13 (cover page), 228 (sealed)); *id.* ¶ 21, Ex. 13 (Dkt. ## 218-14 (cover page), 229 (sealed)); *id.* ¶ 34, Ex. 17 (Dkt. ## 218-18 (cover page), 230 (sealed)); *id.* ¶ 34, Ex. 17A (Dkt. ## 218-19 (cover page), 231 (sealed)); *id.* ¶ 35, Ex. 18 (Dkt. ## 218-20 (cover page), 232 (sealed)); *id.* ¶ 39, Ex. 19 (Dkt. ## 218-21 (cover page), 233 (sealed)); *id.* ¶ 44, Ex. 20 (Dkt. ## 218-22 (cover page), 234 (sealed)); *id.* ¶ 44, Ex. 21 (Dkt. ## 218-23 (cover page), 235 (sealed)); *id.* ¶ 45, Ex. 22 (Dkt. ## 218-24 (cover page), 236 (sealed)). *See generally* Sanctions Mot.)

Boeing filed a response seeking to seal Exhibits 11, 12, 12A, 18, 19, and 20 in their entirety and to file redacted versions of Exhibits 13, 17A, and 22. (1st 1/22/24 Def. Resp. (Dkt. # 259) at 2.) Boeing "takes no position as to the sealing of the remaining documents." *Id.* The court considers Boeing's arguments in turn.

First, Boeing argues that Exhibits 17A, 18, and 22 "reflect the state of Boeing's understanding of alternative aircraft propulsion and hybrid-electric aircraft technologies" and that disclosure "would reveal certain aspects of Boeing's approach to aircraft design and development and could harm Boeing's competitive position." (*Id.* at 3.) Exhibit 17A is an excerpted copy of the October 11, 2023 deposition of Kamiar Karimi. (*See generally* 1/5/24 Danner Decl. ¶ 34, Ex. 17A.) Exhibit 18 is a December 18, 2023 letter

from counsel for Zunum to counsel for Boeing discussing Boeing's productions relating to its hybrid-electric or electric aircraft programs. (*See generally id.* ¶ 35, Ex. 18.) And Exhibit 22 is an excerpted copy of the December 5, 2023 deposition of Kevin Lutke. (*See generally id.* ¶ 45, Ex. 22.) Upon review, the court finds that there are compelling reasons to maintain Exhibit 18 under seal and to allow redactions to Exhibits 17A and 22—specifically, the presence of confidential proprietary business information. *See Treehouse Avatar LLC v. Valve Corp.,* No. C17-1860RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal "proprietary technical business information that is not already in the public domain").

Second, Boeing argues that Exhibits 19 and 20 "reflect certain non-public information relating to Boeing's external investment activities" and that dissemination of this information "could harm Boeing's competitive position." (1st 1/22/24 Def. Resp. at 3.) Exhibit 19 is a slide deck prepared by Boeing discussing various market analytics and a joint venture proposal. (*See generally* 1/5/24 Danner Decl. ¶ 39, Ex. 19.) Exhibit 20 is a string of emails between various Boeing employees discussing Boeing's business portfolio and strategies. (*See generally id.* ¶ 44, Ex. 20.) Upon review, the court finds that there are compelling reasons to maintain Exhibits 19 and 20 under seal—specifically, the presence of sensitive financial information and strategy. *See Bite Tech., Inc. v. X2 Biosystems, Inc.*, No. C12-1267RSM, 2013 WL 1399349, at *2 (W.D. Wash. Apr. 5, 2013) (granting motion to seal "commercially sensitive financial information").

Finally, Boeing argues that Exhibits 11, 12, 12A, and 13 should remain under seal or be redacted "because they are internal, confidential Boeing policies regarding records

and information management, or reflect information concerning those policies" and dissemination of this information "could harm Boeing's competitive position or expose its intellectual property." (1st 1/22/24 Def. Resp. at 4.) Upon review, the court concludes that there are compelling reasons to maintain Exhibits 11, 12, and 12A under seal because they contain confidential Boeing document retention policies never intended for the public eye. (*See generally* 1/5/24 Danner Decl. ¶ 17, Ex. 11; *id.* ¶ 18, Exs. 12, 12A.) *See also Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (finding compelling reasons to seal confidential business information related to how a business operates, its internal policies, and its internal strategic business and financial decision-making). The court agrees with Boeing that Exhibit 13, which contains email exchanges between counsel about these policies, can be filed with redactions. (*See generally id.* ¶ 21, Ex. 13.)

Boeing asks the court to allow Exhibits 13, 17A, and 22 to be redacted "as proposed in Zunum's public filings" (1st 1/22/24 Def. Resp. at 5), but it appears those exhibits were not redacted and instead were filed entirely under seal (*see generally* 1/5/24 Danner Decl. ¶ 26, Ex. 13; *id.* ¶ 34, 17A; *id.* ¶ 45, Ex. 22.). Accordingly, the court GRANTS in part Zunum's January 5, 2024 and January 11, 2024 motions to seal as to all the documents except Exhibits 2, 3, 4, 5, 10, 13, 17, 17A, 21, and 22. Because Boeing takes no position as to Exhibits 2, 3, 4, 5, 10, 17, and 21, the court ORDERS that these exhibits shall be unsealed. The court DENIES in part Zunum's motions to the extent that redactions have not been agreed upon as to Exhibits 13, 17A, and 22. The court

//

ORDERS Boeing to file redacted versions of Exhibits 13, 17A, and 22 on the docket by no later than **February 5, 2024**.

C.   **Zunum's 1/9/24 Motion to Seal (Dkt. # 237)**

Zunum filed its January 9, 2024 motion to seal to provide Boeing an opportunity to address whether Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14 of its opposition to Boeing's motion for a protective order and any references or quotes to those documents in Zunum's brief should be sealed. (1/9/24 MTS at 2, 4; *see* 1/9/24 Baigent Decl. (Dkt. ## 239 (redacted), 241 (sealed)); *id.* ¶ 10, Ex. 3 (Dkt. ## 239-3 (redacted), 242 (sealed)); *id.* ¶ 10, Ex. 4 (Dkt. ## 239-4 (redacted), 243 (sealed)); *id.* ¶ 11, Ex. 5 (Dkt. ## 239-5 (redacted), 244 (sealed)); *id.* ¶ 11, Ex. 6 (Dkt. ## 239-6 (cover sheet), 245 (sealed)); *id.* ¶ 12, Ex. 7 (Dkt. ## 239-7 (cover sheet), 246 (sealed)); *id.* ¶ 12, Ex. 8 (Dkt. ## 239-8 (redacted), 247 (sealed)); *id.* ¶ 12, Ex. 9 (Dkt. ## 239-9 (redacted), 248 (sealed)); *id.* ¶ 12, Ex. 10 (Dkt. ## 239-10 (redacted), 249 (sealed)); *id.* ¶ 15, Ex. 11 (Dkt. ## 239-11 (redacted), 250 (sealed)); *id.* ¶ 15, Ex. 12 (Dkt. ## 239-12 (redacted), 251 (sealed)); *id.* ¶ 19, Ex. 14 (Dkt. ## 239-14 (redacted), 252 (sealed)); 1/9/24 Pl. Opp. (Dkt. ## 238 (redacted), 240 (sealed)).)

Boeing filed a response seeking to redact Exhibits 5, 8, 9, 10, 11, 12, and 14 and to maintain Exhibits 6, 7, and 13 under seal. (2d 1/22/24 Def. Resp. (Dkt. # 261) at 2.) Zunum, however, did not address Exhibit 13 in its motion to seal and filed that exhibit on the public docket. (*See generally* 1/9/24 MTS. *See* 1/9/24 Baigent Decl. ¶ 19, Ex. 13

//

//

(Dkt. # 239-13).)[2] Boeing takes no position on whether Exhibits 3 and 4 should be maintained under seal. (*See generally* 2d 1/22/24 Def. Resp.) The court considers Boeing's arguments in turn.

First, Boeing argues that Exhibits 5, 6, 7, 8, 11, and 12 "reflect the state of Boeing's understanding of alternative aircraft propulsion and hybrid-electric aircraft technologies" and that dissemination of this information "would reveal certain aspects of Boeing's approach to aircraft design and development and could harm Boeing's competitive position." (*Id.* at 3.) Exhibit 5 is an excerpted transcript of the October 25, 2023 deposition of Hubert Wong. (*See generally* 1/9/24 Baigent Decl. ¶ 11, Ex. 5.) Exhibit 6 is a Boeing slide deck discussing electric aircraft concepts. (*See generally id.* ¶ 11, Ex. 6.) Exhibit 7 is an email thread between Boeing employees discussing electric aircraft. (*See generally id.* ¶ 12, Ex. 7.) Exhibit 8 is an excerpted transcript of the October 27, 2023 deposition of Marty Bradley. (*See generally id.* ¶ 12, Ex. 8.) Exhibit 11 is an excerpted transcript of the October 11, 2023 deposition of Kamiar Karimi. (*See generally id.* ¶ 15, Ex. 11.) And Exhibit 12 is an excerpted transcript of the November 29, 2023 deposition of Steven Nordlund. (*See generally id.* ¶ 15, Ex. 12.) Upon review, the court agrees with Boeing that Exhibits 5, 8, 11, and 12 should be redacted per

//

---

[2] Exhibit 13 to Ms. Baigent's January 9, 2024 declaration is a letter sent from counsel for Boeing to counsel for Zunum detailing Boeing's document retention policies and discovery protocols in this case. (*See generally* 1/9/24 Baigent Decl. ¶ 19, Ex. 13.) It is the exact same document as Exhibit 11 to Mr. Danner's January 5, 2024 declaration. (*See generally* 1/5/24 Danner Decl. ¶ 17, Ex. 11.) Zunum filed Exhibit 11 to Mr. Danner's declaration under seal but Exhibit 13 without redactions. It appears this was an inadvertent error Boeing failed to recognize.

ORDER - 10

Zunum's proposals and that Exhibits 6 and 7 should be maintained under seal. Good cause exists to keep these materials from the public eye to protect Boeing's competitive position. *See Treehouse Avatar*, 2019 WL 291664, at *2.

Second, Boeing argues that Exhibits 9 and 10 should be redacted because "they reflect certain non-public information relating to Boeing's external investment activities." (2d 1/22/24 Def. Resp. at 3.) Exhibit 9 is an excerpted transcript of the September 18, 2023 deposition of Steven Shumate. (*See generally* 1/9/24 Baigent Decl. ¶ 12, Ex. 9.) Exhibit 10 is an excerpted transcript of the December 5, 2023 deposition of Kevin Lutke. (*See generally id.* ¶ 15, Ex. 11.) Upon review, the court agrees with Boeing that these exhibits should be redacted per Zunum's proposals. Good cause exists to keep these materials from the public eye to protect Boeing's sensitive financial information and strategy. *See Bite Tech*, 2013 WL 1399349, at *2.

Third, Boeing argues that Exhibit 13 should remain under seal and Exhibit 14 should be redacted because they "reflect information concerning internal, confidential Boeing policies regarding records and information management." (2d 1/22/24 Def. Resp. at 3.) Exhibit 13 is an exchange between counsel for the parties concerning Boeing's document retention policies and discovery efforts. (*See generally* 1/9/24 Baigent Decl. ¶ 19, Ex. 13.) Exhibit 14 is an email exchange concerning a discovery dispute between the parties related to Boeing's document retention policies and discovery efforts. (*See generally id.* ¶ 19, Ex. 14.) Upon review, the court agrees with Boeing that these materials should be sealed and redacted. Good cause exists to keep these materials from

//

the public eye to prevent the disclosure of Boeing's confidential document retention policies.  *See Adtrader*, 2020 WL 6387381, at *2.

Accordingly, the court GRANTS in part Zunum's January 9, 2024 motion with respect to Exhibits 5, 6, 7, 8, 11, 12, and 14.  The court further ORDERS that Exhibit 13 be sealed.  Because Boeing takes no position as to Exhibits 3 and 4, the court DENIES in part Zunum's motion and ORDERS that Exhibits 3 and 4 shall be unsealed.

D.  **Boeing's 12/29/23 Motion to Seal (Dkt. # 194)**

Boeing filed its December 29, 2023 motion to seal "solely" to provide Zunum an opportunity to address the sealing or redaction of certain portions of Boeing's December 29, 2023 letter to the court (Def. 12/29/23 MTS at 1; *see* Def. 12/29/23 Letter (Dkt. ## 197 (redacted), 201 (sealed))), and Exhibits 1, 2, 5, 6, and 7 attached to Yegor Fursevich's December 29, 2023 declaration in support thereof (*see* 12/29/23 Fursevich Decl. (Dkt. # 199) ¶ 2, Ex. 1 (Dkt. ## 199-1 (cover page), 202 (sealed)); *id.* ¶ 3, Ex. 2 (Dkt. ## 199-1 (cover page), 203 (sealed)); *id.* ¶ 6, Ex. 5 (Dkt. ## 199-1 (cover page), 204 (sealed)); *id.* ¶ 7, Ex. 6 (Dkt. ## 199-1 (cover page), 205 (sealed)); *id.* ¶ 8, Ex. 7 (Dkt. ## 199-1 (cover page), 206 (sealed)).)

Exhibit 1 is a string of emails exchanged between counsel for the parties.  (*See generally* 12/29/23 Fursevich Decl. ¶ 2, Ex. 1.)  Exhibit 2 is an excerpted transcript of the October 19, 2023 deposition of Ashish Kumar.  (*See generally id.* ¶ 3, Ex. 2.)  Exhibit 5 is a copy of Zunum's supplemental responses to Boeing's first set of interrogatories.  (*See generally id.* ¶ 6, Ex. 5.)  Exhibit 6 is an excerpted copy of Zunum's supplemental response to Boeing's second, third, and fourth sets of interrogatories.  (*See generally id.*

¶ 7, Ex. 6.)  And Exhibit 7 is a string of emails exchanged between counsel for the parties.  (*See generally id.* ¶ 8, Ex. 7.)

Zunum did not respond to Boeing's December 29, 2023 motion to seal.  (*See generally* Dkt.)  Out of caution due to the sensitive proprietary information at issue in this case, the court RESERVES RULING on Boeing's motion and ORDERS Zunum to show cause by no later than **February 7, 2024** as to why the court should not lift the seal on Boeing's letter and the exhibits filed in support thereof.  (*See generally* Def. 12/29/23 MTS.)

E.   **Boeing's 1/2/24 Motion to Seal (Dkt. # 209)**

Boeing filed its January 2, 2024 motion to seal "solely" to provide Zunum an opportunity to address whether an excerpted copy of its damages expert's report and a reference to that report in Boeing's motion for a protective order should be maintained under seal.  (Def. 1/2/24 MTS at 1; *see* Mot. for Prot. Order (Dkt. ## 211 (sealed), 212 (redacted)); 1/2/24 Fursevich Decl. (Dkt. # 210) ¶ 2, Ex. 2 (Dkt. # 214 (sealed)).)

Zunum did not respond to Boeing's January 2, 2024 motion to seal.  (*See generally* Dkt.)  Out of caution due to the sensitive proprietary information at issue in this case, the court RESERVES RULING on Boeing's motion and ORDERS Zunum to show cause by no later than **February 7, 2024** as to why the court should not lift the seal on Boeing's motion for a protective order and Exhibit 2 filed in support thereof.

F.   **Boeing's 1/22/24 Motion to Seal (Dkt. # 263)**

Boeing filed its January 22, 2024 motion to seal to:  (1) provide Zunum an opportunity to address whether Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 to Mr. Fursevich's

January 23, 2024 declaration, portions of Mr. Fursevich's January 23, 2024 declaration, and portions of Boeing's opposition to Zunum's motion for sanctions should be maintained under seal, and (2) seal certain documents containing Boeing's own sensitive information, including Exhibits 4, 7, 8, and 9 to Mr. Fursevich's January 23, 2024 declaration, portions of Mr. Fursevich's January 23, 2024 declaration, and portions of Boeing's opposition to Zunum's motion for sanctions.  (1/22/24 MTS at 2; *see* 1/22/24 Fursevich Decl. (Dkt. ## 269 (redacted), 271 (sealed)); *id.* ¶ 2, Ex. 1 (Dkt. # 269-1); *id.* ¶ 3, Ex. 2 (Dkt. # 269-1); *id.* ¶ 4, Ex. 3 (Dkt. ## 269-1 (cover page); 271-1 (sealed)); *id.* ¶ 5, Ex. 4 (Dkt. ## 269-1 (cover page), 271-2 (sealed)); *id.* ¶ 6, Ex. 5 (Dkt. ## 269-1 (cover page), 271-3 (sealed)); *id.* ¶ 7, Ex. 6 (Dkt. # 269-1); Ex. 7[3] (Dkt. ## 269-1 (cover page), 271-4 (sealed)); Ex. 8 (Dkt. ## 269-1 (cover page), 271-5 (sealed)); *id.* ¶ 16, Ex. 9 (Dkt. ## 269-1 (cover page), 271-6 (sealed)); Boeing Opp. (Dkt. ## 269 (redacted), 270 (sealed)).)

Boeing publicly filed Exhibits 1, 2, and 6 despite recognizing in its motion that these materials were potentially Zunum confidential under the terms of the protective order.  (*See generally* Public Exs. to Fursevich Decl. (Dkt. # 269-1).  *See* 1/22/24 MTS at 2.)  Zunum did not respond to Boeing's motion.  (*See generally* Dkt.)  The court considers Boeing's arguments below.

First, Boeing argues that Exhibits 4, 7, and 8 "reflect the state of Boeing's understanding of alternative aircraft propulsion and hybrid-electric aircraft technologies"

---

[3] In his declaration, Mr. Fursevich does not attest to the authenticity of Exhibits 7 and 8, nor does he otherwise address these exhibits.. (*See generally* 1/22/24 Fursevich Decl.)

and that dissemination of this information "would reveal certain aspects of Boeing's approach to aircraft design and development and could harm Boeing's competitive position." (1/22/24 MTS at 4.) Exhibit 4 is an excerpted transcript of the November 29, 2023 deposition of Steven Nordlund. (*See generally* 1/22/24 Fursevich Decl. ¶ 5, Ex. 4.) Exhibit 7 is a Boeing slide deck discussing various Boeing ventures, market analyses, and technologies. (*See generally id.* Ex. 7.) And Exhibit 8 is an email exchange between Boeing employees discussing Boeing's electric propulsion projects. (*See generally id.* Ex. 8.) Upon review, the court concludes that there are compelling reasons to maintain Exhibits 7 and 8 under seal in their entirety, as these exhibits contain highly confidential discussions of proprietary Boeing investments and technologies. *See Treehouse Avatar*, 2019 WL 291664, at *2. Exhibit 4, however, can be filed with redactions, just as the court previously ordered with respect to Zunum's January 9, 2024 motion to seal. *See supra* § III(C) (ordering redactions to excerpts from the same deposition of Mr. Nordlund).

Second, Boeing argues that Exhibit 9 should be maintained under seal because it reflects "internal, confidential Boeing policies regarding records and information management." (1/22/24 MTS at 5.) Exhibit 9 is an email exchange between counsel for the parties discussing Boeing's document retention policies and discovery procedures. (*See generally* 1/22/24 Fursevich Decl. ¶ 16, Ex. 9.) Upon review, the court finds compelling reasons to maintain this information under seal to prevent the disclosure of Boeing's confidential document retention policies. *See Adtrader*, 2020 WL 6387381, at *2.

Accordingly, the court GRANTS in part Boeing's January 22, 2024 motion to seal and ORDERS that Exhibit 4 shall be redacted and Exhibits 7, 8, and 9 shall be maintained under seal. Boeing shall file a redacted version of Exhibit 4 by no later than **February 5, 2024**. Because Zunum did not respond to Boeing's motion, and out of caution due to the sensitive and proprietary nature of this dispute, the court RESERVES RULING on the portions of Boeing's motion related to Exhibits 1, 2, 3, 5, and 6. The court notes that Exhibits 1, 2, and 6 are currently available on the public docket. Accordingly, the court ORDERS Zunum to SHOW CAUSE by no later than **February 7, 2024** as to why the court should not maintain Exhibits 1, 2, and 6 on the public docket and lift the seal on Exhibits 3 and 5.

## IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Zunum's December 29, 2023 motion to seal (Dkt. # 196) is GRANTED;

2. Zunum's January 5, 2024 motion to seal (Dkt. # 216), January 11, 2024 amended motion to seal (Dkt. # 253), and January 9, 2024 motion to seal (Dkt. # 237) are GRANTED in part and DENIED in part;

3. The court RESERVES RULING on Boeing's December 29, 2023 motion to seal (Dkt. # 194) and Boeing's January 2, 2024 motion to seal (Dkt. # 209);

4. The court GRANTS in part and RESERVES RULING in part on Boeing's January 22, 2024 motion to seal (Dkt. # 263);

5. Zunum is ORDERED to SHOW CAUSE by no later than **February 7, 2024** as to why the court should not (1) lift the seal on Docket Nos. 201, 202, 203, 204,

205, 206, 211, 214, 271-1, and 271-3, and (2) maintain as public Docket No. 269-1, which contains Exhibits 1, 2, and 6 to Mr. Fursevich's January 22, 2024 declaration (*see supra* III(F)).

    6. Boeing is ORDERED to file redacted versions of Docket Nos. 229, 231, 236, and 271-2 by no later than **February 5, 2024**;

    7. The Clerk is DIRECTED to UNSEAL Docket Nos. 221, 222, 223, 224, 225, 230, 235, 242, and 243; and

    8. The Clerk is DIRECTED to SEAL Docket No. 239-13.

Dated this 31st day of January, 2024.

JAMES L. ROBART
United States District Judge