UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC.,<br><br>                     Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, et al.,<br><br>                     Defendants. | CASE NO. C21-0896JLR<br><br>ORDER<br><br>**PROVISIONALLY FILED<br>UNDER SEAL** |

## I.   INTRODUCTION

Before the court is Plaintiff Zunum Aero, Inc.'s ("Zunum") motion for sanctions. (Mot. (Dkt. ## 218 (redacted), 219 (sealed), 254 (amended redacted)); Reply (Dkt. ## 273 (redacted), 274 (sealed)).)  Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing") oppose the motion.  (Resp. (Dkt. ## 265 (redacted), 270 (sealed)).)  The court has considered the parties' submissions, the relevant

//

//

1    portions of the record, and the governing law.  Being fully advised,[1] the court DENIES

2    Zunum's motion.

## II.    BACKGROUND

4            Zunum's motion for sanctions is the culmination of a months-long dispute over

5    Boeing's alleged spoliation of evidence.  In September 2023, Zunum moved to compel

6    responses to certain "document preservation requests" after Boeing admitted to deleting

7    some of its former employees' electronically stored information ("ESI")[2] and Zunum

8    identified "suspicious gaps" in Boeing's productions for other custodians.  (MTC (Dkt.

9    ## 145 (sealed), 186 (unredacted)) at 5, 8.)  The court granted in part Zunum's motion to

10   compel, finding Boeing's explanations for the destruction of ESI "at the very least,

11   concerning," especially because Boeing sent Zunum a letter in December of 2019

12   threatening to sue over Zunum's failure to repay $10,214,948.67 in promissory notes, but

13   Boeing then failed to implement any sort of litigation hold.  (11/13/23 Order (Dkt. # 187)

14   at 3 (citing 9/19/23 Danner Decl. (Dkt. # 146) ¶ 62, Ex. 32 (Dkt. # 161 (sealed))).)

15          The court ordered Boeing to:  (1) describe and produce its relevant document

16   preservation policies applicable to the ESI of Shailesh Atreya, Russell Higgins, John

17   Langford, Mark Liffring, Mithra Sankrithi, Logan Jones, Greg Hyslop, and Michael

18   Sinnett; (2) identify the number of documents it collected for Mr. Jones, Mr. Hyslop, and

---

[1]  Both parties request oral argument.  (*See* Mot. at 1; Resp. at 1.)  The court concludes,
however, that oral argument would not be helpful to its disposition of this motion.  *See* Local
Rules W.D. Wash. LCR 7(b)(4).

[2]  ESI consists of any data stored in a digital format.  It includes, among other things,
electronic documents and files, such as emails, text messages, Word documents, digital
presentations, spreadsheets, and videos.

1    Mr. Sinnett by month and year; (3) describe its deduplication process and produce

2    metadata sufficient to demonstrate which of Mr. Jones's, Mr. Hyslop's, and Mr. Sinnett's

3    documents Boeing processed for multiple custodians; (4) identify the litigation holds it

4    implemented as a result of or in anticipation of litigation with Zunum; (5) identify the

5    dates and circumstances under which it destroyed documents belonging to Mr. Atreya,

6    Mr. Higgins, Mr. Langford, Mr. Liffring, Mr. Sankrithi, and Mr. Jones; (6) identify the

7    dates of all litigation holds to which it subjected these employees; and (7) state whether

8    any of Mr. Hyslop's or Mr. Sinnett's documents from June 2016 to November 2018 were

9    destroyed and, if so, describe the circumstances of that destruction and produce any

10   relevant document preservation policies that did or did not allow for it.  (*Id.* at 8-9.)

11          Boeing largely complied.  On December 18, 2023, it sent Zunum a response to the

12   court's order, but it did not fully respond to each inquiry.  (*See generally* 1/5/24 Danner

13   Decl. (Dkt. ## 218 (redacted), 220 (sealed)) ¶ 17, Ex. 11 ("12/18/23 Fursevich Letter")

14   (Dkt. ## 218-11 (cover page), 226 (sealed)).)  For example, Boeing did not provide a

15   breakdown of documents collected for Mr. Jones, Mr. Hyslop, and Mr. Sinnett by month

16   and year (*see id.* at 3), could not identify the precise dates it destroyed its former

17   employees' ESI (*see id.* at 4-5), and could not determine whether Mr. Hyslop or Mr.

18   Sinnett deleted relevant documents between June 2016 and November 2018 (*see id.* at 6).

19   Zunum maintains that Boeing did not sufficiently respond to the court's order (*see, e.g.*,

20   1/9/24 Brief (Dkt. # 238) at 4), but it failed to timely file a motion to compel (*see* 1/12/24

21   Order (Dkt. # 256) at 6).

22   *//*

1    On January 5, 2024, Zunum filed the present motion for sanctions.  (*See generally*

2  Mot.)  The motion concerns all eight individuals named above plus Aaron

3  Vanlandingham and Drake Berglund (collectively, the "Boeing Employees").  Zunum

4  maintains that Boeing engaged in "the wholesale and/or selective destruction of the ESI

5  of at least ten key witnesses" and seeks sanctions under Federal Rule of Civil Procedure

6  37(e)(1) and Rule 37(e)(2).  (*Id.* at 8-13.)  Boeing maintains that it (1) preserved three of

7  the Boeing Employees' ESI, (2) "was not under any duty to preserve" the remaining

8  Boeing Employees' ESI, and (3) did not prejudice Zunum.  (Resp. at 8, 10-11.)

9                                  **III.    ANALYSIS**

10    The court provides the relevant legal standard before turning to the parties'

11  arguments.

12  **A.    Legal Standard**

13    Pursuant to Rule 37(e), a party seeking sanctions for spoliation of ESI must show

14  by a preponderance of the evidence that (1) the information qualifies as ESI; (2) the ESI

15  is "lost" and "cannot be restored or replaced through additional discovery"; (3) the

16  responding party was under a duty to preserve the ESI; and (4) the responding party

17  "failed to take reasonable steps to preserve it."  Fed. R. Civ. P. 37(e); *see Morehead v.*

18  *City of Oxnard*, No. CV 2:21-cv-07689-SPG-ADSx, 2023 WL 8143973, at \*4 (C.D. Cal.

19  Oct. 4, 2023) ("[D]istrict courts in this Circuit apply a preponderance of the evidence

20  standard in making findings to determine whether to impose spoliation sanctions under

21  Rule 37(e).").

22  //

ORDER - 4

"[I]f spoliation is proven, the burden shifts to the spoliating party to prove the lost information is not prejudicial." *Bungie, Inc. v. AimJunkies.com*, No. C21-0811TSZ, 2023 WL 7184427, at *3 (W.D. Wash. Nov. 1, 2023) (quoting *Youngevity Int'l v. Smith*, No. 3:16-cv-704-BTM-JLB, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020)). Sanctions may not issue absent a finding of prejudice. *See id.* But if the court does find prejudice, it must then determine whether the spoliating party acted "with the intent to deprive." Fed. R. Civ. P. 37(e)(2). If the spoliating party *did not* act with the intent to deprive, the court may issue sanctions "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). But if the spoliating party *did* act with the intent to deprive, the court may "presume that the lost information was unfavorable to the [spoliating] party," "instruct the jury that it may or must presume the information was unfavorable to the party," or "dismiss the action or enter default judgment." Fed. R. Civ. P. 37(e)(2)(A)-(C).

**B.    Zunum's Initial Burden**

The parties agree that the discovery at issue is ESI. (*See* Mot. at 5; Resp. at 7.) The court addresses the remaining three elements in turn.

1.    Lost and Irreplaceable ESI

Zunum must first show that the Boeing Employees' ESI is "lost" and "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Zunum argues that this element is "readily met" with respect to all ten Boeing Employees. (Mot. at 7.) Boeing does not dispute that it deleted seven of the Boeing Employees' ESI, but it argues that it preserved Mr. Hyslop's, Mr. Sinnett's, and Mr. Karimi's ESI and that "Zunum has failed to present any evidence to the contrary." (Resp. at 8; *see id.* at 5-6.) As to Mr.

1  Hyslop's and Mr. Sinnett's ESI, the court agrees with Zunum.  As to Mr. Karimi's ESI,

2  the court agrees with Boeing.

3         With respect to Mr. Hyslop's and Mr. Sinnett's ESI, the preponderance of the

4  evidence favors an inference of document destruction.  Zunum previously identified

5  "suspiciously-timed gaps" in Mr. Hyslop's and Mr. Sinnett's productions (Mot. at 2) and

6  informed the court that Boeing produced essentially zero emails from either custodian

7  dated between mid-2016 and October 2018 (MTC at 3; *see also* 9/19/23 Danner Decl.

8  ¶ 30, Ex. 19 (Dkt. ## 146-19 (cover page), 155 (sealed)) at 3-4 (letter telling Boeing that

9  Zunum "know[s]" Mr. Hyslop's and Mr. Sinnett's emails "once existed, because we see a

10  smattering of them produced from other custodians' files")).  The court found these gaps

11  concerning and ordered Boeing to "identify the number of documents collected . . . by

12  month and year" for Mr. Hyslop and Mr. Sinnett to determine whether the gaps were the

13  innocent result of Boeing's deduplication efforts.  (11/13/23 Order at 8-9.)  Boeing failed

14  to do so.  (1/5/24 Danner Decl. ¶ 22.)  Accordingly, Boeing cannot now play the

15  deduplication card.  (*See* Resp. at 5.)  Moreover, Boeing does not deny that Mr. Hyslop

16  and Mr. Sinnett destroyed documents.  (*See generally* Resp.)  To the contrary, Boeing

17  argues that the production gaps are "likely due to Hyslop's and Sinnett's routine, pre-hold

18  email hygiene practices."  (*Id.* at 5; *see also* Hyslop. Decl. (Dkt. # 268) ¶ 2 ("[I]t was

19  common for me to engage in routine email hygiene practices during that time period,

20  such as deleting spam emails or emails that I deemed unnecessary to retain for my duties

21  and responsibilities at Boeing.")); Sinnett Decl. (Dkt. # 266) ¶ 3 (same).)  Zunum has

22  //

1    therefore met its burden of showing that Mr. Hyslop and Mr. Sinnett permanently

2    destroyed ESI during mid-2016 through October 2018.

3            Zunum has failed, however, to meet its burden with respect to Mr. Karimi's ESI.

4    Zunum argues that Mr. Karimi's custodial files "omit key emails showing that he

5    possessed and disseminated Zunum's proprietary documents to his team of engineers."

6    (Mot. at 11.)  Boeing responds that it already produced all of the alleged missing

7    documents.  (Resp. at 5-6.)  Zunum does not respond to this argument or mention Mr.

8    Karimi at all in its reply brief.  (*See generally* Reply.)  The court therefore concludes that

9    Zunum has failed to meet its burden with respect to Boeing's alleged destruction of Mr.

10   Karimi's documents.  *See Nguyen v. Nissan N. Am. Inc.*, 487 F. Supp. 3d 845, 857 (N.D.

11   Cal. Sept. 13, 2020) (holding that a party's failure to respond to an argument on reply

12   constitutes abandonment).

13           In sum, Zunum has met its burden on this element with respect to nine of the ten

14   Boeing Employees' ESI at issue.  The court next determines whether Boeing had a duty

15   to preserve those documents.

16           2.    Duty to Preserve

17           The court already determined that Boeing's December 2019 threat to sue Zunum

18   over its failure to repay promissory notes "established" that litigation over those

19   promissory notes "was reasonably foreseeable as of December 2019," triggering

20   Boeing's duty to preserve evidence that it knew or should have known could be relevant

21   to future litigation over those claims.  (11/13/23 Order at 7 (quoting *Karma Auto. LLC v.*

22   *Lordstown Motors Corp.*, No. 8:20-cv-02104-JVS-DFMx, 2021 WL 4691908, at *2

1  (C.D. Cal. Sept. 16, 2021)).)  The court must still consider, however, whether Zunum has

2  met its burden to establish that Boeing was under a duty to preserve each Boeing

3  Employee's ESI at the time of destruction.  The court concludes that Zunum has done so

4  only with respect to the ESI of Mr. Jones, Mr. Higgins, and Mr. Vanlandingham.

5       "[T]he duty to preserve evidence is triggered when a party knows or reasonably

6  should know that the evidence may be relevant to pending or future litigation." *E.E.O.C.*

7  *v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012).  This "is an

8  objective standard that asks 'whether a reasonable party in the same factual

9  circumstances would have reasonably foreseen litigation.'"  *Bungie*, 2023 WL 7184427,

10  at *4 (quoting *Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995, 1013 (D. Ariz.

11  2021)).  Litigation is reasonably foreseeable upon "the receipt of a demand letter, a

12  request for evidence preservation, a threat of litigation, or a decision to pursue a claim."

13  *Stevenson v. City & Cnty. of San Francisco*, No. C-11-4950 MMC, 2015 WL 6177363, at

14  *4 (N.D. Cal. Oct. 21, 2015) (quoting *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab.*

15  *Litig.*, 299 F.R.D. 502, 512 (S.D.W.V. 2015)).

16       When one party puts the other on notice through a request, demand letter, threat,

17  or complaint, the duty to preserve attaches only to those claims "reasonably

18  encompassed" by the communication.  *Complete Ent. Res. LLC v. Live Nation Ent., Inc.*,

19  No. CV 15-9814-DSF (AGRx), 2016 WL 11785092, at *3 (C.D. Cal. Nov. 10, 2016)

20  (limiting the duty to preserve to the "subject matter of [the] letter"); *see also Valspar*

21  *Corp. v. Millennium Inorganic Chems., Inc.*, No. 13-cv-3214(ADM/LIB), 2016 WL

22  6902459, at *5 (D. Minn. Jan. 20, 2016) ("Valspar's duty to preserve evidence with

1    regard to the Defendant's counterclaims against it did not arise until . . . Defendant

2    actually proposed amending its answer to assert those counter claims.").  The duty to

3    preserve therefore "does not extend to every bit of ESI in a defendant's possession";

4    rather, it "is limited to evidence likely to be relevant to a claim or defense as to which

5    litigation is reasonably foreseeable."  *Best Label Co. v. Custom Label & Decal, LLC*, No.

6    19-cv-03051-SI (VKD), 2022 WL 1525301, at *4 (N.D. Cal. May 13, 2022).

7         The court considers Boeing's duty to preserve with respect to each Boeing

8    Employee's destroyed ESI below.

9         ***Langford.***  Mr. Langford departed Boeing subsidiary Aurora Flight Sciences in

10   January 2020.  (1/22/24 Fursevich Decl. (Dkt. ## 269 (redacted), 271 (sealed)) ¶ 26.)

11   Pursuant to Boeing's standard document retention practices, Boeing erased Mr.

12   Langord's ESI "shortly after" his departure.  (10/2/23 Hunter Decl. (Dkt. # 168) ¶ 5.)

13   Although Boeing destroyed Mr. Langford's documents sometime after threatening to sue

14   Zunum over its failure to repay promissory notes, Zunum presents no evidence that Mr.

15   Langford had anything to do with those promissory notes (*see generally* Mot.; 1/5/24

16   Danner Decl.), and, according to Boeing, Mr. Langford did not have "any involvement in

17   the issuance of the Promissory Notes" (*see* Resp. at 9 n.4 (stating that Mr. Jones was the

18   only one of the Boeing Employees involved in the promissory notes)).  The court

19   therefore concludes that Boeing had no duty to preserve Mr. Langford's ESI in

20   connection with potential litigation over the promissory notes.

21        The court is not persuaded by Zunum's argument that Boeing was under a separate

22   duty to preserve Mr. Langford's ESI in December 2019 in connection with Zunum's

1  trade secret claims due to Zunum's "threats" to sue Boeing.  (Mot. at 5 (arguing that

2  "Boeing's misuse of Zunum's information was front and center as of December 2019 by

3  virtue of Zunum's threats to sue Boeing").)  None of the communications Zunum cites

4  amount to a threat to sue Boeing over trade secret misuse.  (*See* 9/19/23 Danner Decl.

5  ¶ 63, Ex. 33 (Dkt. ## 146-33 (cover page), 162 (sealed)) at 2 (12/30/19 response to

6  Boeing letter re:  promissory notes, accusing Boeing of committing "prior hostile acts"

7  and causing "tremendous[]" "harm" to Zunum but containing no allegations related to

8  trade secret misuse); *id.* ¶ 64, Ex. 34 (Dkt. # 146-34) at ZUNUM-17695 (1/5/18 email

9  from Zunum founder to Mr. Jones with a "draft" response to another Boeing employee

10  that was "far from ready" to send, stating that Zunum is "in early stages of consulting

11  legal counsel on . . . whether it is appropriate for Boeing to take designs . . . to

12  conversations with 3rd parties"); *id.* ¶ 65, Ex. 35 (Dkt. # 146-35) at ZUNUM-016747

13  (April 2018 email exchange between Zunum and Boeing addressing "concerns regarding

14  . . . IP leakage"); *id.* ¶ 66, Ex. 36 (Dkt. # 163 (sealed)) at BOEING-000206720 (10/20/18

15  internal Boeing email concerning Zunum's request to set up a call about investors,

16  speculating that "[i]f [Zunum] decides to sue for something in the future . . . there could

17  be an accusation that we bankrupted Zunum to get the IP"[3]).)

18  //

19  //

20
21  [3]  Exhibit 36 appears relevant in that it shows a Boeing executive speculating as to future
litigation over Zunum's intellectual property in 2018, but Zunum cites this internal Boeing email
22  solely for the proposition that it constitutes a "threat[]" by Zunum "to sue Boeing," which it
plainly does not.  (Mot. at 5); *see also Greenwood v. F.A.A.*, 28 F.3d 971, 997 (9th Cir. 1994)
(stating that the Court "will not manufacture arguments for" a party).

1    Boeing's duty to preserve ESI related to Zunum's trade secret claims therefore

2    arose, at the earliest, when Zunum filed its lawsuit on November 23, 2020. (*See* Removal

3    Not. (Dkt. # 1) at 2.)  Accordingly, Zunum has failed to meet its burden to show that

4    Boeing was under a duty to preserve Mr. Langford's documents in or around January

5    2020.

6    **Atreya.**  Mr. Atreya departed Boeing in May 2020—at which point Boeing had a

7    duty to preserve ESI related to the promissory notes, but not ESI related to Zunum's trade

8    secret claims.  (1/22/24 Fursevich Decl. ¶ 22.)  Pursuant to Boeing's standard retention

9    practices, Boeing erased Mr. Atreya's ESI "shortly after" his departure.  (10/2/23 Hunter

10   Decl. ¶ 5.)  Zunum presents no evidence that Mr. Atreya had anything to do with the

11   promissory notes (*see generally* Mot.; 1/5/24 Danner Decl.), and, according to Boeing,

12   Mr. Atreya did not have "any involvement in the issuance of the Promissory Notes" (*see*

13   Resp. at 9 n.4 (stating that Mr. Jones was the only one of the Boeing Employees involved

14   in the promissory notes)).  Accordingly, Zunum has failed to meet its burden to show that

15   Boeing was under a duty to preserve Mr. Atreya's documents in or around May 2020.

16   **Jones.**  Mr. Jones departed Boeing in June 2020—after Boeing's duty arose in

17   connection with the promissory notes, but before Zunum asserted its trade secret claims.

18   (1/22/24 Fursevich Decl. ¶ 25.)  Although Boeing's standard practice would have resulted

19   in the deletion of Mr. Jones's files shortly after his departure, Boeing was able to retrieve

20   "some," but not all, of his ESI "due to vendor delays as a result of the COVID-19

21   pandemic."  (10/2/23 Hunter Decl. ¶ 9.)  Further, Boeing admits that Mr. Jones "had . . .

22   involvement in the issuance of the Promissory Notes."  (Resp. at 9 n.4.)  The court

1    therefore concludes that Boeing destroyed some of Mr. Jones's ESI while under an

2    obligation to preserve it.

3        ***Sankrithi.***  Mr. Sankrithi also departed Boeing in June 2020.  (1/22/24 Fursevich

4    Decl. ¶ 24.)  Pursuant to Boeing's standard retention practices, Boeing erased his ESI

5    "shortly after" his departure.  (10/2/23 Hunter Decl. ¶ 5.)  Zunum presents no evidence

6    that Mr. Sankrithi had anything to do with the promissory notes (*see generally* Mot.;

7    1/5/24 Danner Decl.), and, according to Boeing, Mr. Sankrithi did not have "any

8    involvement in the issuance of the Promissory notes" (*see* Resp. at 9 n.4 (stating that Mr.

9    Jones was the only one of the Boeing Employees involved in the promissory notes)).

10   Accordingly, Zunum has failed to meet its burden to show that Boeing was under a duty

11   to preserve Mr. Sankrithi's documents in or around June 2020.

12       ***Higgins.***  Mr. Higgins departed Boeing on Thursday, November 19, 2020, four

13   calendar days before Zunum filed this lawsuit the following Monday.  (*See* 12/18/23

14   Fursevich Letter at 5; Removal Not. at 2.)  Boeing is unable to determine the exact date

15   on which Mr. Higgins's files were deleted, but it typically deletes files "within 30 days

16   following [a] former employee's departure."  (12/18/23 Fursevich Letter at 4.)  Mr.

17   Higgins was a Boeing engineer "who was trained on Boeing's [hybrid-electric] aircraft

18   design software."  (1/5/24 Danner Decl. ¶ 40.)  According to Zunum, Mr. Higgins "[a]t

19   one point . . . asked for . . . information on Zunum and received materials on Boeing's

20   replica thin-haul project."  (*Id.* ¶ 6, Ex. 2 at 5.)  His ESI therefore contained at least some

21   documents relevant to Zunum's trade secret claims.

22   *//*

1   Boeing argues that it had no duty to preserve Mr. Higgins's ESI because Zunum

2   failed to even mention him before July 2023.  (Resp. at 6.)  As another court has put it,

3   however, "[t]his position is nonsense" because "[t]he very purpose of the duty to

4   preserve, is to protect potentially relevant material so it is available for production when

5   and if the opposing party requests that material."  *In re Pradaxa (Dabigatran Etexilate)*

6   *Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 6486921, at *12 (S.D. Ill.

7   Dec. 9, 2013), *rescinded on other grounds sub nom. In re Petition of Boehringer*

8   *Ingelheim Pharms., Inc.*, 745 F.3d 216 (7th Cir. 2014).

9   The court therefore concludes that Zunum has met its burden with respect to Mr.

10  Higgins.  Boeing had a duty to preserve his ESI in connection with Zunum's trade secret

11  claims.  And given Boeing's typical 30-day window for document destruction, coupled

12  with the timing of Zunum's lawsuit just two business days after Mr. Higgins's departure,

13  it is highly likely that Boeing destroyed Mr. Higgins's ESI while under a duty to preserve

14  it.

15  ***Vanlandingham.***  Mr. Vanlandingham took a leave of absence from Boeing in

16  July 2021 (1/22/24 Fursevich Decl. ¶ 28), approximately eight months after Zunum filed

17  this lawsuit.  Pursuant to internal policy, Boeing "wiped" Mr. Valandingham's ESI 180

18  days after he took leave.  (1/22/24 Hunter Decl. (Dkt. # 267) ¶ 13.)  At that time, Boeing

19  had not subjected Mr. Vanlandingham's ESI to a litigation hold.  (1/22/24 Hunter Decl.

20  ¶ 13.)  Zunum asserts that Mr. Vanlandingham played a "role in the BHE-11 technical

21  deep dive," a "competing Boeing initiative[] at issue in this litigation."  (1/5/24 Danner

22  Decl. ¶ 47.)  In its first amended complaint, Zunum accuses Boeing of "developing the

BHE-11 using Zunum's trade secrets." (1st Am. Compl. (Dkt. # 1-1) ¶ 547.) Boeing

does not dispute Mr. Vanlandingham's connection to Zunum's trade secret claims but

again blames Zunum, arguing that "Zunum never mentioned Vanlandingham as someone

with potentially relevant information until November 2022." (Resp. at 7.) The court

rejects this argument for the same reason it did so with respect to Mr. Higgins's ESI.

Boeing should have identified Mr. Vanlandingham's files as potentially relevant to

pending litigation before destroying those documents. Accordingly, Zunum has met its

burden with respect to Boeing's duty to preserve Mr. Vanlandingham's ESI.

   **Berglund.** Mr. Berglund departed Boeing in August 2023. (1/22/24 Fursevich

Decl. ¶ 27.) Boeing deleted his ESI shortly thereafter because, just like Mr.

Vanlandingham, his files were not subjected to any litigation hold at that time. (1/22/24

Hunter Decl. ¶ 12.) According to Zunum, Mr. Berglund "was a Strategy Analyst who

developed and led HorizonX strategy development and market engagement" and

"authored a document titled 'Zunum Path Forward' for Boeing NeXt in August 2018."

(1/5/24 Danner Decl. ¶ 39 (quoting *id.* ¶ 39, Ex. 19 (Dkt. ## 218-21 (cover page), 233

(sealed))).) Boeing argues that it "had no reason to believe Berglund's files were

potentially relevant to this litigation" because Zunum failed to "ever" request his

documents and now, for the first time, "claims that Boeing should have known about

[his] purported relevance because he worked for HorizonX and is listed on the metadata

of a *single document* called 'Zunum Path Forward.'" (Resp. at 6-7, 11.) Boeing further

argues that Zunum "is unable to articulate *why* the document is relevant." (*Id.* at 7.) The

court agrees. Zunum fails to articulate why this document or any others that might have

1   been contained in Mr. Berglund's files are relevant to Zunum's claims.  (*See generally*

2   Mot.; Reply.)  *See also Kay Beer Distrib., Inc. v. Energy Brands, Inc.*, No. 07-C-1068,

3   2009 WL 1649592, at *4 (E.D. Wis. June 10, 2009) ("Not every email or other

4   electronically stored document that bears some variation of [a party's] name is relevant or

5   is reasonably calculated to lead to the discovery of relevant evidence.").  Accordingly,

6   Zunum has failed to meet its burden to show that Boeing was under a duty to preserve

7   Mr. Berglund's documents in or around August 2023.

8       ***Hyslop and Sinnett.***  Mr. Hyslop departed Boeing in June 2023, and Mr. Sinnett is

9   still an employee.  (12/18/23 Fursevich Letter at 5.)  The court already determined that

10  these individuals likely deleted relevant ESI (*see supra* § III(A)(1)); the court must now

11  determine whether they did so in violation of Boeing's duty to preserve evidence.

12  Zunum does not argue that Mr. Hyslop and Mr. Sinnett possessed information relevant to

13  the promissory notes (*see generally* Mot; 1/5/23 Danner Decl.), and, according to Boeing,

14  they did not have "any involvement in the issuance of the Promissory Notes" (*see* Resp.

15  at 9 n.4 (stating that Jones was the only one of the Boeing Employees involved in the

16  promissory notes)).  Accordingly, the relevant duty to preserve arose on November 23,

17  2020, when Zunum filed this lawsuit.  Both Mr. Hyslop and Mr. Sinnett were subjected

18  to a litigation hold related to this lawsuit beginning on December 10, 2020 (*see* 12/18/23

19  Fursevich Letter at 4-5), and the court has no reason to doubt that they "have always

20  complied with such document preservation requirements" (Sinnett Decl. ¶ 4; Hyslop

21  Decl. ¶ 3).  Moreover, neither employee recalls "deleting any specific email files . . .

22  between June 2016 and November 2018," nor do they "recall deleting any emails,

1  documents, or other records relating to [Zunum] at any point."  (Sinnett Decl. ¶ 3; Hyslop

2  Decl. ¶ 2.)

3      The most likely explanation based on the evidence provided is that Mr. Sinnett and

4  Mr. Hyslop deleted emails related to Zunum while clearing out their inboxes before they

5  were subjected to a litigation hold or before Zunum filed this lawsuit.  The court cannot

6  conclude that Zunum has established by a preponderance of the evidence that Mr. Sinnett

7  or Mr. Hyslop destroyed relevant ESI after Boeing's duty to preserve arose.  Zunum has

8  therefore failed to meet its burden with respect to Boeing's duty to preserve Mr. Hyslop's

9  and Mr. Sinnett's ESI.

10      3.    Reasonable Steps to Preserve ESI

11      Having found that Boeing destroyed Mr. Jones's, Mr. Higgins's, and Mr.

12  Vanlandingham's ESI in violation of a duty to preserve, the court must next determine

13  whether Boeing acted reasonably.  The burden remains on Zunum to show that Boeing

14  failed to take reasonable steps to preserve the ESI, and the court concludes that Zunum

15  has met its burden.

16      Once a party is or should be aware of its duty to preserve ESI in anticipation of

17  litigation, it must take reasonable steps to preserve it.  *See* Fed. R. Civ. P. 37(e).  The

18  party is "required to suspend any existing policies related to deleting or destroying files

19  and preserve all relevant documents related to the litigation."  *Colonies Partners L.P. v.*

20  *Cnty. of San Bernardino*, No. 5:18-cv-00420-JGB (SHK), 2020 WL 1496444, at *8 (C.D.

21  Cal. Feb. 27, 2020) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 991

22  (N.D. Cal. 2012)).  A litigation hold is often "the most appropriate mechanism to ensure

1  potentially relevant documents and information are not lost deliberately or

2  unintentionally." *Id.*

3         Boeing failed to take reasonable steps to preserve the ESI of Mr. Jones, Mr.

4  Higgins, and Mr. Vanlandingham while under a duty to do so.  Boeing did not implement

5  any sort of litigation hold with respect to these employees, if at all, until late 2020 (*see*

6  12/18/23 Fursevich Letter at 5)—approximately one year after threatening to sue Zunum

7  over its failure to repay the promissory notes.  By the time Boeing implemented the

8  November 11, 2020 hold as to Mr. Jones (*id.*), it was too late to save all of his data (*see*

9  10/2/23 Hunter Decl. ¶ 9).  Moreover, Boeing failed to add Mr. Higgins's and Mr.

10  Vanlandingham's ESI to any sort of litigation hold after Zunum filed its lawsuit.

11  (12/18/23 Fursevich Letter at 5 (Higgins); 1/22/24 Hunter Decl. ¶ 13 (Vanlandingham).)

12  In sum, Boeing failed to issue litigation hold notices to preserve ESI from the three

13  employees who may have had relevant information after Zunum filed this lawsuit.

14  Boeing therefore failed to take reasonable measures to preserve these employees' ESI.

15  *See Su v. U.S. Postal Serv.*, No. C23-5007RJB, 2024 WL 21670, at *5 (W.D. Wash. Jan.

16  2, 2024) (holding the defendant failed to take reasonable preservation measures because

17  it "failed to issue litigation hold notices to all people who may have had relevant

18  information").  Zunum has therefore satisfied its burden with respect to Boeing's

19  spoliation of Mr. Jones's, Mr. Higgins's, and Mr. Vanlandingham's ESI.

20  **C.    Prejudice**

21         Before sanctions may issue, the court must determine whether the spoliation of

22  ESI prejudiced Zunum.  Boeing bears the burden at this stage.  *See Bungie*, 2023 WL

7184427, at *3.  The court concludes that Boeing has met its burden to show an absence

of prejudice with respect to all three custodians' lost ESI.

"The prejudice inquiry looks to whether the spoiling party's actions impaired the

non-spoiling party's ability to go to trial or threatened to interfere with the rightful

decision of the case." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (internal

quotations and brackets omitted) (quoting *U.S. of Am. for the Use and Benefit of Wiltec*

*Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)).  Such impairment

or interference can occur when the innocent party is "forced . . . to rely on incomplete and

spotty evidence at trial."  *Id.* (internal quotations omitted) (quoting *Anheuser-Busch, Inc.*

*v. Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995)).  No prejudice occurs,

however, if the lost documents were "irrelevant" or "obtain[able] . . .  from other

sources."  *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015); *see also*

*Burton v. Walgreen Co.*, No. 2:14-CV-84 JCM (VCF), 2015 WL 4228854, at *4 (D. Nev.

July 10, 2015) (finding no prejudice where alternative evidence "provide[d] plaintiff with

the necessary information to prosecute his case" and there was "no other information

plaintiff might [have] glean[ed] from having the [missing evidence]").

As to Mr. Jones's ESI, Boeing has met its burden.  Although Boeing admits Mr.

Jones was involved in the issuance of the promissory notes (Resp. at 9 n.4), Zunum fails

to respond to Boeing's argument that "no evidence from Jones . . . could possibly be

relevant" because Zunum's failure to repay is "undisputed" (*id.  See generally* Reply).

Mr. Jones may have had other documents relevant to Zunum's trade secret allegations,

but Boeing was under no obligation to preserve those documents at the time he left the

1    company.  (*See* 12/18/23 Fursevich Letter at 5 (listing June 2020 departure date); *supra*

2    § III(B)(2) (concluding Boeing's duty to preserve ESI related to Zunum's trade secret

3    claims arose on November 23, 2020).)  Boeing has therefore met its burden to show an

4    absence of prejudice stemming from its destruction of Mr. Jones's ESI.

5         As to Mr. Higgins's ESI, Boeing has likewise met its burden.  Boeing asks why, if

6    Mr. Higgins truly were a "key" witness with relevant ESI, Zunum never mentioned him

7    in its complaint, never identified him in its disclosures, and never sought to depose him.

8    (Resp. at 6, 11.)  These questions go unanswered.  (*See generally* Reply.)  Indeed, Zunum

9    fails to make any argument in its motion or reply brief as to why the absence of Mr.

10   Higgins's ESI is prejudicial to it.  (*See generally* Mot.; Reply.)  Mr. Higgins may have

11   "asked for" and "received" certain materials related to Zunum's intellectual property

12   (1/5/24 Danner Decl. ¶ 40), but there is no evidence suggesting that his files contained

13   unique documents now unavailable to Zunum.  If Zunum believed Mr. Higgins's files

14   contained documents that Boeing failed to produce or that his training on allegedly stolen

15   software were relevant, Zunum could have sought to depose him, as Boeing argues.

16   (Resp. at 6.)  The court concludes that Boeing has met its burden to show an absence of

17   prejudice stemming from its destruction of Mr. Higgins's ESI.

18        Finally, Boeing has met its burden with respect to Mr. Vanlandingham's ESI.

19   Boeing argues that Zunum "never mentioned Vanlandingham as someone with

20   potentially relevant information until November 2022" and "ultimately focused on other

21   custodians who covered the information Zunum hoped to obtain."  (Resp. at 7 (citing

22   1/22/24 Fursevich Decl. ¶ 28).)  Zunum fails to rebut Boeing's evidence that, after a May

1, 2023 meet and confer, "Zunum ultimately decided to focus on other custodians after

Boeing explained that Hubert Wong (already a Boeing custodian) provided sufficient

coverage of the information Zunum sought to obtain from Vanlandingham and offered to

add other supplemental custodians." (1/22/24 Fursevich Decl. ¶ 28. *See generally*

Reply.) The court therefore concludes that Boeing has met its burden to show an absence

of prejudice due to its destruction of Mr. Vanlandingham's ESI.

Boeing has satisfied its burden to show an absence of prejudice following its

deletion of Mr. Jones's, Mr. Higgins's, and Mr. Vanlandingham's ESI. And Zunum

makes no argument with specific respect to these three custodians explaining how

Boeing's actions have impaired its ability to go to trial or threatened to interfere with the

rightful decisions of this case. (*See generally* Mot.; Reply.) *See Leon*, 464 F.3d at 959;

*see also Wisk Aero LLC v. Archer Aviation Inc.*, No. 3:21-cv-02450-WHO, 2023 WL

2277112, at *7 (N.D. Cal. Feb. 28, 2023) (refusing to impose sanctions in a trade secret

case after the plaintiff could "not show it was prejudiced by any loss of information").

Zunum's generalized and conclusory statement that it "is prejudiced by the lack of

documents from Boeing engineers who participated in . . . R&D programs" is not enough.

(Reply at 4.)

Because the court finds no prejudice, it may not order sanctions against Boeing

under Rule 37(e)(1). *See* Fed. R. Civ. P. 37(e)(1). Accordingly, the court need not

address whether Boeing acted with the intent to deprive. *See* Fed. R. Civ. P. 37(e)(2).

//

//

1

### IV.    SEALING

2        Because this order relies on sealed materials, the court DIRECTS the Clerk to

3    provisionally file this order under seal.  The court ORDERS the parties to meet and

4    confer regarding which, if any, portions of this order they seek to redact.  Counsel must

5    then submit one joint statement or, if they cannot agree on a joint statement, competing

6    statements indicating the portions of the order they seek to have redacted and on what

7    basis.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir.

8    2006).  The statement or statements must attach a proposed redacted order that

9    incorporates the redactions requested in the corresponding statement.  The parties must

10   file any such statement by no later than **February 15, 2024**.  The court will consider the

11   parties' redaction requests, if any, and then file the order on the docket with any

12   necessary redactions.

13

### V.    CONCLUSION

14       As the cutoff for discovery motions has now passed, this order wraps up the last of

15   many discovery disputes to which the court has dedicated significant time and resources

16   to addressing over the past several months.  As the parties have battled over discovery,

17   the court has noticed numerous hyperbolic statements and misstatements of the facts and

18   law from both sides; such statements are unhelpful to the court and the parties' respective

19   positions.  The court expects the parties to do better in their forthcoming summary

20   judgment and *Daubert* briefs.

21       For the foregoing reasons, the court DENIES Zunum's motion for sanctions (Dkt.

22   # 219).  The parties must file either a joint statement or competing statements concerning

ORDER - 21

redactions to this order as described above no later than **February 15, 2024**. The court

DIRECTS the Clerk to provisionally file this order under seal.

Dated this 7th day of February, 2024.

JAMES L. ROBART
United States District Judge