UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., <br><br>   Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br>   Defendants. | CASE NO. C21-0896JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court are three motions to seal:  (1) Defendants The Boeing Company and Boeing HorizonX Ventures, LLC's (together, "Boeing") December 29, 2023 motion to seal (12/29/23 Mot. (Dkt. # 194)); (2) Boeing's January 2, 2024 motion to seal (1/2/24 Mot. (Dkt. # 209)); (3) and Boeing's January 22, 2024 motion to seal (1/22/24 Mot. Dkt. # 263)).  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS in part and

//

ORDER - 1

DENIES in part Boeing's December 29, 2023 motion to seal and GRANTS Boeing's January 2, 2024 and January 22, 2024 motions to seal.

## II.  BACKGROUND

Boeing filed each of the instant motions to seal at least in part to provide Zunum the opportunity to maintain certain materials designated as Zunum confidential under seal.  (*See generally* 12/29/23 Mot; 1/2/24 Mot.; 1/22/24 Mot.)  Zunum, however, did not initially respond to any of these motions.  (*See generally* Dkt.)  The court ordered Zunum to show cause as to why it should not unseal the materials discussed in Boeing's sealing motions.  (*See* 1/31/24 Order (Dkt. # 275) at 12-13.)  Zunum timely responded to the court's order and now asks that the court maintain certain materials under seal.  (2/6/24 Resp. (Dkt. # 280).)

## III.  LEGAL STANDARD

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.").  The public's "right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so."  *Foltz*, 331 F.3d at 1135; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute.").  To overcome the presumption of public access, a party must file a motion that includes "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" (i) "the legitimate private or public interests that warrant the relief

sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B)(i)-(iii).

Two standards govern sealing motions in the Ninth Circuit. Ordinarily, "a party must show 'compelling reasons' to keep a court document under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The Ninth Circuit has "carved out an exception," however, "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135). When such nondispositive motions are "only tangentially related[] to the merits of a case," "the good cause standard from Rule 26(c)" applies. *Id.* at 1097, 1099; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

Here, the good cause standard applies to the materials at issue in Boeing's December 29, 2023 and January 2, 2024 motions. Those motions seek to seal materials attached to discovery motions unrelated to the merits of this case. The more stringent compelling reasons standard applies to Boeing's January 22, 2024 motion to seal, however, because that motion seeks to seal materials concerning Zunum's Rule 37(e) motion for sanctions due to alleged spoliation of evidence. (*See* Sanctions Mot. (Dkt. ## 219 (sealed), 217 (redacted)); 2/7/24 Order (Dkt. # 282 (sealed)) (denying Zunum's motion for sanctions).) Zunum's Rule 37 motion is more than tangentially related to the

1  merits of this case because the relief requested, if granted, would have led to a

2  presumption "for purposes of any pretrial motions filed by Boeing . . . that the destroyed

3  evidence was unfavorable to Boeing," and instructions to the jury "that it must (or, at a

4  minimum, may) infer that the destroyed evidence was unfavorable to Boeing." (*Id.* at

5  12.) Zunum's requested relief also would have restricted the evidence Boeing could

6  present at trial. (*See id.* at 13); *see also Tan v. Konnektive Rewards, LLC*, No.

7  20-cv-1082-LL-DDL, 2023 WL 2336893, at *3 (S.D. Cal. Mar. 2, 2023) (applying

8  compelling reasons standard to materials attached to a motion for sanctions due to

9  spoliation).

10      To satisfy the good cause standard, the party seeking to seal materials must show

11  that "'good cause' exists to protect th[e] information from being disclosed to the public

12  by balancing the needs for discovery against the needs for confidentiality." *Pintos v.*

13  *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex. rel. Ests. of*

14  *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The compelling

15  reasons standard, however, requires the requesting party to support its argument with

16  "specific factual findings" that demonstrate the reasons for sealing "outweigh the general

17  history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

18  1178-79 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons sufficient to outweigh

19  the public's interest in disclosure exist when court records might become a vehicle for

20  improper purposes, such as the use of records to gratify private spite, promote public

21  scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*,

22  //

887 F.3d 870, 884 (9th Cir. 2018) (internal brackets and quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179).

### IV.     ANALYSIS

The court considers Boeing's motions below.

**A.     Boeing's December 29, 2023 Motion to Seal**

Boeing filed its December 29, 2023 motion to seal "solely" to provide Zunum an opportunity to address the sealing or redaction of certain portions of Boeing's December 29, 2023 letter to the court (12/29/23 Mot. at 1; *see* Def. 12/29/23 Letter (Dkt. ## 197 (redacted), 201 (sealed))), and Exhibits 1, 2, 5, 6, and 7 attached to Yegor Fursevich's December 29, 2023 declaration in support thereof (*see* 12/29/23 Fursevich Decl. (Dkt. # 199) ¶ 2, Ex. 1 (Dkt. ## 199-1 (cover page), 202 (sealed)); *id.* ¶ 3, Ex. 2 (Dkt. ## 199-1 (cover page), 203 (sealed)); *id.* ¶ 6, Ex. 5 (Dkt. ## 199-1 (cover page), 204 (sealed)); *id.* ¶ 7, Ex. 6 (Dkt. ## 199-1 (cover page), 205 (sealed)); *id.* ¶ 8, Ex. 7 (Dkt. ## 199-1 (cover page), 206 (sealed)).)

Exhibit 1 is a string of emails exchanged between counsel for the parties. (*See generally* 12/29/23 Fursevich Decl. ¶ 2, Ex. 1.)  Exhibit 2 is an excerpted transcript of the October 19, 2023 deposition of Ashish Kumar. (*See generally id.* ¶ 3, Ex. 2.)  Exhibit 5 is a copy of Zunum's supplemental responses to Boeing's first set of interrogatories. (*See generally id.* ¶ 6, Ex. 5.)  Exhibit 6 is an excerpted copy of Zunum's supplemental response to Boeing's second, third, and fourth sets of interrogatories. (*See generally id.* ¶ 7, Ex. 6.)  And Exhibit 7 is a string of emails exchanged between counsel for the parties. (*See generally id.* ¶ 8, Ex. 7.)

1  Zunum does not seek to maintain any portions of Exhibits 1 and 7 under seal.
2  (2/6/24 Resp. at 2.)  It seeks to maintain Exhibits 2, 5, and 6 under seal in their entirety.
3  (*Id.* at 2-3.)  Zunum argues that Exhibit 2 should remain under seal because it discloses a
4  valuation of Zunum that relies on confidential and sensitive business information, the
5  public disclosure of which could impact Zunum's ability to raise funds in the future.  (*Id.*
6  at 7.)  Upon review, the court agrees with Zunum that good cause exists to maintain
7  Exhibit 2 under seal.  *See Bite Tech., Inc. v. X2 Biosystems, Inc.*, No. C12-1267RSM,
8  2013 WL 1399349, at *2 (W.D. Wash. Apr. 5, 2013) (granting motion to seal
9  "commercially sensitive financial information").  Zunum further argues that Exhibits 5
10 and 6 should remain under seal because the court already found good cause to maintain
11 under seal Exhibit B to Zunum's December 29, 2023 letter to the court, which contained
12 the entire contents of Exhibits 5 and 6.  (2/6/24 Resp. at 7; *see also* 1/31/24 Order at 5.)
13 Upon review of the exhibits and its prior order, the court agrees with Zunum and will
14 maintain Exhibits 5 and 6 under seal.
15     Boeing's December 29, 2024 motion to seal is therefore granted in part and denied
16 in part, and the court will direct the Clerk to unseal Exhibits 1 and 7.

17 **B.    Boeing's January 2, 2024 Motion to Seal**

18     Boeing filed its January 2, 2024 motion to seal "solely" to provide Zunum an
19 opportunity to address whether an excerpted copy of its damages expert's report and a
20 reference to that report in Boeing's motion for a protective order should be maintained
21 under seal.  (1/2/24 Mot. at 1; *see* Mot. for Prot. Order (Dkt. ## 211 (sealed), 212
22 (redacted)); 1/2/24 Fursevich Decl. (Dkt. # 210) ¶ 2, Ex. 2 (Dkt. # 214 (sealed)).)

1    Zunum asserts that these materials should remain under seal because they disclose
2    its damages expert's valuation of Zunum's trade secrets.  (2/6/24 Resp. at 7-8.)  The court
3    agrees that there is good cause to keep this information under seal at this time.  *See*
4    *Nordock Inc. v. Sys. Inc.*, No. 11-C-118, 2012 WL 6086866, at *2 (E.D. Wis. Dec. 6,
5    2012) (finding good cause to seal financial information from a party's damages expert's
6    report because such information is "not normally made available to the public").
7    The court therefore grants Boeing's January 2, 2024 motion to seal.
8    **C.    Boeing's January 22, 2024 Motion to Seal**
9    Boeing filed its January 22, 2024 motion to seal to, in relevant part, provide
10   Zunum an opportunity to address whether Exhibits 3 and 5 to Mr. Fursevich's January
11   23, 2024 declaration and any references to those Exhibits in Mr. Fursevich's January 23,
12   2024 declaration and Boeing's opposition to Zunum's motion for sanctions should be
13   maintained under seal.  (1/22/24 Mot. at 2; *see* 1/22/24 Fursevich Decl. (Dkt. ## 269
14   (redacted), 271 (sealed)); *id.* ¶ 4, Ex. 3 (Dkt. ## 271-1 (sealed), 280-3 (redacted)); *id.* ¶ 6,
15   Ex. 5 (Dkt. ## 271-3 (sealed), 280-3 (redacted)); Boeing Opp. (Dkt. ## 269 (redacted),
16   270 (sealed)).)
17   Exhibit 3 is Zunum's letter in response to the National Science Foundation's
18   review of a Zunum proposal; the letter details Zunum's technological proposals,
19   innovations, market valuations, and business goals.  (*See generally* 1/22/24 Fursevich
20   Decl. ¶ 4, Ex. 3.)  Exhibit 5 is Zunum's response to Boeing's December 16, 2019 demand
21   letter concerning Zunum's failure to repay certain promissory notes; it contains details of
22   //

ORDER - 7

Zunum's fundraising efforts and business strategy over several years and identifies the company's fundraising targets and business partners. (*See generally id.* ¶ 6, Ex. 5.)

Zunum seeks to maintain portions of Exhibit 3 and Exhibit 5 under seal. (2/6/24 Resp. at 8-9.) Zunum argues that portions of Exhibit 3 should be maintained under seal because they "reveal technical details concerning Zunum's technology plans and forecasting and other technical business information that is not already in the public domain." (*Id.* at 8.) It argues that portions of Exhibit 5 should be maintained under seal because "those portions reveal details concerning Zunum's fundraising strategy and other internal strategic business and financial decision-making. (*Id.*) Upon review, the court agrees with Zunum that compelling reasons exist to keep the redacted portions of these materials under seal and concludes that Zunum's proposed redactions are narrowly tailored to cover only Zunum's sensitive business and technical information. *See Treehouse Avatar LLC v. Valve Corp.,* No. C17-1860RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (finding compelling reasons to seal "proprietary technical business information that is not already in the public domain"); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (finding compelling reasons to seal confidential business information related to how a business operates, its internal policies, and its internal strategic business and financial decision-making).

The court therefore grants Boeing's January 22, 2024 motion to seal.

//

//

## V. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Boeing's December 29, 2023 motion to seal (Dkt. # 194), GRANTS Boeing's January 2, 2024 motion to seal (Dkt. # 209), and GRANTS Boeing's January 22, 2024 motion to seal (Dkt. # 263).

The court DIRECTS the Clerk to UNSEAL Docket Nos. 202 and 206.

Dated this 8th day of February, 2024.

_____
JAMES L. ROBART
United States District Judge