UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

ZUNUM AERO, INC.,

Plaintiff

v.

THE BOEING COMPANY; BOEING HORIZON VENTURES, LLC,

Defendants.

Case No. 2:21-cv-00896-JLR

**PLAINTIFF ZUNUM AERO, INC'S MOTION TO EXCLUDE CERTAIN OF BOEING EXPERT NISHA MODY'S OPINIONS**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR: March 15, 2024**

*MOTION TO EXCLUDE*
*EXPERT TESTIMONY OF DR. NISHA MODY*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

**TABLE OF CONTENTS**

INTRODUCTION ........................................ 1

BACKGROUND ........................................ 1

A. Dr. Mody's [REDACTED] ........................................ 1

B. Dr. Mody's [REDACTED] ........................................ 2

C. Dr. Mody's Opinion That [REDACTED] ........................................ 3

LEGAL STANDARDS ........................................ 4

ARGUMENT ........................................ 5

I. Dr. Mody's [REDACTED] Should Be Excluded ........................................ 5

A. Improper Rebuttal ........................................ 5

B. No Expertise ........................................ 7

II. Dr. Mody's Opinion Concerning [REDACTED] Should Be Excluded ........................................ 9

III. Dr. Mody's Opinions Concerning The [REDACTED] Should Be Excluded ........................................ 11

CONCLUSION ........................................ 13

*MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. NISHA MODY - i*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Austin v. Loftsgaarden*,
675 F.2d 168 (8th Cir. 1982) ........................................ 9

*Bakst v. Cmty. Mem'l Health Sys., Inc.*,
2011 WL 13214315 (C.D. Cal. Mar. 7, 2011) ........................................ 7

*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
2018 WL 1611835 (N.D. Cal. Apr. 3, 2018) ........................................ 5, 6

*Century Indem. Co. v. Marine Grp., LLC*,
2015 WL 5521986 (D. Or. Sept. 16, 2015) ........................................ 9

*Chandler v. Greenstone Ltd.*,
2012 WL 882756 (W.D. Wash. Mar. 14, 2012) ........................................ 11

*Clear-View v. Rasnick*,
2015 WL 3509384 (N.D. Cal. June 3, 2015) ........................................ 9

*Cooper v. Brown*,
510 F.3d 870 (9th Cir. 2007) ........................................ 5

*Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*,
2021 WL 5407316 (N.D. Cal. Nov. 18, 2021) ........................................ 7

*Engman v. City of Ontario*,
2011 WL 2463178 (C.D. Cal. June 20, 2011) ........................................ 11

*Estate of Barabin v. AstenJohnson, Inc.*,
740 F.3d 457 (9th Cir. 2014) ........................................ 4

*Fed. Deposit Ins. Corp. v. Clark*,
768 F. Supp. 1402 (D. Colo. 1989) ........................................ 10

*In re High-Tech Emp. Antitrust Litig.*,
2014 WL 1351040 (N.D. Cal. Apr. 4, 2014) ........................................ 5

*Indect USA Corp., v. Park Assist, LLC*,
2021 WL 4311002 (S.D. Cal. Sept. 22, 2021) ........................................ 6, 7, 8

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

*Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ..... 5

*Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027 (W.D. Wash. Aug. 10, 2018) ..... 4, 7

*Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098 (N.D. Cal. 2016) ..... 7

*M.H. v. Cnty. of Alameda*, 2015 WL 54400 (N.D. Cal. Jan. 2, 2015) ..... 12

*McCurdy v. Union Pac. R. Co.*, 68 Wash. 2d 457 (1966) ..... 10

*Nivens v. 7-11 Hoagy's Corner*, 133 Wash. 2d 192 (1997) ..... 6

*P.E.L. v. Premera Blue Cross*, 540 P.3d 105 (Wash. 2023) ..... 6

*Philips N. Am. LLC v. Summit Imaging Inc.*, 2021 WL 2118400 (W.D. Wash. May 25, 2021) ..... 3

*Robroy Industries-Texas, LLC v. Thomas & Betts Corporation*, 2017 WL 1319553 (E.D. Tex. 2017) ..... 8

*Rodriguez v. Walt Disney Parks & Resorts U.S., Inc.*, 2018 WL 3532906 (C.D. Cal. July 2, 2018) ..... 9

*Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426 (9th Cir. 1991) ..... 8

*Smith v. Clover Park Sch. Dist. No. 400*, 2022 WL 17740327 (W.D. Wash. Dec. 16, 2022) ..... 10

*United States v. Candoli*, 870 F.2d 496 (9th Cir. 1989) ..... 11

*United States v. Hendrix*, 2020 WL 30342 (W.D. Wash. Jan. 2, 2020) ..... 11

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

**Rules**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ........ 5

Fed. R. Evid. 702 ........ 4

*MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. NISHA MODY - iv*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

## INTRODUCTION

Zunum hereby moves the Court to exclude three opinions offered by Dr. Nisha M. Mody, a rebuttal damages expert disclosed by Defendants (together, "Boeing").

## BACKGROUND

Dr. Mody, Boeing's damages expert, is a PhD in Political Economy and Public Policy, and currently works as an employee at Intensity LLC. Ex. 1 ("Report") ¶ 1 & Appendix A.[1] She claims expertise in [REDACTED]

Boeing served Dr. Mody's affirmative report on November 30, 2023, in which she calculates Boeing's alleged damages on its counterclaims. That report is not at issue on this motion. Dr. Mody then served a rebuttal report on January 16, 2024, which ostensibly [REDACTED] the affirmative report of Zunum's damages expert, Walter Bratic. Report ¶ 3; *see generally* Ex. 3 ("Bratic Report"). Zunum took Dr. Mody's deposition on February 7, 2024.

### A. Dr. Mody's [REDACTED]

In his affirmative report, Zunum's damages expert, Mr. Bratic, [REDACTED] Bratic Report ¶ 6. Even though [REDACTED]

[1] All citations to "Ex." herein refer to the exhibits to the accompanying Declaration of Brian T. Goldman.

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

For example, [redacted] Similarly, with respect to Zunum's tortious-interference claim, [redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]

**B. Dr. Mody's** [redacted]

Dr. Mody also opines [redacted] *See* Report ¶¶ 154–160. In this section of her rebuttal report, Dr. Mody [redacted]

*MOTION TO EXCLUDE*
*EXPERT TESTIMONY OF DR. NISHA MODY - 2*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151



Report ¶ 160.

**C. Dr. Mody's Opinion That**

For Zunum's trade secrets misappropriation claim,

[2] "In trade secret misappropriation cases, avoided research and development costs have been recognized as one way to measure the benefit conferred on the defendant." *Philips N. Am. LLC v. Summit Imaging Inc.*, 2021 WL 2118400, at *6 (W.D. Wash. May 25, 2021).

*MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. NISHA MODY - 3*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151



[REDACTED] At trial Boeing will be free to cross examine Dr. Kumar and Mr. Knapp about Zunum's historic costs.

Dr. Mody opines [REDACTED]

**LEGAL STANDARDS**

Federal Rule of Evidence 702 "requires that the expert be qualified and that the '[e]xpert testimony ... be both relevant and reliable.'" *Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027, at *8 (W.D. Wash. Aug. 10, 2018) (quoting *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014)). As to qualifications, "an expert must be qualified in the field they will testify about." *Id.*[3] "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue," and "[t]he evidence must logically advance a material

[3] All citations are omitted, and all emphases are added, unless otherwise noted.

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). For rebuttal expert testimony, "[a] party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter." *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995).

"The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence." *Id.*

**ARGUMENT**

**I. Dr. Mody's Causation Opinions Should Be Excluded**

Dr. Mody's opinions [REDACTED]—should be excluded because they are improper rebuttal and beyond her expertise.

**A. Improper Rebuttal**

Dr. Mody's opinions [REDACTED] fall outside the scope of appropriate rebuttal testimony. Rebuttal disclosures of expert testimony are "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). "A response is within the realm of proper rebuttal testimony" if it is "clearly 'intended solely to contradict or rebut evidence on the same subject matter identified by another party'" in its expert disclosures. *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii).

Mr. Bratic, Zunum's affirmative damages expert, [REDACTED] *See BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1611835, at *6 (N.D. Cal. Apr.

HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

3, 2018) ("causation is an element" of "liability" in trade secrets misappropriation case); *P.E.L. v. Premera Blue Cross*, 540 P.3d 105, 115 (Wash. 2023) (causation and damages are separate elements in breach-of-contract case); *Nivens v. 7-11 Hoagy's Corner*, 133 Wash. 2d 192 (1997) (en banc), *as amended* (Oct. 1, 1997) (same, torts).

Moreover, it is common for ███████████████████████████████ *BladeRoom Grp. Ltd.*, 2018 WL 1611835, at *6 (internal citations omitted) (holding that it "is perfectly permissible" as a damages "expert [to] assume liability ... and simply focus on the issue of damages"); *Indect USA Corp., Plaintiff, v. Park Assist, LLC*, 2021 WL 4311002, at *2–4 (S.D. Cal. Sept. 22, 2021) ("[I]t is well established that experts on damages can assume causation[.]").

In rebuttal, Dr. Mody nevertheless criticizes Mr. Bratic ███████████████ ████████████ Report ¶¶ 152–153, 175–179, 241–251. ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████ Tr. at 345:10-21.[4]

Dr. Mody is mistaken, and ███████████████████ sweep beyond the scope of proper rebuttal. On point is *Indect USA Corp., v. Park Assist, LLC*, 2021 WL 4311002, at *2 (S.D. Cal. Sept. 22, 2021). ██████████████████████████████████████████████████ ███████████████████████████████ *Id.* ███████████████████████████████████

---

[4] ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████

[5] The *Indect* court rejected this justification for going beyond the scope of the plaintiff's expert's analysis, and prohibited defendant's expert from offering testimony on causation. Other cases are in accord.[6]

**B. No Expertise**

Dr. Mody is also not qualified to offer "expert" "[A]n expert must be qualified in the field they will testify about." *Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027, at *18 (W.D. Wash. Aug. 10, 2018); *see Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1103 (N.D. Cal. 2016) (concluding that an expert in one field is not qualified to provide opinions about a different field).

Despite that, Dr. Mody offers

[5] Tr. 353:24–354:9

[6] *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2021 WL 5407316, at *3 (N.D. Cal. Nov. 18, 2021) (excluding portions of a rebuttal damages expert's testimony that offered opinions on liability where the affirmative expert assumed liability); *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *35 (C.D. Cal. Mar. 7, 2011) (excluding portions of a rebuttal expert's testimony where that expert sought "to undermine [the plaintiff expert]'s damages calculation by offering opinions as to alternative causes of [the plaintiff]'s failure to obtain employment").

[7]

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151



[redacted]

The Court should not permit a jury to hear these opinions. Courts have specifically excluded [redacted] *See, e.g.*, *Indect USA Corp.*, 2021 WL 4311002, at *2 (holding that "Mr. Wacek is an expert in the field of damages" and therefore the court would not "allow Mr. Wacek to opine on matters under the expert label about matters of which he is not an expert"); *Robroy Industries-Texas, LLC v. Thomas & Betts Corporation*, 2017 WL 1319553, at *4 (E.D. Tex. 2017) ("[T]wo experts may assume facts that are in dispute . . . and then present competing models for damages. . . . What they may not do is to offer substantive evidence as to factual issues such as causation . . . subjects on which they have no demonstrated expertise."). And excluding Dr. Mody's [redacted] *See Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991) ("Jurors may well assume that an expert, unlike an ordinary mortal, will offer an authoritative view on the issues addressed[.]").

To the extent Dr. Mody [redacted] the Court should not indulge her. Dr. Mody testified [redacted]

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

[redacted] *Austin v. Loftsgaarden*, 675 F.2d 168, 178 (8th Cir. 1982) ("Causation requires a showing of some causal nexus between the defendant's wrongful conduct and (plaintiff's) loss." (quotation marks omitted)).

## II. Dr. Mody's Opinion [redacted] Excluded

Dr. Mody's opinions [redacted] they are improper rebuttal, beyond her expertise, and do not involve the application of expertise anyway.

*First*, Dr. Mody's opinions [redacted] is an affirmative defense as to which no Zunum expert gave any opinion. "An expert rebuttal report that 'speaks directly' to a party's affirmative defenses is not considered proper rebuttal." *Century Indem. Co. v. Marine Grp., LLC*, 2015 WL 5521986, at *4 (D. Or. Sept. 16, 2015). And, in the specific context of mitigation of damages, courts have excluded rebuttal expert testimony that sought to offer [redacted] under the guise of a "rebuttal" report when no affirmative expert spoke to the question. *See, e.g.*, *Clear-View v. Rasnick*, 2015 WL 3509384, at *7 (N.D. Cal. June 3, 2015) (excluding portions of rebuttal damages expert's opinion that plaintiff "failed to mitigate its damages," because such an opinion "go[es] beyond the permissible scope" of rebuttal expert testimony); *Rodriguez v. Walt*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

*Disney Parks & Resorts U.S., Inc.*, 2018 WL 3532906, at *2 (C.D. Cal. July 2, 2018) ("The subject of mitigation is not the same subject as the amount or calculation of Rodriguez's lost wages; instead, it is relevant to Disney's case-in-chief on its affirmative defense, on which Disney bears the burden.").

Boeing's second affirmative defense asserts that "Zunum's claims fail in whole or in part because it has failed to mitigate its alleged damages." Dkt. 118 at 60. Under Washington law, failure to mitigate damages is an affirmative defense on which Boeing bears the burden of proof (on both the contract and tort claims). *McCurdy v. Union Pac. R. Co.*, 68 Wash. 2d 457, 466 (1966) ("It is well settled law in this and other jurisdictions that the burden of proving mitigation of damages rests with the party whose wrongful act caused the damages."). Dr. Mody's rebuttal opinion [REDACTED] [REDACTED] should therefore be excluded on this basis.

*Second*, Dr. Mody's [REDACTED] "[T]he defense of mitigation of damages turns on causation," *Fed. Deposit Ins. Corp. v. Clark*, 768 F. Supp. 1402, 1412 (D. Colo. 1989); *see Smith v. Clover Park Sch. Dist. No. 400*, 2022 WL 17740327, at *14 (W.D. Wash. Dec. 16, 2022) (referring to "arguments on causation that fall outside the scope of their mitigation defense"). [REDACTED] [REDACTED] *See Smith*, 2022 WL 17740327, at *4 ("The Court will not allow Defendant now to back-door . . . opinions about mitigation through a witness who is not independently qualified to opine on this topic.").

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

*Finally*, the opinion should be excluded because it does not require the application of any expertise to the evaluation of facts. Instead, the opinion is [REDACTED] and "[s]uch an opinion requires no particular expertise" because if "evidence of [REDACTED] is admitted, the lawyers can make their interpretive arguments and the jury will determine whether [REDACTED] were reasonable or not." *Chandler v. Greenstone Ltd.*, 2012 WL 882756, at *2 (W.D. Wash. Mar. 14, 2012); *see United States v. Hendrix*, 2020 WL 30342, at *5 (W.D. Wash. Jan. 2, 2020) (excluding expert testimony that "consist[ed] entirely of relaying hearsay from sources he has read" because "[a]bsent specific application to [expert] analysis . . . this testimony is not helpful to the jury").

## III. Dr. Mody's Opinions [REDACTED] Should Be Excluded

Finally, Dr. Mody should not be permitted to testify [REDACTED] because that proposed opinion relies exclusively on her own evaluation of witness credibility.

Evaluating the reliability of witness memory is for the jury, not an expert. *United States v. Candoli*, 870 F.2d 496, 503 (9th Cir. 1989) ("The jury must decide a witness'[s] credibility. An expert witness is not permitted to testify specifically to a witness'[s] credibility.") (internal citations omitted); *Engman v. City of Ontario*, 2011 WL 2463178, at *8 (C.D. Cal. June 20, 2011) ("[C]redibility determinations [are] reserved for the trier of fact.").

[REDACTED]

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

[redacted]

These are classic credibility determinations that are the exclusive province of a jury. Dr. Mody [redacted][8] Indeed, as explained in the accompanying declaration of Mr. Knapp, these time estimates were the product of significant effort and careful assessment. Knapp Aff. ¶¶ 8-20. If Boeing wants to argue they are unreliable, it can cross examine Mr. Knapp at trial and make the arguments that it wants to the jury. But it is not for its expert to provide an opinion on this point.

It is also worth noting that Dr. Mody does not opine that Mr. Knapp employed a method of estimating time contrary to standard industry practice. *Cf. M.H. v. Cnty. of Alameda*, 2015

---

[8] For example, [redacted] *See* Ex. 5 (Fanton Tr.) 202:21-24 ("Q. Cell 7N sets forth your estimate of Mr. Bedel's time working on Trade Secret 8; correct? A. Correct. Q. That number is inaccurate; correct? A. That number is probably the best number, as I recall."); Ex. 6 (Knapp Tr.) 254:23–255:2 ("Q. You said you reviewed 10 to 15 build documents; right? A. At least, yes. I sought to refresh my memory as best I could so that I could make accurate estimates of the time as you requested."); Ex. 4 (Said Tr.) 42:20–43:5.

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151



WL 54400 (N.D. Cal. Jan. 2, 2015) (noting that experts "may opine as to ... generally accepted law enforcement standards, custom, or practice"). To the contrary, at deposition, [REDACTED] Dr. Mody's opinion [REDACTED] should be excluded.

## CONCLUSION

The Court should prohibit Dr. Mody from [REDACTED]

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

DATED this 28th day of February, 2024

/s/ *Scott M. Danner*
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
Brian T. Goldman, NY Bar #5616891
(*pro hac vice* pending)
Charlotte Baigent, NY Bar #5979224
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
Email: sdanner@hsgllp.com
bgoldman@hsgllp.com
cbaigent@hsgllp.com

/s/ *Steven W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Plaintiff***
***Zunum Aero, Inc.***

*MOTION TO EXCLUDE*
*EXPERT TESTIMONY OF DR. NISHA MODY - 14*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 3,814 words, in compliance with the Local Civil Rules.

DATED: February 28, 2024

/s/ *Scott M. Danner*
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
Brian T. Goldman, NY Bar #5616891
(*pro hac vice* pending)
Charlotte Baigent, NY Bar #5979224
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
Email: sdanner@hsgllp.com

/s/ *Steve W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Plaintiff Zunum Aero, Inc.***

*MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. NISHA MODY - 15*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024 I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED: February 28, 2024

*/s/ Scott M. Danner*
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
Brian T. Goldman, NY Bar #5616891
(*pro hac vice* pending)
Charlotte Baigent, NY Bar #5979224
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
Email: sdanner@hsgllp.com

*/s/ Steven W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Plaintiff Zunum Aero, Inc.***

*MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. NISHA MODY - 16*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151