UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

## I. INTRODUCTION

On April 22, 2024, the court issued an order granting in part, denying in part, and reserving ruling in part on Defendants / Counterclaimants The Boeing Company and Boeing HorizonX Ventures, LLC's (together, "Boeing") motion for summary judgment. (4/22/24 Order (Dkt. # 560); *see* Mot. (Dkt. ## 336 (sealed), 357 (redacted)); Resp. (Dkt. ## 480 (redacted), 481 (sealed)); Reply (Dkt. ## 484 (sealed), 485 (redacted)).) The court requested additional briefing on Plaintiff / Counter-Defendant Zunum Aero, Inc.'s ("Zunum") declaratory judgment claim (4/17/24 Order (Dkt. # 552); *see* Def. Supp. Br.

ORDER - 1

(Dkt. # 555); Pl. Supp. Br. (Dkt. # 556)), and therefore reserved ruling on Boeing's motion for summary judgment as to that claim and Boeing's counterclaims for breach of contract, which concern the same subject matter. (4/22/24 Order at 21, 26.) The court has considered the motion and related briefing, the parties' supplemental briefs, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS the remainder of Boeing's motion for summary judgment.

## II. BACKGROUND

The claims at issue concern the relationship between two note purchase agreements ("NPAs") and two investment rights letters ("IRLs"). On March 17, 2017, Boeing loaned Zunum $5,000,000 dollars (the "2017 NPA"). (2017 NPA (Dkt. ## 463-14 (cover page), 465-13 (sealed)).) Boeing loaned Zunum an additional $4,000,000 on May 1, 2018 (the "2018 NPA"). (2018 NPA (Dkt. ## 463-16 (cover page), 465-15 (sealed))). Each NPA was executed alongside an investment rights letter (the "2017 IRL" and "2018 IRL").[2] The 2017 IRL and 2018 IRL were executed on March 17, 2017 and May 1, 2018, respectively, and they required Boeing "to keep confidential and not disclose, divulge, or use for any purpose (other than to manage its investment in [Zunum] . . .) any confidential information obtained from [Zunum]." (2017 IRL at 26; 2018 IRL at 31.)

//

---

[1] Both parties request oral argument. (Pl. Supp. Br. at 1; Def. Supp. Br. at 1.) The court concludes, however, that oral argument would not be helpful to its disposition of the remainder of Boeing's motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The IRLs are accessible via the same docket numbers as their corresponding NPAs. The court references the CM/ECF headers when citing these documents.

Zunum's failure to repay the loans is undisputed. (*See* Resp. at 55-56.) Zunum seeks a declaration that its obligations under the NPAs have been extinguished, however, due to Boeing's material breach of the IRLs or, alternatively, "supervening impossibility or impracticability of performance, and frustration of purpose." (*See* 2d Am. Compl. (Dkt. # 60) ¶ 468.) Boeing, for its part, brings counterclaims for breach of contract based on Zunum's failure to repay the notes. (Answer (Dkt. # 129) ¶¶ 30-48.)

### III.   ANALYSIS

Boeing moves for summary judgment in its favor on Zunum's declaratory judgment claim and its own breach of contract counterclaims. (*See generally* Mot.) As the court previously noted, these claims are governed by Delaware law. (4/22/24 Order at 20 n.6.) The court addresses the parties' arguments below.

**A.   Integration of IRLs and NPAs**

Zunum argues that the IRLs and NPAs are "integrated," meaning Boeing's material breach of the IRLs would extinguish Zunum's obligations to repay under the NPAs. (Pl. Supp. Br. at 2-3.) Zunum argues that each pair of agreements constitutes "one contract" because they were "signed on the same day by the same parties, with the former appended to the latter." (*Id.* at 4.) Boeing asserts that Zunum "mistakes an 'interpretive tool' for a wholesale combining of separate contracts," which requires an "explicit manifestation of intent" that is absent from the NPAs and IRLs. (Def. Supp. Br. at 5 (first quoting *Tulare Golf Course, LLC v. Vantage Tag, Inc.*, No. 1:21-cv-00505-JLR-SKO, 2023 WL 2587994, at *6 (E.D. Cal. Mar. 21, 2023); and then

//

quoting *McDonald's Corp. v. Easterbrook*, No. 2020-0658-JRS, 2021 WL 351967, at *4 (Del. Ch. Feb. 2, 2021)).)  The court agrees with Boeing.

Integration presents a question of contract construction, which "is a matter of law for the Court."  *See Segovia v. Equities First Holdings, LLC*, No. 06C-09-149-JRS, 2008 WL 2251218, at *8 (Del. Ch. May 30, 2008); *see also Huyler's v. Ritz-Carlton Rest. & Hotel Co. of Atl. City*, 1 F.2d 491, 492 (D. Del. 1924) (describing integration as "a rule of construction").  Although "several instruments relating to the same subject and executed at the same time should be construed together in order to ascertain the intention of the parties, it does not necessarily follow that those instruments constitute one contract or that one contract was accordingly merged in or unified with another so that every provision in one becomes a part of every other."  *RWI Acquisition LLC v. Todd*, No. 6902-VCP, 2012 WL 1955279, at *8 n.51 (Del. Ch. May 30, 2012) (quoting 11 *Williston on Contracts* § 30:26 (4th ed. 2011)).  Indeed, "considering several instruments as one is not the natural construction, and is resorted to only to effectuate the intention" of the parties.  *Huyler's*, 1 F.2d at 492; *see also Thomas v. Del Biaggio*, 527 B.R. 33, 42 (N.D. Cal. 2014) (interpreting Delaware law) ("[T]he intention of the parties determines whether two agreements will be construed as one integrated agreement.").

Under Delaware law, two agreements are considered separate instruments absent "an explicit manifestation of intent" to the contrary.  *Town of Cheswold v. Cent. Del. Bus. Park*, 188 A.3d 810, 819 (Del. 2018) (quoting *Wolfson v. Supermarkets Gen. Holdings JCorp.*, No. Civ.A. 17047, 2001 WL 85679, at *5 (Del. Ch. Jan. 23, 2001)).  A "mere reference in one agreement to another agreement, without more, does not incorporate the

1 latter agreement into the former by reference." *Id.* (quoting *Wolfson*, 2001 WL 85679, at

2 *5). More specifically, the "conditions" of one instrument do not become "part of"

3 another "except to the extent that the same is specifically set forth or identified by

4 reference." *State ex rel. Hirst v. Black*, 83 A.2d 678, 681 (Del. Super. Ct. 1951) (citation

5 omitted).

6 Here, Boeing is correct that Zunum has not identified any express language clearly

7 incorporating the confidentiality provisions of the IRLs into the NPAs. (*See* Def. Supp.

8 Br. at 5. *See generally* Pl. Supp. Br.; Resp.; 2017 NPA; 2017 IRL; 2018 NPA; 2018

9 IRL.) Indeed, Zunum does not identify any language in the NPAs referencing the IRLs.

10 (*See generally* Pl. Supp. Br. *See* Resp. at 55-56.) The NPAs do not condition repayment

11 upon Boeing's compliance with the IRLs. (*See generally* 2017 NPA; 2017 IRL; 2018

12 NPA; 2018 IRL.) *Accord CBS Inc. v. McCrory*, No. 86 C 4919, 1987 WL 17136, at *4

13 (N.D. Ill. Sept. 15, 1987) (finding "no genuine issues of material fact" where a

14 promissory note "contain[ed] only an unconditional promise to pay"). Instead, they

15 provide that Zunum shall pay Boeing back the principal sum of each loan plus interest,

16 period. (*See* 2017 NPA at 22; 2018 NPA at 24.)

17 The "only Delaware case on point" Zunum cites (Pl. Supp. Br. at 6), *Walgreen,*

18 *Co. v. Theranos, Inc.*, No. 16-1040-RGA-MPT, 2017 WL 3189006 (D. Del. July 27,

19 2017), does not warrant a different outcome. The question in that case was whether the

20 plaintiff had standing to seek repayment of a promissory note that was purchased by its

21 wholly-owned subsidiary, and the court concluded that it did because the "certificate

22 evidencing the right to purchase the note . . . explicitly refer[red] to Paragraph 21 of"

1 another agreement, which "allow[ed the plaintiff] to exercise its right to purchase the
2 note." 2017 WL 31896006, at *7.  Zunum has not identified any portion of the NPAs
3 referencing the IRLs, let alone their confidentiality provisions.  (*See generally* Pl. Supp.
4 Br.; Resp.)  Moreover, it is not enough that the IRLs generally reference the NPAs.  (*See*
5 2017 IRL at 25; 2018 IRL at 30); *see also Wolfson*, 2001 WL 85679, at *5.  The
6 Delaware Supreme Court has made it clear that more is required.  *See Town of Cheswold*,
7 188 A.3d at 819.

**B.    Impossibility, Impracticability, and Frustration**

Zunum argues that, even if the IRLs and NPAs are not integrated, its obligations under the NPAs have been "extinguished by impossibility, impracticability, and/or frustration."  (Pl. Supp. Br. at 7.)  Zunum cites no case law in support of this argument in either its response to Boeing's motion for summary judgment or its supplemental brief.  (*See* Resp. at 56.  *See generally* Pl. Supp. Br.)  Boeing argues that "[i]mpossibility originating in financial incapacity is no excuse."  (Reply at 21 (quoting *Martin v. Star Pub. Co.*, 126 A.2d 238, 243 (Del. 1956)).)  The court agrees with Boeing.

"Under Delaware law, an impracticability/impossibility defense requires the showing of '(1) the occurrence of an event, the nonoccurrence of which was a basic assumption of the contract; (2) the continued performance is not commercially practicable; and (3) the party claiming impracticability did not expressly or impliedly agree to performance in spite of impracticability that would otherwise justify nonperformance.'"  *Bobcat N. Am., LLC v. Inland Waste Holdings, LLC*, No. N17C-06-170 PRW CCLD, 2019 WL 1877400, at *9 (Del. Super. Ct. Apr. 26, 2019)

1  (quoting *Chase Manhattan Bank v. Iridium Afr. Corp.*, 474 F. Supp. 2d 613, 620 (D. Del. 2007)).  The defense does not apply if the supervening events were "reasonably foreseeable, and could and should have been anticipated by the parties and provision made therefor within the four corners of the agreement.'" *Id.* (quoting *Williams Nat. Gas Co. v. Amoco Prod. Co.*, No. 11040, 1991 WL 58387, at *13 (Del. Ch. Apr. 16, 1991)).

      Boeing is correct that Zunum, as a pre-revenue start-up company, obviously risked defaulting on its obligations under the NPAs.  (Mot. at 43.)  Zunum argues that Boeing wrongly "assumes the cause of Zunum's inability to pay was the vicissitudes of the free market, rather than Boeing's own conduct" (Resp. at 56), but Zunum fails to direct the court toward any cases in which the defense has been applied under those circumstances (*see generally* Resp.; Pl. Supp. Br.).  Moreover, aside from mentioning Boeing's general "conduct," Zunum does not identify a specific event, the nonoccurrence of which was a basic assumption of the NPAs (*see* Resp. at 56), meaning it has failed to raise a genuine dispute with respect to the first element of the defense.  *See Bobcat*, 2019 WL 1877400, at *9.  The court "will not make arguments for" a party.  *See SEC v. Schooler*, 905 F.3d 1107, 1115 (9th Cir. 2018).  Zunum's defense therefore fails as a matter of law.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Boeing's motion for summary judgment (Dkt. # 336) on Zunum's claim for declaratory judgment and Boeing's counterclaims for breach of contract. Zunum's claim for declaratory judgment is DISMISSED with prejudice.

Dated this 9th day of May, 2024.

JAMES L. ROBART
United States District Judge