THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    WESTERN DISTRICT OF WASHINGTON

10    AT SEATTLE

11  ZUNUM AERO, INC.,                          Case No. 2:21-cv-00896-JLR

12          Plaintiff,                          **DEFENDANTS THE BOEING COMPANY
                                                AND BOEING HORIZONX VENTURES,**
13      vs.                                     **LLC'S SUPPLEMENTAL TRIAL BRIEF IN
                                                ADVANCE OF MAY 15, 2024 HEARING**
14  THE BOEING COMPANY; BOEING
    HORIZONX VENTURES, LLC,                     NOTE ON MOTION CALENDAR: N/A
15
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

Case No.  2:21-cv-00896                                    **Hueston Hennigan LLP**
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF                       523 West 6th St., Suite 400
- i -                                                      Los Angeles, CA 90014
                                                           (213)788-4340

6592269

1

## TABLE OF CONTENTS

2

Page

3

I.     Boeing's Objection to Confidentiality Designations on Trial
       Exhibits Applied During Litigation ........................................................... 1

4

II.    Boeing's Objection to Sealing of the Courtroom ................................... 3

5

III.   Patent Law Preempts Zunum's Misappropriation Claim Based on
       Boeing's Patents ........................................................................................ 5

6

IV.    The Washington Uniform Trade Secrets Act Preempts Zunum's
       Tortious Interference Claim ..................................................................... 7

7

       A.     Preemption Applies to Zunum's Tortious Interference
              Claim ............................................................................................. 7

8

       B.     Boeing Has Not Waived Its Preemption Defense ................................. 10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- ii -

**Hueston Hennigan LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1

## TABLE OF AUTHORITIES

2

Page(s)

3 **Cases**

4
*Apple, Inc. v. Samsung Elecs. Co.*,
5
 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012) .................................................................. 4

6
*Bagdasaryan v. Los Angeles*,
 2020 WL 5044192 (C.D. Cal. Jan. 19, 2020) ................................................................ 11

7
*Black v. Wrigley*,
8
 2019 WL 10817216 (N.D. Ill. July 11, 2019) ................................................................. 1

9 *BladeRoom Grp. Ltd. v. Facebook, Inc*.,
 2018 WL 1569703 (N.D. Cal. Mar. 30, 2018) ................................................................ 1
10

11
*Boeing Co. v. Sierracin Corp.*,
 108 Wash.2d 38 (1987) .................................................................................................... 8

12
*Caliber Home Loans, Inc. v. CrossCountry Mortg., LLC*,
13
 2023 WL 2711546 (W.D. Wash. Mar. 30, 2023) ............................................................ 9

14
*Convoyant LLC v. DeepThink, LLC*,
 2021 WL 5810638 (W.D. Wash. Dec. 7, 2021) ............................................................... 9
15

16
*Convoyant LLC v. Deepthink, LLC*,
 200 Wash. 2d 72 (2022) ................................................................................................... 9

17
*Convoyant LLC v. DeepThink, LLC*,
18
 Case No. 2:21-cv-0310-JLR, Dkt. 33 (W.D. Wash. Sept. 7, 2022) ............................... 9

19 *Eagle Harbor Holdings, LLC v. Ford Motor Co*.,
 2015 WL 999927 (W.D. Wash. Mar. 5, 2015) ............................................................... 6
20

21
*Ed Nowogroski Ins., Inc. v. Rucker*,
 88 Wash. App. 350 (1997) ........................................................................................... 7, 8

22
*Equal Emp. Opportunity Comm'n v. AN Luxury Imports of Tucson Inc.*,
23
 2014 WL 11662998 (D. Ariz. Oct. 17, 2014) ............................................................... 10

24 *Finjan, Inc. v. Sophos, Inc.*,
 2016 WL 7911365 (N.D. Cal. Aug. 30, 2016) ............................................................... 4
25

26
*Finmeccanica S.p.A. v. Gen. Motors Corp*,
 2008 WL 11336141 (C.D. Cal. Dec. 17, 2008) ............................................................ 11

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- iii -

**Hueston Hennigan LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1

TABLE OF AUTHORITIES (cont.)

2

Page(s)

3
*Genesys Cloud Servs., Inc. v. Strahan*,

4
    2023 WL 2187508 (S.D. Ind. Feb. 23, 2023) ............................................................ 1, 2

5
*Huawei Techs., Co. v. Samsung Elecs. Co.*,

6
    340 F. Supp. 3d 934 (N.D. Cal. 2018) ................................................................................ 3

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,

7
    153 F.3d 1318 (Fed. Cir. 1998) .......................................................................................... 6

8
*In re Nat'l Consumer Mortg., LLC*,

9
    512 B.R. 639 (D. Nev. 2014) .............................................................................................. 3

*In re Pac. Fertility Ctr. Litig.*,

10
    2021 WL 1082843 (N.D. Cal. Mar. 12, 2021) ................................................................... 4

11
*In re Qualcomm Litig.*,

12
    2019 WL 1598928 (S.D. Cal. Apr. 15, 2019) .................................................................... 4

13
*Kamakana v. City & Cnty. of Honolulu*,

14
    447 F.3d 1172 (9th Cir. 2006) ...................................................................................... 3, 4

15
*Karma Auto. LLC v. Lordstown Motors Corp.*,

    2022 WL 20401205 (C.D. Cal. Dec. 12, 2022) ........................................................ 1, 2, 3

16
*Mahoney v. Tingley*,

17
    85 Wash. 2d 95 (1975) ..................................................................................................... 10

18
*Methode Elecs. Inc. v. Hewlett-Packard Co.*,

19
    2000 WL 1157933 (N.D. Cal. May 4, 2000) ............................................................... 6, 7

*NW Monitoring LLC v. Hollander*,

20
    534 F. Supp. 3d 1329 (W.D. Wash. 2021) ......................................................................... 9

21
*O'Bannon v. Nat'l Collegiate Athletic Ass'n*,

22
    2014 WL 12997312 (N.D. Cal. June 10, 2014) ................................................................. 5

23
*Owens v. Kaiser Foundation Health Plan, Inc.*,

    244 F.3d 708 (9th Cir. 2001) ........................................................................................... 10

24
*Petters v. Williamson & Assocs., Inc.*,

25
    115 Wash. App. 1047 (2003) .............................................................................................. 8

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- iv -

**Hueston Hennigan LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1

<u>TABLE OF AUTHORITIES (cont.)</u>

2
<u>Page(s)</u>

3   *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Arizona*,
4       156 F.3d 940 (9th Cir. 1998) ............................................................................................. 3

5   *Salazar v. Driver Provider Phoenix LLC*,
        2023 WL 167021 (D. Ariz. Jan. 12, 2023) ...................................................................... 11
6
7   *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*,
        5 Wash. App. 2d 496 (2018) ............................................................................................. 8
8
    *Strategic Diversity, Inc. v. Alchemix Corp.*,
9       2013 WL 4511971 (D. Ariz. Aug. 28, 2013) ............................................................. 10, 11
10
    *Sumotext Corp. v. Zoove, Inc.*,
11      2020 WL 836737 (N.D. Cal. Feb. 20, 2020) ................................................................ 4, 5

12  *Thola v. Henschell*,
        140 Wash. App. 70 (2007) ...................................................................................... 8, 9, 10
13
    *tinyBuild LLC v. Nival Int'l Ltd.*,
14      2020 WL 13803810 (W.D. Wash. May 18, 2020) ............................................................ 9
15
    *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*,
16      115 F. Supp. 3d 1184 (W.D. Wash. 2015) ........................................................................ 8

**Statutes**

17  Wash. Rev. Code Ann. § 19.108.010(4)(b) .................................................................................. 1

18  Wash. Rev. Code Ann. § 19.108.900(1) .................................................................................. 7, 9
19
    Wash. Rev. Code Ann. § 19.108.910 .......................................................................................... 9
20

21

22

23

24

25

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- v -

**Hueston Hennigan LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1    In advance of the May 15, 2024 hearing, and pursuant to the Court's Order at Docket

2    635, The Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing") hereby

3    submit this Supplemental Trial Brief to address issues subject to the parties' pretrial meet-and-

4    confer discussions and raised in Zunum's trial briefing.

5    **I.**    **Boeing's Objection to Confidentiality Designations on Trial Exhibits Applied**

6          **During Litigation**

7    Almost all trial exhibits appearing on the parties' exhibits bear confidentiality

8    designations applied during this litigation under the protective order.  Boeing seeks removal of

9    all such confidentiality designations from the trial exhibits and is prepared to submit clean copies

10   of all trial exhibits without the confidentiality designations by the morning of May 16, 2024.

11   Removal of litigation confidentiality designations is a standard practice in trade secrets

12   trials.  That is because the plaintiff bears the burden of showing that each alleged trade secret

13   was "the subject of efforts that are reasonable under circumstances to maintain secrecy."  Wash.

14   Rev. Code Ann. § 19.108.010(4)(b).  Consequently, litigation confidentiality designations are

15   unduly prejudicial because they are likely to mislead the jury into believing that documents were

16   designated confidential (and thus subject to reasonable protection efforts) at the time of their

17   creation.  They should therefore be removed before shown to the jury.  *See, e.g.*, *Karma Auto.*

18   *LLC v. Lordstown Motors Corp.*, 2022 WL 20401205, at *4 (C.D. Cal. Dec. 12, 2022)

19   ("Markings pursuant to the protective order are both irrelevant and potentially confusing");

20   *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1569703, at *5 (N.D. Cal. Mar. 30, 2018)

21   ("[P]rotective order confidentiality designations are irrelevant, and risk confusing and misleading

22   the jury on the issue of whether Plaintiffs' took reasonable steps to maintain the confidentiality

23   of their trade secrets."); *Black v. Wrigley*, 2019 WL 10817216, at *3 (N.D. Ill. July 11, 2019)

24   ("'[C]onfidential' stamps are to be removed from exhibits that will be introduced before the jury,

25   to avoid unnecessary jury confusion."); *Genesys Cloud Servs., Inc. v. Strahan*, 2023 WL

26   2187508, at *12 (S.D. Ind. Feb. 23, 2023) ("Because the confidentiality designations were

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 1 -

**Hueston Hennigan LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

created after litigation began, those designations are irrelevant and therefore inadmissible.  Even

if there was some relevance, any limited probative value of the labels would be outweighed by

the severe risk of confusing and misleading the jury").  Litigation-applied confidentiality

markings reflect only lawyers' after-the-fact arguments as to confidentiality and have no

relevance as to the document's actual confidentiality.[1]  *See, e.g.*, Dkt. 45 ¶ 9 ("Nothing in this

Protective Order shall operate as an admission by the Receiving Party that any particular . . .

document or information contains or reflects trade secrets, proprietary, or any other type of

confidential matter.").

Zunum has refused to stipulate to removal of confidentiality designations on two

grounds.

*First*, Zunum has argued that a limiting jury instruction regarding confidentiality

designations is sufficient to remedy any prejudice.  Not so.  "[A] limiting instruction would be

ineffective to cure this prejudice because such instruction would only draw the jury's attention to

the irrelevant and misleading document designations."  *Genesys Cloud Servs., Inc.*, 2023 WL

2187508, at *12; *Karma Auto. LLC*, 2022 WL 20401205, at *4 ("Given the pervasiveness with

which the parties self-determined confidential status and so marked documents, an instruction is

unlikely to be effective.").  In this case, moreover, various trial exhibits bear confidentiality

designations that were created and applied at the time the documents were created (as opposed to

during this litigation).  Even with a limiting instruction, a significant risk exists that the jury will

be unable to differentiate between original confidentiality markings and litigation markings.

*Second*, Zunum has argued that it is impractical to remove the litigation confidentiality

designations because the trial is set to begin on May 16.  But Boeing is prepared to provide the

Court with electronic and printed copies of all stamped exhibits on the exhibit list—Zunum's and

---

[1] Zunum cannot argue otherwise.  If it were to do so, it would place their own attorneys' determinations as to confidentiality as fact issues in this case.

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 2 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1    Boeing's—by the morning of May 16.  *See also Karma Auto. LLC*, 2022 WL 20401205, at *4

2    (C.D. Cal. Dec. 12, 2022) ("The Court highly doubts that Karma will use all of the 1,296

3    documents which it has identified in its exhibit list . . . .  Thus, the burden is largely of the

4    parties' own making and can be reduced by the parties when they choose what specific

5    documents to actually use at trial.").

6    **II.    Boeing's Objection to Sealing of the Courtroom**

7           Zunum has indicated that it will seek to seal the courtroom during trial.  Boeing objects to

8    any such sealing because Zunum cannot meet its heavy burden to overcome the presumption of

9    public access and any closure of the courtroom would unnecessarily risk prejudicing Boeing.

10          "One of the most enduring and exceptional aspects of Anglo–American justice is an open

11   public trial.  Indeed, 'throughout its evolution, the trial has been open to all who cared to

12   observe.'"  *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Arizona*, 156 F.3d 940, 946

13   (9th Cir. 1998).  "A party seeking to seal a judicial record then bears the burden of overcoming

14   this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City &*

15   *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "[T]he party must 'articulate[ ]

16   compelling reasons supported by specific factual findings[.]"  *Id.*  "Simply mentioning a general

17   category of privilege, without any further elaboration or any specific linkage with the documents,

18   does not satisfy the burden."  *Id.*  Courts will not "close the courtroom, when information central

19   to the parties' arguments in [the] case is being discussed . . . unless the parties demonstrate the

20   most compelling of reasons and show through persons with direct knowledge why significant

21   harm *would* occur if the information became public."  *Huawei Techs., Co. v. Samsung Elecs.*

22   *Co.*, 340 F. Supp. 3d 934, 1003 (N.D. Cal. 2018) (emphasis in original); *see also In re Nat'l*

23   *Consumer Mortg., LLC*, 512 B.R. 639, 642 (D. Nev. 2014) (recognizing that the court

24   "specifically rejected [party's] request to close the courtroom" (citing *In re Nat'l Consumer*

25   *Mortg., LLC*, Case No. 2:10–CV–00930–PMP–PAL, Dkt. 333 at 28:23–25 ("[T]hat's a

26   nonstarter. I mean I'm not going to do that at all. That, frankly, would be offensive to the process

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 3 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

1    . . . .")); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) ("the

2    Court will not close the courtroom during expert testimony regarding Plaintiffs' product liability

3    claims[]" despite there being sensitive testimony regarding product design).

4        Applying these principles, courts in the Ninth Circuit routinely require that a courtroom

5    remain open during trade secrets trials or with respect to trade secrets. *See, e.g., Apple, Inc. v.*

6    *Samsung Elecs. Co.*, 2012 WL 3283478, at *11 (N.D. Cal. Aug. 9, 2012) (in case involving trade

7    secrets: "Accordingly, all motions to seal the courtroom during trial or to seal portions of the trial

8    transcript are hereby DENIED."); *Sumotext Corp. v. Zoove, Inc.*, 2020 WL 836737, at *4 (N.D.

9    Cal. Feb. 20, 2020) (although "such [pricing] information 'falls within the definition of "trade

10    secrets,"'" declining to seal exhibit and stating that "the courtroom will not be sealed"); *see also,*

11    *e.g., Finjan, Inc. v. Sophos, Inc.*, 2016 WL 7911365, at *2 (N.D. Cal. Aug. 30, 2016) (declining

12    to seal courtroom where party sought to maintain confidentiality of licensing agreement; "Trials

13    are matters of public record.  I will not seal the courtroom during trial"); *In re Qualcomm Litig.*,

14    2019 WL 1598928, at *3 (S.D. Cal. Apr. 15, 2019) (where trade secrets might be disclosed

15    during trial: "Repeated requests to close and clear the courtroom would be unduly cumbersome

16    to the Court's interest in managing the trial.  Sealing such information would hamstring the

17    parties and stymie them from litigating key issues effectively and efficiently.  Furthermore, over-

18    sealing crucial exhibits would impede the jury and the public's ability to understand the nature of

19    the proceedings and the factual basis for the parties' claims.").

20        Here, Zunum cannot meet its heavy burden to justify any closure of the courtroom during

21    trial.  Zunum has not even identified the specific information or documents it would seek to seal

22    at trial, instead vaguely asserting that it seeks to seal all testimony regarding "Zunum's

23    proprietary technical and business information that is not in the public domain[.]"  Dkt. 632 at 1.

24    "These conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific

25    to bar the public access to the documents[]" or testimony.  *Kamakana*, 447 F.3d at 1182.

26

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 4 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1    Moreover, in response to a Court order requiring Zunum to state whether its alleged trade

2    secrets continue to be protected trade secrets to this day, Zunum submitted a verified

3    interrogatory response asserting that many of its alleged trade secrets no longer exist as trade

4    secrets due to their public disclosures by Zunum to other third parties.  Dkt. 364, Ex. 113 at Ex.

5    A; *see also* Dkt. 619 at 6–7.  As to the remaining alleged trade secrets, Zunum has stated that at

6    least portions of those alleged trade secret have become publicly available in various disclosures.

7    Dkt. 364, Ex. 113 at Ex. A; *see also* Dkt. 619 at 6–7.

8    Finally, less restrictive means exist to address any confidentiality concerns.  For instance,

9    to the extent Zunum is concerned about public access to particular exhibits, it is free to request

10   the sealing of those exhibits on the Court docket.  Even if the Court finds that there are

11   compelling justifications for sealing exhibits, it need not close the courtroom at any point during

12   trial.  *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 2014 WL 12997312, at *2 (N.D. Cal. June

13   10, 2014) (finding that parties could introduce under-seal exhibits at trial and but that "[t]he

14   courtroom will not be closed during any discussion or testimony concerning these exhibits");

15   *Sumotext Corp.*, 2020 WL 836737, at *4 ("[T]he exhibits [need] not be filed on the public

16   docket[.]").**[2]**

17   **III.   Patent Law Preempts Zunum's Misappropriation Claim Based on Boeing's Patents**

18   In this litigation, Zunum has claimed that Boeing misappropriated its alleged trade secrets

19   by deriving Boeing's patent inventions from those alleged trade secrets.  In light of these claims,

20   Boeing has asserted patent inventorship counterclaims seeking a declaration that, contrary to

21   Zunum's assertions, the inventors listed on Boeing's patents are the true inventors.  The Court

22   has now granted summary judgment in favor of Boeing on each of Boeing's patent

23   counterclaims, concluding that, "[b]ased on the court's review of Zunum's cited evidence, no

24

25   **[2]** Contrary to Zunum's assertions, *see* Dkt. 632 3–4, Boeing did not "waive" the right to argue for
     an open trial by not objecting to the sealing of documents on the Court's docket, which is an
26   entirely separate question from whether the courtroom ought to be closed during trial.

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 5 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1    Zunum engineer claims to be the inventor of one or more claims of either [Boeing] patent." Dkt.

2    560 at 28.   Despite the Court's Summary Judgment Order, Zunum has confirmed its intent to

3    argue at trial that Boeing misappropriated its alleged trade secrets in the Boeing patents.  Zunum

4    may not do so because the Court already determined—as a matter of federal patent law—that

5    Boeing inventors on the patents are the true inventors.  Any contrary claim under state law is

6    preempted.

7           "If a plaintiff bases its tort action on conduct that is protected or governed by federal

8    patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for

9    conflict with federal patent law."  *Hunter Douglas, Inc. v. Harmonic Design, Inc*., 153 F.3d

10   1318, 1335 (Fed. Cir. 1998), partially overruled on other grounds *Midwest Indus., Inc. v.*

11   *Karavan Trailers, Inc*., 175 F.3d 1356 (Fed. Cir. 1999); *see also Eagle Harbor Holdings, LLC v.*

12   *Ford Motor Co*., 2015 WL 999927, at *2 (W.D. Wash. Mar. 5, 2015) ("federal patent law

13   preempts any state law that purports to define rights based on inventorship").  A tort action is

14   based on conduct that is "protected or governed by federal patent law" where it alleges, for

15   example, that a defendant "converted . . . [plaintiff's] valuable technical information by claiming

16   sole ownership in patent applications that matured into [patents.]"  *Methode Elecs. Inc. v.*

17   *Hewlett-Packard Co*., 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000).  As the court in

18   *Methode Electronics Inc*. explained, where a party claims, for example, that the other party

19   "converted . . . [plaintiff's] valuable technical information by claiming sole ownership in" patent,

20   the claim is preempted by federal patent law.   2000 WL 1157933, at *2

21          Here, the Court has already found that Zunum's trade secret misappropriation claims

22   challenge "the inventorship of" Boeing's patents.  Dkt. 114 at 10.  Indeed, Zunum alleges

23   Boeing's patents "borrow[] heavily from Zunum's ZA10 architecture," (Dkt. 60 ¶ 384),  i.e., that

24   Boeing included Zunum's allegedly valuable technical information in its patents.  Accordingly,

25   just as in *Method Electronics Inc*., the "focal point" of Zunum's patent-based misappropriation

26   theory is whether Boeing misrepresented inventorship in the course of securing its patents, and

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 6 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1    that theory is preempted by federal patent law.  *Methode Elcs. Inc*., 2000 WL 1157933.  Because

2    the Court has already resolved the issue of federal patent law raised by Zunum's allegations,

3    Zunum should be precluded from pursuing its theory at trial.

4    **IV.    The Washington Uniform Trade Secrets Act Preempts Zunum's Tortious**

5          **Interference Claim**

6          In its opposition to summary judgment, Zunum suggested that Boeing allegedly

7    interfered with its prospective business transactions by misappropriating its alleged trade secrets.

8    Dkt. 481 at 58.  While Zunum has attempted to walk back these allegations in its trial brief, it

9    continues to assert that it intends to prove tortious interference by asserting that Boeing "'used

10   Zunum's proprietary information' to support these improper efforts [to interfere with Zunum's

11   alleged business expectancies]."  Dkt. 620 at 9–10.  As the Court noted in its Summary Judgment

12   Order: "The 'improper means' Zunum discusses are the same as those 'underlying' its trade

13   secret misappropriation claim.  This raises a possible preemption issue . . . ."  Dkt. 560 at 23 n.7.

14   The Court is correct:  Because Zunum's tortious interference claim covers many of the same

15   allegations as its trade secret misappropriation claim, the Washington Uniform Trade Secrets Act

16   ("WUTSA" or "UTSA") preempts Zunum's tortious interference claim.  *See* Wash. Rev. Code

17   Ann. § 19.108.900(1).  Accordingly, even if Zunum's tortious interference allegations are not

18   entirely preempted, Zunum should be precluded from offering any evidence or argument at trial

19   that Boeing's purported trade secret misappropriation establishes the "improper means" or

20   "improper conduct" element of its tortious interference claim.

21         **A.    Preemption Applies to Zunum's Tortious Interference Claim**

22         The WUTSA "specifically displaces conflicting tort laws pertaining to trade secret

23   misappropriation."  *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wash. App. 350, 358, 944 (1997),

24   *aff'd*, 137 Wash. 2d 427 (1999); Wash. Rev. Code Ann. § 19.108.900(1) (the WUTSA "displaces

25   conflicting tort, restitutionary, and other law of this state pertaining to civil liability for

26   misappropriation of a trade secret").  Under the fact-based approach to deciding preemption,

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 7 -

Hueston Hennigan LLP
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269

1   articulated in *Thola v. Henschell*, 140 Wash. App. 70 (2007), "[t]here is a "three-step analysis to

2   determine whether a claim is preempted: (1) assess the facts that support the plaintiff's [non-

3   UTSA] civil claim, (2) ask whether those facts are the same as those that support the plaintiff's

4   UTSA claim, and (3) hold that the UTSA preempts liability on the civil claim unless the

5   common law claim is factually independent from the UTSA claim." *T-Mobile USA, Inc. v.*

6   *Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1198 (W.D. Wash. 2015) (citing *Thola*, 140

7   Wash. App. at 82); *Ed Nowogroski Ins., Inc.*, 88 Wash. App. at 358 (a plaintiff "may not rely on

8   acts that constitute trade secret misappropriation to support other causes of action."); *Petters v.*

9   *Williamson & Assocs., Inc.*, 115 Wash. App. 1047 (2003) ("The Uniform Trade Secrets Act has

10  displaced the common law" for claims for "unfair competition by misappropriation.").

11          Zunum argues that because its tortious interference claim has different elements than its

12  misappropriation claim, preemption is inapplicable in light of another Washington Court of

13  Appeals decision in *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 5

14  Wash. App. 2d 496, 507 (2018).  But *SEIU* could not—and did not—overrule *Thola* and its

15  progeny.  Rather, in *SEIU*, the panel based its decision to apply an elements-based approach on a

16  misinterpretation of an earlier Washington Supreme Court decision in *Boeing Co. v. Sierracin*

17  *Corp.*, 108 Wash.2d 38, 48 (1987).  But in *Boeing*, the Washington Supreme Court considered

18  only preemption of ***contract*** claims—not ***tort*** claims like those at issue here.  In fact, as the

19  *Boeing* court emphasized, the legislative history shows that WUTSA preemption was specifically

20  intended to apply to tort claims, as opposed to contract claims, despite the fact that tort claims

21  have different elements than a WUTSA misappropriation claim.  *Boeing*, 108 Wash.2d 38 at 48

22  (quoting legislative history, "It is the judgement of the Committee that ***the answer still should be***

23  ***no [that the Act cover contract liability], and that the Act limit itself to the tort situation***."

24  (emphasis added)).  As such, *SEIU* does not control, and *Boeing* involved a separate issue.

25          Indeed, courts after *SEIU* have applied *Thola*'s reasoning to find preemption of tort

26  claims based on the same facts as a WUTSA misappropriation claim (but with different

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 8 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

1   elements).  *See Caliber Home Loans, Inc. v. CrossCountry Mortg., LLC*, 2023 WL 2711546, at

2   *5 (W.D. Wash. Mar. 30, 2023) ("The framework set forth by the Washington Supreme Court

3   mandates that a conversion claim is preempted by UTSA if plaintiff actually asserts a UTSA

4   claim."); *NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1338–39 (W.D. Wash. 2021)

5   ("'[A] plaintiff 'may not rely on acts that constitute trade secret misappropriation to support

6   [another cause] of action' even if it requires proof of additional elements.'" (citations omitted));

7   *tinyBuild LLC v. Nival Int'l Ltd.*, 2020 WL 13803810, at *1 (W.D. Wash. May 18, 2020)

8   ("[P]laintiff's claim for conversion is preempted by Washington's Uniform Trade Secrets Act.").

9   This view is consistent with "the majority of UTSA jurisdictions," *Thola*, 140 Wash. App. at 82,

10  and Washington's mandate to construe UTSA "to effectuate its general purpose to make uniform

11  the law with respect to the subject of this chapter among states enacting it," Wash. Rev. Code

12  Ann. § 19.108.910.

13          While Zunum argues that this Court already found that *SEIU* controls, this is inaccurate.

14  In *Convoyant LLC v. DeepThink, LLC*, the Court certified to the Washington Supreme Court the

15  question of whether a fact-based approach under *Thola* or an elements-based approach under

16  *SEIU Healthcare* applied to preemption under Wash. Rev. Code Ann. § 19.108.900(1).  2021

17  WL 5810638, at *7 (W.D. Wash. Dec. 7, 2021).  Ultimately, the Washington Supreme Court

18  declined to resolve the certified question because the parties "agree[d] that a fact-based approach

19  should be used[.]"  *Convoyant*, Case No. 2:21-cv-0310-JLR, Dkt. 33; *Convoyant LLC v.*

20  *Deepthink, LLC*, 200 Wash. 2d 72, 74 (2022) (same).

21          Consequently, under the fact-based approach, Zunum's allegations that Boeing interfered

22  with Zunum's alleged business expectancies through improper means because it "used Zunum's

23  proprietary information," Dkt. 481 at 58, are preempted.  Zunum should therefore be prohibited

24  from introducing any evidence or argument that Boeing's purported trade secret

25  misappropriation satisfies the "improper means" element of its tortious interference claim.

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 9 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

Boeing further respectfully requests that the Court instruct the jury not to consider any evidence of alleged misappropriation when deliberating on Zunum's claim for tortious interference. *See Thola*, 140 Wash. App. at 84–85 (stating that "[p]arties are entitled to jury instructions that accurately state the law"; "the trial court failed to instruct the jury on preemption" and "thus, did not accurately state the law governing the jury's decision"; and "[u]pon retrial, the trial court must properly instruct the jury on preemption and the limited use of trade secret appropriation evidence").[3]

### B.      Boeing Has Not Waived Its Preemption Defense

Zunum asserts that Boeing "waived" its preemption defense over Zunum's shifting tortious interference allegations. Dkt. 620 at 7-9. But "[w]here a failure to plead a defense affirmatively does not affect the substantial rights of the parties, the noncompliance will be considered harmless." *Mahoney v. Tingley*, 85 Wash. 2d 95, 100 (1975). The Ninth Circuit has held "that a defendant's failure to raise an affirmative defense in its answer does not necessarily waive the defense." *Strategic Diversity, Inc. v. Alchemix Corp.*, 2013 WL 4511971, at *11 (D. Ariz. Aug. 28, 2013) (citing *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "The defense may be raised later if the delay in raising it does not prejudice the plaintiff." *Id.* (citing *Owens*, 244 F.3d at 713); *Equal Emp. Opportunity Comm'n v. AN Luxury Imports of Tucson Inc.*, 2014 WL 11662998, at *2 (D. Ariz. Oct. 17, 2014) (acknowledging that defendants "did not waive" affirmative defense that "was raised for the first time in the

---

[3] Boeing provides the following proposed jury instruction:

> Zunum asserts claims for trade secret misappropriation and tortious interference with business expectancies. The law prohibits Zunum from using evidence of alleged trade secret misappropriation to prove that Boeing and HorizonX tortiously interfered with any business expectancies. As such, you may not consider evidence of alleged trade secret misappropriation when deliberating on Zunum's claim for tortious interference with business expectancies.

*Thola v. Henschell*, 140 Wash. App. 70, 84–85 (2007).

---

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 10 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

1  defendants' trial brief that was filed on the first day of the bench trial." (citing *Strategic*

2  *Diversity, Inc. v. Alchemix Corp.*, 2013 WL 4511971, at *11 (D. Ariz. Aug. 28, 2013)).

3          Here, Zunum has not even attempted to argue that it would be prejudiced.  *See generally*

4  Dkt. 620 at 7–10.  Nor could it.  Granting Boeing's request for preemption would merely narrow

5  and streamline the presentation of evidence, and "[n]o additional discovery would be necessary

6  as a result of the amendment."  *Bagdasaryan v. Los Angeles*, 2020 WL 5044192, at *4 (C.D. Cal.

7  Jan. 19, 2020) ("there is no prejudice to Plaintiffs from permitting Defendant to amend its

8  answer"); *Finmeccanica S.p.A. v. Gen. Motors Corp*, 2008 WL 11336141, at *5 (C.D. Cal. Dec.

9  17, 2008) (declining to find waiver of preemption defense); *Salazar v. Driver Provider Phoenix*

10  *LLC*, 2023 WL 167021, at *2 (D. Ariz. Jan. 12, 2023) ("The Court finds that allowing Plaintiffs

11  to amend the Complaint [to add preemption defense] will resolve any prejudice[.]").

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 11 -

6592269

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

1

Dated: May 14, 2024                    Respectfully submitted,

2
                                       */s/ Yegor Fursevich*
3                                      John C. Hueston (Admitted *Pro Hac Vice*)
                                       Email: jhueston@hueston.com
                                       Moez M. Kaba (Admitted *Pro Hac Vice*)
4                                      Email: mkaba@hueston.com
                                       Yegor Fursevich (Admitted *Pro Hac Vice*)
5                                      Email: yfursevich@hueston.com
                                       Justin M. Greer (Admitted *Pro Hac Vice*)
6                                      Email: jgreer@hueston.com
                                       Cassidy O'Sullivan (Admitted *Pro Hac Vice*)
7                                      Email: cosullivan@hueston.com

8                                      **HUESTON HENNIGAN LLP**
                                       523 West 6th Street, Suite 400
9                                      Los Angeles, CA 90014
                                       Telephone:      (213) 788-4340
10                                     Facsimile:      (888) 866-4825

11                                       /s/ David A. Perez
                                       David A. Perez, WSBA No. 43959
12                                     Susan E. Foster, WSBA No. 18030
                                       Madeline D. Swan, WSBA No. 56355
13
                                       **PERKINS COIE LLP**
14                                     1201 Third Avenue, Suite 4900
                                       Seattle, WA 98101
15                                     (206)359-8000

16                                     **Attorneys for Defendants**
                                       **THE BOEING COMPANY. and**
17                                     **BOEING HORIZONX VENTURES,**
                                       **LLC**
18

19

20

21

22

23

24

25

26

Case No.  2:21-cv-00896
DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
- 12 -

**Hueston Hennigan LLP**
523 West 6th St, Suite 400
Los Angeles, CA 90014
(213)788-4340

6592269