UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | CASE NO. C21-0896JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

Before the court is Defendants The Boeing Company and Boeing HorizonX Ventures, LLC's (together, "Boeing") "supplemental trial brief," which the court construes in relevant part as a motion for leave to assert two previously unpled affirmative defenses concerning preemption. (Supp. Tr. Brief (Dkt. # 636) at 5-11; Reply (Dkt. # 657); *see also* 2d Am. Compl. (Dkt. # 60); Answer (Dkt. # 118).) Plaintiff Zunum Aero, Inc. ("Zunum") opposes the motion. (Resp. (Dkt. # 655).) The court has considered the parties' submissions, the relevant portions of the record, and the governing

//

ORDER - 1

law.  Being fully advised, the court DENIES Boeing's motion for leave to assert previously unpled affirmative defenses.

Boeing answered Zunum's second amended complaint on December 17, 2022. (*See generally* Answer.)  In its answer, Boeing listed 28 "Defenses."  (*See id.* at 60-63.) Preemption is absent from that list.  (*See id.*)  Indeed, Boeing does not mention "preemption" at all in its answer.  (*See generally id.*)  On February 28, 2024, Boeing moved for summary judgment.  (MSJ (Dkt. ## 336 (sealed), 357 (redacted)).)  Boeing did not argue preemption in that motion.  (*See generally id.*)  On April 25, 2024, the parties filed a joint proposed pretrial order, which makes no mention of preemption.  (*See generally* Prop. Pretrial Order (Dkt. # 588).)  On May 10, 2024, Boeing filed its trial brief.  (Def. Tr. Br. (Dkt. ## 612 (redacted), 614 (sealed)).)  Again, there was no mention of preemption.  (*See generally id.*)  It was not until after close of business on May 14, 2024, less than 48 hours before trial was set to begin, that Boeing first asserted preemption defenses in this case.  (*See* Supp. Tr. Br. at 5 (arguing that "patent law preempts Zunum's misappropriation claim based on Boeing's patents" (capitalization altered)); *id.* at 7 (arguing that "the Washington Uniform Trade Secrets Act ("WUTSA") preempts Zunum's tortious interference claim" (capitalization altered)).)

"Preemption is an affirmative defense[.]" *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 (9th Cir. 2021); *see also MM&R Prods., Inc. v. Stitch N' Genius, Inc.*, No. CV 09-4082-VBF(RCx), 2009 WL 10698827, at *5 (C.D. Cal. Sept. 10, 2009) ("Preemption by federal patent law is an affirmative defense."); (Supp. Tr. Br. at 10 (Boeing acknowledging WUTSA preemption as an "affirmative defense")).  Federal Rule

of Civil Procedure 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Relatedly, Federal Rule of Civil Procedure 16 governs pretrial orders. *See* Fed. R. Civ. P. 16(d)-(e). "A pretrial order has the effect of amending the pleadings and controls the subsequent course of action in the litigation." *Nw. Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (cleaned up). Failure to plead an affirmative defense typically results in waiver of that defense, *Wakefield v. ViSalus*, 51 F.4th 1109, 1119 (9th Cir. 2022), as does the failure to raise the affirmative defense in the pretrial order, *Nw. Acceptance Corp.*, 841 F.2d at 924. A defendant may avoid waiver of an unpled affirmative defense "if the plaintiff is not unfairly surprised or prejudiced" by the delay in raising the defense. *Lowerison v. Cnty. of San Diego*, 26 F. App'x 720, 721 (9th Cir. 2002) (citing *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993)). And "[t]he court may modify the [pretrial] order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The decision to allow a party to assert an untimely affirmative defense is committed to the district court's sound discretion. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (pleadings); *see also Nw. Acceptance Corp.*, 841 F.2d at 926 (pretrial order).

The court finds that Zunum has and would continue to suffer undue prejudice as a result of Boeing's pursuit of these affirmative defenses. Trial is underway, and Zunum has already had to dedicate attorney hours to respond to Boeing's belated motion. Zunum is also correct that "Boeing's last-minute motion prejudices Zunum's substantive right to develop alternative theories of tort and contract liability that would not be

preempted." (*See* Resp. at 3.)  Zunum has less than 10 hours of trial time remaining to put on its case.  The court declines to force Zunum to rethink its trial strategy in the middle of its case in chief.  *See Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 450 (1st Cir. 1995) (affirming the district court's denial of leave to amend based on ERISA preemption argument filed five days before trial).  Moreover, Boeing has not demonstrated that amending the pretrial order to permit it to assert its preemption defenses is necessary to avoid manifest injustice.  Fed. R. Civ. P. 16(e).

For the foregoing reasons, the court DENIES Boeing's motion (Dkt. # 636).

Dated this 21st day of May, 2024.

JAMES L. ROBART
United States District Judge