```
                     UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

                                  ) CASE NO. CV21-896-JLR
ZUNUM AERO, INC.,                 )
                                  ) Seattle, Washington
                 Plaintiff,       )
                                  ) May 30, 2024
v.                                ) 3:45 p.m.
                                  )
THE BOEING COMPANY, et al.,       ) Jury Trial Day 10
                                  )
                 Defendants.      ) Jury Question/Jury
                                  ) Verdict
_____

                 VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE JAMES L. ROBART
                 UNITED STATES DISTRICT JUDGE
_____
```

APPEARANCES:

 For the Plaintiff:      SCOTT M. DANNER
                         VINCENT G. LEVY
                         CHARLOTTE BAIGENT
                         BRIAN T. GOLDMAN
                         Holwell Shuster & Goldberg LLP
                         425 Lexington Avenue, 14th Floor
                         New York, NY 10017

                         STEVEN W. FOGG
                         Corr Cronin LLP
                         1015 Second Avenue, 10th Floor
                         Seattle, WA 98104


 For the Defendants:     MOEZ M. KABA
                         Hueston Hennigan LLP
                         523 West Sixth Street, Suite 400
                         Los Angeles, CA 90014


 Reported by:            MARCI E.C. CHATELAIN, CCR, RMR, CRR
                         Federal Court Reporter
                         700 Stewart Street, Suite 17205
                         Seattle, WA 98101
                         marci_chatelain@wawd.uscourts.gov

APPEARANCES (Cont'd.):

    For the Defendants:        JOHN C. HUESTON
                               Hueston Hennigan LLP
                               620 Newport Center Drive
                               Suite 1300
                               Newport Beach, CA 92660

APPEARANCES (Cont'd.):

PROCEEDINGS

---

(Jury not present.)

THE COURT:  All right.  Counsel, I'm trying to get these people out of here today, so let's get started.

MR. DANNER:  Yes, Your Honor.

THE COURT:  You've seen the question that they asked, the brief question that they asked, "Can we get a clarification regarding the 'no double recovery' again, please?  Thank you."

The answer under Ninth Circuit law that they really, really like is, Read Instruction 26 again, which will cause them to say, It's all close and, you know, go back to trying to figure it out.

Alternatively, and I'm going to ask each of you if you have a proposal, is saying, Double recovery means awarding damages twice under different causes of action for the same injury, which is just a more plain-English statement of Instruction 26.

The plaintiff have any response?

MR. DANNER:  Your Honor, I think we're happy with your paraphrase.

I think I would just note that exhibit -- or, excuse me, Instruction 31 also speaks to this issue.  And so our suggestion would be that they be pointed both to 26 and 31, along with your paraphrase.

THE COURT:  31 ought to be in there.

Sir?

MR. KABA:  Yeah.  Your Honor, we're happy with your paraphrase as well.

THE COURT:  So I'm not going to say, Read 26 and 31, I'm going to say, Double recovery means.  And that's acceptable to everyone?

MR. DANNER:  I understood Your Honor was going to point them to both of those instructions and give the paraphrase, but I may have misunderstood.  I guess that would be our request.

THE COURT:  I had two options.  I can -- we can use both of them.

MR. DANNER:  If that's acceptable, that would be our preference, Your Honor.

MR. KABA:  That's fine, Your Honor.

THE COURT:  Court's response is going to be, Review Instructions 26 and 31.  Double recovery means awarding damages twice under different causes of action for the same injury.

MR. DANNER:  No objection, Your Honor.  Thank you.

MR. KABA:  Thank you, Your Honor.

THE COURT:  All right.  Take that in.

We're off the record.

(Off the record.)

THE COURT:  You might want to stick around.  When we ordered lunch this morning, we asked them, 8:30 or 9:00, are you

going to be here in time for lunch?  And they said, Yes.  When we had set a deadline of I'm not here tomorrow and so I've got to arrange a judge to receive the verdict and asked them if -- you know, did they know if they were going to be here or not, and they said, right now, probably not, so -- and then they sent out this question.

I'm not sure if your attorney rooms are open or not.  We can certainly do that.

MR. DANNER:  Yes.

THE COURT:  Did anyone walk by and look and see?

MR. DANNER:  We still have our pass, Your Honor, so we're able to get into ours.

MR. KABA:  Our pass is back with the rest of our crew.  We can -- we're happy to just hang out in the hallway.

THE COURT:  We can let you in or, alternatively, you're welcome to stay in here --

MR. KABA:  Okay.  Thank you.

THE COURT:  -- both of you.

It's not too late to settle.

Thank you, Counsel.

COUNSEL (Collectively):  Thank you, Your Honor.

THE CLERK:  All rise.  Court is in recess.

(Court at recess.)

(Jury not present.)

THE CLERK:  Please rise.  Court is again in session.

THE COURT:  Counsel, we have been advised that the jury has reached a verdict.

Are there any matters that the parties -- please be seated -- any matters that the parties want to take up before the jury comes in, Mr. Danner?

MR. DANNER:  Nothing from the plaintiff.  Thank you, Your Honor.

THE COURT:  All right.

MR. KABA:  Nothing from us either.  Thank you.

THE COURT:  Then I'll ask the clerk to invite the jury to come in.

(Jury present.)

THE COURT:  Please be seated, ladies and gentlemen.

May I ask who is going to speak as foreperson for the jury, please?

JUROR NO. 1:  Me.

THE COURT:  Thank you, sir.

As foreperson, I'm going to ask you if the jury has unanimously agreed upon its verdict.

JUROR NO. 1:  Yes, we have, Your Honor.

THE COURT:  That seems like a silly question because you've been told you can't come out until you reached a unanimous verdict.

At the conclusion of all of this, the parties have the choice of polling the jury, which means that they will ask you

all, each of you individually, you know, is this your individual verdict and is this the verdict of the jury.  So just know that that may be coming.

At this time, I request that you hand the verdict form to the clerk.

This will take a little bit of time because I've got to cross-reference what has taken you two and a half days.

There are a series of answers in the jury's verdict form. It may be helpful for you to keep track of them as we go.

Question 1, Has Zunum established by a preponderance of the evidence that the following alleged trade secrets were trade secrets at the time they were allegedly misappropriated by Boeing?

Number 1, yes.

Number 2, yes.

Number 3, yes.

Number 4, yes.

Number 5, yes.

Number 6, yes.

Number 7, yes.

Number 8, yes.

Number 9, yes.

Number 10, yes.

Number 11, yes.

Number 12, yes.

Number 13, yes.

Number 15, no.

Number 16, yes.

Number 17, no.

Number 18, yes.

Number 19, yes.

Number 20, no.

Question 2, For each alleged trade secret to which you answered "yes" in Question 1, has Zunum established by a preponderance of the evidence that Boeing misappropriated the alleged trade secret?

Number 1, yes.

Number 2, yes.

Number 3, no.

Number 4, no.

Number 5, yes.

Number 6, yes.

Number 7, yes.

Number 8, no.

Number 9, yes.

Number 10, yes.

Number 11, yes.

Number 12, yes.

Number 13, yes.

15 is blank.

16, no.

17 is blank.

18 is no.

19 is yes.

Question 3, For each trade secret you answered "yes" in Question 2, has Zunum established by a preponderance of the evidence that Boeing was unjustly enriched as a result of the misappropriation?

Answer:  Number 1, yes.

Number 2, yes.

Number 3, blank.

Number 4, blank.

Number 5, yes.

Number 6, yes.

Number 7, yes.

Number 8, blank.

Number 9, yes.

Number 10, yes.

Number 11, yes.

Number 12, yes.

Number 13, yes.

15, 16, 17, and 18 are blank.

19 is yes.

20 is blank.

Question 4, What is the total amount that Zunum has

established by a preponderance of the evidence that Boeing has been unjustly enriched as a result of its misappropriation of Zunum's trade secrets?

Line filled in says 14.15 million.

Question 5, What is the total dollar amount of damages that Zunum has established, by a preponderance of the evidence, Zunum is entitled to receive in order to compensate it for the harm, loss, or injury it suffered as a result of Boeing's trade secret misappropriation?

On that line is written in 67.08 million.

Has Zunum established by a preponderance of the evidence that Boeing's trade secret misappropriation was willful and malicious?

Answer:  Yes.

Number 7, Has Zunum established by a preponderance of the evidence that Boeing breached the 2016 Proprietary Information Agreement?

Answer:  No.

Question 8, Has Zunum established by a preponderance of the evidence that it was damaged as a result of Boeing's breach of the 2016 Proprietary Information Agreement?

Answer:  No.

Question 9, What was the total amount of damages that Zunum has established, by a preponderance of the evidence, Boeing owes Zunum for Boeing's breach of the 2016 Proprietary Information

Agreement?

There is -- there started to be a number and it has been crossed out.

Number 10, Has Zunum established by a preponderance of the evidence that Boeing breached the 2017 Investor Rights Letter?

Answer:  Yes.

Question 11, Has Zunum established by a preponderance of the evidence that it was damaged as a result of Boeing's breach of the 2017 Investor Rights Letter?

Answer:  Yes.

Question 12, What was the total amount of damages that Zunum has established, by a preponderance of the evidence, Boeing owes Zunum for Boeing's breach of the 2017 Investor Rights Letter?

Instructions is to write the amount on the line below.  If you awarded damages in response to Questions 5 or 9, the damages you award must not constitute a double recovery.

Answer to Question 12:  67.08 million (no double recovery).

Number 13, Has Zunum established by a preponderance of the evidence that Boeing tortiously interfered with a valid business expectancy Zunum had with Safran and/or Safran's subsidiaries? Answer yes or no.

Answer:  Yes.

Question 14, Has Zunum established by a preponderance of the evidence that Boeing tortiously interfered with a valid

business expectancy Zunum had with United Technologies Aerospace Systems?

Answer:  No.

Question 15, What is the total dollar amount of damages that Zunum has established, by a preponderance of the evidence, Boeing owes Zunum for Boeing's tortious interference with Zunum's business expectancies?

Line filled in with 11.56 million.

The next question is:  Please identify the portion of the total amount that is attributable to each of those two.

Safran, 11.56 million; UTAS, zero.

Failure to mitigate:

Question 16, Has Boeing established by a preponderance of the evidence that Zunum failed to use reasonable effort to mitigate its damages?

Answer:  Yes.

Question 17, What is the total dollar amount of damages that Boeing has established, by a preponderance of the evidence, Zunum failed to mitigate?

Answer:  20.82 million.

This verdict form is dated this 30th day of May, 2024, and signed by the presiding juror.

That, ladies and gentlemen, is the verdict of the jury.

Does either side wish to poll the jury?

MR. DANNER:  Not the plaintiff.  Thank you.

MR. KABA:  We do not.  Thank you, Your Honor.

THE COURT:  All right.  Ladies and gentlemen, with those magic words, your jury service is concluded.

If you would do me the honor of staying for a little bit of time, I'd like to thank each of you individually back in the jury room.  And I also will answer questions.

So, ladies and gentlemen, please rise for the jury.  You are excused.

(Jury not present.)

THE COURT:  Counsel, does Boeing wish to renew its trial motions?

MR. KABA:  Yes, Your Honor.

THE COURT:  All right.  And then I would ask those to be included in the pleadings that you're submitting later, I guess, next week now.

MR. KABA:  Yes.  Yes, Your Honor.  We will do so.

THE COURT:  All right.  Anything else from the parties?

MR. DANNER:  Nothing from the plaintiff.  Thank you, Your Honor.

MR. KABA:  Nothing from us.  Thank you to you and your staff, Your Honor.

THE COURT:  When the deputy clerk, or maybe my law clerk can do this, as a courtesy, I'm going to make copies of this for each of you; otherwise, it has to get filed and it will

not appear for a while.  So just hang tough, and you'll be able to get a photocopy of it.

In fact, here's our -- Madam Clerk, would you make two copies of that and give one to each of the parties?

THE CLERK:  Yes.  It's on the docket, too.

(Off the record.)

THE COURT:  Yeah, if you can make it.

THE CLERK:  I will.

THE COURT:  Okay.  It may appear on the docket, also, today then.

Counsel, anything further?

MR. DANNER:  No, Your Honor.

And thank you again to you and your staff, echoing the sentiment.

MR. KABA:  Nothing further.  Thank you, Your Honor.

THE COURT:  Thank you.

We will be in recess.

THE CLERK:  All rise.  Court is in recess.

(Court recessed 4:17 p.m.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Marci E.C. Chatelain

Marci E.C. Chatelain, CCR, RPR, RMR, CRR
Federal Court Reporter