Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., <br><br>    Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC, <br><br>    Defendant. | CASE NO. 2:21-CV-00896-JLR <br><br> PRETRIAL ORDER |

Pursuant to Western District of Washington Local Rule 16(e), Plaintiff Zunum Aero, Inc. ("Zunum") and Defendant the Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing," and with Zunum, the "Parties") jointly submit this Proposed Pretrial Order.

## JURISDICTION

This Court obtained original subject matter jurisdiction over this case because Boeing's patent inventorship counterclaims involve federal questions that "aris[e] under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, and further arise under an "[a]ct of Congress relating to patents." *See id.* § 1338(a). Following the Court's grant of summary judgment on Boeing's patent inventorship claim, the Court has retained supplemental jurisdiction over the other claims in this case under 28 U.S.C. §§ 1367(a) and 1454(d). The Parties agree that the Court has properly retained supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

# CLAIMS AND DEFENSES

The Parties understand that the Court's pending rulings on (i) certain claims in Boeing's summary judgment motion pursuant to the Court's request for supplemental briefing and (ii) the Parties' motions *in limine* may clarify the issues for trial. In light of that, the Parties may amend the claims for relief and defenses thereto following the subsequent orders from the Court. Subject to that reservation, the Parties submit the following as the anticipated claims and defenses for trial.

Zunum will pursue at trial the following claims:

1. <u>Breach of Proprietary Information Agreement ("PIA")</u>. Zunum claims that, under the PIA, it provided Boeing with sensitive confidential and proprietary information ("Zunum Proprietary Information"). Zunum claims that, in violation of the PIA, Boeing used Zunum Proprietary Information for purposes forbidden under the PIA, thereby breaching the agreement and causing damages.

2. <u>Breach of 2017 Investor Rights Letter ("2017 IRL")</u>. Zunum claims it entered into the 2017 IRL with Boeing in connection with Boeing's investment in Zunum. Zunum claims that the 2017 IRL forbid Boeing from disclosing, divulging, or using Zunum's confidential information outside of narrowly-defined circumstances. Zunum further claims that Boeing breached the 2017 IRL by using Zunum Proprietary Information (defined above) for forbidden purposes, causing damages.

3. <u>Declaratory Judgment for Payment on the 2017 and 2018 Convertible Promissory Notes and Note Purchase Agreements (together the "Notes")</u>. Zunum seeks a declaration that its obligation to repay the Notes has become extinguished by, *inter alia*, Boeing's material breaches of the 2017 IRL and 2018 IRL, and their implied covenants of good faith and fair dealing, each respectively integrated with the Notes (together the "Loan Agreements"). Further, Zunum seeks a declaration that its obligation to repay the Notes has become extinguished by Boeing's frustration of performance, causation of supervening impossibility or impracticability of performance, and frustration of purpose.

PRETRIAL ORDER - 2

4. <u>Tortious Interference with Business Expectancies</u>. Zunum claims that Boeing knew of and interfered with business expectancies Zunum had with Safran Corporate Ventures, LLC (or its affiliates or subsidiaries), and United Technologies Aerospace Systems through improper means and with an improper motive, resulting in damages.

5. <u>Violation of Washington Trade Secrets Act (RCW 19.108)</u>. Zunum claims that Boeing violated Washington law by misappropriating the Trade Secrets identified in Zunum's January 20, 2023, and September 29, 2023, disclosures, causing actual damages and resulting in Boeing's unjust enrichment. Zunum further claims that Boeing's misappropriation was willful and malicious under RCW 19.108.030(2).

Zunum will pursue the following affirmative defenses to Boeing's counterclaims at trial[1]:

1. <u>Material Breach & Conditions Precedent</u>. Any breach of the Notes is excused by Boeing's prior, material breach or breaches or failure to satisfy one or more of the conditions precedent.

2. <u>Setoff & Recoupment</u>. If any damages have been sustained by Boeing, although such is not admitted hereby or herein and is specifically denied, Zunum is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Boeing owed to Plaintiff against any judgment that may be entered against Zunum.

3. <u>Failure to Mitigate</u>. Boeing's claims are barred, in whole or in part, to the extent that they have failed to mitigate their damages or otherwise avoid harm.

4. <u>Causation</u>. If any damages have been sustained by Boeing, although such is not admitted hereby or herein and is specifically denied, such damages were solely and proximately caused by Boeing's own negligent, reckless, or intentional conduct.

5. <u>Impossibility, Impracticability, Frustration of Purpose</u>. Boeing's claims are barred by impossibility, impracticability of performance, or frustration of purpose.

---

[1] Certain defenses are asserted for completeness and refer to facts and proof which also negate required elements of Boeing's counterclaims, and by raising such defenses Zunum does not admit that Boeing does not have the burden of proof and/or the burden of persuasion for any or all facts underlying any of those defenses or suggest that Boeing is not required to carry the burden as to such elements.

PRETRIAL ORDER - 3

6.  <u>No Damages</u>.  Boeing's claims are barred, in whole or in part, because they have sustained no damages.

7.  <u>Waiver, Estoppel & Unclean Hands</u>.  Boeing's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or unclean hands.

Boeing will pursue the following affirmative defenses at trial[2]:

1.  <u>Failure to Mitigate</u>.  Zunum's claims fail in whole or in part because it has failed to mitigate its alleged damages.

2.  <u>Laches</u>.  Zunum has unreasonably delayed in asserting its rights.

3.  <u>Waiver and Acquiescence</u>.  Zunum has waived its right to enforce the relevant contracts and agreements through acquiescence to Boeing's practices and failure to promptly assert its rights.

4.  <u>Unclean Hands</u>.  Zunum is not entitled to equitable relief because it has unclean hands, having failed to comply with its obligations under the parties' relevant contracts and agreements.

5.  <u>Estoppel</u>.  Zunum's claims are barred, in whole or in part, by estoppel.

6.  <u>Lack of Breach of Contract</u>.  Boeing has complied with all of its obligations under all relevant contracts and agreements.

7.  <u>Breach by Zunum</u>.  Zunum has not complied with its obligations under the relevant contracts and agreements and has therefore breached the relevant contracts and agreements. Zunum's breaches have been material and have thus discharged all of Boeing's alleged obligations.

8.  <u>Express Covenants Inconsistent with Implied Covenants</u>.  Zunum's allegations of breach of the implied covenant of good faith and fair dealing fail because the express terms of the relevant contracts and agreements between the parties are inconsistent with those implied covenants.

---

[2] Certain defenses are asserted for completeness and refer to facts and proof which also negate required elements of Zunum's claims, and by raising such defenses Boeing does not admit that Zunum does not have the burden of proof and/or the burden of persuasion for any or all facts underlying any of those defenses or suggest that Zunum is not required to carry the burden as to such elements.

9. <u>Non-existence of Trade Secrets</u>. None of Zunum's alleged "trade secrets" were in existence at the time of the alleged misappropriation.

10. <u>Lack of Trade Secret Protection</u>. None of Zunum's alleged "trade secrets" were trade secrets under Washington law at the time of the alleged misappropriation.

11. <u>Causation</u>. The losses and damages allegedly sustained by Zunum were not proximately caused by Boeing and/or were caused by intervening and superseding acts of others, which bar and/or diminish Boeing's recovery, if any, against Zunum.

12. <u>Public Information</u>. Zunum's alleged "trade secrets" are already in the public domain.

13. <u>Failure to Keep Information Secret</u>. Zunum failed to take reasonable efforts under the circumstances to protect the trade secret status of any of its alleged "trade secrets."

14. <u>Failure to Define Trade Secrets with Reasonable Particularity</u>. Zunum has failed to define its "trade secrets" with reasonable particularity and therefore cannot be afforded relief.

15. <u>Lack of Misappropriation</u>. Boeing has not misappropriated any of Zunum's alleged "trade secrets," including because Zunum's alleged "trade secrets" were not developed at the time of the alleged misappropriation.

16. <u>Double Recovery/Unjust Enrichment</u>. Zunum is not entitled to double recovery on claims of damages or losses and would be unjustly enriched by any such double recovery.

17. <u>Consent to Use Trade Secrets</u>. Zunum has fully consented to Boeing's alleged use of Zunum's alleged "trade secrets."

18. <u>Privilege to Pursue Protected or Financial Interest</u>. Boeing has not tortiously interfered with any business expectancies because Boeing was acting to protect its legally protected financial interest and its conduct was legally and constitutionally permitted.

19. <u>Offset</u>. Zunum's claims for damages are offset in whole or in part by the amounts due to Boeing.

Boeing will pursue the following claims:

PRETRIAL ORDER - 5

1.  **Breach of 2017 Loan Agreements.**[3]  Boeing claims that under the 2017 Loan Agreements, Boeing loaned Zunum $5 million and Zunum gave Boeing a convertible promissory note for that amount, the right to interest on the note at 6% per annum, and certain other contractual rights.  Boeing claims that it exercised its contractual right to demand repayment of outstanding principal and interest at any time after the Maturity Date via a demand letter in December 2019.  Boeing further claims that Zunum breached the 2017 Loan Agreements by defaulting on the obligation to repay the outstanding principal and interest, causing damages.

2.  **Breach of 2018 Loan Agreements.**[4]  Boeing claims that under the 2018 Loan Agreements, Boeing loaned Zunum $4 million and Zunum gave Boeing a convertible promissory note for that amount, the right to interest on the note at 6% per annum, and certain other rights.  Boeing claims that it exercised its contractual right to demand repayment of outstanding principal and interest at any time after the Maturity Date via a demand letter in December 2019.  Boeing further claims that Zunum breached the 2018 Loan Agreements by defaulting on the obligation to repay the outstanding principal and interest, causing damages.

3.  **Declaratory Judgment of No Liability Under the 2017 Loan Agreements**.  Boeing seeks a declaration that it is not liable to Zunum under the 2017 Loan Agreements because (i) Zunum has brought claims "arising under" the 2017 Loan Agreements, and (ii) Boeing did not engage in any "unauthorized disclosure" or infringe any intellectual property rights of Zunum under the 2017 Loan Agreements.  2017 IRL, § 5.

## ADMITTED FACTS

The following facts are admitted by the parties:

1.  On August 16, 2016, Zunum entered into the PIA with The Boeing Company ("Boeing Co.").

---

[3] These agreements are referred to as the "2017 Note Agreements" in Boeing's Answer and Counterclaims. ECF 118. The term "2017 Loan Agreements" is used here for consistency with terminology used in Zunum's pretrial statement.

[4] These agreements are referred to as the "2018 Note Agreements" in Boeing's Answer and Counterclaims. ECF 118. The term "2018 Loan Agreements" is used here for consistency.

PRETRIAL ORDER - 6

2. On March 17, 2017, Zunum entered into the 2017 IRL with Boeing Co.

3. On March 17, 2017, Zunum entered into the 2017 Loan Agreements with Boeing Co., including the 2017 Note Purchase Agreement ("2017 NPA"), 2017 IRL, and 2017 Note.

4. On May 1, 2018, Zunum entered into the 2018 Loan Agreements with Boeing HorizonX Ventures LLC ("HorizonX"), including the 2018 Note Purchase Agreement ("2018 NPA"), 2018 IRL, and 2018 Note.

## ISSUES OF LAW

The Parties agree that there are no issues of law for the Court beyond the claims for relief and defenses listed *supra*, those issues presented to the Court in Boeing's Motion for Summary Judgment and the parties' pending motions *in limine*, and/or issues of law that may be raised by the parties pursuant to Federal Rules of Civil Procedure 50 or 59 or with regards to the jury charge.

## EXPERT WITNESSES

The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1) On behalf of Plaintiff:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Donald Garvett | 6320 Lakeview Dr. Kirkland, WA 98033 | Will testify | Expert testimony on Trade Secrets 15-19 & other opinions set forth in report. |
| Luiz Andrade | Bulevar Villa Lobos, 260. São José dos Campos, SP. 12242-021 Brazil | Will testify | Expert testimony on Trade Secrets 7-13 & other opinions set forth in reports. |
| Viswanath Tata | 17 Des Lilas in Kirkland, Quebec, H9J 4A6, Canada | Will testify | Expert testimony on Trade Secrets 1-6 and 20 & other opinions set forth in report. |

PRETRIAL ORDER - 7

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Walter Bratic | 3737 Buffalo Speedway, Houston, TX 77098 | Will testify | Expert testimony on damages & other opinions set forth in report. |
| Werner J.A. Dahm | 11316 East Desert Vista Road, Scottsdale, AZ 85255 | Possible witness only | Expert testimony on aerospace industry, state of the art, & other opinions set forth in report. |

(2)　On behalf of Defendants:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Laurie Garrow | Georgia Institute of Technology 790 Atlantic Drive NW, Atlanta, GA 30332 | Will testify | Expert rebuttal testimony to Zunum's proffered experts & opinions set forth in report. |
| Mark Ehsani | Texas A&M University, 301 Wisenbaker Engineering Building, College Station, TX 77843 | Will testify | Expert rebuttal testimony to Zunum's proffered experts & opinions set forth in affirmative and rebuttal reports. |
| Nisha Mody | Intensity, LLC, 11452 El Camino Real #250, San Diego, CA 92130 | Will testify | Expert rebuttal testimony to Zunum's proffered damages expert and affirmative testimony as to damages due on Boeing's breach of contract counterclaims, as set forth in reports. |
| Ronald Barrett | University of Kansas, 2120 Learned Hall, 1530 W 15th Street, Lawrence, KS 66045 | Will testify | Expert rebuttal testimony to Zunum's proffered experts & opinions set forth in report. |

# OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are listed below. The parties intend to call all witnesses live, except for those specified *infra* under the heading "Deposition Designations."

(a) On behalf of Plaintiff:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Ashish Kumar | 614 16th Avenue West, Kirkland, WA 98033 | Will testify | Zunum's background, business, and related topics; Zunum's entry into contracts with Boeing; Zunum's development of its Trade Secrets and disclosure of Trade Secrets to Defendants; Zunum's fundraising; Boeing's destruction of Zunum's business; and any topics related or connected in any way to any of the foregoing. |
| Hubert Wong | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Possible witness only | Boeing's technical diligence of Zunum before Boeing's March 2017 investment; use of Zunum's Trade Secrets & confidential information, particularly in Boeing's SECA study, Thin Haul study, and EAST0 program; and any topics related or connected to any of the foregoing. |
| Kamiar Karimi | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Use of Zunum's Trade Secrets & confidential information, particularly in Boeing's Electric Lab program and Boeing's patent development, and any topics related or connected to any of the foregoing. |
| Kevin Lutke | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Will testify | Use of Zunum's Trade Secrets & confidential information, particularly in Boeing's Thin Haul study, Electric Lab and Demonstrators Program, and other Boeing R&D studies, and any topics related or connected to any of the foregoing. |

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Logan Jones | Boeing, 325 McDonnell Blvd., Hazelwood, MO 63042 | Possible witness only | Entry into contracts with Zunum; use of Zunum's Trade Secrets & confidential information; valuation of Zunum; Boeing's communications with Zunum's prospective investors; and any topics related or connected to any of the foregoing. |
| Martin Bradley | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Possible witness only | Boeing's technical diligence of Zunum before Boeing's March 2017 investment; Boeing's progress on HE aircraft; use of Zunum's Trade Secrets & confidential information, particularly in Boeing's Thin Haul study, SECA study, and BHE-Environmental study; and any topics related or connected to any of the foregoing. |
| Matt Knapp | 10936 167th Ave NE, Redmond, WA 98052 | Will testify | Zunum's background, business, and related topics; Zunum's entry into contracts with Boeing; Zunum's development of its Trade Secrets and disclosure of Trade Secrets to Defendants; Boeing's destruction of Zunum's business; and any topics related or connected to any of the foregoing. |
| Pradeep Fernandes | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Will testify | Introduction to Zunum; Boeing's investment in Zunum; use of Zunum's Trade Secrets & confidential information, and any topics related or connected to any of the foregoing. |
| Steven Nordlund | Boeing, 325 McDonnell Blvd., Hazelwood, MO 63042 | Will testify | Use of Zunum's Trade Secrets & confidential information; Boeing's investment in Zunum; valuation of Zunum; Boeing's communications with Zunum's prospective investors; and any topics related or connected to any of the foregoing. |
| Steven Shumate | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Will testify | Boeing's technical diligence of Zunum before Boeing's March 2017 investment; use of Zunum's Trade Secrets & confidential information, particularly in Boeing's Thin Haul study and in Boeing Proprietary materials; and any topics related or connected to any of the foregoing. |

PRETRIAL ORDER - 10

(b) On behalf of Defendants:

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Ashish Kumar | 614 16th Avenue West, Kirkland, WA 98033 | Will testify | Zunum's fundraising efforts, Zunum's alleged trade secrets and intellectual property, Zunum's development of its proprietary information and technologies, Zunum's actual or contemplated relationships and dealings with Boeing and third-party investors, Zunum's inability to secure funding, the value of Zunum and its alleged trade secrets, Zunum's leadership and concerns surrounding Zunum's leadership, Zunum's scaling down of its operations, Zunum's default on Boeing's convertible promissory notes, Boeing's alleged wrongful conduct, Zunum's alleged damages and any topics related or connected in any way to any of the foregoing. |
| Bonny Simi | Joby Aviation, Inc., 333 Encinal Street, Santa Cruz, CA 95060 | Will testify | JetBlue Technology Ventures LLC's investments in Zunum, concerns surrounding Zunum's leadership and strategy, Boeing's non-interference with Zunum's prospective expectancies, Zunum's value, and any topics related or connected to any of the foregoing. |
| Bradley Fanton | 7340 West Sacramento Drive, Greenfield, IN 46140 | Possible witness only | Zunum's alleged trade secrets and intellectual property, Zunum's development of its proprietary information and technologies, the value of Zunum and its alleged trade secrets, Zunum's leadership and concerns surrounding Zunum's leadership, Zunum's scaling down of its operations, and any topics related or connected in any way to any of the foregoing. |
| Brian Schettler | Boeing, 325 McDonnell Blvd., Hazelwood, MO 63042 | Possible witness only | Boeing's decisions regarding any investments in Zunum, Boeing's alleged wrongful conduct, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's value, Boeing's alleged wrongful conduct and any topics related or connected to any of the foregoing. |

PRETRIAL ORDER - 11

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Eugene V. Solodovnik | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Boeing's inventorship of the '635 Patent, Boeing's alleged wrongful conduct, and any topics related or connected to the foregoing. |
| Greg Hyslop | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Boeing's alleged plans or initiatives in the hybrid-electric and electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Boeing's alleged wrongful conduct, and any topics related or connected to any of the foregoing. |
| Hubert Wong | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Will testify | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, and any topics related or connected to any of the foregoing. |
| Ira Grimmett | Collins Aerospace, 4747 Harrison Ave, Rockford, IL 61108 | Will testify | Boeing's alleged wrongful conduct, discussions between Zunum and United Technologies Aerospace Systems ("UTAS") concerning a potential investment or partnership, Boeing's non-interference with any prospective expectancies Zunum had with UTAS, Zunum's technologies and fundraising efforts, and any topics related or connected to any of the foregoing. |
| Kamiar Karimi | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, Boeing's inventorship of the '635 Patent, and any topics related or connected to any of the foregoing. |
| Kevin Lutke | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Possible witness only | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, and any topics related or connected to any of the foregoing. |

PRETRIAL ORDER - 12

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Lijun Gao | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Boeing's inventorship of the '811 Patent, Boeing's alleged wrongful conduct, and any topics related or connected to the foregoing. |
| Logan Jones | Boeing, 325 McDonnell Blvd., Hazelwood, MO 63042 | Will testify | Boeing's decisions regarding any investments in Zunum, Boeing's alleged wrongful conduct, Zunum's alleged trade secrets, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's value, Zunum's default on Boeing's convertible promissory notes, and any topics related or connected to any of the foregoing. |
| Martin Bradley | Boeing, 2201 Seal Beach Blvd., Seal Beach, CA 90740 | Possible witness only | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, and any topics related or connected to any of the foregoing. |
| Matthew Fedderson | 20828 Northeast Union Hill Road, Redmond, WA 98053 | Possible witness only | Zunum's alleged trade secrets and intellectual property, Zunum's development of its proprietary information and technologies, the value of Zunum and its alleged trade secrets, Zunum's leadership and concerns surrounding Zunum's leadership, Zunum's scaling down of its operations, and any topics related or connected in any way to any of the foregoing. |

PRETRIAL ORDER - 13

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Matthew Knapp | 10936 167th Avenue NE, Redmond, WA 98052 | Will testify | Zunum's fundraising efforts, Zunum's alleged trade secrets and intellectual property, Zunum's development of its proprietary information and technologies, Zunum's actual or contemplated relationships and dealings with Boeing and third-party investors, Zunum's inability to secure funding, the value of Zunum and its alleged trade secrets, Zunum's leadership and concerns surrounding Zunum's leadership, Zunum's scaling down of its operations, Zunum's default on Boeing's convertible promissory notes, Boeing's alleged wrongful conduct, Zunum's alleged damages and any topics related or connected in any way to any of the foregoing. |
| Pradeep Fernandes | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Will testify | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, Zunum's value, and any topics related or connected to any of the foregoing. |
| Shengyi Liu | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Possible witness only | Boeing's inventorship of the '811 Patent, Boeing's alleged wrongful conduct, and any topics related or connected to any of the foregoing. |
| Steven Nordlund | Boeing, 325 McDonnell Blvd., Hazelwood, MO 63042 | Will testify | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, Zunum's value, and any topics related or connected to any of the foregoing. |
| Steven Shumate | Boeing, 3003 W. Casino Road, Everett, WA 98204 | Will testify | Boeing's alleged wrongful conduct, Boeing's alleged programs and initiatives in the hybrid-electric space, Boeing's actual or contemplated relationship and dealings with Zunum, Zunum's alleged trade secrets, Zunum's value, and any topics related or connected to any of the foregoing. |

PRETRIAL ORDER - 14

| Name | Address | Designation | General Nature of Expected Testimony |
|---|---|---|---|
| Waleed Said | 5282 Solitude Drive, Rockford, IL 61114 | Possible witness only | Zunum's alleged trade secrets and intellectual property, Zunum's development of its proprietary information and technologies, the value of Zunum and its alleged trade secrets, Zunum's leadership and concerns surrounding Zunum's leadership, Zunum's scaling down of its operations, and any topics related or connected in any way to any of the foregoing. |

## EXHIBITS

The Parties attach as Appendix A hereto a joint exhibit list, in conformity with Local Rule 16.1.

The Parties intend to present the exhibits in both printed and electronic format to jurors, as appropriate.

Boeing admits to the authenticity of its own produced documents (those beginning with the Bates-stamp "BOEING") and Zunum admits to the authenticity of its own produced documents (those beginning with the Bates-stamp "Zunum").  Both parties reserve the right to challenge the authenticity of one another's produced documents, as well as any documents produced by third parties.   The parties agree to work in good faith to resolve any authenticity issues that may arise before documents raising potential authenticity concerns are introduced at trial.

Both parties reserve the right to object to all documents on foundation grounds and agree that foundation objections need not be listed on the exhibit list.

## DEPOSITION DESIGNATIONS

Pursuant to the Court's scheduling Order (Dkt. 284), the parties hereby submit in hard copy to the Court the following deposition designations, with objections and responses thereto included in the margins in the transcript:

Zunum:

PRETRIAL ORDER - 15

- Martin Bradley
- Kamiar Karimi
- Kevin Lutke
- Hubert Wong

Boeing:

- Waleed Said
- Bradley Fanton
- Matthew Fedderson
- Bonny Simi
- Ira Grimmett
- Martin Bradley

Further, in addition to the witnesses listed under "Other Witnesses," Zunum may or will call live Messrs. Fernandes, Jones, Nordlund and Shumate, and therefore does not submit deposition designations for such individuals. Boeing currently intends to call the witnesses listed under the "Other Witnesses" section live, and therefore does not submit deposition designations for such individuals beyond the six individuals identified within this section. However, if any of these individuals become unavailable, the parties jointly agree to submit proposed designations (along with objections and responses, if any) to the Court as soon as practicable after becoming aware of such unavailability.

As noted above, both parties have designated affirmative testimony from Mr. Bradley. One transcript containing all such designations, including counter-designations and objections and responses thereto, will be submitted to the Court by Boeing.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 16(k), the Parties held a conference of attorneys for the purposes of accomplishing the requirements of the Local Rules. Pursuant to Local Rule 16(k), the Parties confirm that the attorneys principally responsible for trying the case on behalf of each party (for

PRETRIAL ORDER - 16

Plaintiff, Vincent Levy and Scott M. Danner, and for Defendants, Yegor Fursevich) attended the conference of attorneys.

PRETRIAL ORDER - 17

**ACTION BY THE COURT**

(a) This case is scheduled for trial before a jury on May 16, 2024, at 1:30 p.m.

(b) Trial briefs shall be submitted to the court on or before May 9, 2024.

(c) Jury instructions requested by either party shall be submitted to the court on or before May 9, 2024. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before May 9, 2024.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 1st day of May, 2024.

                                                Judge James L. Robart
                                                United States District Judge

FORM APPROVED

/s/ *Scott M. Danner*
Scott M. Danner
Attorney for Plaintiff


/s/ *Yegor Fursevich*
Yegor Fursevich
Attorney for Defendants

PRETRIAL ORDER - 18