The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., | Case No. 2:21-cv-00896-JLR |
| Plaintiff, | **PLAINTIFF ZUNUM AERO, INC'S MOTION TO STAY EXECUTION OF THE SECOND AMENDED JUDGMENT WITH OTHER SECURITY** |
| v. | |
| THE BOEING COMPANY; BOEING HORIZONX VENTURES, LLC, | **NOTE ON MOTION CALENDAR** |
| Defendants. | **December 18, 2024** |

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**TABLE OF CONTENTS**

I.    Background................................................................................................. 2

   A.  Procedural History ............................................................................... 2

   B.  State Of Zunum Post-Trial................................................................... 3

II.   Argument ................................................................................................. 4

   A.  The Court Should Waive The Bond Requirement ............................... 4

   B.  Zunum Is Amenable to An Injunction Barring Financial Dealings....... 8

III.  Conclusion ............................................................................................. 11

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - ii*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1

**TABLE OF AUTHORITIES**

2

**Cases**

3
*Azizian v. Federated Dept. Stores, Inc.,*
   499 F.3d 950 (9th Cir. 2007) ........................................................................... 8

4
*Bayside Village Mobilehome Owners Assoc. v. Gelfand,*

5
   2008 WL 11342780 (C.D. Cal. 2008)........................................................ 5, 7, 9

6
*Bolt v. Merrimack Pharms., Inc.,*
   2005 WL 2298423 (E.D. Cal. Sept. 20, 2005)................................................ 5, 7

7
*Dillon v. Chicago,*

8
   866 F.2d 902 (7th Cir. 1988) ......................................................................... 10

9
*Farr Fin. Inc. v. Sentinel Mgmt. Grp. Inc.,*
   2007 WL 9817960 (N.D. Ill. Aug. 17, 2007) ...................................................... 6

10
*Gila River Indian Community v. U.S.,*

11
   2011 WL 1656486 (D. Ariz. May 3, 2011) ......................................................... 8

12
*In re Cnty. Squire Assocs.,*
   203 B.R. 182 (2d Cir. 1996) ............................................................................ 8

13
*Int'l Telemeter Corp. v. Hamlin Int'l Corp.,*

14
   754 F.2d 1492 (9th Cir. 1985) .......................................................................... 5

15
*K.J.P. v. Cnty. Of San Diego,*
   2022 WL 2167674 (S.D. Cal. May 2, 2022)........................................................ 5

16
*MDY Industries, LLC v. Blizzard Entertainment, Inc.,*

17
   2009 WL 649719 (D. Ariz. Mar. 10, 2009) ........................................................ 9

18
*Nicholson v. Baltimore Police Dept.,*
   2024 WL 4416751 (D. Md. Oct. 4, 2024) ......................................................... 10

19
*Olympia Equipment Leasing Co. v. W. Union Tel. Co.,*

20
   786 F.2d 794 (7th Cir. 1986) ........................................................................... 7

21
*Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California,*
   2014 WL 126695557 (S.D. Cal. Aug. 28, 2014) ............................................. 5, 10

22
*Pierce v. Santa Maria Joint Union High School District,*

23
   2013 WL 12174697 (C.D. Cal. Mar. 27, 2013)..................................................... 5

24
*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,*
   600 F.2d 1189 (5th Cir. 1979) ....................................................................... 8, 9

25
*United States v. Loftis,*
   2009 WL 10678613 (N.D. Tex. Aug. 3, 2009) ..................................................... 9

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - iii*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

**Statutes**

26 U.S.C. § 269(a) ........................................................................................................... 3

**Rules**

Fed. R. Civ. P. 62(b) ..................................................................................................... 1, 4

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - iv*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

Zunum hereby moves under Federal Rule of Civil Procedure 62 for an order staying enforcement of the final judgment entered in this case pending resolution of Zunum's appeal to the Ninth Circuit (the "Appeal"), with other security in lieu of a bond.  Zunum has no ongoing operations, no sources of revenues, and numerous creditors but only highly illiquid assets of uncertain value, the highest-value assets of which are likely the claims currently on appeal.  For these reasons, Zunum has been unable to obtain a bond.  However, Zunum would agree to a self-imposed injunction barring it from making any additional payments, except as needed to pay for professional and support services such as lawyers or IT services to preserve the value of Zunum's assets or to comply with litigation hold requirements (the "Permitted Payments").  In addition, Zunum would agree not to dispose of or encumber any asset—including its two principal assets: (1) legal claims and (2) intellectual property—or incur any other debts, except as necessary to make Permitted Payments or to adhere to pre-existing litigation funding or attorney engagement agreements.

A stay with these self-imposed restraints in lieu of a bond is warranted in the circumstances of this case—this other security would preserve the *status quo* and protect Boeing's interests while the Appeal is pending, while a stay would prevent harm to Zunum's other creditors and avoid imposing an undue financial hardship on Zunum.  Moreover, a stay is needed to avoid potential impairment of Zunum's appellate rights.  In addition, a stay pending appeal with security other than a bond would impose no real prejudice on Boeing.  Zunum cannot obtain a bond, and if Boeing seeks to enforce its judgment then it will trigger a cascade of creditor actions and either a fire sale of Zunum's current assets at a discount or bankruptcy, neither of which will benefit Boeing or Zunum's other creditors.

Thus, if Boeing prevails in the appellate process, it will be in the same position as today, given the injunction that Zunum is willing to agree to, meaning that the purpose of the rule providing for stay of enforcement pending appeal with a bond will have been satisfied.  Conversely, if Zunum prevails then enforcement and the attendant costs and harm to Zunum's

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 1*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

creditors and Zunum will have been completely unnecessary.  Preserving the *status quo* by granting Zunum's motion is therefore in everyone's best interest.

**I.     Background**

**A.     Procedural History**

Zunum sued Boeing in November 2020 in state court and Boeing then removed the case to this Court.  Dkt. 1.  After years of litigation, this Court denied in part Boeing's motion for summary judgment and permitted Zunum's core trade secret, breach of contract, and tortious interference claims to proceed to trial.  Dkt. 560.

Following an eight-day trial, the jury returned a split verdict.  Dkt. 685.  The Court entered judgment on June 4, 2024, including against Boeing for $71.97 million and against Zunum for $9 million plus interest.  Dkt. 686.  Boeing moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and in the alternative, for a new trial under Rule 59.  Dkt. 695.  Zunum moved for attorney fees, costs, and exemplary damages.  Dkt. 699.

On June 26, 2024, the parties jointly moved for extension of the automatic stay of execution and enforcement of the judgment without a bond "until seven (7) days after the Court rules on the Parties' Post-Trial Motions."  Dkt. 732.  The Court granted the requested extension.  Dkt. 733.

On August 19, 2024, the Court granted Boeing's Rule 50(b) motion, Dkt. 744, and entered an amended judgment, Dkt. 745, which now just had judgment against Zunum for $9 million plus interest.  On August 22, 2024, Zunum noticed an appeal from that judgment.  Dkt. 746.  On September 5, 2024, Boeing moved for clarification of the Court's order, Dkt. 750, and the Court entered an order on that motion on September 17, conditionally granting Boeing a new trial, Dkt. 753.  The same day, the Court entered a second amended judgment reflecting its new order (the "Second Amended Judgment"), Dkt. 754, which Zunum appealed that day.  Dkt. 756.  The two appeals were consolidated.  *See* Case Nos. 24-5751, 24-5212 (Ninth Cir.) (together, the "Appeal").  Zunum's opening brief in the Ninth Circuit is due on December 16, 2024.

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 2*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1    On October 31, 2024, Boeing served on Zunum a set of judgment-enforcement discovery

2    requests, propounding 13 interrogatories and 22 production requests, as the first step in enforcing

3    the Second Amended Judgment of $9 million plus interest against Zunum.  Responses to those

4    discovery requests are currently due on December 2, 2024.

5    On November 19, 2024, Zunum asked Boeing if it would agree to stay execution and

6    enforcement of the Second Amended Judgment and toll any deadline for responding to the

7    aforementioned discovery requests, until the Ninth Circuit issued its mandate in the Appeal.

8    Boeing's counsel requested one week to consider Zunum's position.  On November 26, Boeing

9    stated that it would oppose Zunum's motion to stay execution.

10    **B.    State Of Zunum Post-Trial**

11    Zunum is not in a position to pay the Second Amended Judgment or obtain a supersedeas

12    bond.  Following the effective destruction of Zunum's business in late 2018, it has been largely

13    non-operational and presently lacks any meaningful liquid assets.  *See* Knapp Affidavit ¶¶ 3–7.

14    Zunum also has no ongoing sources of revenue, no employees that it pays on a going-forward

15    basis, and no debts that come due as a result of its operations.  *Id.* ¶ 6.  This means that Zunum

16    does not generate assets on a going-forward basis that could be used to satisfy Boeing's

17    judgment before resolution of the Appeal.  *Id.* ¶ 7.  Zunum has some highly illiquid assets of

18    uncertain value—the only ones of non-negligible value are a portfolio of patents and other non-

19    patent intellectual property (the "IP Assets") and certain legal claims, including the claims that

20    are the subject of the Appeal (the "Legal Claims").  *Id.* ¶ 8.[1]

21

22    _____

[1] The IP Assets consist of a portfolio of patents and Zunum's other intellectual property, such as trademarks or trade

23    secrets, none of which have been valued since the end of the trial in May 2024.  *Id.* ¶ 8.  The Legal Claims consist of
the claims on Appeal and other potential legal claims like patent infringement claims, none of which have been

24    filed.  *Id.*  Zunum also has accumulated operating losses that an acquiring company may be able to use to offset
gains, providing a tax shield of around $3.4 million, *id.*, but there would be expenses and legal barriers for a

25    company to obtain this benefit.  *See* 26 U.S.C. § 269(a) (if "principal purpose" for acquisition of corporation is to
"secur[e] the benefit of a deduction" that acquirer would not otherwise enjoy, IRS may disallow deduction).  Any
acquirer would also have to deal with Zunum's debts, discussed below.  Given its lack of alienability and these
issues, the tax shield is not included as an asset in the analysis.

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 3*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

In addition, Zunum has approximately six secured creditors and just over one hundred and fifty unsecured creditors, all of whom are *bona fide* creditors. *Id.* ¶ 9. The secured creditors include litigation counsel that have provided work and customers who loaned Zunum targeted operating funds to enable it to preserve its assets, such as to protect or further its patent rights. *Id.* ¶ 10. The unsecured creditors include other investors, former employees, the founders, and other suppliers or vendors. *Id.* ¶ 11. Zunum currently has around $27 million in hybrid contingency secured by and payable out of the Appeal, should it be successful, $0.5 million secured by the IP Assets, and $10.9 million outstanding to unsecured creditors other than Boeing. *See id.* ¶ 14.[2]

Zunum currently makes no ongoing payments to any creditors (although it has paid debts related to the prosecution of this lawsuit through the provision of litigation funding, and further contingent fees have continued to accrue to prosecute the captioned case and Appeal). *Id.* ¶ 12. While almost all of Zunum's creditors could move to enforce their rights now, they are instead forbearing while they await resolution of the Appeal. *Id.* ¶ 13.

Zunum has attempted to procure a bond pursuant to stay enforcement of the judgment pending the appeal under Rule 62, but was unable to obtain one, in large part because of its financial condition. *See id.* ¶¶ 18–19.

## II.    Argument

### A.    The Court Should Waive The Bond Requirement

Under Rule 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." A party may "obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). In addition, district courts have broad "discretionary authority . . . to allow alternative forms of security or to waive the bond requirement" if appropriate. *Pierce v. Santa Maria Joint Union High School District*, 2013 WL

---

[2] Zunum can provide more details about its creditors or other aspects of its financial condition to the Court if necessary.

*PLAINTIFF'S MOTION TO STAY
EXECUTION OF THE SECOND
AMENDED JUDGMENT WITH OTHER SECURITY - 4
No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1  12174697, at *1 (C.D. Cal. Mar. 27, 2013) (citing *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*,

2  754 F.2d 1492, 1495 (9th Cir. 1985)) (other citation omitted); *K.J.P. v. Cnty. Of San Diego*, 2022

3  WL 2167674, at *1 (S.D. Cal. May 2, 2022) ("The district court has broad discretionary power to

4  waive the bond requirement if it sees fit." (citation omitted)).

5         Circumstances where waiver is appropriate include if imposing a bond requirement

6  would jeopardize the interests of an appellant's other creditors or impose undue financial

7  hardship on the appellant.  As one court explained, "an inflexible requirement of a bond would

8  be inappropriate . . . where the requirement would put the defendant's other creditors in undue

9  jeopardy."  *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v.*

10  *California*, 2014 WL 126695557, at *2 (S.D. Cal. Aug. 28, 2014); *see also Bolt v. Merrimack*

11  *Pharms., Inc.*, 2005 WL 2298423, at *3 (E.D. Cal. Sept. 20, 2005) (same).  Similarly, another

12  district court discussed how, "if the judgment debtor's present financial condition is such that the

13  posting of a full bond would impose an undue financial burden, the court is . . . free to exercise a

14  discretion to fashion some other arrangement for substitute security through an appropriate

15  restraint on the judgment debtors [sic] financial dealings, which would furnish equal protection

16  to the judgment creditor."  *Bayside Village Mobilehome Owners Assoc. v. Gelfand*, 2008 WL

17  11342780, at *3 (C.D. Cal. 2008) (emphasis and quotation omitted).

18         Such circumstances are present here, and other factors also justify a waiver of the bond

19  requirement.

20         *First*, requiring Zunum to obtain a bond to stay enforcement of the judgment pending

21  appeal "would put [Zunum's] other creditors in undue jeopardy" given Zunum lacks the ability

22  to obtain such a bond.  *Pauma Band*, 2014 WL 126695557, at *2.  Judgment enforcement would

23  thus proceed, necessitating a "fire-sale" process that would not maximize the value of Zunum's

24  IP Assets for Zunum's creditors.  Zunum believes, based on consultation with third-party

25  advisors, that maximizing the value of Zunum's IP Assets for the benefit of creditors (and,

should excess remain, the benefit of Zunum's roughly one hundred equity-holders) would

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1   require an orderly and time-consuming sale process.  Knapp Affidavit ¶ 15.  It has been advised

2   that a properly run process could well result in a recovery of funds in excess of the debt currently

3   owed to Boeing under the Court's judgment.  *Id.* ¶ 16.  This also means that an orderly sale of

4   the IP Assets could well result in recoveries for Zunum's other creditors, even if Boeing's

5   judgment is first fully satisfied.  *Id*.  In addition, depending on the outcome of the Appeal, all

6   creditors could be paid off without needing to sell any of the IP Assets.  *Id.* ¶ 17.  By contrast,

7   requiring an unpayable bond would permit enforcement to proceed now, all but ensuring a fire-

8   sale process for Zunum's IP Assets, resulting in a lower recovery for everyone, including

9   increasing the potential of some creditors to receive nothing.  *See id.* ¶ 16.

10         The harm to Zunum's other creditors from permitting Boeing to enforce the judgment

11   prior to resolution of the Appeal by requiring a bond to stay enforcement would likely force

12   other creditors to take action to protect their rights, further harming the value of other creditor's

13   claims.  Zunum's other creditors have chosen to forbear from exercising their rights through the

14   trial and have continued to do so while Zunum's appeal before the Ninth Circuit is pending.  *Id.*

15   ¶ 13.  However, permitting enforcement by Boeing may leave other creditors no choice but to act

16   to protect their rights given the limited and uncertain value of Zunum's illiquid assets, setting off

17   a cascade of creditor enforcement action.  Such actions will require creditors to spend time and

18   money.  It would also further lower the recovery for all creditors, either because Zunum would

19   be forced to sell its illiquid assets in a fire sale, or because Zunum would be forced into an

20   expensive and time-consuming bankruptcy.  *Cf. Farr Fin. Inc. v. Sentinel Mgmt. Grp. Inc.*, 2007

21   WL 9817960, at *2 (N.D. Ill. Aug. 17, 2007) (refusing to order transfer of funds because

22   defendant "faces the real possibility that a fire sale of its assets [to] meet plaintiff's demands will

23   result in panic . . . and ultimately . . . its demise as a going concern").

24         "[T]he court that issues the judgment is not required to ignore the interests of other

25   creditors when deciding how much security to make the defendant post as a condition of being

     allowed to stave off execution of the judgment pending appeal."  *Olympia Equipment Leasing*

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 6*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1  *Co. v. W. Union Tel. Co.*, 786 F.2d 794, 798 (7th Cir. 1986).  It is in the other creditors best

2  interest to stay enforcement of the judgment while waiving any bond requirement, so that they

3  may receive the benefit of the maximum value of the IP Assets and any Appeal proceeds.

4      *Second*, the posting of a bond "would impose an undue financial burden" on Zunum

5  given the nature of its illiquid assets.  *Bayside Village*, 2008 WL 11342780, at *3.  There is a

6  high chance the "requirement is impracticable because it would . . . force appellant into

7  bankruptcy or paralyze the business."  *See Bolt*, 2005 WL 2298423, at *3.  Zunum does not have

8  liquid assets—so it if cannot immediately monetize its illiquid assets to obtain tens of millions of

9  dollars in liquidity, it would likely end up in bankruptcy, which given its size, current lack of

10  operations, and the value of the assets, and given the expense of a bankruptcy process, would

11  destroy a significant amount of Zunum's current value and thus substantially slash recoveries for

12  Zunum's creditors.  *See* Knapp Affidavit ¶¶ 20–21.  At best, Zunum would have to dispose of its

13  assets in a fire sale for a fraction of their value.  In addition, while Zunum has received interest

14  from potential investors in the last few years, those investors have cited the pending litigation

15  and Boeing being adverse to Zunum as major reasons not to invest.  *Id.* ¶ 5.  A stay without a

16  bond pending appeal maximizes the chances Zunum survives to receive future investment.

17      *Third*, Zunum's appeal of the Court's order further justifies entry of a stay without

18  requiring a bond, because if Zunum prevails on the Appeal, there is a good chance the sale of IP

19  Assets likely necessitated by the Court's judgment (likely at an unfair price) would become

20  unnecessary.  *Id.* ¶ 17.  Beyond the IP Assets, Zunum's other assets consist of Legal Claims,

21  including the Appeal.  If Zunum is successful on appeal and the Ninth Circuit reinstates Zunum's

22  judgment against Boeing, then Zunum would be able to pay off all its creditors, including Boeing

23  on its judgment, without Zunum having to try to monetize its IP Assets by way of a rushed sale

24  in less than ideal circumstances.

25      *Fourth*, other circumstances further support the Court exercising its discretion to waive

the bond requirement.  If a stay is not entered, Zunum's claims would potentially be jeopardized

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 7*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1    as well, if Boeing or other creditors seek to interfere with Zunum's prosecution of the Appeal.

2    This is "quintessential" irreparable harm, *In re Cnty. Squire Assocs.*, 203 B.R. 182, 183 (2d Cir.

3    1996), *see also Gila River Indian Community v. U.S.*, 2011 WL 1656486, at *3 (D. Ariz. May 3,

4    2011), which courts hold is reason enough to waive a bond requirement, *cf. Azizian v. Federated*

5    *Dept. Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) (waiving need to post bond because the

6    party's "financial hardship[] indicate[s] that the bond would unduly burden a party's right to

7    appeal" and "risk[] 'impermissibly encumber[ing]' appellants' right to appeal").

8        *Finally*, a stay is warranted because in contrast to the harms discussed above that would

9    occur absent a stay, Boeing would not be prejudiced if this Court grants Zunum's motion.  "The

10   purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing

11   party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*,

12   600 F.2d 1189, 1190–91 (5th Cir. 1979).  The status of Zunum's affairs has not materially

13   changed since it ceased operating in late 2018, and Zunum is willing to agree to restraints on its

14   financial activity to protect Boeing's interests and preserve the status quo.  *Infra* at 8–11

15   (discussing proposed restraints).  Thus, Boeing's ability to collect has been unchanged for more

16   than six years and will remain unchanged pending resolution of the Appeal, satisfying Rule 62's

17   purpose, and there is no reason to inflict unnecessary harm on Zunum's creditors and Zunum by

18   denying a stay.

19       **B.    Zunum Is Amenable to An Injunction Barring Financial Dealings**

20       Although a stay without a bond is warranted for the above reasons, Zunum is willing to

21   provide further security by subjecting itself to an injunction, pending resolution of the Appeal,

22   that would preserve the status quo and protect Boeing's rights while not harming Zunum's other

23   creditors or imposing undue financial hardship.  For instance, Zunum would commit to not

24   disposing any of its assets pending resolution of the Appeal.  Zunum would also agree to the

25   following additional restrictions pending resolution of the appeal:

   • It would not make any additional payments, other than to pay for professional and

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 8*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1    support services like lawyers, advisors, IT services, and insurance that are needed to

2    maintain the value of Zunum's assets and comply with litigation hold requirements,

3    including as may be necessary to pay expenses and fees related to the pending appeal

4    from the judgment entered in this case, and to preserve any of Zunum's patents or other

5    intellectual property, such as by paying patent attorneys to engage with patent offices (the

6    "Permitted Payments"); and

7    • It would not dispose of or encumber any asset, or incur any other debts, other than as

8    necessary to make Permitted Payments or to adhere to pre-existing litigation funding or

9    attorney engagement agreements.

10    It is indeed settled that, to accomplish the purpose of a supersedeas bond (i.e., to

11    "preserve the status quo while protecting the non-appealing party's rights pending appeal,"

12    *Poplar Grove*, 600 F.2d at 1190–91), the Court is free to impose "an appropriate restraint on the

13    judgment debtors [sic] financial dealings, which would furnish equal protection to the judgment

14    creditor." *Bayside Village*, 2008 WL 11342780, at *3 (emphasis and citation omitted).

15    The restraint being proposed here would adequately protect Boeing's interests. In

16    circumstances where a bond requirement for a judgment-debtor is not appropriate due to the risk

17    to other creditors or undue financial hardship, courts have found sufficient restraints that prevent

18    the debtor from engaging in financial dealings that would diminish the value of the assets from

19    which the judgment could be paid out. *See, e.g.*, *MDY Industries, LLC v. Blizzard*

20    *Entertainment, Inc.*, 2009 WL 649719, at *5 (D. Ariz. Mar. 10, 2009) (finding "alternative form

21    of security" appropriate where debtors agreed "to put all but the necessary funds to operate [the

22    company] for fixed overhead and salaries in an escrow account monthly and report both monthly

23    income and expenses to [the prevailing party] during the pendency of the appeal"); *United States*

24    *v. Loftis*, 2009 WL 10678613, at *4 (N.D. Tex. Aug. 3, 2009) (in case where debtor

25    "demonstrated undue financial hardship," party's interest in judgment "sufficiently protected

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 9*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

pending the outcome of the appeal" where "[t]here is already an appropriate restraint on [the appellant's] financial dealings").

Here too, the proposed restraint would indeed "ensure [Zunum] does not materially change [its] financial situation" while protecting any assets potentially available for Boeing's judgment, which courts have found adequate to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Nicholson v. Baltimore Police Dept.*, 2024 WL 4416751, at *2-3 (D. Md. Oct. 4, 2024) (citation omitted) (ordering debtor "to not take on any debts, other than those listed in his affidavit, without leave of court during the pendency of his appeal to preserve the status quo").

Further, Zunum's proposed injunction would satisfy other relevant factors that courts consider. *Pauma Band*, 2014 WL 12669557, at *2 (Other factors courts consider in determining whether to grant an unsecured stay include "the complexity of the collection process" and "the degree of confidence that the district court has in the availability of funds to pay the judgment.") (citing *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). First, by agreeing not to dispose of assets and to freeze the status quo, this would greatly simplify the "collection process" by avoiding bankruptcy. *Id.* Second, as to the "confidence" factor, "the degree of confidence that the district court has in the availability of funds to pay the judgment"—this should be considered in conjunction with the fact that Zunum has no ongoing operations and would be subject to an injunction preventing it from disposing of assets or spending money, except for a limited exception to preserve the value of Zunum's assets. *Id.* This should satisfy the Court that Boeing will either be entitled to the same assets following appeal than it would be now if the Court grants the stay, or to the satisfaction of its judgment during the pendency of appeal.

Finally, Zunum noticed its appeal shortly following the Court's orders, *see* Dkts. 746, 756, and will be filing its opening brief shortly. The latest data released by the federal government suggests that the median case in the Ninth Circuit takes approximately 13 months to

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1   resolve from the time of filing of the notice of appeal.[3]  That would put the end date for the

2   Appeals here in or about September 2025—ten months from now.  Thus, the stay should be

3   relatively short, further minimizing any possible prejudice to Boeing.

4                                         \*       \*       \*

5        For all the above reasons, a stay of enforcement of the Second Amended Judgment tied to

6   the self-imposed injunction described above rather than a bond is warranted.  Granting this

7   motion preserves the status quo, avoids harming Zunum's creditors by impairing the value of its

8   assets and forcing Zunum and creditors to incur unnecessary expenses, and does not actually

9   impose any cost onto Boeing, given its rights are preserved by Zunum's proposed restraints.

10 **III.    Conclusion**

11        The Court should stay enforcement of and execution on the Second Amended Judgment

12   without bond until 14 days following the issuance of the Ninth Circuit's mandate in the Appeal.

13   Zunum is prepared to agree to an injunction preventing Zunum from disposing of or

14   encumbering its assets, incurring debt, or making payments, except as needed to make limited

15   payments for professional services, as set out in the proposed order related to this motion.

16        If the Court denies Zunum's motion, Zunum asks that the Court enter an administrative

17   stay of enforcement of the final judgment entered in this case for the greater of seven days or

18   however long it takes for the Ninth Circuit to rule on a stay motion directed to that court.

19

20   DATED this 27th day of November, 2024

                                          /s/ *Vincent Levy*

21                            Vincent Levy, NY Bar #4712667

22                            (admitted *pro hac vice*)
                           Scott Danner, NY Bar #4853016

23                            (admitted *pro hac vice*)
                           Brian T. Goldman, NY Bar #5616891

24                            (admitted *pro hac vice*)
                           Charlotte Baigent, NY Bar #5979224

25

---

[3] https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2023.pdf

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 11*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th floor
New York, NY 10017
(646) 837-5151

(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
Email: sdanner@hsgllp.com
bgoldman@hsgllp.com
cbaigent@hsgllp.com

 /s/ *Steven W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

***Attorneys for Plaintiff
Zunum Aero, Inc.***

*PLAINTIFF'S MOTION TO STAY
EXECUTION OF THE SECOND
AMENDED JUDGMENT WITH OTHER SECURITY - 12
No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1

## **CERTIFICATE OF COMPLIANCE**

2     I certify that this memorandum contains 3,962 words, in compliance with the Local Civil

3 Rules.

        DATED: November 27, 2024
4

5                                          /s/ *Vincent Levy*
                                           Vincent Levy, NY Bar #4712667
6                                          (admitted *pro hac vice*)
                                           Scott Danner, NY Bar #4853016
7                                          (admitted *pro hac vice*)
                                           Brian T. Goldman, NY Bar #5616891
8                                          (admitted *pro hac vice*)
                                           Charlotte Baigent, NY Bar #5979224
9                                          (admitted *pro hac vice*)
                                           **HOLWELL SHUSTER & GOLDBERG LLP**
10
                                           425 Lexington Avenue
11                                         New York, NY 10017
                                           (646) 837-5151
12                                         Email: sdanner@hsgllp.com
                                           bgoldman@hsgllp.com
13                                         cbaigent@hsgllp.com
14

15                                          /s/ *Steven W. Fogg*
                                           Steven W. Fogg, WSBA #23528
16                                         **CORR CRONIN LLP**
                                           1015 Second Avenue, Floor 10
17                                         Seattle, WA 98104
                                           (206) 625-8600
18                                         Email: sfogg@corrcronin.com
19

20                                         ***Attorneys for Plaintiff***
                                           ***Zunum Aero, Inc.***
21

22

23

24

25

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY - 13*
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024 I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED: November 27, 2024

/s/ *Vincent Levy*
Vincent Levy, NY Bar #4712667
(admitted *pro hac vice*)
Scott Danner, NY Bar #4853016
(admitted *pro hac vice*)
Brian T. Goldman, NY Bar #5616891
(admitted *pro hac vice*)
Charlotte Baigent, NY Bar #5979224
(admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
Email: sdanner@hsgllp.com
bgoldman@hsgllp.com
cbaigent@hsgllp.com

/s/ *Steven W. Fogg*
Steven W. Fogg, WSBA #23528
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600
Email: sfogg@corrcronin.com

*Attorneys for Plaintiff*
*Zunum Aero, Inc.*

*PLAINTIFF'S MOTION TO STAY*
*EXECUTION OF THE SECOND*
*AMENDED JUDGMENT WITH OTHER SECURITY* - 14
*No. 2:21-cv-00896-JLR*

**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151