UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZUNUM AERO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | CASE NO. C21-0896JLR <br><br> ORDER |

Before the court is Plaintiff Zunum Aero, Inc.'s ("Zunum") motion to stay execution of the judgment in this case pending Zunum's appeal to the Ninth Circuit. (Mot. (Dkt. # 767); *see also* Am. Judgment (Dkt. # 754).) Defendants The Boeing Company and Boeing HorizonX Ventures, LLC (together, "Boeing") oppose the motion. (Resp. (Dkt. # 769).) The court has reviewed the motion, the submissions filed in support

ORDER - 1

1  of and in opposition to the motion, the relevant portions of the record, and the applicable
2  law.  Being fully advised,[1] the court DENIES the motion.
3      Zunum sought to improve air travel through electric and hybrid-electric ("HE")
4  technologies.  (8/14/24 Order (Dkt. # 744) at 2.)  Boeing was interested in these
5  technologies, and it loaned $9 million to Zunum through two note purchase agreements
6  that were executed in 2017 and 2018 respectively.  (*Id.*)  However, by October 2018,
7  Zunum had exhausted its funding and Boeing was unwilling to contribute more.  (*Id.* at
8  3.)  After shuttering its doors and furloughing its employees, Zunum brought suit against
9  Boeing under several different theories, alleging that Boeing stole Zunum's technology
10 and disclosed it to Boeing's partners.  (*Id.* at 3-4; Am. Compl. (Dkt. # 1-1) ¶¶ 405-576.)
11 Boeing then brought several counterclaims against Zunum, including claims for breach of
12 contract.  (1st Answer (Dkt. # 1-2.)  In August 2024, after almost four years of litigation,
13 the court entered final judgment in favor of Boeing on all claims and counterclaims.
14 (Am. Judgment.)  The court also dismissed Zunum's claims with prejudice and entered a
15 $9 million monetary judgment with interest against Zunum.[2]  (*Id.*)  Zunum appealed to
16 the Ninth Circuit in September 2024.  (NOA (Dkt. # 756).)
17     Zunum now argues that the court should stay enforcement of the judgment while
18 Zunum's appeal is pending, and that Zunum should not be required to post a bond to

---

[1] None of the parties requested oral argument, and the court finds that oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] For additional background information, see the court's summary judgment orders (4/22/24 Order (Dkt. # 560); 5/9/24 Order (Dkt. # 601)), and the court's order on Boeing's motion for judgment as a matter of law (8/14/24 Order (Dkt. # 744)).

support a stay. (Mot. at 1.) Zunum asserts that requiring a bond would jeopardize the interests of its other creditors because Zunum is financially unable to obtain a bond, which means that enforcement will proceed and require a "fire-sale" of Zunum's assets at steep discounts, particularly with respect to Zunum's intellectual property. (Mot. at 5-6.) Zunum also asserts that it may prevail on its appeal and that posting a bond would impose an undue burden on Zunum's business. (*Id.* at 7-8.) To protect Boeing's interests, Zunum states that it is willing to assent to an injunction in lieu of posting a bond.[3] (*Id.*) In the alternative, Zunum asks the court for an administrative stay in this case to allow Zunum to request a stay pending appeal in the Ninth Circuit.[4]

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Posted security is subject to court approval, and the court has discretion to allow other forms of security. *See id.*; *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985). The court also "has broad discretionary power to waive the bond requirement if it sees fit." *E.g.*, *K.J.P. v. Cnty. of San Diego*, No. 3:15-cv-02692-H-MDD, 2022 WL 2167674, at *1 (S.D. Cal. May 2, 2022) (citation omitted). However, courts typically waive the bond requirement only in unusual circumstances. *See J.H. v. Seattle Pub. Schs.*, No. C23-

---

[3] Zunum also argues that, if the court does not enter a stay, Boeing "or other creditors [may] seek to interfere with Zunum's prosecution of the [a]ppeal." (Mot. at 7-8.) Zunum does not explain how its creditors could interfere with Zunum's prosecution of its appeal, and the court does not see a basis for this argument.

[4] Boeing did not respond to Zunum's alternative request for an administrative stay, which the court may consider an admission that the request has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2).

0191MJP, 2024 WL 3859593, at *3 (W.D. Wash. Aug. 19, 2024).  To determine whether to waive the bond requirement, courts may consider the following five *Dillon* factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [party's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [party] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [party] in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d. 902, 904-05 (7th Cir. 1988) (cleaned up); *see also J.H.*, 2024 WL 3859593, at *3 (citing *Dillon*).  The party seeking a waiver bears the burden of showing that relief from the bond requirement is justified.  *See Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*, No. 11-cv-1057-GPB(RBB), 2013 WL 1899928, at *1 (S.D. Cal. May, 7, 2013).

      Here, Zunum fails to carry its burden because it has not provided sufficient information to allow the court to fully assess the *Dillon* factors.  Zunum states that its material assets comprise a portfolio of intellectual property; its "potential" legal claims against companies other than Boeing, which have not yet been filed; and its claims against Boeing that are currently on appeal. (Knapp Decl. (Dkt. # 768) ¶ 8.)  However, Zunum has not attempted to estimate the value of its intellectual property or its unasserted legal claims.  (*See generally* Mot.; Knapp Decl.; Reply (Dkt. # 771).)  Instead, Zunum asserts only that the value of its intellectual property is "uncertain."  (Knapp Decl. ¶ 8.a; Reply at 2.)  Likewise, Zunum argues that "maximizing" the value of its assets will require a time-consuming sale process (Knapp Decl. ¶ 15), but Zunum does not attempt to quantify how long a sale might take, nor does it support its assertion that selling assets

on a more expedited timeline to satisfy Boeing's judgment will cause it to enter bankruptcy or remain unable to fully satisfy its obligations to all its creditors. (*See generally* Mot.; Knapp Decl.) Indeed, Zunum has broadly refused to respond to asset discovery requests from Boeing or otherwise to quantify its assets until after the court has ruled upon Zunum's request for a stay. (*See* Fursevich Decl. (Dkt. # 770) ¶ 3, Ex. B.) As a result, Zunum's financial condition and ability to pay its obligations remain opaque. The court cannot even begin to determine the value of Zunum's intellectual property and unasserted legal claims, nor can the court quantify the amount of time Zunum might reasonably need to sell its property to pay the obligations of all its creditors.[5]

Furthermore, to the extent that the court can assess the *Dillon* factors, most of the factors weigh against granting a stay. As to the first two factors, the complexity of the collections process and the amount of time needed both weigh against a stay because Boeing faces an uncertain and potentially-lengthy delay while Zunum sells its illiquid assets, and it could be prejudiced by being forced to wait during Zunum's appeal while Zunum's other creditors pursue collection. *See Edmo v. Idaho Dept. of Correction*, No. 1:17-cv-00151-BLW, 2022 WL 17975984, at *5 (D. Idaho Dec. 28, 2022) ("Ordinarily, complexity weighs *against* waiving the bond requirement, because the more complex the collection process, the more difficult it will be for the prevailing party to enforce the

---

[5] For similar reasons, Zunum has likewise failed to support its request for an injunction in lieu of a bond. *See, e.g., U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, No. 06-cv-01381-PHX-NVW, 2010 WL 384594, at *2, 4 (D. Ariz. Jan. 29, 2010) (rejecting a proposed injunction in lieu of a bond in part because the movant failed to fully disclose assets and to demonstrate that executing a judgment while an appeal was pending would cause irreparable damage).

judgment after defending the appeal.") (emphasis in original).  Additionally, only one entity, Zunum, is subject to the judgment here, so this case does not involve the sort of complexity that might weigh in favor of a stay pending appeal.  *See id.* (noting that, when several different parties are jointly subject to a fee award, it may be difficult to "unscramble the egg" if a successful appeal upsets the award).  As to the third and fourth factors, as discussed above, Zunum has not provided sufficient information to inspire any confidence that it can pay the judgment.  Instead, it asserts that it is not currently in a position to pay.  (*See* Mot. at 3.)  Only the fifth factor—protecting other creditors—might weigh in favor of a stay.  However, again, Zunum bears the burden, and it has not demonstrated that its financial position is so precarious that enforcing the bond requirement would place its other creditors in an insecure position.

As to Zunum's alternative request for an administrative stay, Boeing did not submit any argument in opposition.  (*See generally* Resp.)  Nevertheless, Zunum failed to provide enough information to support its request for a stay pending appeal, and a majority of the *Dillon* factors appear to weigh against such a stay regardless.  Although Zunum might attempt to provide the missing information to the Ninth Circuit, ordinarily a party must first move in the district court for a stay of judgment pending appeal.  *See* Fed. R. App. P. 8(a)(1).  Thus, Zunum's likelihood of success in the Ninth Circuit on the issue of a stay pending appeal is dubious enough that an administrative stay is inappropriate.

//

//

1  For the foregoing reasons, the court DENIES Zunum's motion to stay execution of
2  judgment pending appeal (Dkt. # 767) and DENIES Zunum's alternative request for an
3  administrative stay.

4  Dated this 13th day of January, 2025.

JAMES L. ROBART
United States District Judge